EXHIBIT "D"

# HERRICK

NEW YORK
NEWARK
PRINCETON

JULIUS A. ROUSSEAU III
PARTNER
Direct Tel: 212.592.1493
Direct Fax: 212.545.3381

Email: jrousseau@herrick.com

June 5, 2009

Steven G. Prusky
Windsor Securities, Inc.
25 East Athens Avenue
Ardmore, PA 19003

    Re:  <u>General Corporate Representation</u>

Dear Mr. Prusky:

   We are pleased that you have selected Herrick, Feinstein LLP to represent you and Windsor Securities, Inc. in connection with various corporate and lending transactions relating to your and its business. If at any time you have any questions, or if there is an action you believe we should be taking, please do not hesitate to contact us right away. We want you to be fully satisfied at all times with the services we provide you.

   We believe that a clear understanding of the scope of our engagement and of our fee arrangement will assist both of us to establish a positive relationship, and help us to avoid any misunderstandings. This letter is intended, therefore, to outline the scope of our services in these matters, and to confirm the terms and fee arrangements upon which Herrick, Feinstein LLP will render services to you. You agree that the provisions of this engagement letter shall apply, not only to the matters specifically described herein, but also to any other engagements in connection with which you employ us, unless we specifically agree otherwise in writing.

   You have engaged Herrick, Feinstein LLP to provide general advice and representation to you and Windsor in connection with a variety of corporate and lending transactions in which you and it are involved, including premium finance of life insurance policies and various lending and investment opportunities. It is understood that the principle services we perform will be performed in the state of New York, and it is agreed that the substantive law of New York will govern any issues that may arise concerning this representation.

   I will personally supervise and coordinate the rendition of these. You should raise directly to me any questions that may arise concerning the terms of this engagement letter, or the performance of our services. From time to time, I will delegate portions of the work to other attorneys and paralegal assistants in our firm for certain reasons, such as to gain the advantage of their expertise, to effect cost efficiencies for your benefit, or otherwise.

   We will render monthly invoices for our services at our customary time charges, which are subject to adjustment by us from time to time. Currently, my time is billed at $680 per

HERRICK, FEINSTEIN LLP
A New York limited
liability partnership
including New York
professional corporations

2 PARK AVENUE, NEW YORK, NY 10016 • TEL 212.592.1400 • FAX 212.592.1500 • www.herrick.com
HF 4966002v.1 #68000/0122 06/05/2009

H ERRICK

Steven G. Prusky
June 5, 2009
Page 2

hour. Our invoices will also set forth all expenses which we incur on your behalf. A schedule showing the current basis upon which we compute certain costs and expenses is attached for your reference.

Our invoices are payable when rendered. If any invoice is not paid in full within 60 days, we reserve the right to charge interest upon the unpaid balance, from the date the invoice is rendered until the date it is paid, at the legal rate of 9%. If any payment becomes delinquent without our consent, we may treat your failure to make payment in accordance with the terms of this agreement as a decision on your part to terminate our services and may cease any pending work until satisfactory arrangements have been made. In such event, we shall, upon written notice to you, have the right to withdraw as counsel in any matter or action in which we have appeared on your behalf, or on behalf of any entity in which you have an interest, which withdrawal shall not relieve you of the obligation to pay any fees and expenses incurred by you.

In the event of any dispute or controversy regarding or arising out of our representation of you, including such matters as the quality of the legal services we perform, the fees we charge for our legal services, or your payment of such fees, you agree, and we agree, to resolve the dispute in New York City by final and binding arbitration before either JAMS or NAM, established and respected mediation and arbitration services, in accordance with the rules and procedures of the selected agency. It is understood that such arbitration shall take place outside Part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR). By signing this agreement, you acknowledge that you have received and read the official written instructions and procedures for Part 137 and the Rules of Arbitration promulgated by the Joint Committee on Fee Disputes and Conciliation. You understand that but for the provisions of this paragraph you would have the right to use the fee arbitration procedures of Part 137 and that you are not required to agree to arbitrate a fee dispute in an arbitral forum outside Part 137. By signing this agreement, you agree, and we agree, to waive our respective rights with regard to fee dispute arbitration pursuant to Part 137, which includes the right to reject the arbitration award by commencing an action on the merits in a court of law (trial *de novo*).

Please confirm that the foregoing reflects our agreement by signing and returning a copy of this letter together with your retainer payment.

We are proud to represent you and trust that we will justify your confidence in us.

Very truly yours

HERRICK, FEINSTEIN LLP

By: _____
Jule Rousseau

HF 4966002v.1 #88000/0122 06/05/2009

# HERRICK

Steven G. Prusky
June 5, 2009
Page 3

Confirmed and Agreed to:                             Steven G. Prusky
Windsor Securities, Inc.

_____          _____
By: Steven G. Prusky, Manager

JAR:ed

Enclosures

# New York State
# Fee Dispute Resolution Program

*Part 137 of Title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York*

Website: www.nycourts.gov/admin/feedispute • E-mail: feedispute@courts.state.ny.us

Toll-free phone: 1-877-FEES-137 (1-877-333-7137)

---

### §137.0 Scope of Program

This Part establishes the New York State Fee Dispute Resolution Program, which provides for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation. In accordance with the procedures for arbitration, arbitrators shall determine the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances. Mediation of fee disputes, where available, is strongly encouraged.

### §137.1 Application

(a) This Part shall apply where representation has commenced on or after January 1, 2002, to all attorneys admitted to the bar of the State of New York who undertake to represent a client in any civil matter.

(b) This Part shall not apply to any of the following:

(1) representation in criminal matters;

(2) amounts in dispute involving a sum of less than $1000 or more than $50,000, except that an arbitral body may hear disputes involving other amounts if the parties have consented;

(3) claims involving substantial legal questions, including professional malpractice or misconduct;

(4) claims against an attorney for damages or affirmative relief other than adjustment of the fee;

(5) disputes where the fee to be paid by the client has been determined pursuant to statute or rule and allowed as of right by a court; or where the fee has been determined pursuant to a court order;

(6) disputes where no attorney's services have been rendered for more than two years;

(7) disputes where the attorney is admitted to practice in another jurisdiction and maintains no office in the State of New York, or where no material portion of the services was rendered in New York;

(8) disputes where the request for arbitration is made by a person who is not the client of the attorney or the legal representative of the client.

### §137.2 General

(a) In the event of a fee dispute between attorney and client, whether or not the attorney already has received some or all of the fee in dispute, the client may seek to resolve the dispute by arbitration under this Part. Arbitration under this Part shall be mandatory for an attorney if requested by a client, and the arbitration award shall be final and binding unless de novo review is sought as provided in section 137.8.

(b) The client may consent in advance to submit fee disputes to arbitration under this Part. Such consent shall be stated in a retainer agreement or other writing that specifies that the client has read the official written instructions and procedures for Part 137, and that the client agrees to resolve fee disputes under this Part.

(c) The attorney and client may consent in advance to arbitration pursuant to this Part that is final and binding upon the parties and not subject to de novo review. Such consent shall be in writing in a form prescribed by the Board of Governors.

(d) The attorney and client may consent in advance to submit fee disputes for final and binding arbitration to an arbitral forum other than an arbitral body created by this Part. Such consent shall be in writing in a form prescribed by the Board of Governors. Arbitration in that arbitral forum shall be governed by the rules and procedures of that forum and shall not be subject to this Part.

### §137.3 Board of Governors

(a) There shall be a Board of Governors of the New York State Fee Dispute Resolution Program.

(b) The Board of Governors shall consist of 18 members, to be designated from the following: 12 members of the bar of the State of New York and six members of the public who are not lawyers. Members of the bar may include judges and justices of the New York State Unified Court System.

(1) The members from the bar shall be appointed as follows: four by the Chief Judge from the

membership of statewide bar associations and two each by the Presiding Justices of the Appellate Divisions.

(2) The public members shall be appointed as follows: two by the Chief Judge and one each by the Presiding Justices of the Appellate Divisions.

Appointing officials shall give consideration to appointees who have some background in alternative dispute resolution.

(c) The Chief Judge shall designate the chairperson.

(d) Board members shall serve for terms of three years and shall be eligible for reappointment for one additional term. The initial terms of service shall be designated by the Chief Judge such that six members serve one-year terms, six members serve two-year terms, and six members serve three-year terms. A person appointed to fill a vacancy occurring other than by expiration of a term of office shall be appointed for the unexpired term of the member he or she succeeds.

(e) Eleven members of the Board of Governors shall constitute a quorum. Decisions shall be made by a majority of the quorum.

(f) Members of the Board of Governors shall serve without compensation but shall be reimbursed for their reasonable, actual and direct expenses incurred in furtherance of their official duties.

(g) The Board of Governors, with the approval of the four Presiding Justices of the Appellate Divisions, shall adopt such guidelines and standards as may be necessary and appropriate for the operation of programs under this Part, including, but not limited to: accrediting arbitral bodies to provide fee dispute resolution services under this Part; prescribing standards regarding the training and qualifications of arbitrators; monitoring the operation and performance of arbitration programs to insure their conformance with the guidelines and standards established by this Part and by the Board of Governors; and submission by arbitral bodies of annual reports in writing to the Board of Governors.

(h) The Board of Governors shall submit to the Administrative Board of the Courts an annual report in such form as the Administrative Board shall require.

§137.4 Arbitral Bodies
(a) A fee dispute resolution program recommended by the Board of Governors, and approved by the Presiding Justice of the Appellate Division in the judicial department where the program is established, shall be established and administered in each county or in a combination of counties. Each program shall be established and administered by a local bar association (the "arbitral body") to the extent practicable. The New York State Bar Association, the Unified Court System through the District Administrative Judges, or such other entity as the Board of Governors may recommend also may be designated as an arbitral body in a fee dispute resolution program approved pursuant to this Part.

(b) Each arbitral body shall:

(1) establish written instructions and procedures for administering the program, subject to the approval of the Board of Governors and consistent with this Part. The procedures shall include a process for selecting and assigning arbitrators to hear and determine the fee disputes covered by this Part. Arbitral bodies are strongly encouraged to include nonlawyer members of the public in any pool of arbitrators that will be used for the designation of multi-member arbitrator panels.

(2) require that arbitrators file a written oath or affirmation to faithfully and fairly arbitrate all disputes that come before them.

(3) be responsible for the daily administration of the arbitration program and maintain all necessary files, records, information and documentation required for purposes of the operation of the program, in accordance with directives and procedures established by the Board of Governors.

(4) prepare an annual report for the Board of Governors containing a statistical synopsis of fee dispute resolution activity and such other data as the Board shall prescribe.

(5) designate one or more persons to administer the program and serve as a liaison to the public, the bar, the Board of Governors and the grievance committees of the Appellate Division.

§137.5 Venue
A fee dispute shall be heard by the arbitral body handling disputes in the county in which the majority of the legal services were performed. For good cause shown, a dispute may be transferred from one arbitral body to another. The Board of Governors shall resolve any disputes between arbitral bodies over venue.

§137.6 Arbitration Procedure
(a) (1) Except as set forth in paragraph (2), where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward a written notice to the client, entitled "Notice of Client's Right to Arbitrate," by certified mail or by personal service. The notice (i) shall be in a form approved by the Board of Governors; (ii) shall contain a statement of the client's right to arbitrate; (iii) shall advise that the client has 30 days from receipt of the notice in which to elect to resolve the dispute under this Part; (iv) shall be accompanied by the written instructions and procedures for the

arbitral body having jurisdiction over the fee dispute, which explain how to commence a fee arbitration proceeding; and (v) shall be accompanied by a copy of the "request for arbitration" form necessary to commence the arbitration proceeding.

(2) Where the client has consented in advance to submit fee disputes to arbitration as set forth in subdivisions (b) and (c) of section 137.2 of this Part, and where the attorney and client cannot agree as to the attorneys fee, the attorney shall forward to the client, by certified mail or by personal service, a copy of the "request for arbitration" form necessary to commence the arbitration proceeding along with such notice and instructions as shall be required by the rules and guidelines of the Board of Governors, and the provisions of subdivision (b) of this section shall not apply.

(b) If the attorney forwards to the client by certified mail or personal service a notice of the client's right to arbitrate, and the client does not file a request for arbitration within 30 days after the notice was received or served, the attorney may commence an action in a court of competent jurisdiction to recover the fee and the client no longer shall have the right to request arbitration pursuant to this Part with respect to the fee dispute at issue. An attorney who institutes an action to recover a fee must allege in the complaint (i) that the client received notice under this Part of the client's right to pursue arbitration and did not file a timely request for arbitration or (ii) that the dispute is not otherwise covered by this Part.

(c) In the event the client determines to pursue arbitration on the client's own initiative, the client may directly contact the arbitral body having jurisdiction over the fee dispute. Alternatively, the client may contact the attorney, who shall be under an obligation to refer the client to the arbitral body having jurisdiction over the dispute. The arbitral body then shall forward to the client the appropriate papers set forth in subdivision (a) necessary for commencement of the arbitration.

(d) If the client elects to submit the dispute to arbitration, the client shall file the "request for arbitration form" with the appropriate arbitral body, and the arbitral body shall mail a copy of the "request for arbitration" to the named attorney together with an "attorney fee response" to be completed by the attorney and returned to the arbitral body within 15 days of mailing. The attorney shall include with the "attorney fee response" a certification that a copy of the response was served upon the client.

(e) Upon receipt of the attorney's response, the arbitral body shall designate the arbitrator or arbitrators who will hear the dispute and shall expeditiously schedule a hearing. The parties must receive at least 15 days notice in writing of the time and place of the hearing and of the identity of the arbitrator or arbitrators.

(f) Either party may request the removal of an arbitrator based upon the arbitrator's personal or professional relationship to a party or counsel. A request for removal must be made to the arbitral body no later than five days prior to the scheduled date of the hearing. The arbitral body shall have the final decision concerning the removal of an arbitrator.

(g) The client may not withdraw from the process after the arbitral body has received the "attorney fee response." If the client seeks to withdraw at any time thereafter, the arbitration will proceed as scheduled whether or not the client appears, and a decision will be made on the basis of the evidence presented.

(h) if the attorney without good cause fails to respond to a request for arbitration or otherwise does not participate in the arbitration, the arbitration will proceed as scheduled and a decision will be made on the basis of the evidence presented.

(i) Any party may participate in the arbitration hearing without a personal appearance by submitting to the arbitrator testimony and exhibits by written declaration under penalty of perjury.

§137.7 Arbitration Hearing
(a) Arbitrators shall have the power to:

(1) take and hear evidence pertaining to the proceeding;

(2) administer oaths and affirmations; and

(3) compel, by subpoena, the attendance of witnesses and the production of books, papers and documents pertaining to the proceeding.

(b) The rules of evidence need not be observed at the hearing.

(c) Either party, at his or her own expense, may be represented by counsel.

(d) The burden shall be on the attorney to prove the reasonableness of the fee by a preponderance of the evidence and to present documentation of the work performed and the billing history. The client may then present his or her account of the services rendered and time expended. Witnesses may be called by the parties. The client shall have the right of final reply.

(e) Any party may provide for a stenographic or other record at the party's expense. Any other party to the arbitration shall be entitled to a copy of said record upon written request and payment of the expense thereof.

(f) The arbitration award shall be issued no later than 30 days after the date of the hearing. Arbitration awards shall be in writing and shall specify the bases for the

determination. Except as set forth in section 137.8, all arbitration awards shall be final and binding.

(g) Should the arbitrator or arbitral body become aware of evidence of professional misconduct as a result of the fee dispute resolution process, that arbitrator or body shall refer such evidence to the appropriate grievance committee of the Appellate Division for appropriate action.

(h) In any arbitration conducted under this Part, an arbitrator shall have the same immunity that attaches in judicial proceedings.

### §137.8 De Novo Review

(a) A party aggrieved by the arbitration award may commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed. If no action is commenced within 30 days of the mailing of the arbitration award, the award shall become final and binding.

(b) Any party who fails to participate in the hearing shall not be entitled to seek de novo review absent good cause for such failure to participate.

(c) Arbitrators shall not be called as witnesses nor shall the arbitration award be admitted in evidence at the trial de novo.

### §137.9 Filing Fees

Upon application to the Board of Governors, and approval by the Presiding Justice of the Appellate Division in the judicial department where the arbitral program is established, an arbitral body may require payment by the parties of a filing fee. The filing fee shall be reasonably related to the cost of providing the service and shall not be in such an amount as to discourage use of the program.

### §137.10 Confidentiality

All proceedings and hearings commenced and conducted in accordance with this Part, including all papers in the arbitration case file, shall be confidential, except to the extent necessary to take ancillary legal action with respect to a fee matter.

### §137.11 Failure to Participate in Arbitration

All attorneys are required to participate in the arbitration program established by this Part upon the filing of a request for arbitration by a client in conformance with these rules. An attorney who without good cause fails to participate in the arbitration process shall be referred to the appropriate grievance commit-tee of the Appellate Division for appropriate action.

### §137.12 Mediation

(a) Arbitral bodies are strongly encouraged to offer mediation services as part of a mediation program approved by the Board of Governors. The mediation program shall permit arbitration pursuant to this Part in the event the mediation does not resolve the fee dispute.

(b) All mediation proceedings and all settlement discussions and offers of settlement are confidential and may not be disclosed in any subsequent arbitration.

## ATTORNEY-CLIENT FEE DISPUTE RESOLUTION PROGRAM

### Standards and Guidelines

Pursuant to Part 137 of the Rules of the Chief Administrator, Title 22 of the Official Compilations of Codes, Rules and Regulations of the State of New York, the following Standards and Guidelines are promulgated by the Board of Governors of the New York State Attorney-Client Fee Dispute Resolution Program ("Board") to implement the Attorney-Client Fee Dispute Resolution Program and Part 137.

### SECTION 1    POLICY

It is the policy of the Appellate Divisions of the Supreme Court and the Board of Governors to encourage out-of-court resolution of fee disputes between attorneys and clients in fair, impartial and efficient programs established and administered by bar associations.

### SECTION 2    DEFINITIONS

**A.**  "Client" means a person or entity who receives legal services or advice from a lawyer on a fee basis in the lawyer's professional capacity.

**B.**  "Board" means the Board of Governors of the Attorney-Client Fee Dispute Resolution Program established under Part 137 of the Rules of the Chief Administrator.

**C.**  "Program" means the Attorney-Client Fee Dispute Resolution Program established under Part 137 and these Standards and Guidelines.

**D.**  "Local program" means a bar association-sponsored fee dispute resolution program approved by the Board.

**E.**  "Neutral" means a person who serves as an arbitrator or mediator in a local program under Part 137 and these Standards and Guidelines.

**F.**  "Approval" by the Board of Governors means, where so required by Part 137, recommendation by the Board of Governors with the approval of the appropriate Presiding Justice of the Appellate Division.

### SECTION 3    ORGANIZATIONAL FRAMEWORK

**A.**  Arbitration and mediation of fee disputes between attorneys and clients in New York State pursuant to Part 137 shall, to the extent practicable, take place through local programs.

B.  Local programs may provide fee dispute resolution services under Part 137 only if they have been duly approved to do so by the Board.

C.  A local program may be approved by the Board to provide fee dispute resolution services in more than one county. One or more bar associations may combine to administer a joint local program in one or more counties.

D.  In a county where no local program exists, the office of the Administrative Judge of the Judicial District encompassing such county shall administer a program approved by the Board.

## SECTION 4    APPROVAL PROCESS

A.  In order to receive approval from the Board, a prospective local program must complete an approval form adopted by the Board and provide for the Board's review a written statement of rules and procedures for the proposed local program.

B.  The local program's written rules and procedures shall comply with Part 137 and these Standards and Guidelines and shall provide for a fair, impartial and efficient process for the resolution of attorney-client fee disputes.

C.  The following information must be provided in the approval form and/or in the local program's proposed rules and procedures submitted to the Board:

   1. Whether the local program proposes to charge filing fees; the amount, if any, it proposes to charge; and the local program's fee waiver policy, if any;

   2. Procedures governing the selection and assignment of neutrals consistent with section 8 of these Standards and Guidelines;

   3. A description of the local program's proposal to recruit, train and maintain a sufficient qualified pool of neutrals;

   4. A contact person who will have responsibility for the administration of the local program, including the contact person's name, telephone and fax numbers, and business and e-mail addresses;

   5. Copies of materials, if any, to be provided to clients and/or attorneys explaining the local program;

   6. Copies of manuals or materials, if any, to be used in training neutrals; and

   7. The local program's mediation rules and procedures, if applicable.

2

## SECTION 5   RESPONSIBILITIES OF LOCAL PROGRAMS

A. Local programs shall be responsible for the day-to-day administration of the Program as set forth in section 137.4(b)(3) and these Standards and Guidelines. Each local program shall designate a contact person to serve as liaison to, among others, the disputants, the public, the members of the bar, the Board of Governors and attorney disciplinary authorities.

B. Local programs shall be responsible for determining that the fee dispute falls within the Program's jurisdiction in accordance with screening guidelines or protocols developed by the Board. Any unresolved inquiries shall be referred promptly to the Board for final resolution.

C. Local programs shall prepare a brief annual written report to the Board containing a statistical summary of fee dispute resolution activity and such other data as the Board may request. Local programs shall be responsible for maintaining a log of complaints made by members of the public, clients, attorneys or neutrals regarding the Program, local programs or their personnel, including neutrals. Local programs shall advise the Board of Governors of all complaints in a timely manner, and the complaint log shall be available for review by the Board of Governors upon request.

D. Fee dispute resolution proceedings shall be conducted on neutral sites such as local program premises, Unified Court System facilities and neutrals' offices; they shall not take place in the office of any interested party unless all parties consent in writing.

## SECTION 6   THE FEE DISPUTE RESOLUTION PROCESS

A. Unless the client has previously consented in writing to submit fee disputes to the fee dispute resolution process established by Part 137, arbitration under this Program shall be voluntary for the client. Mediation under this Program shall be voluntary for the attorney and the client.

B. Prior Written Agreements Between the Attorney and Client Under Section 137.2.

   1. Under section 137.2(b), the client may consent in advance to submit fee disputes to arbitration under Part 137. To be valid on the part of the client, such consent must be knowing and informed. The client's consent under section 137.2(b) shall be stated in a retainer agreement or other writing specifying that the client has read the official written instructions and procedures for Part 137, and the Board-approved written instructions and procedures for the local program designated to hear fee disputes between the attorney and client, and that the client consents to resolve fee disputes under Part 137.

3

HF 3335003v.1 #99999/0001 07/21/2006

2. Under section 137.2(c), the attorney and client may consent in advance to submit to arbitration that is final and binding and not subject to a trial de novo. To be valid on the part of the client, such consent must be knowing and informed and obtained in the manner set forth in section 6(B)(1) of these Standards and Guidelines, except that the retainer agreement or other writing shall also state that the client understands that he or she is waiving the right to reject an arbitration award and subsequently commence a trial de novo in court.

3. Where an agreement to arbitrate exists between the attorney and client under either section 137.2(b) or (c), those provisions of section 137.6(a)(1) and (b) relating to the notice of client's right to arbitrate shall not apply and no further notice of the right to arbitrate shall be required. In this circumstance, section 137.6(a)(2) shall apply and either party may commence the dispute resolution process by filing a "request for arbitration" form with the local program designated to hear fee disputes between the attorney and client, together with a copy of the parties' agreement to arbitrate.

4. Under section 137.2(d), the attorney and client may consent in advance to final and binding arbitration in an arbitral forum other than one created under Part 137. To be valid on the part of the client, such consent must be knowing and informed and must be obtained in a retainer agreement or other writing. Arbitration in an arbitral forum outside Part 137 shall be governed by the rules and procedures of that forum. The Board may maintain information concerning other established arbitral programs and shall provide contact information for such programs upon request.

5. Fee disputes may be referred to local programs by means not specifically described in Part 137, including but not limited to, attorney disciplinary authorities, bar associations, and employees, officers or judges of the courts. In those situations, the local program contact person shall provide the client with information about the Program.

## SECTION 7    BOARD OF GOVERNORS

A. The Board shall have the power to interpret Part 137 and these Standards and Guidelines.

B. The Board shall monitor the operation and performance of local programs to ensure their conformance with Part 137 and these Standards and Guidelines.

C. The Board shall have the power to deny or revoke approval to local programs for failure to comply with Part 137 and these Standards and Guidelines or where the Board determines that the local program does not provide for a fair, impartial or efficient fee dispute resolution process. The Board shall review and approve the appointment of neutrals for service in local programs under Part 137. The Board

4

shall remove neutrals from such service where they have failed to meet the requirements of Part 137.

D. The Board shall maintain a list of approved local programs under Part 137, including information concerning each local program's rules and procedures.

E. The Board shall submit an annual report to the Administrative Board of the Courts regarding the Program and containing recommendations designed to improve it.

F. The Board shall take appropriate steps to educate and inform the public about the Program.

G. The Board shall have the power to perform acts necessary for the effective operation of the Program and the implementation of Part 137 and these Standards and Guidelines.

**SECTION 8   SELECTION AND ASSIGNMENT OF NEUTRALS**

A. Each local program shall establish procedures governing the selection and assignment of neutrals subject to approval by the Board to ensure that they provide for a fair, impartial and efficient fee dispute resolution process. Each local program shall maintain a list or lists of Board approved neutrals, organized by area of practice, where appropriate. When selecting a neutral, the local program shall select the next available neutral with appropriate experience for the proceeding in question.

B. Unless otherwise approved by the Board:

   1. Disputes involving a sum of less than $6,000 shall be submitted to one attorney arbitrator;

   2. Disputes involving a sum of $6,000 or more shall be submitted to a panel of three arbitrators, which shall include at least one nonlawyer member of the public.

**SECTION 9   QUALIFICATIONS AND DUTIES OF ARBITRATORS**

A. Both lawyers and nonlawyers may serve as arbitrators.

B. In recruiting arbitrators, local programs should make every effort to ensure that arbitrators represent a wide range of law practices and firm sizes, a diversity of nonlawyer professions within the community and a cross-section of the community.

5

C. Prospective arbitrators shall submit a summary of credentials to the local program, copies of which the local program shall keep on record. Each local program shall forward to the Board of Governors a list of persons recommended for approval as arbitrators under Part 137 together with a summary of their credentials.

D. Arbitrators shall be appointed by local programs pursuant to their rules and procedures, subject to approval by the Board of Governors to ensure that such arbitrators meet the requirements of Part 137.

E. All arbitrators must sign a written oath or affirmation to faithfully and fairly arbitrate all disputes that come before them, which written oath or affirmation shall be kept on file by the local program.

F. All arbitrators must conduct a conflict of interest check prior to accepting a case. A person who has any personal bias regarding a party or the subject matter of the dispute, a financial interest in the subject matter of the dispute, or a close personal relationship or financial relationship with a party to the dispute shall not serve as an arbitrator. An arbitrator shall disclose any information that he or she has reason to believe may provide a basis for recusal.

G. Arbitrators shall serve as volunteers; provided, however, that local programs may provide for reimbursement of arbitrators' expenses.

H. In making an award, arbitrators shall specify in a concise statement the amount of and basis for the award.

I. Arbitrators have a duty to maintain the confidentiality of all proceedings, hearings and communications conducted in accordance with Part 137, including all papers in the arbitration case file, except to the extent necessary in connection with ancillary legal action with respect to a fee matter. Arbitrators should refer all requests for information concerning a fee dispute to the local program contact person. Arbitrators shall not be competent to testify in a subsequent proceeding or trial de novo.

### SECTION 10   TRAINING OF ARBITRATORS

Arbitrators shall complete a minimum of six hours of fee dispute arbitration training approved by the Board. The Board may take previous arbitration training and experience under consideration in determining whether the foregoing training requirement has been met; provided, however, that all arbitrators must complete a short orientation program designed to introduce them to Part 137's practices and procedures. Arbitrators may be required to undergo periodic refresher courses.

6

## SECTION 11    MEDIATION

A. Local programs may mediate fee disputes with the written consent of the attorney and client.

B. Participation in mediation does not waive the right to arbitration under Part 137, nor does it waive the right to a trial de novo.

C. Both lawyers and nonlawyers may serve as mediators.

D. In recruiting mediators, local programs should make every effort to ensure that mediators represent a wide range of law practices and firm sizes, a diversity of nonlawyer professions within the community and a cross-section of the community.

E. Mediators shall submit a summary of credentials to the local program, which the local program shall keep on record.

F. Mediators shall complete Board-approved mediation training. The Board may take previous mediation training and experience under consideration in determining whether the foregoing training requirement has been met; provided, however, that all mediators must complete a short orientation program designed to introduce them to Part 137's practices and procedures. Mediators may be required to undergo periodic refresher courses.

G. The local program shall appoint mediators pursuant to its rules of procedure. The attorney or client may challenge a mediator for cause.

H. All mediators must sign a written oath or affirmation to faithfully and fairly mediate all disputes that come before them, which written oath or affirmation shall be kept on file by the local program.

I. All mediators must conduct a conflict of interest check prior to accepting a case. A person who has any personal bias regarding a party or the subject matter of the dispute, a financial interest in the subject matter of the dispute, or a close personal relationship or financial relationship with a party to the dispute shall not serve as a mediator. A mediator shall disclose any information that he or she has reason to believe may provide a basis for recusal.

J. Mediators shall serve as volunteers; provided, however, that local programs may provide for reimbursement of mediators' expenses.

K. A mediator may not serve as an arbitrator in a subsequent arbitration involving the parties to the mediation absent the parties' written consent.

L. Mediators have a duty to maintain the confidentiality of the process, including all communications, documents and negotiations or settlement discussions between the parties and the mediator, except to the extent necessary in connection with

7

ancillary legal action with respect to a fee matter. Mediators should refer all requests for information concerning a fee dispute to the local program contact person. Mediators shall not be competent to testify in any civil or administrative proceeding, including any subsequent fee arbitration or trial de novo, as to any statement, condition, or decision that occurred at or in conjunction with the mediation.

**M.** During the mediation, upon any agreement of the parties, in whole or in part, the parties shall reduce such agreement to writing. If no agreement is reached by the parties, the mediator shall, in a manner consistent with section 11(L), so inform the local program contact person in writing, and the dispute will be referred for arbitration.

### SECTION 12   TRIAL DE NOVO

**A.** A party aggrieved by the arbitration award may commence an action on the merits of the fee dispute in a court with jurisdiction over the amount in dispute within 30 days after the arbitration award has been mailed. If no action is commenced within 30 days of the mailing of the arbitration award, the award shall become final and binding.

**B.** Each local program shall adopt procedures designed to ensure that a party provides notice to the local program when the party commences an action for de novo review.

**C.** Any party who fails to participate in the arbitration hearing shall not be entitled to a trial de novo absent good cause for such failure to participate.

**D.** Arbitrators shall not be called as witnesses, nor shall the arbitration award or record of the proceedings be admitted in evidence at the trial de novo.

### SECTION 13   ENFORCEMENT

**A.** In the event that an attorney does not comply with the arbitration award, the local program may appoint an attorney pro bono to assist the client with enforcement of the award. In such an event, the local program contact person shall first write to inform the client's attorney of the obligation to comply with the award and of the local program's policy, if any, of appointing an attorney to assist the client pro bono.

8

## SECTION 14   FEE DISPUTE RESOLUTION FORMS

A.  The following forms are intended to assist in the timely processing of fee arbitration matters. The Board shall develop and disseminate these forms to local programs.

   1. Notice of Client's Right to Arbitrate

   2. Request for Arbitration

   3. Attorney Response

   4. Written Instructions and Procedures for Part 137

   5. Client Consent to Resolve Fee Disputes Under Part 137.2(b)

   6. Consent to Waive Trial De Novo under Part 137.2(c)

   7. Consent to Final and Binding Arbitration in an Arbitral Forum Outside Part 137 under Part 137.2(d)

   8. Arbitration Award

   9. Agreement to Mediate

   10. Neutral's Oath

## SECTION 15   CORRESPONDENCE

All written requests and correspondence to the Board may be sent to:

> Board of Governors
> Attorney-Client Fee Dispute Resolution Program
> c/o UCS State ADR Office
> 25 Beaver Street, 8th Floor
> New York, New York 10004

9

## Herrick, Feinstein LLP
## Rate Schedule for Support Services

| | |
|---|---|
| Photocopying/Scanning | $0.18/copy |
| Facsimile (local and long dist) | $1.00/outgoing page<br>no charge - incoming page |
| Authorized Overtime | $60.00/hour |
| Deliveries<br>(local or outside 5 boroughs) | invoiced cost plus $5.00/delivery |
| Computer Research | invoiced cost |
| Telephone | no charge - local calls<br>cost - long distance |
| Postage | current first class mail rate for general mail delivery<br>US Post Office cost for express mail and packages |
| Filing Fees | invoiced cost |
| Off-Site Files | cost - pick-ups and deliveries<br>no charge – storage |
| Text Editing | $60.00/hour |
| Velobind | $2.00/bind |
| Color Printing | $1.00/page |
| CD-R Disks | $1.00/disk |