EXHIBIT "G"

## Debbie McGuckin

**From:** MFIWSI <mfiwsi@comcast.net>
**Sent:** Wednesday, August 12, 2015 2:33 PM
**To:** Samantha Millrood
**Subject:** FW: PHL/Hathaway

-----Original Message-----
From: Rousseau, Jule [mailto:Rousseau.Jule@ARENTFOX.COM]
Sent: Thursday, September 16, 2010 7:35 PM
To: mfiwsi@comcast.net
Subject: Re: PHL/Hathaway

Sorry. Call you tomorrow.

----- Original Message -----
From: MFIWSI [mailto:mfiwsi@comcast.net]
Sent: Thursday, September 16, 2010 06:23 PM
To: Rousseau, Jule
Subject: Re: PHL/Hathaway

Were we supposed to speak today? What time tomorrow works for you?

Further, as it's now been a week since the Trustee received the letter, our case for taking over the Bitter policy is more compelling.
Rather than wait, shall I exercise by LPOA? Or what do you advise?

-sgp


At 04:50 PM 9/15/2010, you wrote:
>Steven and I will discuss. How about Thu about 4?
>
>----- Original Message -----
>From: Willis Orton [mailto:worton@kmclaw.com]
>Sent: Wednesday, September 15, 2010 03:06 PM
>To: Rousseau, Jule
>Cc: 'mfiwsi@comcast.net' <mfiwsi@comcast.net>
>Subject: PHL/Hathaway
>
>Jule,
>
>Here is a copy of what we filed on Monday (except the attached two
>cases). I didn't feel comfortable making the Rule 11 argument your
>associate had placed in the draft and so it was omitted.
>
>The question now is: do you want to submit the motion? Once it is
>submitted, the court has the option of either ruling on the motion

1

>summarily, without oral argument, or of convening oral argument.   While
>this judge normally allows oral argument, there is no guaranty he will
>do so here.  We could ask for oral argument (which we haven't yet done)
>but that likewise is no guaranty that he grant us oral argument.
>
>Please advise.
>
>
>Willis
>
>
>R. Willis Orton
>Kirton & McConkie, P.C.
>60 East South Temple, Suite 1800
>Salt Lake City, Utah 84111
>Direct Line Telephone:  (801) 321-4816
>Direct Facsimile:  (801) 212-2106
>email:  worton@kmclaw.com
>
>This email is covered by the Electronic Communications Privacy Act, 18
>U.S.C. Sections 2510-2521 and is legally privileged.  The information
>contained in this email is intended only for use of the individual or
>entity named above.  If the reader of the message is not the intended
>recipient, or the employee or agent responsible to deliver it to the
>intended recipient, you are hereby notified that any dissemination,
>distribution or copying of this communication is strictly prohibited.
>If you have received this communication in error, please immediately
>notify us by collect telephone call at (801) 328-3600 and destroy the
>original message.
>
>
>
>
>IRS Circular 230 disclosure: To ensure compliance with requirements
>imposed by the IRS, we inform you that, unless expressly stated
>otherwise, any U.S. federal tax advice contained in this communication
>(including any
>attachments) is not intended or written to be used, and cannot be used,
>for the purpose of (i) avoiding penalties under the Internal Revenue
>Code or (ii) promoting, marketing or recommending to another party any
>transaction or matter addressed herein.


IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated otherwise, any U.S.
federal tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or
(ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.