UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WINDSOR SECURITIES, LLC** : | **Civil Action No. 16-cv-01533 (GBD)** |
| : | |
| **Plaintiff** : | |
| **v.** : | |
| : | **PLAINTIFF'S ANSWER AND** |
| **ARENT FOX, LLP** : | **AFFIRMATIVE DEFENSES TO** |
| **and** : | **DEFENDANT ARENT FOX, LLP'S** |
| **JULIUS ROUSSEAU, III, ESQUIRE** : | **COUNTERCLAIMS** |
| : | |
| **Defendants** : | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO
### DEFENDANT ARENT FOX, LLP'S COUNTERCLAIMS

Plaintiff Windsor Securities, LLC ("Windsor"), by and through its undersigned counsel,

Alan L. Frank Law Associates, P.C., herein files its Answer and Affirmative Defenses to the

Counterclaims of Defendant Arent Fox, LLP, and in support thereof avers as follows:

### Facts Relevant to Counterclaims

1.     Admitted in part. Denied in part. It is admitted only that the counterclaims are

brought on behalf of Arent Fox[1] to recover legal fees. It is denied that legal fees are due and/or

owing from Windsor.

2.     Admitted in part. Denied in part. It is admitted only that on April 7, 2011, Arent

Fox provided Windsor with the Engagement Letter, attached as Exhibit "A" to Plaintiff's

Complaint, and that Arent Fox provided Plaintiff legal services which included "handling matters

in litigation, providing advice and guidance in connection with negotiations, settlements, and

---

[1]Capitalized terms used, but not defined, have the meanings ascribed to them in the
Complaint.

1

providing regulatory advice and assistance in [Windsor's] business." *See* Exhibit A to the
Complaint. However, to the extent this paragraph suggests that Arent Fox's legal representation
of Plaintiff began on April 7, 2011, that suggestion is denied. By way of further answer, and as
described in Plaintiff's Complaint, Arent Fox had been representing Windsor and providing
Windsor legal services in connection with Windsor's "business ventures" prior to the April 7,
2011 Engagement Letter.

      3.      The allegations in this paragraph are legal conclusions for which no response is
required. To the extent a response is required, the Engagement Letter is a writing which speaks
for itself and Defendant Arent Fox's characterizations thereof are denied.

      4.      The allegations in this paragraph are legal conclusions for which no response is
required. To the extent a response is required, the Engagement Letter is a writing which speaks
for itself and Defendant Arent Fox's characterizations thereof are denied.

      5.      The allegations in this paragraph are legal conclusions for which no response is
required. To the extent a response is required, the Engagement Letter is a writing which speaks
for itself and Defendant Arent Fox's characterizations thereof are denied.

      6.      Admitted in part. Denied in part. It is admitted only that Defendant Arent Fox
sent Plaintiff Windsor invoices regarding legal services provided. The remaining allegations in
this paragraph are denied.

      7.      The allegations in this paragraph are legal conclusions for which no response is
required. To the extent a response is required, the allegations in this paragraph are denied.

      8.      Denied.

      9.      The allegations in this paragraph are legal conclusions for which no response is

required. To the extent a response is required, the allegations are denied.

## COUNT I
## BREACH OF CONTRACT
## (ON BEHALF OF ARENT FOX)

10.     Plaintiff repeats and realleges the foregoing paragraphs and incorporates by reference the paragraphs in their Complaint as though fully set forth herein.

11.     The allegations in this paragraph are legal conclusions for which no response is required. By way of further answer, the Engagement Letter is a writing which speaks for itself and Defendant Arent Fox's characterizations thereof are denied.

12.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, it is denied that Defendant Arent Fox, and its personnel, including Defendant Rousseau, fully performed its and their contractual obligations.

13.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

14.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

15.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

16.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

3

## COUNT II
## ACCOUNT STATED
## (ON BEHALF OF ARENT FOX)

17.     Plaintiff repeats and realleges the foregoing paragraphs and incorporates by reference the paragraphs in its Complaint as though fully set forth herein.

18.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

19.     Admitted in part. Denied in part. It is admitted only that Defendant Arent Fox provided Plaintiff with invoices. The remaining allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the remaining  allegations in this paragraph are denied.

20.     Denied.

21.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

22.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT III
## QUANTUM MERUIT
## (ON BEHALF OF ARENT FOX)

23.     Plaintiff repeats and realleges the foregoing paragraphs and incorporates by reference the paragraphs of its Complaint as though fully set forth herein.

24.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

25.     The allegations in this paragraph are legal conclusions for which no response is

4

required. To the extent a response is required, the allegations in this paragraph are denied.

26.     Admitted in part. Denied in part. It is admitted only that Plaintiff knew that Defendant Arent Fox was performing legal services for and on its behalf. The remaining allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, these remaining allegations are denied.

27.     Admitted in part. Denied in part. It is admitted only that Defendant Arent Fox has made demands for payment for legal services. The remaining allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the remaining allegations in this paragraph are denied.

28.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**COUNT IV**
**UNJUST ENRICHMENT**
**(ON BEHALF OF ARENT FOX)**

29.     Plaintiff repeats and realleges the foregoing paragraphs and incorporates by reference the paragraphs of its Complaint as though fully set forth herein.

30.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

31.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

32.     The allegations in this paragraph are legal conclusions for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Windsor Securities, LLC prays that this Court:

A.    Enter judgment dismissing Defendant Arent Fox, LLP's Counterclaims, with prejudice, and denying all relief therein sought;

B.    Enter judgment in favor of the Plaintiff Windsor Securities, LLP on its claims and award it actual damages in an amount to be proven at trial, including, without limitation, any death benefits lost under the Bitter, Acker, Collins, Coppock and Stamatov Policies;

C.    Enter judgment in favor of the Plaintiff Windsor Securities, LLP on its claims and award it consequential damages in an amount to be proven at trial, including without limitation the expenses and losses Windsor has suffered, and will continue to suffer, in connection with the litigation of the entitlement to the death benefits under each of the Premium Finance Policies in the Bitter, Ackers, Collins, Coppock and Stamatov Actions;

D.    Prejudgment and post judgment interest as allowed by law;

E.    Return of any and all fees paid by Windsor Securities, LLC to Rousseau and Arent Fox, LLP for the negligent services and a determination that no additional amounts are due to Arent Fox, LLP for the negligent services;

F.    Reasonable attorneys' fees and cost of court, and

G.    any other relief allowed by law and deemed appropriate by the Court.

6

## AFFIRMATIVE DEFENSES

By asserting these affirmative defenses, Plaintiff does not assume the burden of proof for any claim or legal issue where Defendant Arent Fox, LLP bears that burden as a matter of law.

### First Affirmative Defense

1.      Arent Fox, LLP's counterclaims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.      Arent Fox, LLP  did not suffer any loss or damages by reason of any alleged acts of Windsor Securities, LLC.

### Third Affirmative Defense

3.      Arent Fox, LLP fails to state a claim because, to the extent Windsor Securities, LLC owed Arent Fox, LLP  any duty, Windsor Securities, LLC fully performed with due care.

### Fourth Affirmative Defense

4.      Arent Fox, LLP's counterclaims are barred by the doctrine of unclean hands and other equitable defenses.

### Fifth Affirmative Defense

5.      Arent Fox, LLP's counterclaims are barred by laches, waiver and/or estoppel.

### Sixth Affirmative Defense

6.      Arent Fox, LLP's counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

7

### Seventh Affirmative Defense

7.    Arent Fox, LLP's counterclaims are barred, in whole or in part, by their own breaches of contract, breaches of fiduciary duty, and negligence.

### Eighth Affirmative Defense

8.    Arent Fox, LLP's counterclaims are barred because, at all times complained of, Windsor Securities, LLC acted without malice and in good faith, and all actions taken by Windsor Securities, LLC with regard to Arent Fox, LLP were taken for lawful reasons and in good faith.

### Ninth Affirmative Defense

9.    Arent Fox, LLP's counterclaims are barred by lack of causation, including, but not limited to, lack of proximate cause.

### Tenth Affirmative Defense

10.    Arent Fox, LLP's counterclaims are barred on the grounds that Arent Fox, LLP and Jules Rousseau breached their contract, their fiduciary duties, and standards of care, and by reason of those breaches, Windsor Securities, LLC is excused from performing any duties or obligations set forth in the Engagement Letter or otherwise.

### Eleventh Affirmative Defense

11.    To the extent Arent Fox, LLP is awarded any damages, liability for which Windsor Securities, LLC denies, Windsor Securities, LLC is entitled to claim a set-off for the amounts allegedly owed to Arent Fox, LLP by Windsor Securities, LLC.

### Twelfth Affirmative Defense

12.    Arent Fox, LLP's counterclaims are barred on the grounds that any damages

8

suffered by Arent Fox, LLP resulted from its own wrongful actions and/or omissions, as alleged in Windsor Securities, LLC's Complaint.

### Thirteenth Affirmative Defense

13.     To the extent that any contract, obligations, or agreements referred to in Arent Fox, LLP's counterclaims have been entered into, Windsor Securities, LLC has substantially performed any and all contractual obligations, and any duty or performance on behalf of Windsor Securities, LLC is excused by Arent Fox, LLP's own actions, breaches, and/or failures of condition precedent.

### Fourteenth Affirmative Defense

14.     The contract and/or agreement that Arent Fox, LLP seeks to enforce in its counterclaims are unconscionable and are unenforceable as a matter of law.

### Fifteenth Affirmative Defense

15.     Windsor Securities, LLC hereby asserts all additional affirmative defenses that may be revealed in the course of discovery by further investigation or at trial.

Respectfully submitted,

ALAN L. FRANK LAW ASSOCIATES, P.C.

Alan L. Frank, Esquire
1601 Gravesend Neck Rd., Suite 903
Brooklyn, NY 11229
T: 215.935.1000/F: 215.935.1110
E-mail: afrank@alflaw.net
             And
135 Old York Road
Jenkintown, PA 19046
T: 215.935.1000/F: 215.935.1110
E-mail:  afrank@alflaw.net

Dated: May 25, 2016                         Attorneys for Plaintiff Windsor Securities, LLC

9