# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **WINDSOR SECURITIES, LLC** | : | |
| | : | **Civil Action No. 16-cv-01533 (GBD)** |
| Plaintiff | : | |
| v. | : | |
| | : | |
| **ARENT FOX, LLP** | : | |
| and | : | |
| **JULIUS ROUSSEAU, III, ESQUIRE** | : | |
| | : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

### PLAINTIFFS' RESPONSE TO DEFENDANTS FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS

Plaintiff Windsor Securities, LLC, by and through its undersigned counsel, Alan L. Frank

Law Associates, P.C., hereby respond to the First Set of Request For Production of Documents

and Tangible Things of Defendants Arent Fox LLP ("Arent Fox") and Julius Rousseau, III

("Rousseau", and, collectively, with Arent Fox, "Defendants"), as follows:

All responses provided herein are made without waiving and, on the contrary, with

preserving:

1.      All questions as to competency, relevancy, materiality, privilege and admissibility
of evidence, for any purpose, in any subsequent proceeding or the trial of this or any other
actions;

2.      The right to object on any ground, at any time, to a demand for further response to
this or any other request for production or discovery procedures involving or relating to the
subject matter of this Request for Production;

3.      The right to further supplement and/or amend these responses based upon the
discovery of additional information or documents;

4.      The right to object to the use of any documents or evidence by Defendants or any
other party in any subsequent proceedings, or the trial of this or any other action, on any ground;

1

5.     The attorney-client, work-product and expert privileges and, accordingly, any subsequent response or production should not constitute a waiver of said privilege(s);

6.     Plaintiffs also incorporate herein by reference all pleadings and responses to discovery filed and served by it in this action.

## I.     **GENERAL OBJECTIONS:**

1.     Plaintiffs object to each of Defendant's Discovery Requests to the extent it seeks:

      a.     Attorney - Work Product;

      b.     Privileged information, including but not limited to, information or documents which are subject to the attorney-client privilege;

      c.     Trade secrets and other confidential and/or proprietary information;

      d.     Documents and tangible things prepared in anticipation of litigation by Plaintiffs, Plaintiffs' attorneys, agents, or representatives; or

      e.     Information or documents otherwise not discoverable under the Federal Rules of Civil Procedure.

2.     Plaintiffs object to each of Defendants' discovery requests to the extent that the information sought is not relevant to the subject matter involved in this litigation nor reasonably calculated to lead to discovery of admissible evidence.

3.     Plaintiffs object to each discovery request to the extent that it is overly broad, unduly burdensome, intentionally harassing and oppressive and seeks information which is within the knowledge, control and/or custody of the Defendants.

4.     Plaintiffs object generally to each discovery request to the extent that it is brought in bad faith with the intent to cause unreasonable annoyance, embarrassment, oppression, burden and expense to Plaintiffs.

II.     **RESERVATION OF RIGHT TO SUPPLEMENT**:

Plaintiffs are providing these responses and objections to Defendants' discovery requests.

These responses and objections are made while discovery is ongoing.  Plaintiff specifically

reserves the right to supplement its responses and objections from time to time as material

additions and/or changes occur.

III.    **SPECIFIC RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**

1.     All documents or communications, including with third parties,
concerning the Bitter Trust, the Collins Trust, the Acker Trust, the Coppock Trust, or the
Stamatov Trust.

**ANSWER:**     Objection.  Plaintiff objects to this request to the extent  it seeks privileged

information, including but not limited to, information or documents which are subject to the

attorney-client privilege and/or work-product doctrine, and seeks information which in the

possession of the Defendants.  Without waiving these objections, and by way of further answer,

all non-privileged documents or communications concerning the Bitter Trust, the Collins Trust,

the Acker Trust, the Coppock Trust, or the Stamatov Trust in Plaintiff's possession are on the

disk produced herewith.

2.     All documents or communications, including with third parties, concerning the
Bitter Policy, the Collins Policy, the Acker Policy, the Coppock Policy, or the Stamatov Policy.

**ANSWER:**     Objection.  Plaintiff objects to this request to the extent  it seeks

privileged information, including but not limited to, information or documents which are subject

to the attorney-client privilege and/or work-product doctrine, and seeks information which in the

possession of the Defendants.  Without waiving these objections, and by way of further answer,

3

all non-privileged documents or communications concerning the Bitter Policy, the Collins Policy, the Acker Policy, the Coppock Policy, or the Stamatov Policy in Plaintiff's possession are on the disk produced herewith.

3.      All documents or communications, including with third parties, concerning Your financing of the Bitter Policy, the Collins Policy, the Acker Policy, the Coppock Policy, or the Stamatov Policy, as described in the Complaint.

**ANSWER:**   Objection.  Plaintiff objects to this request to the extent  it seeks privileged information, including but not limited to, information or documents which are subject to the attorney-client privilege and/or work-product doctrine, and seeks information which in the possession of the Defendants.  Without waiving these objections, and by way of further answer, all non-privileged documents or communications concerning Plaintiff's financing of the Bitter Policy, the Collins Policy, the Acker Policy, the Coppock Policy, or the Stamatov Policy in Plaintiff's possession are on the disk produced herewith.

4.      All documents or communications, including with third parties, concerning the Herrick Firm's representation of You with regard to the Bitter Policy, the Bitter Trust, the Collins Policy, the Collins Trust, the Acker Policy, the Acker Trust, the Coppock Policy, the Coppock Trust, the Stamatov Policy, or the Stamatov Trust.

**ANSWER:**   Objection.  Plaintiff objects to this request to the extent  it seeks privileged information, including but not limited to, information or documents which are subject to the attorney-client privilege and/or work-product doctrine, and seeks information which in the possession of the Defendants.  Without waiving these objections, and by way of further answer, all non-privileged documents or communications concerning the Herrick Firm's representation of Plaintiff with regard to the Bitter Policy, the Bitter Trust, the Collins Policy, the Collins Trust, the Acker Policy, the Acker Trust, the Coppock Policy, the Coppock Trust, the Stamatov Policy,

4

or the Stamatov Trust are on the disk produced herewith.

       5.      All documents or communications, including with third parties, concerning Defendants' representation of You with regard to Bitter Policy, the Bitter Trust, the Collins Policy, the Collins Trust, the Acker Policy, the Acker Trust, the Coppock Policy, the Coppock Trust, the Stamatov Policy, the Stamatov Trust, the Bitter Action, the Bitter Arbitration, the Acker Action, the Collins Action, the Coppock Action, or the Stamatov Action.

       **ANSWER:**     Objection. Plaintiff objects to this request to the extent it seeks privileged information, including but not limited to, information or documents which are subject to the attorney-client privilege and/or work-product doctrine, and seeks information which in the possession of the Defendants. Without waiving these objections, and by way of further answer, all non-privileged documents or communications concerning the Defendants' representation of Plaintiff with regard to the Bitter Policy, the Bitter Trust, the Collins Policy, the Collins Trust, the Acker Policy, the Acker Trust, the Coppock Policy, the Coppock Trust, the Stamatov Policy, or the Stamatov Trust are on the disk produced herewith.

       6.      All documents or communications, including with third parties, concerning Thompson Welch's representation of You with regard to the Bitter Policy, the Bitter Trust, the Collins Policy, the Collins Trust, the Acker Policy, the Acker Trust, the Coppock Policy, the Coppock Trust, the Stamatov Policy, the Stamatov Trust, the Bitter Action, the Bitter Arbitration, the Acker Action, the Collins Action, the Coppock Action, or the Stamatov Action.

       **ANSWER:**     Objection. Plaintiff objects to this request to the extent it seeks privileged information, including but not limited to, information or documents which are subject to the attorney-client privilege and/or work-product doctrine, and seeks information which in the possession of the Defendants. Without waiving these objections, and by way of further answer, all non-privileged documents or communications concerning Thompson Welch's representation of Plaintiff with regard to the Bitter Policy, the Bitter Trust, the Collins Policy, the Collins Trust, the Acker Policy, the Acker Trust, the Coppock Policy, the Coppock Trust, the Stamatov Policy,

or the Stamatov Trust are on the disk produced herewith.

7.    All documents or communications, including with third parties,
concerning any other attorney's representation of You with regard to the Bitter Policy, the Bitter
Trust, the Collins Policy, the Collins Trust, the Acker Policy, the Acker Trust, the Coppock
Policy, the Coppock Trust, the Stamatov Policy, the Stamatov Trust, the Bitter Action, the Bitter
Arbitration, the Acker Action, the Collins Action, the Coppock Action, the Stamatov Action, or
any other of Your financing of life insurance policies.

**ANSWER:**    Objection.  Plaintiff objects to this request to the extent  it seeks privileged

information, including but not limited to, information or documents which are subject to the

attorney-client privilege and/or work-product doctrine, and seeks information which in the

possession of the Defendants.  Without waiving these objections, and by way of further answer,

all non-privileged documents or communications concerning any other attorney's representation

of Plaintiff with regard to the Bitter Policy, the Bitter Trust, the Collins Policy, the Collins Trust,

the Acker Policy, the Acker Trust, the Coppock Policy, the Coppock Trust, the Stamatov Policy,

or the Stamatov Trust are on the disk produced herewith.

8.    All documents or communications, including with third parties,
concerning Hennefer Finley's representation of any trust or trustee with regard to the Bitter
Policy, the Bitter Trust, the Collins Policy, the Collins Trust, the Acker Policy, the Acker Trust,
the Coppock Policy, the Coppock Trust, the Stamatov Policy, the Stamatov Trust, the Bitter
Action, the Bitter Arbitration, the Acker Action, the Collins Action, the Coppock Action, or the
Stamatov Action.

**ANSWER:**    Objection.  Plaintiff objects to this request to the extent  it seeks privileged

information, including but not limited to, information or documents which are subject to the

attorney-client privilege and/or work-product doctrine, and seeks information which in the

possession of the Defendants.  Without waiving these objections, and by way of further answer,

all non-privileged documents or communications concerning Hennefer Finley's representation of

Plaintiff with regard to the Bitter Policy, the Bitter Trust, the Collins Policy, the Collins Trust,

the Acker Policy, the Acker Trust, the Coppock Policy, the Coppock Trust, the Stamatov Policy, or the Stamatov Trust are on the disk produced herewith.

9.     All communications between You and the trustee(s) for the Bitter Trust, the Collins Trust, the Acker Trust, the Coppock Trust, or the Stamatov Trust.

**ANSWER:**     Objection. Plaintiffs object to this request to the extent that it is overly broad, intentionally harassing and oppressive, seeks information which is within the knowledge, control and/or custody of the Defendants. Without waiving these objections, and by way of further answer, all communications between Plaintiff and the trustee(s) for the Bitter Trust, the Collins Trust, the Acker Trust, the Coppock Trust, or the Stamatov Trust are on the disk produced herewith.

10.     All communications between You and E.E.H. Consulting concerning the Bitter Trust, the Bitter Policy, the Collins Trust, the Collins Policy, the Acker Trust, the Acker Policy, the Coppock Trust, the Coppock Policy, the Stamatov Trust, or the Stamatov Policy.

**ANSWER:**     Objection. Plaintiffs object to this request to the extent that it is overly broad, intentionally harassing and oppressive, seeks information which is within the knowledge, control and/or custody of the Defendants. Without waiving these objections, and by way of further answer, all communications between Plaintiff and EEH Consulting concerning the Bitter Trust, the Bitter Policy, the Collins Trust, the Collins Policy, the Acker Trust, the Acker Policy, the Coppock Trust, the Coppock Policy, the Stamatov Trust or the Stamatov Policy are on the disk produced herewith.

11.     All communications between You and Houchins, III concerning the Bitter Trust, the Bitter Policy, the Collins Trust, the Collins Policy, the Acker Trust, the Acker Policy, the Coppock Trust, the Coppock Policy, the Stamatov Trust, or the Stamatov Policy.

**ANSWER:**     Objection. Plaintiffs object to this request to the extent that it is overly

7

broad, intentionally harassing and oppressive, seeks information which is within the knowledge, control and/or custody of the Defendants. Without waiving these objections, and by way of further answer, all communications between Plaintiff and Houchins, III concerning the Bitter Trust, the Bitter Policy, the Collins Trust, the Collins Policy, the Acker Trust, the Acker Policy, the Coppock Trust, the Coppock Policy, the Stamatov Trust or the Stamatov Policy are on the disk produced herewith.

12.     All communications between You and Houchins, Jr. concerning the Bitter Trust, the Bitter Policy, the Collins Trust, the Collins Policy, the Acker Trust, the Acker Policy, the Coppock Trust, the Coppock Policy, the Stamatov Trust, or the Stamatov Policy.

**ANSWER:**     Objection. Plaintiffs object to this request to the extent that it is overly broad, intentionally harassing and oppressive, seeks information which is within the knowledge, control and/or custody of the Defendants. Without waiving these objections, and by way of further answer, all communications between Plaintiff and Houchins, Jr. concerning the Bitter Trust, the Bitter Policy, the Collins Trust, the Collins Policy, the Acker Trust, the Acker Policy, the Coppock Trust, the Coppock Policy, the Stamatov Trust or the Stamatov Policy are on the disk produced herewith.

13.     All communications between You and the Pacific Life Insurance Company concerning the Bitter Policy, the Collins Policy, or the Coppock Policy.

**ANSWER:**     Objection. Plaintiffs object to this request to the extent that it is overly broad, intentionally harassing and oppressive, seeks information which is within the knowledge, control and/or custody of the Defendants. Without waiving these objections, and by way of further answer, all communications between Plaintiff and the Pacific Life Insurance Company concerning the Bitter Policy, the Collins Policy, or the Coppock Policy are on the disk produced

8

herewith.

14.     All communications between You and the John Hancock Insurance Company concerning the Acker Policy.

**ANSWER:**     Objection.  Plaintiffs object to this request to the extent that it is overly

broad, intentionally harassing and oppressive, seeks information which is within the knowledge,

control and/or custody of the Defendants.  Without waiving these objections, and by way of

further answer, all communications between Plaintiff and the John Hancock Insurance Company

concerning the Acker Policy are on the disk produced herewith.

15.     All communications between You and the PHL Variable Insurance Company concerning the Stamatov Policy.

**ANSWER:**     Objection.  Plaintiffs object to this request to the extent that it is overly

broad, intentionally harassing and oppressive, seeks information which is within the knowledge,

control and/or custody of the Defendants.  Without waiving these objections, and by way of

further answer, all communications between Plaintiff and the PHL Variable Insurance Company

concerning the Stamatov Policy are on the disk produced herewith.

16.     All documents, including but not limited to pleadings, motion papers, communications, and court decisions, concerning the Bitter Action, the Bitter Arbitration, the Acker Action, the Collins Action, the Coppock Action, or the Stamatov Action.

**ANSWER:**     Objection.  Plaintiffs object to this request to the extent that it is overly

broad, intentionally harassing and oppressive in that it seeks documents that are publicly

available, seeks information which is within the knowledge, control and/or custody of the

Defendants, and seeks information or documents which are subject to the attorney-client

privilege and/or work-product doctrine.  Without waiving these objections, and by way of further

answer, all non-privileged documents and/or documents that are not publicly available

9

concerning the Bitter Action, the Bitter Arbitration, the Acker Action, the Collins Action, the Coppock Action, or the Stamatov Action are on the disk produced herewith.

17.     Sufficient documents or communications to demonstrate any settlements or other resolutions (including arbitration or court decisions) of the Bitter Action, the Bitter Arbitration, the Acker Action, the Collins Action, the Coppock Action, or the Stamatov Action.

**ANSWER:**     Objection  Plaintiff objects to this request to the extent  it is overly broad, intentionally harassing and oppressive, and it seeks privileged information, including but not limited to, information or documents which are subject to the attorney-client privilege and/or work-product doctrine.  Without waiving these objections, Plaintiff has produced the settlement Agreements in the Bitter Action, the Bitter Arbitration, the Acker Action, the Collins Action, the Coppock Action, or the Stamatov Action on the disk produced herewith.

18.     Sufficient documents or communications to establish Your alleged damages related to Defendants' purported legal malpractice.

**ANSWER:**     Objection.  Plaintiff objects to this request to the extent  it is overly broad, intentionally harassing and oppressive, and it seeks privileged information, including but not limited to, information or documents which are subject to the attorney-client privilege and/or work-product doctrine.  Without waiving these objections, Plaintiff has produced the settlement Agreements in the Bitter Action, the Bitter Arbitration, the Acker Action, the Collins Action, the Coppock Action, or the Stamatov Action and documents evidencing attorneys fees and costs associated with those actions on the disk produced herewith.

19.     Any other documents or communications that You intend to use at trial.

**ANSWER:**     See disk produced herewith.  Plaintiff specifically reserves the right to supplement its response to this request.

10

ALAN L. FRANK LAW ASSOCIATES, P.C.

Alan L. Frank, Esquire
Samantha A. Millrood, Esquire
(Admitted *pro hac vice*)

1601 Gravesend Neck Rd., Suite 903
Brooklyn, NY 11229
T: 215.935.1000/F: 215.935.1110
E-mail: afrank@alflaw.net
             And
135 Old York Road
Jenkintown, PA 19046
T: 215.935.1000/F: 215.935.1110
E-mail:  afrank@alflaw.net

Dated: July 11, 2016                    Attorneys for Plaintiff Windsor Securities, LLC

11

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WINDSOR SECURITIES, LLC** | : |
| | :    **Civil Action No. 16-cv-01533 (GBD)** |
| **Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| **ARENT FOX, LLP** | : |
| **and** | : |
| **JULIUS ROUSSEAU, III, ESQUIRE** | :    **CERTIFICATE OF SERVICE** |
| | : |
| **Defendants** | :    **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2016, a copy of Plaintiffs' Response to Defendants First Set of Request for Production of Documents and Tangible Things was sent via UPS Overnight Mail and Email to the following:

Peter N. Wang, Esquire
Douglas S. Heffer, Esquire
Adam Gregory Pence, Esquire
Foley & Lardner LLP
90 Park Avenue
New York, New York, 10016
pwang@foley.com
dheffer@foley.com
apence@foley.com

ALAN L. FRANK LAW ASSOCIATES, P.C.

Alan L. Frank, Esquire
Samantha A. Millrood, Esquire
(Admitted *pro hac vice*)

1601 Gravesend Neck Rd., Suite 903
Brooklyn, NY 11229
T: 215.935.1000/F: 215.935.1110
E-mail: afrank@alflaw.net
        And
135 Old York Road
Jenkintown, PA 19046
T: 215.935.1000/F: 215.935.1110
E-mail: afrank@alflaw.net

Dated: July 11, 2016       Attorneys for Plaintiff Windsor Securities, LLC