ALAN L. FRANK •*+◻
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♫
CHRISTOPHER R. KING*+
SUSAN B. PLINER*+
ROBERT E. BROOKMAN*+◻
ROBERT E. GORDON *+△
DAVID M. D'ORLANDO *+
JORDAN E. FRANK *+
JACLYN H. FRANK *+♫

PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH
LISBETH LOZADA

• Certified by the NJ Supreme Court
  as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
◻ MEMBER NY BAR
♫ MEMBER FL BAR
△ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043
(856) 321-1120
FAX NO. (856) 321-1233

CENTER CITY PHILADELPHIA OFFICE

1515 MARKET STREET
SUITE 1200
PHILADELPHIA, PA 19102
(215) 496-9661
FAX NO. (215) 935-1110

E-MAIL ADDRESS:
afrank@alflaw.net

September 18, 2017

**Via ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

> Re: *Windsor Securities, LLC v. Arent Fox and Julius Rousseau, III*, Case No. 16-cv-01533 (GBD)(GWG);
> **Pre-Motion Discovery Conference**

Dear Judge Gorenstein:

We represent the Plaintiff Windsor Securities, LLC ("Windsor") in the above referenced matter, and write pursuant to Section 2 of Your Honor's Individual Practices to request a conference to discuss a motion pursuant to Southern District Local Rule 30.1 regarding Defendants' refusal to advance Plaintiff its costs and attorney time in attending two depositions Defendants subpoenaed and scheduled in Atlanta, Georgia.

### Factual Background

In the way of background, this is a legal malpractice action against Arent Fox, LLP ("Arent Fox") and Julius Rousseau, III, Esquire ("Rousseau") (collectively "Defendants"), in which Windsor seeks to recover significant damages caused by the Defendants' representation of Windsor relating to certain premium financing Windsor provided for life insurance policies, and litigation arising therefrom related to entitlement to death benefits thereunder. Defendants' representation of Windsor materially contributed to an arbitration panel and several Courts determining that Windsor was not entitled to the death benefits for significant life insurance policies that it financed, under either default sale rights or section 9620 of the California Code, that Windsor's rights were thus limited

to the rights of a secured creditor, and that Windsor was entitled only to collect the premiums paid plus 10% interest and expenses.

Defendant has subpoenaed for deposition Eugene Houchins, Jr., the insurance broker that procured the life insurance policies at issue in this litigation, who resides and has his principal place of business in Atlanta, Georgia, and Lauren Antonino, Esquire, one of the counsel that replaced Defendants in representing the Plaintiff with respect to the policies at issue in this litigation, who also resides and maintains her principal place of business in Atlanta, Georgia. The depositions are scheduled to take place respectively on October 12 and 13, 2017 in Atlanta Georgia.

## Motion Under Southern District Local Rule 30.1

The rule in federal litigation is that "a party seeking discovery must go where the desired witnesses are normally located.'" United States v. Phillip Morris USA, Inc., 2004 U.S. Dist. LEXIS 24551, 2004 WL 3253681, at *1 (D.D.C. Aug. 30, 2004) (quoting Yaskawa Electric Corp. v. Kollmorgen Corp., 201 F.R.D. 443, 444 (N.D. Ill. 2001)); Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 155 (S.D.N.Y. 1997) Indeed, a deposition subpoena may be quashed if it "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business[.]" Fed. R. Civ. P. 45(c)(3)(A)(ii).

In accordance therewith, on July 10, 2017, Defendants subpoenaed witnesses Lauren Antonino, Esquire and Eugene Houchins, Jr. to appear for a deposition in a civil action in Atlanta Georgia. True and correct copies of the Subpoenas issued to Ms. Antonino and Mr. Houchins are collectively attached as Exhibit "1". By email dated, September 15, 2017, Counsel for Defendants advised that Mr. Houchin's deposition would occur on October 12, 2017 at "his counsel's office in Atlanta (Locke Lord)" and that Ms. Antonino's deposition was scheduled for October 13, 2017 at "her counsel's office in Atlanta (Hawkins Parnell Thackston & Young)." Mr. Heffer's September 15, 2017 email is attached as Exhibit "2". Neither Ms. Antonino or Mr. Houchins are parties or party officers in this action.

Souther District Local Civil Rule 30.1 provides:

**When a proposed deposition upon oral examination, including a deposition before action or pending appeal, is sought to be taken at a place more than one hundred (100) miles from the courthouse, the court may by order provide that prior to the examination, the applicant pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each adversary party at the place where the deposition is to be taken. The amounts so paid, unless otherwise directed by the court, shall be a taxable cost in the event that the applicant recovers costs of the action or proceeding.**

In the case of Advanced Video Techs., LLC v. HTC Corp., 2016 U.S. Dist. LEXIS 24118 (S.D. N.Y. Feb. 23, 2016) the Court explained in relevant part, "Local Rule 30.1 allows any party to request that the other party pay the expense of the attendance of one attorney when a deposition is to be taken at a place more than one hundred (100) miles from the courthouse. '[T]he Rule contemplates that an award of expenses made pursuant to the Rule should be made 'prior to'

the deposition in question . . . then, if the party that is required to pay such expenses ultimately prevails in the case, that party can . . . recover those expenses as a 'cost,' taxed 'at the conclusion of the action'." *See also*, United States v. Prevezon Holdings, Ltd., 2017 U.S. Dist. LEXIS 27364 (S.D.N.Y. Feb. 27, 2017)(Court required defendant Prevezon to "pay for roundtrip travel and incidental expenses for one Kobre & Kim LLP attorney to attend the deposition in London and for the attorney's fees incurred in connection with defending Browder at the deposition."); Commodity Futures Trading Commission v. Commodity Investment Group, Inc., No. 05 Civ. 5741, 2005 U.S. Dist. LEXIS 27454, 2005 WL 3030816, at *2 (S.D.N.Y. Nov. 10, 2005) (requiring plaintiff to pay expenses of defendant's counsel in connection with distant depositions); Mengele v. Patriot II Shipping Corp., No. 99 Civ. 8745, 2001 U.S. Dist. LEXIS 15590, 2001 WL 1160661, at *1-2 (S.D.N.Y. Sept. 28, 2001) (upholding order for defendant to pay costs of plaintiff's counsel for out-of-state deposition); Teen Model v. Blood is the New Black, No. 11. Civ. 5766 (GBD)(DF), 2012 U.S. Dist. LEXIS 161369, 2012 WL 5838185 *2 (S.D.N.Y. Oct. 26, 2012)(same).

In accordance with Southern District Local Rule 30.1 and the case law interpreting it, Plaintiff should be 'advanced the travel costs, including airfare and hotel, and attorneys' fees for one (1) attorney associated with the depositions of MS. Antonino and Mr. Houchins that Defendants will be taking in Atlanta Georgia.

## **Meet and Confer Certification**

With regard to the dispute outlined in this letter, Counsel for the Plaintiff and the Defendants have engaged in multiple rounds of letters and emails and participated in a meet and confer telephonic conference on September 7, 2017 at 2:00 pm, during which this specific issue was raised, which lasted approximately 20 minutes. The telephonic Meet and confer conference on September 7, 2017 was attended by Alan Frank, Esquire and Samantha Millrood, Esquire of Alan L. Frank Law Associates, P.C., counsel for the Plaintiff, and Doug Heffer, Esquire and Adam Pence, Esquire of Foley & Lardner, LLP, counsel for the Defendants.

During the meet and confer counsel for the Defendants proposed that if the Plaintiff would forego calling these out of state witnesses at trial, Defendants would forego deposing them. Following the meet and confer, by email dated September 11, 2017, Samantha Millrood, counsel for the Plaintiff, advised Defendants' counsel that Plaintiff was not willing to agree to not call the subpoenaed out of state witnesses at trial in this matter, and again requested that Defendants' counsel confirm their position on whether Defendants would be reimbursing Plaintiff in advance for the travel costs and attorney time for these depositions, per Southern District Local Rule 30.1, "so that, if necessary, we can immediately raise this issue with the Court".

By email the same date, Defendants' counsel "declined [Plaintiff's counsel] request for advancement of fees and costs for these depositions" but proposed discussing "an arrangement whereby the witnesses would be brought to New York or Philadelphia, which would result in a saving of time and money for both sides." Plaintiffs counsel agreed that bringing the witnesses to New York was a viable option; However, by email dated September 15, 017 Defendants' counsel notified Plaintiff's counsel that two (20 of the depositions would be occurring in Atlanta, Georgia, on 2 consecutive days, October 12 and 13, 2017.

On the same date, by email, Plaintiff's Counsel responded explaining "In light of the fact that both Houchins and Antonino's depositions will be conducted in Georgia, please immediately advise whether you will be advancing reimbursement for our travel costs and time (for one attorney) in accordance with Southern District Local Rule 30.1. If you are refusing to comply with Southern District Local Rule 30.1, we will immediately raise this issue with the Court."

Defendants' counsel responded by email dated September 15, 2017 "Given the circumstances associated with the Atlanta depositions, we decline your demand for Defendants to advance your costs and fees." On September 18, 2017 Plaintiff's Counsel responded stating "in light of our meet and confer on September 7, 2017 and your clear email positions thereafter, we appear to be at an impasse on the issue of advancement of costs under Local Rule 30.1 for your depositions in Atlanta, and therefore will be requesting a conference with the Court."

### Conclusion

Plaintiff Windsor Securities, LLC respectfully requests that this Honorable Court schedule a conference to discuss and/or order the advance reimbursement of travel costs and one attorney's time in attending Ms. Antonino and Mr. Houchins depositions subpoenaed by the Defendants, which are taking place in Atlanta, Georgia on October 12 and 13, 2017, in accordance with Southern District Local Rule 30.1.

Respectfully Submitted,

ALAN L. FRANK

ALF/dm

cc: Samantha Millrood, Esquire
    Peter Wang, Esquire
    Douglass, Heffer, Esquire
    Adam Pence, Esquire

EXHIBIT "1"

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Windsor Securities, LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-cv-01533 (GBD) (GWG) |
| Arent Fox LLP and Julius Rousseau, III | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Lauren Antonino, The Antonino Firm, Six Concourse Parkway, Suite 2920, Atlanta, Georgia 30328
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: REGENCY-BRENTANO, INC. Certified Court Reporters 13 Corporate Square - Suite 140, Atlanta, GA 30329 | Date and Time: 08/17/2017 10:00 am |
|---|---|

The deposition will be recorded by this method: Transcription and/or audiovisual recording

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/10/2017

*CLERK OF COURT*

OR  /s/ Litumwan

*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Arent Fox LLP and Julius Rousseau, III , who issues or requests this subpoena, are:
Peter N. Wang, Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016, pwang@foley.com, (212) 338-3401

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 16-cv-01533 (GBD) (GWG)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Windsor Securities, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-cv-01533 (GBD) (GWG) |
| Arent Fox LLP and Julius Rousseau, III | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Eugene Houchins, III, 3104 W. Addison Dr., Alpharetta, Georgia 30022

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: REGENCY-BRENTANO, INC. Certified Court Reporters 13 Corporate Square - Suite 140, Atlanta, GA 30329 | Date and Time: 08/18/2017 10:00 am |
|---|---|

The deposition will be recorded by this method: Transcription and/or audiovisual recording

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/10/2017

*CLERK OF COURT*

OR  /s/ Peter Nwang

*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Arent Fox LLP and Julius Rousseau, III , who issues or requests this subpoena, are:
Peter N. Wang, Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016, pwang@foley.com, (212) 338-3401

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 16-cv-01533 (GBD) (GWG)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT "2"

## Samantha Millrood

| | |
|---|---|
| **From:** | DHeffer@foley.com |
| **Sent:** | Friday, September 15, 2017 10:03 AM |
| **To:** | Alan L. Frank; Samantha Millrood |
| **Cc:** | PWang@foley.com; APence@foley.com |
| **Subject:** | Windsor Depos |

Alan and Samantha,
Here is the current status on the scheduling of the remaining fact depositions (excluding Wood who will be deposed in his dual capacities during the expert discovery period):

(1) 9/26: completion of Prusky depo at my office starting at 10:00 (2.5 hours remaining);
(2) 10/4: Judd deposition at my office starting at 10:00. We are awaiting final confirmation from Darin that he will be traveling to New York for this deposition. We hope to have that confirmation today;
(3) 10/12: Houchins deposition at his counsel's office in Atlanta (Locke Lord). We are awaiting confirmation that this date works for Houchins. We hope to have that confirmation today; and
(4) 10/13: Antinino deposition at her counsel's office in Atlanta (Hawkins Parnell Thackston & Young).

Thanks

Douglas S. Heffer

Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314
P 212.338.3418

View My Bio
Visit Foley.com



**FOLEY & LARDNER LLP**

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

1