

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

September 20, 2017

<u>Via ECF</u>

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

   Re: *Windsor Securities, LLC v. Arent Fox, et al.*,
     <u>Case No. 16-cv-01533 (GBD) (GWG)</u>

Dear Magistrate Judge Gorenstein:

  We represent Defendants Julius Rousseau, III and Arent Fox (collectively, "Defendants") in the above-captioned action and write in response to the pre-motion conference request filed by Plaintiff Windsor Securities, LLC ("Windsor"), relating to its demand for the advancement of its costs and fees associated with certain depositions to take place in Atlanta, Georgia.

<strong><u>Factual Background</u></strong>

  Windsor fails to provide this Court with the complete background of this discovery dispute. First of all, Windsor's counsel previously had assured Defendants' counsel that Windsor did not intend to call any fact witnesses at trial other than Steven Prusky, Windsor's principal, and Defendant Rousseau. Despite these assurances, it soon became clear that Windsor intended to call numerous other witnesses, including Eugene Houchins, III, the insurance broker who procured the life insurance policies at issue, and Darin Judd and Lauren Antonino, Windsor's counsel subsequent to Defendants. Houchins and Antonino reside in or near Atlanta, Georgia, and Judd resides in or near San Francisco, California.

  When Windsor first raised the issue of the costs and fees associated with these depositions (for Windsor's own trial witnesses), Defendants offered numerous suggestions to limit costs, including splitting the costs for the witnesses to travel to New York for their depositions or even foregoing the depositions altogether (if Windsor agreed not to call the witnesses at trial). Windsor's counsel largely refused to engage in any meaningful discussions regarding such suggestions (by outright refusing to pay any costs associated with the depositions) and provided only an extremely limited number of days that they would be available to attend any deposition (in nearly two months' time, counsel provided only six available dates for conducting five depositions, including Mr. Prusky's continued deposition). Despite the lack of cooperation, our office was able to schedule, tentatively, Mr. Houchins' and Ms. Antonino's depositions for October 12 and 13 in Atlanta, and convinced Mr. Judd to fly to New York for his deposition. Windsor's counsel responded by demanding the advancement of its costs and fees associated with the depositions to be taken in Atlanta.


FOLEY & LARDNER LLP

September 20, 2017
Page 2

## This Court Should Not Award Windsor Its Costs and Fees Under Local Rule 30.1

Under the discretionary Southern District of New York Local Rule 30.1, when a deposition is sought to be taken more than 100 miles from the courthouse, "any party may request the Court to issue an order providing that prior to the examination, another party shall pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each other party at the place where the deposition is to be taken." At the same time, "[w]hether or not to award such expenses, and whether or not to tax them as costs at the conclusion of the case, **remain in the discretion of the Court**." L. Rule 30.1, Committee Note (emphasis added). This Rule is intended to "weigh the equities of reallocating discovery costs where the strategic choices of one party would cause another to incur inordinate expense." *Teen Model v. Blood is the New Black*, 11 Civ. 05766 (GBD)(DF), 2012 U.S. Dist. LEXIS 161369, at *4 (S.D.N.Y. Oct. 26, 2012).

First, Windsor has wholly failed to articulate why traveling to Atlanta once for two depositions would be such a burden as to warrant this award. *See Hoff v. WPIX, Inc.*, 11 Civ. 1591 (LBS)(DF), 2012 U.S. Dist. LEXIS 140696, at *4-5 (S.D.N.Y. Sept. 21, 2012) (noting that travel to California, as opposed to Australia or Europe, is usually not enough of a burden to warrant shifting costs; awarding partial airfare only because of the late notice of the deposition); *Voss of Norway, A.S.A. v. Enoitalia, S.P.A.*, 05 Civ. 8061 (RMB)(DFE), 2006 WL 3456331, at *3 (S.D.N.Y. Nov. 30, 2006) (denying costs and fees request for three depositions in Italy because defendant had failed to establish any real burden).

Second, the depositions of Houchins and Antonino are essential to this case. In fact, Windsor has already acknowledged that it now intends to call both individuals as trial witnesses. *See Voss of Norway, A.S.A.*, 2006 WL 3456331, at *2-3 (denying request for costs and fees and noting that there was "good cause" to take the three depositions in Italy where they would likely yield important testimony for the case). Houchins procured the life insurance policies at issue in this litigation, served as a contact between Windsor and the relevant insureds and trustees of the premium financing trusts, and collected and filed the change of ownership forms that are central to this case. Houchins previously testified against Windsor in the underlying litigations (and Steven Prusky has already testified in this case that he believes Houchins is not an honest person). Yet Windsor has now proffered a self-serving affidavit from Houchins (and recently settled a related lawsuit, apparently in exchange for his "testimony" here), which is a clear indication that Houchins will switch sides and testify in this case. Antonino was co-counsel with Defendants for several months while they attempted to settle the dispute involving the Bitter life insurance policy and had an active role in the other four litigations after Defendants were terminated. Her testimony is critical to several aspects of this case, particularly causation and damages – the Court may recall that Windsor is also seeking as damages here more than $1,330,164.28, consisting of fees paid to Antonino (among others) in litigation with beneficiaries of the policies who were trying to retain the death benefits. Antonino played a large role in litigating, and eventually settling, the other four litigations, so she possesses highly relevant information regarding the damages claimed in this action, consisting of fees billed in those underlying cases, and the settlement agreements that were eventually obtained. In short, this is not a case where fee-shifting is appropriate because the two proposed depositions are of central, non-duplicative witnesses.



FOLEY & LARDNER LLP

September 20, 2017
Page 3

  Third, Defendants have gone to great lengths to depose only the most important witnesses and in the most efficient manner. As the cases cited by Windsor actually demonstrate, courts in this jurisdiction primarily award costs to encourage a party to limit duplicative (and/or numerous) depositions. *See, e.g., United States v. Prevezon Holdings, Ltd.*, 13-cv-6326 (WHP), 2017 U.S. Dist. LEXIS 27364, at *10 (S.D.N.Y. Feb. 27, 2017) (awarding fees for a second deposition "[c]onsistent with the agreement between the parties regarding the First Deposition"); *CFTC v. Commodity Inv. Grp., Inc.*, 05 Civ. 5741 (HB), 2005 U.S. Dist. LEXIS 27454, at *4-5 (S.D.N.Y. Nov. 10, 2005) (allowing plaintiff to take six depositions more than the ten allowed under FRCP 30, despite defendants' claim such depositions were duplicative, but finding defendants had demonstrated "good cause" for shifting costs and fees to plaintiff for certain of those additional depositions); *see also Teen Model*, 2012 U.S. Dist. LEXIS 161369, at *8, 12-13 (awarding costs and significantly reduced fees for travel time because deposition was only of "limited relevance"). That is simply not the case here. Defendants have taken only one deposition – of the Plaintiff. Other oral discovery has been stalled by Windsor's delayed production of documents.

  Fourth, as a matter of fairness, Defendants should not have to pay Windsor's costs and fees to depose Windsor's own trial witnesses. Windsor, not Defendants, has made the "strategic choices" that render this testimony essential. In addition, Defendants are taking only two depositions on back to back days in Atlanta and have already proposed numerous ways to limit costs to both parties, all of which were rejected by Windsor. As such, Windsor does not deserve an advancement of costs and fees, especially since it has repeatedly refused to cooperate with Defendants.

  Finally, even if this Court were inclined to award Windsor some measure of its expenses, only a small, limited award would be appropriate. Windsor is not entitled to any costs or fees that would be incurred if the depositions took place in this jurisdiction, meaning Windsor would be entitled only to the expenses for travel, not the costs or fees associated with preparing for or attending the deposition itself. *Teen Model*, 2012 U.S. Dist. LEXIS 161369, at *11-12 ("In its discretion, the Court declines to award attorney's fees for [counsel's] attendance at the deposition itself, as such fees would have been incurred by Plaintiff regardless of the deposition's location. *In this Court's view, Rule 30.1 is intended to alleviate the burden of long-distance travel, not of deposition attendance, per se.*") (emphasis added); *see also Treanor v. Marriott Int'l, Inc.*, CV 2012-4674 (ERK) (MDG), 2013 U.S. Dist. LEXIS 154440, at *3-4 (E.D.N.Y. Oct. 28, 2013) (holding same and citing *Teen Model*).

## Conclusion

  For all the foregoing reasons, Defendants request that this Court deny Windsor's unreasonable request for costs and fees associated with the Houchins and Antonino depositions.

                    Sincerely,
                     /s/ *Peter N. Wang*
                     Peter N. Wang