UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
WINDSOR SECURITIES, LLC,                  :

                                                   :      MEMORANDUM OPINION
                Plaintiff,

                                                   :      16 Civ. 1533 (GBD) (GWG)
   -v.-
                                                   :

ARENT FOX LLP et al.,
                                                   :

               Defendants.        :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

In this case, plaintiff Windsor Securities, LLC has sued defendants for malpractice relating to their representation of Windsor in certain insurance-related transactions. Windsor has identified two individuals with knowledge of the case that it might call as witnesses as trial: Eugene Houchins, Jr., the insurance broker who facilitated the insurance transactions, and Lauren Antonino, part of the legal team that replaced defendants in Windsor's attempts to seek payment under the policies procured by Houchins. Both witnesses are located in Atlanta, Georgia and defendants have noticed their depositions for October 12 and 13, 2017, in Atlanta. Windsor now seeks to compel defendants to advance Windsor its costs and attorney's fees for attending these two depositions.[1]

Local Civil Rule 30.1 provides:

> When a proposed deposition upon oral examination, including a deposition before action or pending appeal, is sought to be taken at a place more than one hundred (100) miles from the courthouse, the court may by order provide that prior to the examination, the applicant pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each adversary party at the place where the

---

[1] Letter from Alan L. Frank, dated Sept. 18, 2017 (Docket # 76) ("Pl.'s Letter"); Letter from Peter N. Wang, dated Sept. 20, 2017 (Docket # 78) ("Defs.' Letter"); Letter from Alan L. Frank, dated Sept. 22, 2017 (Docket # 80) ("Pl.'s Reply Letter").

> deposition is to be taken. The amounts so paid, unless otherwise directed by the court, shall be a taxable cost in the event that the applicant recovers costs of the action or proceeding

The Committee Note adds that any award of such expenses "remain[s] in the discretion of the Court." Local Rule 30.1, Committee Note.

Rule 30.1 "allows courts to weigh the equities of reallocating discovery costs where the strategic choices of one party would cause another to incur inordinate expense." Teen Model v. Blood is the New Black, 2012 WL 5838185, at *1-2 (S.D.N.Y. Oct. 26, 2012). Courts applying Rule 30.1 have considered the burden associated with the travel, see Hoff v. WPIX, Inc., 2012 WL 4471445, at *1 (S.D.N.Y. Sept. 21, 2012); the party's choice of forum and the relative means of the parties, see Treanor v. Marriott Int'l, Inc., 2013 WL 5796513 (E.D.N.Y. Oct. 28, 2013); the availability of less costly alternatives for obtaining the information, see Teen Model, 2012 WL 5838185, at *1; see also Fed. R. Civ. P. 26(b)(2)(C) (authorizing courts to limit discovery where "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive"); and the importance of the evidence sought from the witnesses, see Voss of Nor., A.S.A. v. Enoitalia, S.p.A., 2006 WL 3456331, at *3 (S.D.N.Y. Nov. 30, 2006).

In our view, the importance of the evidence sought from the witnesses is one of the more critical considerations. A party responding to discovery is normally expected to bear the costs of doing so. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978) ("[u]nder [the discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests"). But where one party notices the deposition of a witness who will give only marginally relevant testimony, there is an unfairness in requiring the party's adversary to bear travel costs associated with taking that deposition. See, e.g., Teen Model,

2012 WL 5838185, at *4 (costs awarded in part because deposition testimony had "only limited relevance").

The circumstances here do not favor the shifting of costs. The two witnesses possess critical information in this case. Houchins brokered the purchase of the life insurance policies at issue and filed the change of ownership forms that the defendants contend are central to this case. See Pl.'s Letter at 2; Defs.' Letter at 2. Antonino represented Windsor in the four lawsuits for which Windsor seeks to recover attorney's fees. See Defs.' Letter at 2. Plaintiffs have explicitly reserved the right to call these two individuals as trial witnesses. See Pl.'s Reply at 2. The information possessed by these witnesses is not reasonably available through alternative tools of discovery. Travel from New York to Atlanta poses a relatively small burden. No party has suggested that the parties' means have any bearing on the request for cost-shifting. Finally, the cost of travel to Atlanta is not disproportionate to the $1,330,164.28 in damages that Windsor seeks in this case.

The Court accepts that travel to Atlanta for two depositions may burden Windsor. But after considering the factors listed above, we find that the burden is not inordinate and that reallocating costs is not justified. Windsor's application is therefore denied.

SO ORDERED.

Dated: September 26, 2017
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

3