UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINDSOR SECURITIES, LLC | : |
| | : Civil Action No. 16-cv-01533 (GBD) |
| Plaintiff | : |
| v. | : |
| | : |
| ARENT FOX, LLP | : |
| and | : |
| JULIUS ROUSSEAU, III, ESQUIRE | : |
| | : |
| Defendants | : |

DECLARATION OF ALAN L. FRANK, ESQUIRE IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION

I, Alan L. Frank, pursuant to 28 U.S. Code § 1746 and under penalty of perjury, state and declare as follows:

1.      I am a member of the Pennsylvania, New Jersey, and New York Bars, and I am the managing attorney at Alan L. Frank Law Associates, P.C., attorneys for Plaintiff Windsor Securities, LLC ("Windsor").

2.      I have been counsel to Windsor since the inception of this litigation, and I have been in attendance at every deposition taken in this proceeding thus far. As a result, I am fully familiar with the facts and circumstances related below.

3.      I submit this Declaration in support of Plaintiff's Opposition to Defendant's Motion for a court order directing that Windsor's production of certain purportedly privileged documents be deemed not inadvertent and that privilege has been waived and directing that Windsor reimburse Defendants for certain costs.

4.      Windsor never intended to waive the attorney-client or work product privileges applicable

to a number of documents inadvertently produced in this litigation. The disclosure resulted solely from an error in the production process, and does not reflect any intentional or unintentional action by the clients. The inadvertent disclosure occurred despite Windsor's counsel having utilized an appropriate procedure for privilege review designed to avoid such issues.

5. When I appeared for the depositions of both Darin Judd and Steven Prusky on October 4, 2017, I defended both witnesses.

6. During each of these depositions, Peter Wang, Esquire, counsel for defendants, asked many questions that were designed to affirmatively invade many subject matters covered and/or implicated by Plaintiff's attorney-client and/or work product privileges. Mr. Wang also asked these questions despite acknowledging that he had read and understood Magistrate Gabriel W. Gorenstein's Order and Decision dated August 11, 2017.

7. In response, each time such a question was asked by Mr. Wang I instructed the witness to not respond on the basis of the attorney-client and/or work product privileges, and on the further basis of Judge Gorenstein's aforementioned Order and Decision, and each time the witness abided my instruction. Said questions were asked despite the very clear language of Magistrate Gorenstein's Order and Decision very clearly specifying that such information was protected by privilege.

8. On four (4) specific occasions during these two (2) aforementioned depositions, documents that Mr. Wang clearly understood were attorney/client and/or work product privileged, and/or addressed by Judge Gorenstein's Opinion, were nevertheless presented to a witness, and I immediately sought to clawback each such document per the Parties' Protective Order [ECF No. 28], and I also immediately further instructed each witness to

not address Mr. Wang's questions regarding the clawed back document, and each such

witness abided my instructions on each such occasion.   A sample instruction and

Counsel's colloquy follows from the Deposition of Darin Judd, Esquire:

> **MR. FRANK:** So, Exhibit 19, which I
> think is Bates stamp range 056754 -- well,
> through the ends of the document, 056775 is
> the subject of a clawback request, and I
> therefore request that you return it,
> destroy all copies and not ask the witness
> any questions regarding it.
>
> **MR. WANG:** I ask you, so your view is
> this too was inadvertently produced?
>
> **MR. FRANK:** Yes. And is also subject
> to Judge Gorenstein's order.
>
> October 4, 2017 Deposition Transcript (Rough) of Darin Judd. Page 189:5-25.

9.      On several occasions during these two (2) depositions, Mr. Wang said that he believed

that there may have been *other* such documents, and in response I asked Mr. Wang to

immediately identify those documents for me, and Mr. Wang declined and/or refused to

identify any such additional documents despite my requests for him to do so.   That

specific colloquy follows:

> **MR. FRANK:** We're seeking to claw back
> following Bates stamp numbers within the
> range articulated by my colleague beginning
> at 055113 through and including 055124 which
> I think is for the most part a cover e-mail
> or memorandum prepared by Darin Judd, which
> contains legal analysis, recommendations of
> things of that nature.
>
> **MR. WANG:** Your position was this was
> inadvertently produced.

**MR. FRANK:** That's correct and also
covered by Judge Gorenstein's order.

**MR. WANG:** All right. You know,
here's what we're going to do, because I'm
not going to go through the exercise of
having documents marked and having you claw
them back endlessly, Mr. Frank.
**I'll represent to you that there are
or may be additional documents which you may
or may not declare to claw back.**
But I don't agree with your position
with respect to your clawback.
You have clawed back the documents
that you -- that you had sought to clawback
and we made it very clear and your office
confirmed that you had clawed back
everything that you intended to clawback, in
which case the remainder was available for
our use.
That's our position. We'll -- I'm not
going to overextend this deposition through
an exercise like this.
You have your position.
We believe -- let me finish.
We believe that at this stage, after
your clawback -- as far as we were concerned
even before that -- you had lost the right
to claim inadvertent privilege, but that's
going to be the subject of the motion that
is currently before Magistrate Judge
Gorenstein.
You have now added another layer to
that that even after that you regard that
there are still additional documents that
you can claim additional claw backs to.
We don't believe that he is the law.

**MR. FRANK:** Does that complete your
statement?

**MR. WANG:** It does a.

**MR. FRANK:** Let me respond by saying
I don't agree with your assessment, analysis

or statement. I'm not prepared to get into
the merits of that or all of that with you
on this record.

**However, you did during your statement
indicate that there may be some others. If
there are some others, I would request that
we break for a few minutes, you show them to
me. I can clarify today whether we do or
don't have a position of clawback on them.
And if we do, then I'll let you know
that and if we don't, then I'll let you know
that and that way this particular witness'
deposition can be completed to the best of
our ability today.**

MR. WANG: We'll complete the
deposition any way, but just so we're'
clear, I don't think you have the right to
switch the burden of that determination,
Mr. -- of about what should or should not be
clawed back. That's your business to do
when it was time to do it, which was during
the period when you said hold off on the
review, we're going to do -- you weren't
involved with that, Ms. Milrood was,
although you did say there were deficiencies
in your production.

**MR. FRANK: There are no deficiencies.
You're refusing to identify for us the
additional documents you mentioned in the
beginning of your statement.
The record reflects that.**

October 4, 2017 Deposition Transcript (Rough) of Darin Judd. Page 169:25-
173:10

10.    On October 5, 2017, I sent correspondence to Defendants' Counsel wherein I specifically

re-identified for claw back per the Protective Order the Antonino documents that were

privileged and inadvertently produced, which Defendants' counsel sought to use in the

Prusky and Judd depositions, to which I had objected and refused to allow any

questioning on, and again noted Mr. Wang's refusal to identify the other inadvertently produced privileged documents that he was aware of.

11.    On three (3) subsequent occasions following the October 4, 2017 depositions of Judd and Prusky, either I or my staff again requested of Mr. Wang - - in writing - - that he immediately identify for us all additional documents of which he is aware that potentially implicate the attorney client and/or work product privileges. On these three (3) occasions, we also reminded Mr. Wang that he has affirmative ethical responsibilities to so identify all such documents. Nevertheless, to date, no such identification has been made by Defendants' counsel.

Sworn to before me this
17th day of October, 2017

_____
ALAN L. FRANK, ESQUIRE

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DAWN M. WELSH, Notary Public
Cheltenham Twp., Montgomery County
My Commission Expires February 27, 2018