UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WINDSOR SECURITIES, LLC | : | |
| | : | **Civil Action No. 16-cv-01533 (GBD)** |
| Plaintiff | : | |
| v. | : | |
| | : | |
| ARENT·FOX, LLP | : | |
| and | : | |
| JULIUS ROUSSEAU, III, ESQUIRE | : | |
| | : | |
| Defendants | : | |

## DECLARATION OF SAMANTHA MILLROOD, ESQUIRE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION

I, Samantha A. Millrood, pursuant to 28 U.S. Code § 1746 and under penalty of perjury, state and declare as follows:

1.  I am a member of the Pennsylvania and New Jersey Bars, and I am a senior attorney at Alan L. Frank Law Associates, P.C., attorneys for Plaintiff Windsor Securities, LLC ("Windsor") in the above reference matter.

2.  I have been counsel to Windsor since the inception of this litigation, was admitted Pro Hac Vice in the case by Order dated May 31, 2016 [ECF No. 27], and have been involved in Windsor's discovery productions, and the identification and clawback of inadvertently produced privileged documents, at issue in Defendants' Motion. As a result, I am fully familiar with the facts and circumstances related below.

3.  I submit this Declaration in support of Plaintiff's Opposition to Defendants Arent Fox LLP ("Arent Fox") and Julius Rousseau, III ("Rousseau") (collectively "Defendants") Motion for Discovery [ECF No. 88] (Defendants Motion for Discovery relies on the

Declaration of Adam G. Pence, and all the exhibits thereto [ECF Nos. 89 through 89-35], and the September 26, 2017 Request for Pre-Motion Conference Letter Brief of Peter N. Wang [ECF. No. 81]), wherein Defendants request two (2) separate forms of relief: (1) an Order directing that Windsor's recent production of privileged information be deemed not "inadvertent" and that any privilege that might apply was waived; and (2) reimbursement of costs incurred by the Defendants allegedly caused by Windsor alleged discovery deficiencies (hereinafter "Defendants' Motion").

4.    Prior to engaging in discovery in this case, Defendants' counsel proposed, the parties negotiated and entered into a Stipulation and Protective Order, which was so-ordered by the Court on June 6, 2016. [ECF No. 28] ("Protective Order"). The Protective Order "govern[s] the handling of documents, depositions, deposition transcripts, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among all Parties and non-parties to the Litigation", and contains a paragraph entitled "Inadvertent Production of Privileged Discovery Materials/Clawback" (the "Clawback Provision"), which specifically provides:

**12.    Inadvertent Production of Privileged Discovery Materials/Clawback. Due to the large volume of electronic and hard copy data in the possession, custody, or control of the Parties and the numerous concerns regarding attorney-client privilege and work product protection, the Parties agree to the following "Clawback Provision":**

> **a)    The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this Stipulation and Protective Order, _will not be deemed to waive a Party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date._**

  **b)**  **Any party receiving any such information or document shall return it upon request from the Producing Party, and destroy all copies thereof. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the Producing Party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. The receiving party treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order. _This Order and Clawback Provision shall be governed by Federal Rule of Evidence 502(d)_ and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).**

Protective Order pgs 1-2 and ¶ 12 (emphasis added) [ECF No. 28].

5.  During discovery in this action, the documents produced by Windsor were voluminous. Windsor produced over 354,300 pages and withheld on the basis of privilege over 10,900 documents with multiple pages.

6.  There were multiple productions of documents and provisions of corresponding privilege logs by Windsor prior to the August 10, 2017 production, none of which included any inadvertently produced privileged documents. Specifically, Windsor made the following document productions prior to August 10, 2017:

- July 11, 2016 -production of documents bates stamped PLAINTIFF 00001-019071, voice recordings which could not be bates stamped and Privilege Log;

- August 25, 2016- production of documents bates stamped PLAINTIFF 019072-019076;

- October 19, 2016- production of documents bates stamped PLAINTIFF 019077-3158;

- December 7, 2017 -production of documents bates stamped PLAINTIFF 031590-041268;

3

- December 29, 2016 -production of Documents bates stamped JUDD 000001-JUDD 164721;

- January 20, 2017- production of documents bates stamped PLAINTIFF 041268-068272;

- April 10, 2017- production of documents bates stamped PLAINTIFF 06287-72811 and Privilege Log;

- April 26, 2017- production of documents bates stamped PLAINTIFF 072812-073668;

- April 28, 2017- production of bates stamped documents PLAINTIFF 073670 – 074026 and Privilege Log;

- May 5, 2017- production of documents bates stamped PLAINTIFF 074027-084541 and Privilege Log;

- May 10, 2017- production of documents bates stamped PLAINTIFF 084542-084967 and Privilege Log;

- May 23, 2017- production of documents bates stamped PLAINTIFF 084968-086810 and Privilege Log; and

- May 25, 2017- production of documents bates stamped PLAINTIFF 086811-087014.

7.    Not one privileged document was inadvertently produced in any of the foregoing productions.

8.    Despite receiving voluminous privileged documents from Windsor, and its counsel Darin Judd, Esquire ("Judd") and Lauren Antonino, Esquire ("Antonino") the inadvertently produced privileged documents were limited to 86 privileged documents all contained within Windsor's production of Antonino's documents, which were provided as part of Windsor's August 10, 2017 production, as described more fully below.

9.    Windsor had requested from its counsel who replaced Defendants in the underlying actions, Antonino and Judd (and their respective firms) all documents that were

4

responsive to Defendants' discovery requests and that were relevant to the instant matter.

10.    Due to the breadth of Defendants' document requests, and subpoenas issued by

Defendants to Judd, and his firm Thompson Welch Soroko & Gilbert, LLP and Antonino,

Antonino and Judd produced to Windsor over 300,000 pages.

11.    Windsor then undertook the onerous task of reviewing, categorizing, producing and

providing a privilege log for documents withheld.

12.    With this undertaking, Windsor encountered many problems because of internal errors

contained within the native files produced to us by Antonino, more fully described in the

Declaration of Christopher King, Esquire also submitted in support of Windsor's

Opposition to Defendants' Motion.

13.    On August 10, 2017 Windsor Produced to Defendants, on a thumb drive, 91,124 pages of

documents, which were bates stamped JUDD 164722-170017[1] and ANTONINO 00001-

85829, along with a Categorical Privilege Log[2] for documents produced by Judd and

Antonino that were withheld on the basis of privilege.

14.    In and email dated Friday, September 15, 2017, at 11:47 am, Defendants' counsel, Adam

Pence, notified the undersigned of its belief that Windsor had produced documents that it

had previously withheld on the basis of privilege, stating in relevant part as follows:

**In reviewing Windsor's recent production of documents, we have come across**
**multiple e-mails between and among Windsor and Herbert Fineburg, Darin Judd,**
**Lauren Antonino and other attorneys, which appear similar in nature to documents**

---

[1]On December 29, 2016 Windsor had previously produced documents bates stamped
JUDD 00001-164721, which Judd had also provided to Windsor.

[2]The Parties had agreed that Windsor could produce a categorical privilege log for these
voluminous attorney produced documents.

Windsor has previously withheld on the basis of privilege, including documents that are at the center of Defendants' motion to compel. Given all the disputes regarding these materials – and the numerous assurances by your office that the recent document production is final and complete – we cannot imagine that these disclosures were inadvertent. Nevertheless, out of an abundance of caution, we are raising this issue with you. Unless we hear, otherwise, by the end of the day today, we will continue our review of the documents and our preparations for the upcoming depositions.

A true and correct copy of Defendants' counsel's September 15, 2017 email is attached

hereto as Exhibit "1".

15.    One minute later at 11:48 am on Friday, September 15, 2017, I responded by email

stating:

Can you please identify the bate stamp numbers and/or bates stamp range for the communications you are referring to in your email so that we can assess whether they were inadvertently produced.

Please be advised that we do not, and did not intend to, waive any privilege through the production of these documents.

While we are looking into this issue, please be advised that we reserve all rights regarding clawback of inadvertently produced privileged information as provided at paragraph 12 of the Parties' Stipulation and Protective Order in this matter.

A true and correct copy of my 11:48 am September 15, 2017 email is attached hereto as

Exhibit "2".

16.    In response, at 12:50 p.m. on Friday, September 15, 2017, Defendants' counsel Adam

Pence emailed stating:

We can only identify certain documents at this time because we have avoided sections of the production that appear to contain such materials and are obviously still in the process of reviewing. As an example only, we would suggest you start by reviewing the two large PDFs with the Bates range ANTONINO 022066-022611. To avoid any confusion, however, we will not be going through page by page of this latest 90,000 page production and identifying every document for which Windsor may claim privilege. To the extent that you feel it is necessary to re-review the remainder of the production, we will be significantly prejudiced by what is yet

another delay related to Windsor's document productions. This issue, to the extent it is not resolved today, will invariably impact our ability to move forward with, at a minimum, Steven Prusky's deposition on the scheduled date. If we do move forward with our review today, we expect to able to do so unimpeded by any further potential privilege issues.

A true and correct copy of Adam Pence's September 15, 2017, 12:50 pm, email is

attached hereto as Exhibit "3".

17.    At 1:23 p.m. on Friday, September 15, 2017 I emailed Defendants counsel stating:

We have no problem with you continuing your review of the documents we produced and for your continued preparation for Mr. Prusky's deposition on October 4th. We simply reserve our clawback rights and continue to preserve all privileges asserted. We will review these documents and get back to you early next week with any clawback requests for inadvertently produced privileged documents, to the extent there are any.

A true and correct copy of my September 15, 2017 1:23 p.m. email is attached hereto as

Exhibit "4".

18.    Immediately thereafter, Jaclyn Frank, Esquire, an associate attorney with my firm began

reviewing the bates stamp range identified by Defendants' counsel and determined that in

fact privileged documents had been inadvertently produced. *See,* J Frank Declaration also

submitted in support of Plaintiff's opposition to Defendants' Motion.

19.    At 2:02 p.m. on Friday September 15, 2017, I emailed Defendants' counsel stating:

Please disregard my previous email and cease your continued review of the documents. We have confirmed that at least one privileged email was inadvertently produced and there may be more. We will be in touch early next week with a list of documents to clawback per the terms of the parties stipulation and protective order entered in this case.

A true and correct copy of my 2:02 p.m. email is attached hereto as Exhibit "5".

20.   Jaclyn Frank then began a re-review of the August 10, 2017 production to identify the

      inadvertently produced privileged documents. *See*, J. Frank Declaration.

21.   Three (3) business days later, on Wednesday, September 19, 2017, I sent Defendants'

      counsel correspondence wherein I identified by bates stamp number 113 bates stamp

      ranges where inadvertently produced privileged documents appeared in the August 10,

      2017 production, and requested Defendants' compliance with the Claw Back Provision,

      at Paragraph 12, of the Parties' Stipulation and Protective Order [ECF No. 28] and

      F.R.C.P. 26(b)(5)(B)". A true and correct copy of my September 19, 2017

      correspondence is attached hereto as Exhibit "6". In said September 19, 2017

      Correspondence, I specifically stated "in accordance with the Stipulation and Protective

      Order, we specifically reserve the right to clawback any other privileged documents that

      we might find in our continuing review." Id.

22.   The next day, September 20, 2017 by correspondence, I provided Defendants a Privilege

      Log (prepared by Jaclyn Frank) for the inadvertently produced documents identified in

      the September 19, 2017 correspondence. A true and correct copy of the September 20,

      2017 Correspondence is attached hereto as Exhibit "7".

23.   In accordance with my request for compliance with the Protective Order, on September

      27, 2017 Defendants' counsel returned by overnight delivery the thumbdrive containing

      the August 10, 2017 production, and by email of the same date renewed their request for a

      new copy of this production (without the clawed back documents). A true and correct

      copy of Defendants Counsel's September 27, 2017 correspondence enclosing the

      Thumbdrive containing the August 10, 2017 production is attached hereto as Exhibit "8";

                                              8

and Defendants' counsel's September 27, 2017 email request for re-production of the August 10, 2017 production (without the clawed back documents) is attached hereto as Exhibit "9".

24.    On September 28, 2017 Christopher King, an associate attorney with Alan L. Frank Law Associates, PC., who was the attorney involved with the actual production of documents in this case, emailed Defendants' counsel requesting which format Defendants would like re-production to be provided, and Defendants counsel responded that PDF format was acceptable, but reserved all rights.  The September 28 email chain between Christopher King and Adam Pence is attached hereto as Exhibit "10".

25.    On October 3, 2017 Windsor's counsel uploaded onto Defendants' counsel FTP site a re-production of the August 10, 2017 documents, which it intended to and believed omitted all the clawed back documents identified in the September 19, 2017 correspondence. Unfortunately, during the upload process certain PDF Documents which were included in the September 19, 2017 clawback request and also included on the Privilege Log provided on September 20, 2017 for the Clawed back documents, were inadvertently re-produced.  Specifically, the following clawed back privileged documents were inadvertently re-produced in October 3, 2017 upload: ANTONINO 022176; ANTONINO 023242; ANTONINO 023318-023319; ANTONIO 033691-033701; and ANTONINO 034702-034707.  The same day Christopher King notified Defendants' counsel of the issue with the re-production.  Christopher King's October 3, 2017 email notifying Defendants' counsel of the inadvertent reproduction is attached hereto as Exhibit "11".

26.    On October 4, 2017, Defendants deposed Judd and completed the deposition of Steven

Prusky, Windsor's principal. Although I did not personally attend these deposition, during these depositions, Defendants' counsel sought to use Antonino documents which were clearly privileged and also had been inadvertently produced, but not included in the September 19, 2017 correspondence, specifically ANTONINO 022548-022555; ANTONINO 055104-055107; ANTONINO 055113-055124; and ANTONINO 055032-055036. See the Declaration of Alan L. Frank, Esquire (" A. Frank Dec.") also submitted in support of Plaintiffs' Opposition to Defendants' Motion.

27.   During the deposition and on the record, as soon these documents were introduced, Windsor's counsel, Alan Frank, confirmed that these documents were privileged, had been inadvertently produced, formally requested their clawback pursuant to the Protective Order, and objected to and refused Defendants' counsel attempts to question the witnesses with respect to these documents. *See*, A. Frank Dec.

28.   Also, during the deposition of Darin Judd and/or Steven Prusky, Defendants counsel Mr. Wang stated that he was aware of additional documents that appeared to be privileged that were produced by Windsor, but refused to identify those documents. *See*, A. Frank Dec.

29.   On the day following, October 5, 2017, Alan Frank, managing Partner of my firm, sent correspondence specifically identifying the Antonino documents which had previously been clawed back per the September 19, 2017 correspondence and inadvertently re-produced on October 3rd, and re-identified for claw back per the Protective Order the Antonino documents (not identified in the September 19, 2017 correspondence) that were privileged and inadvertently produced, which Defendants' counsel sought to use in the

Prusky and Judd depositions, but Windsor's counsel objected to and refused to allow any

questioning on, and again noted Mr. Wang's refusal to identify the other inadvertently

produced privileged documents that he was aware of.  Alan Frank's October 5, 2017

correspondence is attached hereto as Exhibit "12".  Said October 5, 2017 correspondence

requested that Defendants' counsel simply delete the foregoing clawed back and

inadvertently re-produced documents from their FTP site and server and destroy any

copies made thereof, in accordance with paragraph 12 of the Parties Stipulation and

Protective Order.  Id.

30.    Jaclyn Frank proceeded with her continuing re-review of the August 10, 2017 Antonino

production, and identified additional inadvertently produced privileged documents

contained therein and not previously identified.

31.    On October 12, 2017 Defendants' Counsel, Adam Pence sent an email responding to my

October 5, 2017 letter stating:

**This e-mail is in response to your October 5, 2017 letter, asserting claw back of four
documents used as exhibits during the depositions of Darin Judd and Steven
Prusky. Until the Court rules on Defendants' pending motion or directs otherwise,
our office will avoid further review of these materials or using them in the course of
this litigation. Further, because of the confusion surrounding Windsor's re-
production of certain purportedly privileged documents on October 3, 2017, we will
not download any of these October 3rd files sent via FTP.  Instead, we will confer
with your office about a new re-production of documents after the Court directs the
parties regarding what documents are actually privileged.**

A true and correct copy of Adam Pence's October 12, 2017 email is attached hereto as

Exhibit "13".

32.    On October 14, 2107, I sent Defendants a letter further identifying the additional

inadvertently produced privileged documents, not previously identified in the September

19, 2017 and October 5, 2017 letters. Specifically, based on Jaclyn Frank's ongoing re-

review, I identified 17 new inadvertently produced privileged email threads, and

identified the 67 bate stamp ranges where these same 17 privileged documents appeared

in the August 10, 2017 production. A copy of my October 14, 2017 letter identifying

additional inadvertently produced privileged documents is attached hereto as Exhibit

"14". In said October 14, 2017 letter, and in accordance with the Protective Order, I

specifically reserved the right to clawback any other privileged documents that we might

find in our continuing review, and again requested that Defendants "immediately notify

[Windsor] of any other inadvertently produced privileged documents that [they] have

identified in [their] review" . See, Id.

32.     On October 16, 2017 I sent a letter enclosing a Privilege Log for the additional

inadvertently produced privileged documents identified in my October 14, 2017 letter. A

true and correct copy of my October 16, 2017 letter enclosing the Privilege log is attached

hereto as Exhibit "15".

33.     Windsor did not intend to waive privilege as to the documents at issue in Defendant's

Motion or with respect to any other communication protected by the attorney-client

privilege or work product doctrine. Windsor promptly clawed back the relatively few

privileged documents it inadvertently produced to Defendants, in accordance with the

Parties' Protective Order, as soon as it discovered such inadvertent production, and

provided Defendants with updated Privilege Logs with respect thereto, and redacted

documents, where a bates stamp range included both privileged and non-privileged

information. The inadvertent disclosures occurred despite Windsor's counsel having

utilized appropriate procedures for privilege review and production designed to avoid

such issues.

SAMANTHA A. MILLROOD

Sworn to before me this
17th day of October, 2017

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE A. WILK, Notary Public
Abington Twp., Montgomery County
My Commission Expires April 8, 2018

# EXHIBIT "1"

## Samantha Millrood

| | |
|---|---|
| **From:** | APence@foley.com |
| **Sent:** | Friday, September 15, 2017 11:29 AM |
| **To:** | Alan L. Frank |
| **Cc:** | Samantha Millrood; PWang@foley.com; DHeffer@foley.com |
| **Subject:** | RE: Windsor Securities v. Arent Fox, et.al. |

Alan:

In reviewing Windsor's recent production of documents, we have come across multiple e-mails between and among Windsor and Herbert Fineburg, Darin Judd, Lauren Antonino and other attorneys, which appear similar in nature to documents Windsor has previously withheld on the basis of privilege, including documents that are at the center of Defendants' motion to compel. Given all the disputes regarding these materials – and the numerous assurances by your office that the recent document production is final and complete – we cannot imagine that these disclosures were inadvertent. Nevertheless, out of an abundance of caution, we are raising this issue with you. Unless we hear, otherwise, by the end of the day today, we will continue our review of the documents and our preparations for the upcoming depositions.

Adam

# EXHIBIT "2"

**From:** Samantha Millrood [mailto:SMillrood@alflaw.net]
**Sent:** Friday, September 15, 2017 11:08 AM
**To:** Pence, Adam G.; Alan L. Frank
**Cc:** Wang, Peter N.; Heffer, Douglas S.
**Subject:** RE: Windsor Securities v. Arent Fox, et.al.

Adam,

Can you please identify the bate stamp numbers and/or bates stamp range for the communications you are referring to in your email so that we can assess whether they were inadvertently produced.

Please be advised that we do not, and did not intend to, waive any privilege through the production of these documents.

While we are looking into this issue, please be advised that we reserve all rights regarding clawback of inadvertently produced privileged information as provided at paragraph 12 of the Parties' Stipulation and Protective Order in this matter.

Samantha Millrood, Esquire
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
Phone: (215) 935-1000
Fax: (215) 935-1110
smillrood@alflaw.net

ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein.

# EXHIBIT "3"

Samantha:

We can only identify certain documents at this time because we have avoided sections of the production that appear to contain such materials and are obviously still in the process of reviewing.  As an example only, we would suggest you start by reviewing the two large PDFs with the Bates range ANTONINO 022066-022611.  To avoid any confusion, however, we will not be going through page by page of this latest 90,000 page production and identifying every document for which Windsor may claim privilege.  To the extent that you feel it is necessary to re-review the remainder of the production, we will be significantly prejudiced by what is yet another delay related to Windsor's document productions.  This issue, to the extent it is not resolved today, will invariably impact our ability to move forward with, at a minimum, Steven Prusky's deposition on the scheduled date.  If we do move forward with our review today, we expect to able to do so unimpeded by any further potential privilege issues.

Adam

# EXHIBIT "4"

**Samantha Millrood**

| | |
|---|---|
| **From:** | Samantha Millrood |
| **Sent:** | Friday, September 15, 2017 1:23 PM |
| **To:** | APence@foley.com |
| **Cc:** | Alan L. Frank; PWang@foley.com; DHeffer@foley.com |
| **Subject:** | Re: Windsor Securities v. Arent Fox, et.al. |

Adam,

We have no problem with you continuing your review of the documents we produced and for your continued preparation for Mr. Prusky's deposition on October 4th. We simply reserve our clawback rights and and continue to preserve all privileges asserted. We will review these documents and get back to you early next week with any clawback requests for inadvertently produced privileged documents, to the extent there are any.

Samantha Millrood

Sent from my iPhone

# EXHIBIT "5"

**Samantha Millrood**

| | |
|---|---|
| **From:** | Samantha Millrood |
| **Sent:** | Friday, September 15, 2017 2:02 PM |
| **To:** | DHeffer@foley.com |
| **Cc:** | APence@foley.com; Alan L. Frank; PWang@foley.com |
| **Subject:** | Re: Windsor Securities v. Arent Fox, et.al. |

Counsel,

Please disregard my previous email and cease your continued review of the documents. We have confirmed that at least one privileged email was inadvertently produced and there may be more. We will be in touch early next week with a list of documents to clawback per the terms of the parties stipulation and protective order entered in this case.

Samantha Millrood

Sent from my iPhone

# EXHIBIT "6"

ALAN L. FRANK ●*+o
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♪a
CHRISTOPHER R. KING*+
SUSAN B. PLINER*+
ROBERT E. BROOKMAN*+o
ROBERT E. GORDON *+a
DAVID M. D'ORLANDO *+
JORDAN E. FRANK *+
JACLYN H. FRANK *+♪

  PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH
LISBETH  LOZADA


● Certified by the NJ Supreme Court
  as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
o MEMBER NY BAR
♪ MEMBER FL BAR
a REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
## Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043
(856) 321-1120
FAX NO. (856) 321-1233

CENTER CITY PHILADELPHIA OFFICE

1515 MARKET STREET
SUITE 1200
PHILADELPHIA, PA 19102
(215) 496-9661
FAX NO. (215) 935-1110


E-MAIL ADDRESS:
afrank@alflaw.net

September 19, 2017

**VIA EMAIL and REGULAR MAIL**
Peter N. Wang, Esquire (pwang@foley.com)
Douglas Heffer, Esquire (dheffer@foley.com)
Adam Pence, Esquire (apence@foley.com)
FOLEY & LARDNER, LLP
90 Park Avenue
New York, NY 10016-1314

> **RE:** *Windsor Securities LLC v. Arent Fox, LLP and Julius Rousseau, III,*
> *Esquire,  Case No. 16-cv-1533-GBD*

Dear Messrs. Wang, Heffer and Pence:

As a follow-up to your September 15, 2017 email concerning our production of possibly privileged communications, and my September 15, 2017 email confirming that privileged documents had been inadvertently produced, we have now identified the privileged documents that were inadvertently produced, identified herein below.

As you are aware Paragraph 12 of the Parties Stipulation and Protective Order dated June 1, 2016 and entered by the Court on June 6, 2016  [ECF No. 28] provides:

> **12.    Inadvertent Production of Privileged Discovery Materials/Clawback. Due to the large volume of electronic and hard copy data in the possession, custody, or control of the Parties and the numerous concerns regarding attorney-client privilege and work product protection, the Parties agree to the following "Clawback Provision":**
>
> > **a) The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this**

Messrs. Wang, Heffer and Pence
September 19, 2017
-Page 2-

Stipulation and Protective Order, *will not be deemed to waive a Party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.*

b) *Any party receiving any such information or document shall return it upon request from the Producing Party, and destroy all copies thereof.* Upon receiving such a request as to specific information or documents, *the receiving party shall return the information or documents to the producing party withing five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection*. The receiving party treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order. This Order and Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1 ).

[ECF No. 28] (emphasis added)

We now formally request your compliance with the Claw Back Provision, at Paragraph 12, of the Parties' Stipulation and Protective Order [ECF No. 28] and F.R.C.P. 26(b)(5)(B) regarding the following inadvertently produced privileged documents:

|     | **Bate Stamp** |
|-----|----------------|
| 1.  | ANTONIO 000142 |
| 2.  | ANTONIO 000368 |
| 3.  | ANTONIO 006502-006504 |
| 4.  | ANTONIO 019936 |
| 5.  | ANTONIO 019938 |
| 6.  | ANTONIO 022074-022076 |
| 7.  | ANTONIO 022080 |
| 8.  | ANTONIO 022170-022179 |
| 9.  | ANTONIO 022342-022359 |
| 10. | ANTONIO 022363-022364 |
| 11. | ANTONIO 022366-022386 |
| 12. | ANTONIO 022390 |
| 13. | ANTONIO 022416 |
| 14. | ANTONIO 022419 |
| 15. | ANTONIO 022434-022436 |
| 16. | ANTONIO 022556 |
| 17. | ANTONIO 022580 |
| 18. | ANTONIO 022607 |
| 19. | ANTONIO 023120-023121 |

| | |
|---|---|
| 20. | ANTONIO 023129 |
| 21. | ANTONIO 023165-023168 |
| 22. | ANTONIO 023171-023173 |
| 23. | ANTONIO 023207-023215 |
| 24. | ANTONIO 023242 |
| 25. | ANTONIO 023318-023319 |
| 26. | ANTONIO 023326 |
| 27. | ANTONIO 023454-023455 |
| 28. | ANTONIO 023597 |
| 29. | ANTONIO 023653-023654 |
| 30. | ANTONIO 024536-024544 |
| 31. | ANTONIO 024910-024918 |
| 32. | ANTONIO 025077-025086 |
| 33. | ANTONIO 025090-025091 |
| 34. | ANTONIO 025324 |
| 35. | ANTONIO 027457-027459 |
| 36. | ANTONIO 027510-027515 |
| 37. | ANTONIO 027735-027736 |
| 38. | ANTONIO 027808-027815 |
| 39. | ANTONIO 027833 |
| 40. | ANTONIO 027839 |
| 41. | ANTONIO 027993-027997 |
| 42. | ANTONIO 028037 |
| 43. | ANTONIO 028724 |
| 44. | ANTONIO 028768 |
| 45. | ANTONIO 028770 |
| 46. | ANTONIO 029014-029015 |
| 47. | ANTONIO 029022 |
| 48. | ANTONIO 029200-029201 |
| 49. | ANTONIO 029213-029214 |
| 50. | ANTONIO 029221-029222 |
| 51. | ANTONIO 029229-029230 |
| 52. | ANTONIO 029250 |
| 53. | ANTONIO 029263 |
| 54. | ANTONIO 029276 |
| 55. | ANTONIO 029356 |
| 56. | ANTONIO 029363 |
| 57. | ANTONIO 029944-029946 |
| 58. | ANTONIO 030108-030109 |
| 59. | ANTONIO 031167-031181 |
| 60. | ANTONIO 031185 |
| 61. | ANTONIO 031189 |
| 62. | ANTONIO 031193 |
| 63. | ANTONIO 031197-031199 |
| 64. | ANTONIO 031510 |
| 65. | ANTONIO 031536 |
| 66. | ANTONIO 031681 |

| | |
|---|---|
| 67. | ANTONIO 031695 |
| 68. | ANTONIO 031712 |
| 69. | ANTONIO 031853-031854 |
| 70. | ANTONIO 031864-031866 |
| 71. | ANTONIO 031871 |
| 72. | ANTONIO 031918-031923 |
| 73. | ANTONIO 031928-031930 |
| 74. | ANTONIO 031968-031971 |
| 75. | ANTONIO 031973-031976 |
| 76. | ANTONIO 031985 |
| 77. | ANTONIO 031991-032043 |
| 78. | ANTONIO 032068-032088 |
| 79. | ANTONIO 032340-032343 |
| 80. | ANTONIO 032346-032364 |
| 81. | ANTONIO 032417-032420 |
| 82. | ANTONIO 032461-032462 |
| 83. | ANTONIO 032480-032495 |
| 84. | ANTONIO 032509 |
| 85. | ANTONIO 032529-032530 |
| 86. | ANTONIO 032733-032780 |
| 87. | ANTONIO 032799-032810 |
| 88. | ANTONIO 032904 |
| 89. | ANTONIO 033210-033214 |
| 90. | ANTONIO 033451 |
| 91. | ANTONIO 033561-033562 |
| 92. | ANTONIO 033618 |
| 93. | ANTONIO 033620 |
| 94. | ANTONIO 033684 |
| 95. | ANTONIO 033686-033701 |
| 96. | ANTONIO 033734 |
| 97. | ANTONIO 033845 |
| 98. | ANTONIO 033858 |
| 99. | ANTONIO 034159 |
| 100. | ANTONIO 034405 |
| 101. | ANTONIO 034522 |
| 102. | ANTONIO 034545-034548 |
| 103. | ANTONIO 034553-034554 |
| 104. | ANTONIO 034557 |
| 105. | ANTONIO 034560 |
| 106. | ANTONIO 034569 |
| 107. | ANTONIO 034575-034576 |
| 108. | ANTONIO 034578-034645 |
| 109. | ANTONIO 034666-034672 |
| 110. | ANTONIO 034678-034690 |
| 111. | ANTONIO 034693-034694 |
| 112. | ANTONIO 034701-034707 |
| 113. | ANTONIO 034723 |

Messrs. Wang, Heffer and Pence
September 19, 2017
-Page 5-

      We previously provided a categorical privilege log for the documents produced by Ms. Antonino and Mr. Judd, but for clarity, are preparing and will be producing a detailed privilege log corresponding to the privileged documents inadvertently produced and identified above.

      Also, we believe that many of the inadvertently produced privileged documents, identified above, are duplicates, meaning, for example, that the same privileged email appears at several bates stamp numbers. We have begun the process of identifying such duplicates and will provide a listing of the duplicates once completed.

      Finally, in accordance with the Stipulation and Protective Order, we specifically reserve the right to clawback any other privileged documents that we might find in our continuing review.

      Please feel free to contact me with any questions.

Very truly yours,<br>
/s/<br>
SAMANTHA A. MILLROOD

SAM/dem
cc: Alan L. Frank. Esquire

# EXHIBIT "7"

ALAN L. FRANK **+#
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+#&
CHRISTOPHER R. KING*+
SUSAN B. PLINER*+
ROBERT E. BROOKMAN*+#
ROBERT E. GORDON *+&
DAVID M. D'ORLANDO *+
JORDAN E. FRANK *+
JACLYN H. FRANK *+,#

PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH
LISBETH  LOZADA

♦ Certified by the NJ Supreme Court
  as a Civil Trial Attorney
♦ MEMBER PA BAR
+ MEMBER NJ BAR
# MEMBER NY BAR
& MEMBER FL BAR
& REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043
(856) 321-1120
FAX NO. (856) 321-1233

CENTER CITY PHILADELPHIA OFFICE

1515 MARKET STREET
SUITE 1200
PHILADELPHIA, PA 19102
(215) 496-9661
FAX NO. (215) 935-1110

E-MAIL ADDRESS:
afrank@alflaw.net

September 20, 2017

**VIA EMAIL and REGULAR MAIL**
Peter N. Wang, Esquire (pwang@foley.com)
Douglas Heffer, Esquire (dheffer@foley.com)
Adam Pence, Esquire (apence@foley.com)
FOLEY & LARDNER, LLP
90 Park Avenue
New York, NY 10016-1314

> **RE:** *Windsor Securities LLC v. Arent Fox, LLP and Julius Rousseau, III,*
> *Esquire,   Case No. 16-cv-1533-GBD*

Dear Messrs. Wang, Heffer and Pence:

As a follow-up to my September 19, 2017 correspondence, enclosed please find the Privilege Log For Privileged Documents Inadvertently Produced and Identified In Correspondence Dated 9-19-2017.

Please feel free to contact me with any questions.

Very truly yours,

SAMANTHA A. MILLROOD

SAM/jhf
Enclosure:  Excel Spreadsheet-Privilege Log
cc:  Alan L. Frank, Esquire

# EXHIBIT "8"



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3418
dheffer@foley.com EMAIL

CLIENT/MATTER NUMBER
078208-0109

September 26, 2017

**Via Federal Express**

Alan L. Frank, Esquire
Samantha Millrood, Esquire
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
Phone: (215) 935-1000
Fax: (215) 935-1110
afrank@alflaw.net

Re:    *Windsor Securities, LLC v. Arent Fox, et al.,*
       Case No. 16-cv-01533 (GBD)

Dear Alan:

Enclosed please find the thumb drive with the August 10, 2017 production, including the materials you have clawed back.

Sincerely,
/s/ *Douglas S. Heffer*
Douglas S. Heffer

Encl.
DSH:agp

BOSTON          JACKSONVILLE     MILWAUKEE        SAN DIEGO        TALLAHASSEE
BRUSSELS        LOS ANGELES      NEW YORK         SAN FRANCISCO    TAMPA
CHICAGO         MADISON          ORLANDO          SHANGHAI         TOKYO
DETROIT         MIAMI            SACRAMENTO       SILICON VALLEY   WASHINGTON, D.C.

# EXHIBIT "9"

**Samantha Millrood**

| | |
|---|---|
| **From:** | APence@foley.com |
| **Sent:** | Wednesday, September 27, 2017 6:05 PM |
| **To:** | Debbie McGuckin; PWang@foley.com; DHeffer@foley.com |
| **Cc:** | Alan L. Frank; Samantha Millrood; Jordan Frank |
| **Subject:** | RE: Windsor v. Arent Fox |
| **Attachments:** | Counsel 8-10-17 Production of Judd and Antonio Documents and Categorical.....pdf |

Samantha:

In response to your letter, we overnighted the thumb drive containing the August 10, 2017 production. Your office should have received delivery this morning. We renew our request for a new copy of this production (without the clawed back documents). Foley does not have any copy of the 8-10-2017 production on its FTP network. If you remember, this production was so voluminous that your office was unable to send it via Foley's FTP site, as documented in your cover letter to that production (see attached). Further, our FTP site normally deletes files after 30 days (and we have confirmed that no files for the 8-10-2017 production are presently on that database).

Adam

# EXHIBIT "10"

**From:** APence@foley.com [mailto:APence@foley.com]
**Sent:** Thursday, September 28, 2017 10:53 AM
**To:** Christopher R King <cking@aiflaw.net>
**Cc:** Samantha Millrood <SMillrood@aiflaw.net>; DHeffer@foley.com
**Subject:** RE: Reproduction of 8-10-2017 Arent Fox Production

Chris:

We would prefer documents in TIFF format, with the proper metadata load files (as we originally sought in our document requests), but, to date, your office has been unable to produce documents successfully in this format for any production. For example, in the August 10, 2017 production, the files you provided our office required significant processing on our part, and the end result was an "image" without metadata that was no better than a PDF. When you had other issues producing the remainder of the documents from that production, we suggested sending us PDFs because we were running out of time before the depositions and needed these documents for our review (and Mr. Frank had repeatedly stated Windsor would not be open to extending discovery, regardless of the production delays). As such, we will, reserving all rights, accept PDFs because the TIFF files you have provided to date do not have the appropriate metadata and are, therefore, harder to process than PDFs.

Adam

1

**From:** Christopher R King [mailto:cking@alflaw.net]
**Sent:** Thursday, September 28, 2017 10:08 AM
**To:** Pence, Adam G.
**Cc:** Samantha Millrood; Heffer, Douglas S.
**Subject:** Re: Reproduction of 8-10-2017 Arent Fox Production

Good morning Adam,

I am reaching out to determine the format that you would prefer that these documents be provided.

You previously indicated that production of documents in pdf format with the document being named with the beginning bate stamped number of each pdf was more useful than the Tiff/Text versions that we previously provided. Please let me know which of these formats should be provided.

Best regards,

Christopher R. King, Esq.
ALAN L. FRANK LAW ASSOCIATES, P.C.
135 Old York Road
Jenkintown, PA 19046
Voice: 215.935.1000
Fax:   215.935.1110
e-mail: cking@alflaw.net

ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein.
--------------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)935-1000 or notify us by e-mail at dmcguckin@alflaw.net.

# EXHIBIT "11"

**From:** Christopher R King
**Sent:** Tuesday, October 06, 2015 3:37 PM
**To:** APence@foley.com
**Cc:** Samantha Millrood <SMillrood@alflaw.net>
**Subject:** Re: Today's Production-- Inadvertent Production of ANTONINO 22176

Adam,

Unfortunately, during the upload process one PDF Document which was subject of the original claw back was produced.  ANTONINO 22176.pdf is a privileged document.  Please delete that pdf from the production pursuant to the terms of the parties' stipulation and protective order.

Thank you for your courtesy in this matter.

Regards,

Christopher R. King, Esq.
ALAN L. FRANK LAW ASSOCIATES, P.C.
135 Old York Road
Jenkintown, PA 19046
Voice: 215.935.1000
Fax:   215.935.1110
e-mail: cking@alflaw.net

ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein.
-----------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)935-1000 or notify us by e-mail at dmcguckin@alflaw.net.

# EXHIBIT "12"

ALAN L. FRANK **+□
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK **Δ
CHRISTOPHER R. KING'+
SUSAN B. PLINER*+
ROBERT E. BROCKMAN*+□
ROBERT E. GORDON *+Δ
DAVID M. D'ORLANDO *+
JORDAN R. FRANK *+
JACLYN H. FRANK *+Δ

PARALEGALS
DEBRA K. MCGUCKIN
DEB A. WILK
DAWN M. WELSH
LISBETH LOZADA

● Certified by the NJ Supreme Court
  as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
□ MEMBER NY BAR
Δ MEMBER FL BAR
Δ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043
(856) 321-1120
FAX NO. (856) 321-1233

CENTER CITY PHILADELPHIA OFFICE

1315 MARKET STREET
SUITE 1200
PHILADELPHIA, PA 19102
(215) 496-9661
FAX NO. (215) 935-1110

E-MAIL ADDRESS:
afrank@alflaw.net

October 5, 2017

**VIA EMAIL and REGULAR MAIL**
Peter N. Wang, Esquire (pwang@foley.com)
Douglas Heffer, Esquire (dheffer@foley.com)
Adam Pence, Esquire (apence@foley.com)
FOLEY & LARDNER, LLP
90 Park Avenue
New York, NY 10016-1314

> **RE:** *Windsor Securities LLC v. Arent Fox, LLP and Julius Rousseau, III,
> Esquire, Case No. 16-cv-1533-GBD*

Dear Messrs. Wang, Heffer and Pence:

Please allow this correspondence to serve as a follow-up to our September 19, 2017 correspondence identifying inadvertently produced documents. Per our request, and in accordance with the Parties' Stipulation and Protective Order in this matter, on September 27, 2017 you overnighted the thumbdrive containing the August 10, 2017 production and by email of the same date you renewed your request for a new copy of this production (without the clawed back documents). Per Chris King's September 28, 2017 email to Adam Pence requesting the format that you would prefer that these documents be provided, and Adam Pence's response, on October 3, 2017 we uploaded onto Foley's FTP site a re-production of the August 10, 2017 documents, which we intended to and believed omitted all the clawed back documents identified in the September 19, 2017 correspondence. Unfortunately, during the upload process certain PDF Documents which were included in the September 19, 2017 clawback request and also included on the Privilege Log provided on September 20, 2017 for the Clawed back documents, were inadvertently re-produced. Specifically, the following clawed back privileged documents were inadvertently re-produced on October 3rd: ANTONINO 022176; ANTONINO 023242; ANTONINO 023318-023319; ANTONIO 033691-033701; and ANTONINO 034702-034707. Please simply delete the foregoing clawed back and inadvertently re-produced documents from your FTP site and server and destroy any copies made thereof, in accordance with paragraph 12 of the Parties Stipulation and Protective Order.

Messrs. Wang, Heffer and Pence
October 5, 2017
-Page 2-

Also, with respect to the inadvertently produced clawed back documents listed in the September 19, 2017 letter, for the documents which contained both privileged and non-privileged information, we have redacted only the privileged information contained in those documents and are now producing those documents in redacted form by upload to Foley's FTP site.

Further, we have identified an additional email between Steven Prusky and Eric Harkins, bates stamped ANTONINO 022390, which we are producing and have included in the upload to Foley's FTP site, with the redacted document production outlined in the paragraph above.

In addition, during the depositions of Darin Judd and Steven Prusky, certain clearly privileged and inadvertently produced documents were identified and on the record of that deposition a request for the Clawback of these additional documents was made, as we had specifically reserved such right in our September 19, 2017 letter since our re-review was ongoing. We hereby reiterate said formal clawback request made on the record at those depositions, for the following documents: ANTONINO 022548-022555; ANTONINO 055104-055107; ANTONINO 055113-055124; and ANTONINO 055032-055036.

We are also emailing herewith an updated Privilege Log for Clawed Back documents which includes entries for the documents identified in the September 19, 2017 correspondence, as well as those identified in the Judd and Prusky depositions, and re-identified in the paragraph above. This updated Privilege Log for Clawed Back Documents identifies which documents were completely withheld on the basis of privilege and which documents were produced in their redacted form, and is further broken down into bate stamp numbers of individual email threads contained in the ranges of bate stamps listed in the September 19, 2017 letter. This Updated Privilege Log for Clawed Back Documents further identifies those documents that were included in the September 19, 2017 correspondence but inadvertently re-produced on October 3, 2017 (identified herein at pg. 1).

Also, I note during the deposition of Darin Judd and/or Steven Prusky, Mr. Wang stated that he was aware of additional documents that appeared to be privileged that were produced by Windsor, but refused to identify those documents. Such refusal is contrary to an attorney's ethical obligations. *See* N.Y. Rule of Prof'l Conduct 4.4(b); ABA Standing Comm. on Ethics and Prof'l Responsibility, Formal Op. 05-437 (2005)(discusses professional responsibility concerns when a lawyer receives a document from opposing parties or their lawyers and knows or reasonably should know that the document was inadvertently sent); NYCLA Committee on Prof'l Ethics, Formal Op. No. 2003-04 "Obligations upon Receiving a Communication Containing Confidences or Secrets Not Intended for the Recipient" ("it is essential as an ethical matter that the receiving attorney promptly notify the sending attorney of the disclosure in order to give the sending attorney a reasonable opportunity to promptly take whatever steps he or she feels are necessary."); United States v. Rigas, 281 F. Supp. 2d 733, 742 (S.D.N.Y. 2003) (quoting Am. Bar Ass'n Standing Comm. On Ethics & Prof. Resp., Formal Op. 92-368 (1992) ("A lawyer who receives materials that on their face appear to be subject to the attorney-client privilege or otherwise confidential, under circumstances where it is clear they were not intended for the

Messrs. Wang, Heffer and Pence
October 5, 2017
-Page 3-_____

receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyer who sent them."); Metso Minerals Inc., 2007 U.S. Dist. LEXIS 98274, 2007 WL 2667992 at *8 (E.D.N.Y. Sept. 6, 2007) (setting forth same standard and finding that "disputes such as these are troubling given the ethical standards all attorneys are expected to adhere to").

Finally, in accordance with the Stipulation and Protective Order, we specifically reserve the right to clawback any other privileged documents that we might find in our continuing review.

Please feel free to contact me with any questions.

Very truly yours,

ALAN L. FRANK

ALF/dem
cc: Samantha Millrood, Esquire

# EXHIBIT "13"

**Sent:** Thursday, October 12, 2017 3:40 PM
**To:** Debbie McGuckin <DMcGuckin@alflaw.net>; Alan L. Frank <afrank@alflaw.net>; Samantha Millrood
<SMillrood@alflaw.net>
**Cc:** PWang@foley.com; DHeffer@foley.com
**Subject:** RE: Windsor Securities, LLC v. Arent Fox, LLP, et al.

Alan:

This e-mail is in response to your October 5, 2017 letter, asserting claw back of four documents used as exhibits during the depositions of Darin Judd and Steven Prusky. Until the Court rules on Defendants' pending motion or directs otherwise, our office will avoid further review of these materials or using them in the course of this litigation. Further, because of the confusion surrounding Windsor's re-production of certain purportedly privileged documents on October 3, 2017, we will not download any of these October 3rd files sent via FTP. Instead, we will confer with your office about a new re-production of documents after the Court directs the parties regarding what documents are actually privileged.

Adam

1

# EXHIBIT "14"

ALAN L. FRANK ●*+▲
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+/▲
CHRISTOPHER R. KING*+
SUSAN B. PLINER*+
ROBERT E. BROOKMAN*+▫
ROBERT E. GORDON *+▲
DAVID M. D'ORLANDO *+
JORDAN E. FRANK *+
JACLYN H. FRANK *+/1

PARALEGALS
DEBRA B. MCGUCKIN
DEE A. WILK
DAWN M. WELSH
LISBETH LOZADA

● Certified by the NJ Supreme Court
  as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
▫ MEMBER NY BAR
/1 MEMBER FL BAR
▲ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
### Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043
(856) 321-1120
FAX NO. (856) 321-1235

CENTER CITY PHILADELPHIA OFFICE

1515 MARKET STREET
SUITE 1200
PHILADELPHIA, PA 19102
(215) 495-9681
FAX NO. (215) 935-2110

E-MAIL ADDRESS:
afrank@alflaw.net

October 14, 2017

**VIA EMAIL and REGULAR MAIL**
Peter N. Wang, Esquire (pwang@foley.com)
Douglas Heffer, Esquire (dheffer@foley.com)
Adam Pence, Esquire (apence@foley.com)
FOLEY & LARDNER, LLP
90 Park Avenue
New York, NY 10016-1314

> **RE:** *Windsor Securities LLC v. Arent Fox, LLP and Julius Rousseau, III, Esquire, Case No. 16-cv-1533-GBD*

Dear Messrs. Wang, Heffer and Pence:

As a follow-up to our October 5, 2017 email concerning privileged documents that were inadvertently produced, we have now further identified additional inadvertently produced privileged documents. Specifically, we have identified 67 bate stamp ranges where privileged documents appear. Those same 67 bate stamp ranges include only 17 different email threads, produced multiple times and appearing at different bate stamp numbers.

We now formally request your compliance with the Claw Back Provision, at Paragraph 12, of the Parties' Stipulation and Protective Order [ECF No. 28] and F.R.C.P. 26(b)(5)(B) regarding the following additional inadvertently produced privileged documents:

Messrs. Wang, Heffer and Pence
October 14, 2017
-Page 2-

1.      ANTONIO 050958-050962

2.      ANTONIO 052699-052700

3.      ANTONIO 052737-052741

4.      ANTONIO 052721-052724

5.      ANTONIO 052725-052728

6.      ANTONIO 052729-052731

7.      ANTONIO 052111-052113

8.      ANTONIO 052732-052734

9.      ANTONIO 052760-052762

10.     ANTONIO 054337-054342

11.     ANTONIO 052735-052736

12.     ANTONIO 052995-052998

13.     ANTONIO 053007-053010

14.     ANTONIO 054311-054316

15.     ANTONIO 054317-054322

16.     ANTONIO 052670-052671

17.     ANTONIO 052672-052673

18.     ANTONIO 052692-052693

19.     ANTONIO 052999-053002

20.     ANTONIO 053003-053006

21.     ANTONIO 053014-053017

22.     ANTONIO 053303-053304

23.     ANTONIO 054323-054327

24.     ANTONIO 054328-054332

25.     ANTONIO 054344-054345

26.     ANTONIO 054346-054351

27.     ANTONIO 054352-054354

Messrs. Wang, Heffer and Pence
October 14, 2017
-Page 3-

28.    ANTONIO 054713

29.    ANTONIO 054714-054722

30.    ANTONIO 054723-054729

31.    ANTONIO 054730-054735

32.    ANTONIO 054741-054742

33.    ANTONIO 055048-055049

34.    ANTONIO 055075-055082

35.    ANTONIO 050159-050191

36.    ANTONIO 050193-050211

37.    ANTONIO 050212-050221

38.    ANTONIO 050403

39.    ANTONIO 050628-050629

40.    ANTONIO 051835-051836

41.    ANTONIO 052581-052582

42.    ANTONIO 052583-052584

43.    ANTONIO 052585-052586

44.    ANTONIO 052587-052589

45.    ANTONIO 052674-052688

46.    ANTONIO 052689-052690

47.    ANTONIO 052691

48.    ANTONIO 052694-052695

49.    ANTONIO 052696-052697

50.    ANTONIO 052757-052759

51.    ANTONIO 052855-052856

52.    ANTONIO 053299-053302

53.    ANTONIO 053305-053306

54.    ANTONIO 053309-053312

Messrs. Wang, Heffer and Pence
October 14, 2017
-Page 4-

55.     ANTONIO 054333-054336

56.     ANTONIO 054750-054751

57.     ANTONIO 054752-054754

58.     ANTONIO 054774

59.     ANTONIO 054775

60.     ANTONIO 054902-054904

61.     ANTONIO 054917-054919

62.     ANTONIO 055030-055031

63.     ANTONIO 055100-055103

64.     ANTONIO 055108-055111

65.     ANTONIO 056744

66.     ANTONIO 056745-056747

67.     ANTONIO 056754-056775

We will accordingly provide an updated privilege log corresponding to the additional privileged documents inadvertently produced and identified above. We have also begun the process of identifying any duplicates and will provide a listing of the duplicates once completed.

Please simply delete the foregoing clawed back and inadvertently re-produced documents from your FTP site and server and destroy any copies made thereof, in accordance with paragraph 12 of the Parties Stipulation and Protective Order.

Finally, in accordance with the Stipulation and Protective Order, we specifically reserve the right to clawback any other privileged documents that we might find in our continuing review. Further, we request that you immediately notify us of any other inadvertently produced privileged documents that you have identified in your review, previously identified herein above or in our September 19, 2017 and October 5, 2017 letters.

Messrs. Wang, Heffer and Pence
October 14, 2017
-Page 5-


Please feel free to contact me with any questions.


Very truly yours,


SAMANTHA A. MILLROOD

SAM/jhf
cc:  Alan L. Frank, Esquire
      Jaclyn H. Frank, Esquire

# EXHIBIT "15"

ALAN L. FRANK ●*+c
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+/z
CHRISTOPHER R. KING*+
SUSAN B. PLINER*+
ROBERT E. BROOKMAN*+□
ROBERT S. GORDON *+△
DAVID M. D'ORLANDO *+
JORDAN E. FRANK *+
JACLYN H. FRANK *+/z

  PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH
LISBETH LOZADA

● Certified by the NJ Supreme Court
  as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
□ MEMBER NY BAR
/z MEMBER FL BAR
△ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
## Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1203 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043
(856) 321-1120
FAX NO. (856) 321-1233

CENTER CITY PHILADELPHIA OFFICE

1513 MARKET STREET
SUITE 1200
PHILADELPHIA, PA 19102
(215) 496-9661
FAX NO. (215) 935-1110

E-MAIL ADDRESS:
afrank@alflaw.net

October 16, 2017

**VIA EMAIL and REGULAR MAIL**
Peter N. Wang, Esquire (pwang@foley.com)
Douglas Heffer, Esquire (dheffer@foley.com)
Adam Pence, Esquire (apence@foley.com)
FOLEY & LARDNER, LLP
90 Park Avenue
New York, NY 10016-1314

> RE:  *Windsor Securities LLC v. Arent Fox, LLP and Julius Rousseau, III, Esquire,  Case No. 16-cv-1533-GBD*

Dear Messrs. Wang, Heffer and Pence:

As a follow-up to our October 14, 2017 email which identified 17 additional privileged documents that were inadvertently produced and being clawed back, please find an updated Privilege Log which includes new entries for these same documents. The Privilege Log identifies any bates stamp number where these 17 privileged documents appear and their cross-references, as well as whether each document is being withheld on the basis of privilege or produced in redacted form.

We have also redacted any documents containing both privileged and non-privileged information and will be uploading redacted versions of those documents on Foley's FTP site today.

Finally, in accordance with the Stipulation and Protective Order, we specifically reserve the right to clawback any other privileged documents that we might find in our continuing review. Further, we request that you immediately notify us of any other inadvertently produced privileged documents that you have identified in your review, not previously identified herein above or in our September 19, 2017, October 5, 2017, or October 14, 2017 letters.

Please feel free to contact me with any questions.

Messrs. Wang, Heffer and Pence
October 16, 2017
-Page 2-

Very truly yours,

SAMANTHA A. MILLROOD

SAM/jhf
cc: Alan L. Frank. Esquire
    Jaclyn H. Frank, Esquire