**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WINDSOR SECURITIES, LLC,                          :

                 Plaintiff,           :

    -v-                                          :

                         :

ARENT FOX; JULIUS ROUSSEAU, III           :

                         :

               Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

16 Civ. 1533 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

      Defendants are a law firm and an attorney who represented Plaintiff in certain insurance transactions and an arbitration that arose from one of those transactions. Plaintiff fired the Defendants, hired replacement counsel to represent it in subsequent legal actions related to the insurance transactions, and eventually brought suit against Defendants for legal malpractice. (*See* Compl., ECF No. 1.) Plaintiff alleges that Defendants' malpractice led to both a reduced recovery on various life insurance policies and to Plaintiff having to expend legal fees in defending and pursuing litigation thereafter. (*Id.* ¶ 184.)

      This matter was referred to Magistrate Judge Gabriel W. Gorenstein on February 23, 2017 who has been managing the case for general pretrial purposes. (ECF No. 43.) On August 11, 2017, Magistrate Judge Gorenstein issued an Opinion and Order denying Defendants' motion to compel Plaintiff to produce communications with replacement counsel which Plaintiff asserts are protected by the attorney-client privilege and the work product doctrine. (Opinion and Order ("Opinion"), ECF No. 66.) Magistrate Judge Gorenstein rejected Defendants' argument that Plaintiff somehow waived protection of these communications because Plaintiff placed their content "at issue" in this case. In particular, Magistrate Judge Gorenstein found that "[b]ecause [Plaintiff] does not intend

1

to use any of its communications with replacement counsel as evidence in this case — and in any event will now be precluded from doing so — there is no obvious unfairness to defendants in upholding [Plaintiff's] claim of privilege." (Opinion at 11.) On September 15, 2017, Defendants filed timely objections to Magistrate Judge Gorenstein's Opinion, (Defs' Objs. to Opinion ("Objs."), ECF No. 74), and on November 15, 2017 this Court held oral argument on Defendant's objections.

Pursuant to 28 U.S.C. § 636(b)(1)(A) "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court." *See also* Fed. R. Civ. P. 72(b). A magistrate judge may issue orders regarding nondispositive pretrial matters and if objections are filed, the district court reviews such orders under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "An order is 'clearly erroneous' when, 'although there is evidence to support it, the court upon reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Granite State Ins. Co. v. Clearwater Ins. Co.*, No. 09–CV–10607, 2012 WL 1520851, at *1 (S.D.N.Y. Apr. 30, 2012) (internal citation omitted). "An order is contrary to law when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Soroof Trading Dev. Co. v. GE Microgen Inc.*, No. 10–CV–01391, 2014 WL 4058061, at *1 (S.D.N.Y. Aug. 14, 2014) (internal quotation marks omitted).

As fully articulated on the record at the November 15, 2017 oral argument, this Court finds that Magistrate Judge Gorenstein issued the Opinion based on the facts and evidence put before him and no part of the Opinion was "clearly erroneous or contrary to law."

2

Thus, Defendants' objections to Magistrate Judge Gorenstein's August 11, 2017 Opinion are OVERRULED.

Dated: November 21, 2017
　　　　New York, New York

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge