ALAN L. FRANK ●*+◻
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♫▵
CHRISTOPHER R. KING*+‡
SUSAN B. PLINER*+
ROBERT E. GORDON *+▵
DAVID M. D'ORLANDO *+
JORDAN E. FRANK *+
JACLYN H. FRANK *+♫
JEFFREY J. GOLDIN *+

PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH
LISBETH LOZADA

● Certified by the NJ Supreme Court
   as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
◻ MEMBER NY BAR
♫ MEMBER FL BAR
‡ MEMBER DE BAR
▵ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
### Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043
(856) 321-1120
FAX NO. (856) 321-1233

CENTER CITY PHILADELPHIA OFFICE

1515 MARKET STREET
SUITE 1200
PHILADELPHIA, PA 19102
(215) 496-9661
FAX NO. (215) 935-1110

DELAWARE OFFICE

ALAN L. FRANK LAW ASSOCIATES, P.A.
(DE)
1007 N. ORANGE STREET
4TH FLOOR, THE MILL
WILMINGTON, DE 19801
(302) 300-4317

NEWTOWN OFFICE

41 UNIVERSITY DRIVE
SUITE 400
NEWTOWN, PA 18940
(215) 935-1000

E-MAIL ADDRESS:
afrank@alflaw.net

July 20, 2018

**VIA UPS OVERNIGHT DELIVERY**
United States Magistrate Judge Gabriel W. Gorenstein
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re: *Windsor Securities, LLC v. Arent Fox, LLP and Julius Rousseau, III,*
      Case No. 16-cv-01533 (GBD)(GWG);

Dear Judge Gorenstein:

  We represent Plaintiff Windsor Securities, LLC ("Windsor") in the above referenced matter. We write pursuant to Rule 2.A of Your Honor's Individual Rules of Practice to request a conference to discuss a motion to compel Defendants to reimburse Windsor's expert witness, Sandra Stern, for the remainder the costs incurred in Ms. Stern's preparation for her deposition.

### Factual Background

  Defendants deposed Ms. Stern on June 25, 2018. Prior to Ms. Stern's deposition, and in accordance with Federal Rule of Civil Procedure 26, Defendants' counsel agreed to pay the "reasonable" costs and fees associated with the deposition, including travel expenses, preparation time, and hours present at the deposition.

On July 9, 2018, Windsor's counsel sent the invoice for Ms. Stern to Defendants' counsel. As the invoice indicates, Ms. Stern spent 58.10 hours preparing for her deposition and 4.80 hours traveling to and attending the deposition. Ms. Stern's hourly rate is $550.00/hour.[1] Ms. Stern's total fees were $34,595.00. Defendants have reimbursed her only $13,640.00. The unreimbursed portion of Ms. Stern's fees is $20,955.00

After receiving Ms. Stern's invoice, as well as the invoices for Windsor's other expert witnesses that the Defendants deposed (not at issue herein), Defendants' counsel requested a meet and confer to discuss Ms. Stern's preparation time included therein. During a meet and confer which was held on July 11, 2018, Defendants stated that Ms. Stern's preparation time was unreasonable, and offered to reimburse up to 20 hours of her preparation time. Counsel for both parties discussed their positions and supporting case law during the meet and confer and thereafter by email, but Defendants' counsel ultimately would not reconsider or change their position.

## Windsor's Motion to Compel

Pursuant to Fed. R. Civ. P. 26, "[u]nless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E). This Court has consistently held that "fees for an expert's travel time and preparation time in connection with a deposition, as well as the expert's out-of-pocket expenses, are also recoverable." *Advanced Video Techs., LLC v. HTC Corp.*, No. 11-CV-6604 (CM)(RLE), 2016 U.S. Dist. LEXIS 24118, at *23 (S.D.N.Y. Feb. 23, 2016) (holding that 85.25 hours of preparation for expert's deposition was reasonable). "Compensating an expert for his time spent in deposition is mandatory under Rule 26 to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement."*AP Links, LLC v. Russ*, No. CV 09-5437 (JS) (AKT), 2015 U.S. Dist. LEXIS 167887, at *2 (E.D.N.Y. Dec. 15, 2015). Additionally, "permitting compensation for preparation time actually facilitates the deposition process by avoiding repeated interruptions to enable the witness to refresh his recollection by consulting." *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 647 (E.D.N.Y. 1997).

Courts in this District consider the following factors in determining the reasonableness of a fee:
> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of

---

[1] Remarkably, and for comparative purposes, Defendants' rebuttal expert, Edwin Smith, Esquire, who is matched against Ms. Stern in this proceeding, is being compensated at the rate of $1,305.00 per hour, or approximately two and a half (2½) times Ms. Stern's hourly rate.

       the discovery responses provided; (5) the cost of living in the particular
geographical area; (6) any other factor likely to be of assistance to the court in
balancing the interests implicated by Rule 26; (7) the fee being charged by
the expert to the party who retained him; and (8) fees traditionally charged by
the expert on related matters.

*Korabik v. Arcelormittal Plate, LLC*, 310 F.R.D. 205, 206 (E.D.N.Y. 2015) (holding the expert's flat fee is unreasonable but "[the expert] is, of course, entitled to a reasonable hourly rate of compensation for the hours actually expended in connection with a deposition") (internal citations omitted).

      As explained more fully in her expert report, her rebuttal expert report and reply expert report, all of which were the subject of her expert deposition, Ms. Stern has had extensive experience with secured transactions and Article 9 of the UCC. Ms. Stern was the chair of the annual Practicing Law Institute program on Article 9 of the UCC for 10 years, and continued as a regular program speaker. Ms. Stern was a member of the 3-person Consumer Issues Subcommittee formed during the drafting process for Revised Article 9. To say the least, Ms. Stern is immensely educated and trained in the area of issues giving rise to this litigation. Consequently, and not in dispute, her hourly rate is reasonable compared to other respected available experts in this field, and is substantially lower than the hourly rate of Defendants' counter-expert, Edwin Smith ($1,305/hour).

      But Ms. Stern's experience does not diminish the need to prepare for her deposition. Simply put, the number of documents produced in this case is voluminous, hundreds of thousands of pages have been produced, and a number of depositions have been taken. In addition to Ms. Stern, Plaintiff has three (3) experts, and Defendants have two (2) experts. Four of those expert witnesses have each submitted an expert report, a rebuttal expert report, and a reply expert report. These reports range anywhere from 9 to 58 pages. Ultimately, Ms. Stern was required to review her own report, rebuttal and reply reports, voluminous record documents and multiple deposition transcripts, to even begin preparing for her deposition. Defendants received the benefits of Ms. Stern's deposition testimony because of her competent preparation. Under these circumstances, Ms. Stern's 58.10 hours of deposition preparation time is reasonable and Defendants should be required to reimburse Ms. Stern for the remaining 38.10 hours of her deposition preparation time.

### Meet and Confer Certification

      Counsel for both parties met telephonically on July 11, 2018. Defendants' counsel stated that Ms. Stern's preparation time was unreasonable, and offered to reimburse up to 20 hours of preparation time for Ms. Stern. After the telephonic meeting concluded, counsel for both parties exchanged various emails citing case law in support of their respective positions. Ultimately,

Judge Gorenstein
July 20, 2018
Page - 4 -

Defendants' counsel stated that it would not change its position. Windsor's counsel asked that Defendants pay the 20 hours of preparation time for Ms. Stern, which payment has been made and received, and advised Defendants' counsel that Windsor would be requesting this conference for the remainder of Ms. Stern's costs.

### Conclusion

Windsor requests that this Court compel Defendants to reimburse Ms. Stern for the remainder of her expert deposition preparation time at her hourly rate.

Respectfully Submitted,

ALAN L. FRANK

ALF/jhf
Enclosures
cc: Samantha A. Millrood, Esquire
Douglas Heffer, Esquire
Adam Pence, Esquire
Peter Wang, Esquire

To: Steven Prusky
Windsor Securities, LLC

c/o Alan L. Frank Associates

via: email

IN ACCOUNT WITH

NORDQUIST & STERN PLLC
43 WEST 43ʳᴰ STREET
SUITE 125
NEW YORK, NY 10036
(212) 207-8150
Fax: (212) 223-3406

July 5, 2018

Summary Report for Deposition Preparation:

| Date | Time | Activity Description |
|---|---|---|
| 06/01/18 | 3.10 | Begin dep. prep |
| 06/02/18 | 3.70 | Con't. dep. prep. |
| 06/03/18 | 6.40 | Con't. dep. prep. |
| 06/04/18 | 3.30 | Con't. dep. prep. |
| 06/05/18 | 5.10 | Con't. dep. prep. |
| 06/06/18 | 6.20 | Con't. dep. prep. |

| Date | Hours | Description |
|---|---|---|
| 06/11/18 | 3.20 | T/cs A. Frank, S. Millrood; con't. dep. prep. |
| 06/18/18 | 5.10 | Con't. dep. prep |
| 06/19/18 | 5.30 | Con't. dep. prep. |
| 06/20/18 | 4.50 | Con't. dep. prep. |
| 06/21/18 | 6.20 | Con't. dep. prep. |
| 06/24/18 | 6.00 | Con't. dep. prep. |
| 06/25/18 | 4.80 | Attendance at dep.; travel to & from site |

Total hours: 62.90

Total fees ($550.00/hour) - $34,595.00

**Total now due - $34,595.00**