
ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

July 24, 2018

<u>Via ECF</u>

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re: *Windsor Securities, LLC v. Arent Fox, et al.*,
      <u>Case No. 16-cv-01533 (GBD) (GWG)</u>

Dear Magistrate Judge Gorenstein:

  We represent Defendants Julius Rousseau, III and Arent Fox (collectively, "Defendants") in the above-captioned action and write in response to the pre-motion conference request submitted by Plaintiff Windsor Securities, LLC ("Windsor"), dated July 20, 2018, relating to its demand for Defendants to reimburse one of Windsor's experts, Sandra Stern, for nearly 60 hours of deposition preparation time.  (ECF No. 109).  As explained below, Windsor's contemplated motion to compel has utterly no merit: Defendants already paid for 20 hours of Stern's preparation time, which is more than is required under the law.

## **Factual Background**

  After Defendants subpoenaed Sandra Stern for her testimony, Windsor agreed to produce her for a <u>four-hour deposition</u> on June 25, 2018.  As part of this arrangement, Defendants agreed to pay Stern "reasonable" fees associated with her deposition preparation and actual testimony.

  On June 20, 2018, Windsor's counsel demanded that Defendants advance Stern substantial fees for work related to her deposition.  Specifically, Windsor demanded, in advance, "immediate payment" to Stern for 41 hours of preparation time (with the implication that Stern would not appear for her deposition without this payment).  During the subsequent meet and confer, Windsor's counsel repeatedly represented that there was significant authority requiring the advancement of such fees.  Our office responded by requesting specific citations to such authority.  Unsurprisingly, Windsor never provided any.  Our office also raised the issue that the amount of time Stern supposedly spent preparing for her deposition was patently unreasonable and warned Windsor's counsel (and Stern) that there was significant authority to support this position.  Instead of heeding this warning, Stern continued racking up fees preparing for her deposition.

  When Stern appeared for her testimony on June 25, 2018, we were shocked to learn that the 41 hours of preparation time had now grown substantially.  During her deposition, Stern estimated that she spent over <u>70 hours</u> preparing for her testimony.  This estimate was all the more surprising because she appeared wholly unable to provide any testimony whatsoever without reading directly from her expert reports.  In fact, Stern repeatedly refused to answer any questions asking her to summarize the nature of her expert opinions without being allowed to cite specific sections of her various reports.



July 24, 2018
Page 2

On July 9, 2018, Windsor's counsel demanded immediate payment for 62.9 hours of Stern's time. Hoping to avoid a needless dispute before the Court, Defendants offered to, and subsequently did, reimburse Stern for 20 hours of her preparation time, plus the time actually spent at her deposition.[1]

### Standard for Evaluating Expert Witness Fees

Courts consider the following factors in evaluating an expert's fee: (1) area of expertise, (2) education and training required to provide insight sought in the case, (3) prevailing rates for other comparable available experts, (4) the nature, quality, and complexity of discovery response provided, (5) the cost of living in the geographic area, (6) fees being charged to retaining party, (7) fees charged by the expert in other matters, and (8) other factors implicated by Rule 26. *Marin v. United States*, No. 06 CIV. 552 (SHS), 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008); *see also Conte v. Newsday, Inc.*, No. CV 06-4859 (JFB) (ETB), 2012 WL 37545, at *3 (E.D.N.Y. Jan. 9, 2012) ("Reimbursement under Rule 26(b)(4)(A), Fed. R. Civ. P., is not intended to be a windfall for either the party calling the expert or for the expert. Nor is it intended to be a means for the party calling the expert to recoup his expert fees or, in this case, pay off outstanding indebtedness to his expert.").

Windsor has the burden to demonstrate the reasonableness of the extensive time Stern spent preparing for her deposition, and this Court has broad discretion to determine the reasonableness and fashion its own fee based on the presented information. *Marin*, 2008 WL 5351935, at *1.

### This Court Should Not Compel Defendants to Pay Stern
### for Nearly 60 Hours of Preparation for a Half-Day Deposition

Simply put, Windsor's eye-popping request for such excessive fees has no basis in the law and defies all common sense. While courts in this jurisdiction permit reimbursement for expert deposition preparation, the amount requested must be reasonable, considering the length of the deposition and the complexity of the case. *See, e.g.*, *Mark Andrew of the Palm Beaches, Ltd. v. GMAC Commercial Mortg. Corp.*, No. 01CIV.1812(JGK)(MHD), 2003 WL 21767633, at *2 (S.D.N.Y. July 31, 2003) (experts could not be reimbursed for more than 20 hours spent preparing for one day of deposition despite invoices requesting more than double that time); *Mannarino v. United States*, 218 F.R.D. 372, 376 (E.D.N.Y. 2003) (reducing compensation for preparation time from eight hours to four for an expected three-hour expert deposition); *see also In re AOL Time Warner ERISA Litig.*, No. 02 CV. 8853 (SWK), 2007 WL 3145111, at *3 n.9 (S.D.N.Y. Oct. 26, 2007) (refusing to award 60 hours of preparation time for 6.5 hour fact deposition and noting that "[e]ven in the case of expert witnesses, preparation time of that magnitude is not customarily considered compensable.").

Without embarrassment or compunction, Windsor is demanding that Defendants pay Sandra Stern for 58.1 hours of preparation time for a deposition that included only 3 hours and 16 minutes of

---

[1] Windsor also demanded unreasonably excessive fees for Joseph Wood, an underlying fact witness that Windsor claims has some unknown expertise in this matter. Defendants refused to pay excessive fees for Wood as well, but, for whatever reason, Windsor has now abandoned that request.



July 24, 2018
Page 3

actual testimony. At its core, this demand is patently absurd for numerous reasons. Stern is a purported expert on Uniform Commercial Code ("UCC") matters and an ostensibly seasoned expert witness, who has testified numerous times, meaning that she should need <u>less</u> time to prepare for her testimony, not more. The UCC issues in this case were also fairly limited, which is why the parties agreed to a half-day deposition in the first place.

To the extent that Windsor is claiming that Stern needed such substantial preparation time because of the underlying facts, this argument is also meritless. The parties had just finished exchanging expert reports (an initial expert report, a reply, and a rebuttal) a month earlier on May 22, 2018, so the materials should have been fresh in her mind. More importantly, none of Windsor's other experts, reviewing the same factual materials, needed anything close to that much time to prepare. James Sinnott, who is Windsor's designated expert on the broader topic of life insurance premium finance, only required <u>8 hours</u> preparation time. Joseph Wood, who was also a significant fact witness in the case, prepared for 30.9 hours, and Defendants agreed to reimburse Windsor for 20 hours because of the nature of Wood's testimony (which Windsor apparently has now accepted as "reasonable"). Charles Lunden, Windsor's accounting expert, only billed 15.3 hours for everything including responding to the discovery requests, deposition preparation, and his actual testimony. *E.E.O.C. v. Johnson & Higgins, Inc.*, No. 93 CIV. 5481 (LBS) (AJP), 1999 WL 32909, at *2 (S.D.N.Y. Jan. 21, 1999) (reducing expert's request of 23 hours of compensation for deposition preparation to 13 hours when he was deposed for 13 hours and no other expert charged for preparation beyond 9 hours); *Bak v. Metro-N. R.R. Co.*, No. 12-CV-3220 (TPG), 2017 WL 496084, at *3 (S.D.N.Y. Feb. 7, 2017) (denying expert's request to be compensated for 13.5 hours of preparation for four hour deposition, in part, because fellow expert in case testified over similar matters for similar duration of time but only prepared for four hours).

In initially responding to Windsor's demand for excessive fees, our office requested authority justifying reimbursement for the significant preparation time sought. Windsor provided no such authority at that time, and it wholly fails to provide that authority now. The few cases cited by Windsor in its pre-motion conference letter are not only inapposite but actually support Defendants' position. *See, e.g.*, *Advanced Video Techs., LLC v. HTC Corp.*, No. 11-cv-6604, 2016 U.S. Dist. LEXIS 24118, at *25-26 (S.D.N.Y. Feb. 23, 2016) (reimbursement to engineering expert for 85.25 hours for all matters "related to his deposition" – including extensive patent infringement and invalidity analysis, deposition preparation, and multiple days of testimony – deemed reasonable because of the complex nature of case and other experts also submitted invoices documenting significant analysis and preparation time; further, the court reduced expert's fee by $250 per hour before permitting reimbursement); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 644 (E.D.N.Y. 1997) (expert witness sought only one hour of preparation time).

## Conclusion

For all the foregoing reasons, Defendants respectfully request that this Court deny Windsor's unreasonable request for reimbursement of such excessive fees.

Sincerely,
*/s/ Peter N. Wang*



July 24, 2018
Page 4

                                                  Peter N. Wang

Cc:  Alan Frank (via ECF)
      Samantha Millrood (via ECF)