ALAN L. FRANK ●*+◻
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♫▵
CHRISTOPHER R. KING*+‡
SUSAN B. PLINER*+
ROBERT E. GORDON *+▵
DAVID M. D'ORLANDO *+
JORDAN E. FRANK *+
JACLYN H. FRANK *+♫
JEFFREY J. GOLDIN *+

PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH
LISBETH LOZADA

● Certified by the NJ Supreme Court
   as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
◻ MEMBER NY BAR
♫ MEMBER FL BAR
‡ MEMBER DE BAR
▵ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK LAW ASSOCIATES, P.C.
### Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

**NEW JERSEY OFFICE**

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043
(856) 321-1120
FAX NO. (856) 321-1233

**CENTER CITY PHILADELPHIA OFFICE**

1515 MARKET STREET
SUITE 1200
PHILADELPHIA, PA 19102
(215) 496-9661
FAX NO. (215) 935-1110

**DELAWARE OFFICE**

ALAN L. FRANK LAW ASSOCIATES, P.A.
(DE)
1007 N. ORANGE STREET
4TH FLOOR, THE MILL
WILMINGTON, DE 19801
(302) 300-4317

**NEWTOWN OFFICE**

41 UNIVERSITY DRIVE
SUITE 400
NEWTOWN, PA 18940
(215) 935-1000

**E-MAIL ADDRESS:**
afrank@alflaw.net

July 26, 2018

**VIA ECF**
United States Magistrate Judge Gabriel W. Gorenstein
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re: *Windsor Securities, LLC v. Arent Fox, LLP and Julius Rousseau, III,*
          Case No. 16-cv-01533 (GBD)(GWG)

Dear Judge Gorenstein:

      Please allow this letter to serve as Plaintiff's brief reply to Defendants' counsel's letter dated July 24, 2018 [Docket #110], as permitted by Your Honor's Order dated July 25, 2018, regarding the dispute as to Plaintiff's expert Sandra Stern deposition preparation fees [Docket # 109].

      Defendants claim that they were surprised to learn that Ms. Stern spent 58.1 hours preparing for her deposition. But Defendants do not explain why that amount of time was unreasonable. In fact, Defendants almost entirely ignore the facts that *required* Ms. Stern to prepare for nearly 60 hours for her deposition.

      The magnitude of damages in this case exceeds $6 million. Both sides have spent a significant amount in legal fees and expert witness fees because of the damages at stake. Multiple insureds are involved. The parties have exchanged hundreds of thousands of documents during discovery, which alone would require a substantial amount of time to review. In addition, a

Judge Gorenstein
July 26, 2018
Page - 2 -

number of depositions were taken in this action, thereby requiring expert review of a number of deposition transcripts.

Plaintiff has four experts, and Defendants have two experts. Four of those expert witnesses have each submitted an expert report, a rebuttal expert report, and a reply expert report, all of which were reviewed by Ms. Stern in preparation for her deposition.

Ms. Stern's preparation for her deposition was crucial given the importance of her testimony. Ms. Stern and Windsor did not know how long Ms. Stern's deposition would last. Under these circumstances, 58.1 hours of preparation was not only reasonable, but necessary.

To the extent Defendants' counsel addresses these facts in his letter, he seriously diminishes them. For example, Defendants claim that Ms. Stern did not need substantial preparation time because the parties had just exchanged expert reports a month prior. Defendants also compare Ms. Stern to other experts in this case who spent less time preparing for their depositions. But Ms. Stern is in a unique position to testify to matters that are central to this case because of her experience with the UCC. As such, Ms. Stern's testimony was necessary.

Defendants also claim that case law cited by Windsor actually supports Defendants' position. To the contrary, in *Advanced Video Techs., LLC v. HTC Corp.*, an expert spent a total of 85.25 hours "responding to discovery," including preparing for and attending his deposition. *Advanced Video Techs., LLC v. HTC Corp.*, No. 11-CV-6604 (CM)(RLE), 2016 U.S. Dist. LEXIS 24118, at *25 (S.D.N.Y. Feb. 23, 2016). Even putting aside two days' worth of testimony, the remainder of those 85.25 hours were spent preparing for the deposition. *Id.* The expert was reimbursed for the full 85.25 hours; a second expert was reimbursed for 26.75 hours of preparation; a third for 56.5 hours of preparation; a fourth for 23.5 hours of preparation; a fifth for 37.25 hours of preparation. *Id.* The fact that the court reduced some of the experts' fees before permitting reimbursement is irrelevant, as Ms. Stern's hourly fee is not at issue here.

Under the specific circumstances here, Ms. Stern is entitled to reimbursement for the hours spent preparing for her deposition.

Respectfully Submitted,

ALAN L. FRANK

ALF/jhf
cc: Samantha A. Millrood, Esquire
    Douglas Heffer, Esquire
    Adam Pence, Esquire
    Peter Wang, Esquire