UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

                                :

WINDSOR SECURITIES, LLC

                                :        <u>MEMORANDUM ORDER</u>

               Plaintiff,

                                :        16 Civ. 1533 (GBD) (GWG)

   -v.-

                                :

ARENT FOX LLP, et al.

                                :

               Defendants.      :

------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

On June 25, 2018, defendants deposed plaintiff's expert witness, Sandra Stern, for approximately four hours. <u>See</u> Letter from Alan L. Frank, dated July 20, 2018 (Docket # 109) ("Pl. Let."), at 2. Stern charges $550 per hour and spent 58.10 hours preparing and 4.80 hours traveling to and sitting for her deposition, thereby incurring total costs of $34,595.00. <u>Id.</u> at 2. Defendants have already reimbursed Stern for the full costs of traveling to and sitting for her deposition ($2,640.00), but reimbursed her for only 20 hours of preparation time, or $11,000.00. <u>See id.</u>; Letter from Peter N. Wang, dated July 24, 2018 (Docket # 110) ("Defs. Let."), at 2. Plaintiff now seeks an order compelling defendants to reimburse Stern for the remaining 38.10 hours she spent preparing for the deposition. Pl. Let. at 1.

A party must pay for the "reasonable" fees of deposing an opponent's expert "unless manifest injustice would result." Fed. R. Civ. P. 26(b)(4)(E). "Compensating an expert for his time spent in deposition is mandatory under Rule 26 to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." <u>AP Links, LLC v. Russ</u>, 2015 WL 9050298, at *1 (E.D.N.Y. Dec. 15, 2015) (citation and internal

1

quotation marks omitted).  "[I]n balancing the parties' interests," however, a court "should not approve expert fees that are so high as to impair a party's access to necessary discovery." Advanced Video Techs., LLC v. HTC Corp., 2016 WL 1253899, at *7 (S.D.N.Y. Feb. 23, 2016) (alterations in original) (internal quotation marks omitted) (quoting Smith v. N.Y. Presbyterian Hosp., 2012 WL 4903256, at *2 (S.D.N.Y. Oct. 12, 2012)).

"The determination of a reasonable fee and for what services, including preparation, falls solely within [the court's] province." Conte v. Newsday, Inc., 2012 WL 37545, at *2 (E.D.N.Y. Jan. 9, 2012) (citation and internal quotation marks omitted).  "The party seeking reimbursement of deposition fees . . . bears the burden of establishing the reasonableness of [the requested fee]." Smith, 2012 WL 4903256, at *2 (citation omitted).

Courts generally judge the reasonableness of an expert's time spent preparing for a deposition "in light of the length and complexity of [the] deposition." Bak v. Metro-North R.R. Co., 2017 WL 496084, at *3 (S.D.N.Y. Feb. 7, 2017).  "Preparation time comparable in length to that of the deposition itself is generally reasonable." Id. (citing cases); accord Conte, 2012 WL 37545, at *3.  Thus, in Bak, the court found that requesting 13.5 hours to prepare for a four-hour deposition was unreasonable and allowed reimbursement for only eight hours of preparation. 2017 WL 496084, at *3.  Courts will also look to the time other experts in the case spent in preparation for their depositions.  Marin v. United States, 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008) ("Where a party fails to discharge its burden, the fees charged by his opponent's expert, if any, provide a useful benchmark."); accord Bak, 2017 WL 496084, at *3; E.E.O.C. v. Johnson & Higgins, Inc., 1999 WL 32909, at *2 (S.D.N.Y. Jan. 21, 1999).

In this case, the deposition was scheduled to last four hours and defendants have reimbursed Stern for 20 hours spent in preparation.  As for the disputed 38.1 additional hours,

plaintiff claims the time was justified because Stern was reviewing the relevant expert reports, including "her own report," as well as "voluminous record documents and multiple deposition transcripts." Pl. Let. at 3. As defendants note, however, the parties completed exchanging expert reports on May 22, 2018, only a month before Stern's deposition. Defs. Let. at 3. The Court certainly could understand why it might take a total of 58 or more hours to prepare the expert reports themselves; but plaintiff gives no explanation as to why such a lengthy period was required to answer questions about reports that had already been compiled.

In Conte, an expert spent 65 hours preparing for a seven hour deposition, even though the expert had recently amended his report. 2012 WL 37545, at *3. Conte reduced the permitted time to 10 hours. Id. at *4. Other courts have similarly reduced hours that were disproportionate to the deposition time. See, e.g., Mark Andrew of Palm Beaches, Ltd. v. GMAC Commercial Mortg. Corp., 2003 WL 21767633, at *2 (S.D.N.Y. July 31, 2003) (reducing request for 42.5 hours in preparation for seven hour deposition to 20 hours); Mannarino v. United States, 218 F.R.D. 372, 376 (E.D.N.Y. 2003) (in case in which expert deposition was expected to last three hours, court reduced request for reimbursement for preparation time from eight hours to four hours where the report had been prepared "only a few months prior," the issues in the case were not complex, and the expert testified to not reviewing anything "he had not already reviewed in preparing the report.").

Here, plaintiff has plainly failed to meet its burden of explaining why it was reasonable to spend 58.1 hours preparing for a deposition scheduled to last four hours where the parties had recently exchanged expert rebuttal and reply reports. Plaintiff contends that defendants benefitted from Stern's re-review of the reports, Pl. Let. at 3, but does not explain how defendants benefitted. Defendants, moreover, reject this notion, contending that "Stern

repeatedly refused to answer any questions asking her to summarize the nature of her expert opinions without being allowed to cite specific sections of her various reports." Defs. Let. at 1. In fact, plaintiff's motion provides no explanation, beyond a vague reference to the length of the reports and various deposition transcripts, for why this particular deposition required such a lengthy preparation time. The invoice submitted by Stern provides no further clarity as it contains no description of the tasks she performed.

Plaintiff tries to justify the extensive time Stern spent by arguing that Stern's testimony was "necessary" due to her "unique position to testify to matters that are central to this case." Letter from Alan L. Frank, dated July 26, 2018 (Docket # 112), at 2. To the extent Plaintiff is arguing that Stern's experience and the complexity of the matters on which she testified justified the time spent, we find such factors weigh against awarding Stern her requested fees. If anything, Stern's expertise and experience should have reduced the time she needed to prepare. And the fact that Stern's deposition was limited to four hours indicates that the issues on which she was deposed were not unusually complex. Accordingly, we find that plaintiff has not met its burden of showing the reasonableness of the hours claimed.

To determine how many hours would actually be reasonable, we look to the number of hours other experts in the case spent in preparation for their depositions. Expert James Sinnott, who testified on life insurance premium finance, required only eight hours preparation time for his deposition. Defs. Let. at 3. Accounting expert Charles Lunden spent only 15.3 hours preparing for his deposition, as well as responding to discovery requests and testifying. Id. Joseph Wood, whose expertise the parties do not explain, billed 30.9 hours in preparation, but the plaintiff accepted payment for only 20 hours. Id.

In light of the above, we conclude that the 20 hours of preparation time already paid by

defendants is more than reasonable.  We need not reach the question of how many hours we would award had defendant not already agreed to pay the 20-hour figure.

Accordingly, plaintiff's motion (Docket # 109) is denied.

SO ORDERED.

Dated: August 7, 2018
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge