UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **WINDSOR SECURITIES, LLC** | : | |
| | : | |
| **Plaintiff** | : | **No. 16-cv-01533 (GBD)** |
| | : | |
| **v.** | : | |
| | : | |
| **ARENT FOX, LLP** | : | |
| **and** | : | |
| **JULIUS ROUSSEAU, III, ESQUIRE** | : | |
| | : | |
| **Defendants** | | |

## DECLARATION OF SAMANTHA A. MILLROOD IN SUPPORT OF PLAINTIFF WINDSOR SECURITIES, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY ON COUNT I - PROFESSIONAL NEGLIGENCE/LEGAL MALPRACTICE

I, Samantha A. Millrood, submit this Declaration in support of Plaintiff Windsor

Securities, LLC's Motion for Partial Summary Judgment as to Liability on Plaintiffs' Count I for

Professional Negligence/Legal Malpractice in the above captioned action and declare as follows:

1.      I am admitted to and am in good standing with the bars for the Commonwealth of

Pennsylvania and State of New Jersey.

2.      I am an associate with Alan L. Frank Law Associates, P.C., counsel for Plaintiff

Windsor Securities, LLC ("Plaintiff") in the above captioned action.

3.      On May 31, 2016, this Court entered an Order for my admission to practice Pro

Hac Vice and represent the Plaintiff in the above captioned action.

4.      I submit this declaration in support of Plaintiff's Motion for Partial Summary

Judgment as to Liability on Plaintiff's Count I for Professional negligence/Legal Malpractice

("Plaintiff's Motion for Partial Summary Judgment"). I know the statements made herein to be

-1-

true based upon personal knowledge; based upon a review of the relevant documents, papers and/or pleadings in this action; and/or based upon information I have received from my client.

5.      Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the Deposition Transcript of Steven Prusky, dated March 6, 2017.

6.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the Deposition Transcript of Steven Prusky, dated October 4, 2017.

7.      Attached hereto as Exhibit 3 is a true and correct copy of excerpts from the Deposition Transcript of Julius Rousseau, III, individually and as Corporate Designee for Arent Fox, dated March 7, 2017.

8.      Attached hereto as Exhibit 4 is a true and correct copy of Arent Fox Website - (www.arentfox.com/about/history-recognition),.

9.      Attached hereto as Exhibit 5 is a true and correct copy of Arent Fox website, webpage for Julius Rousseau, III (www.arentfox.com/attorneys/julius-rousseau-iii).

10.      Attached hereto as Exhibit 6 is a true and correct copy of Wikipedia's webpage on Premium Financing  (https://en.wikipedia.org/wiki/Premium_financing).

11.      Attached hereto as Exhibit 7 is a true and correct copy of Operating Agreement of Windsor Securities, LLC (Bates Stamped PLAINTIFF 000014- PLAINTIFF 000020 [CONFIDENTIAL]).

12.      Attached hereto as Exhibit 8 is a true and correct copy of the Complaint in this action [D.E. #1]

13.      Attached hereto as Exhibit 9 is a true and correct copy of Defendants' Answer, Affirmative Defenses and Counterclaims in this action [D.E. #19].

14.     Attached hereto as Exhibit 10 is a true and correct copy of the Affidavit of Eugene Houchins, III, dated March 22, 2017.

15.     Attached hereto as Exhibit 11 is a true and correct copy of the Declaration of Steven Prusky filed in support of Motion for Summary Judgment in John Hancock Life Insurance Co. v. Mindy Goss and Windsor Securities, United States District Court for the Northern District of California, Case No. 14-cv-04651-WHO (the "Acker Action") [Doc. #30-2] (Bates Stamped JUDD 068136- JUDD 068281).

16.     Attached hereto as Exhibit 12 is a true and correct copy of the Declaration of Steven Prusky filed in support of Motion for Summary Judgment in Pacific Life Insurance Co. v. Mary Ann Gordillo, as Trustee of the Erwin A. Collins Family Insurance Trust and Windsor Securities, United States District Court for the Northern District of California, Case No. 3:14-cv-03713-WHO (the "Collins Action") [Doc. #31-2] (Bates Stamped JUDD 070026- JUDD 070028)(without Exhibits thereto as all Exhibits to the Declarations are separately referenced and identified herein).

17.     Attached hereto as Exhibit 13 is a true and correct copy of the Declaration of Mary Ann Gordillo filed in support of Motion for Summary Judgment in the Collins Action, Case No. 3:14-cv-03713-WHO [Doc. 40] (Bates Stamped JUDD 070392- JUDD 070551).

18.     Attached hereto as Exhibit 14 is a true and correct copy of the Declaration of Ronald Mark Goss filed in opposition of Motion for Summary Judgment in Acker Action, Case No. 14-cv-04651-WHO [Doc. #38] (Bates Stamped JUDD 068502- JUDD 068644).

19.     Attached hereto as Exhibit 15 is a true and correct copy of the Declaration Of Joseph Wood In Support Of Motion For Summary Judgment Or, in The Alternative, For Partial

Summary Judgment in the Collins Action, Case No. 3:14-cv-03713 [Doc. #56] (Bates Stamped JUDD 070840- JUDD 070867).

20. — Attached hereto as Exhibit 16 is a true and correct copy of the Declaration Of Joseph Wood In Support Of Motion For Summary Judgment Or, in The Alternative, For Partial Summary Judgment, in the Acker Action, Case No. 3:14-cv-04651-WHO [Doc. # 78] (Bates Stamped JUDD 069090- JUDD 069118).

21.     Attached hereto as Exhibit 17 is a true and correct copy of the Declaration of Darin T. Judd filed in this action in Support of Windsor's Response to Defendants Motion to Compel Discovery [D.E. #60-2].

22.     Attached hereto as Exhibit 18 is a true and correct copy of the Affidavit of Lauren Antonino filed in this action in Support of Windsor's Response to Defendants Motion to Compel Discovery [D.E. #60-3].

23.     Attached hereto as Exhibit 19 is Gilbert Policy Relinquishment and Loan Satisfaction Agreement and Mutual Release Agreement (Bates Stamped JUDD 075276- JUDD 075280)

24.     Attached hereto as Exhibit 20 is a true and correct copy of the March 31, 2010, written proposal, made on behalf of Windsor in conformance with California Code Section 9620, for the Garcia Trust to accept the policy in full satisfaction of the debt, counter-executed by the Garcia Trust (Bates Stamped PLAINTIFF 028710-PLAINTIFF 028713).

25.     Attached hereto as Exhibit 21 is a true and correct copy of the First Amended Complaint in the case titled Windsor Securitites, LLC v. The Lincoln National Life Insurance Co. (Bates Stamped JUDD 164492-JUDD 164513).

-4-

26.     Attached hereto as Exhibit 22 is a true and correct copy of the Motion to Dismiss filed in the case of PHL Variable Insurance Co. v. the Sheldon Hathaway Family Insurance Trust, Case No. 2:10-cv-00067-RJS-BCW (D. UT.) (Bates Stamped JUDD 075285-075299).

27.     Attached hereto as Exhibit 23 is a true and correct copy of the Acker Premium Financing Package  (PLAINTIFF 00235-PLAINTIFF 000364 CONFIDENTIAL).

28.     Attached hereto as Exhibit 24 is a true and correct copy of the Collins Premium Financing Package (PLAINTIFF 001052-PLAINTIFF 001183 CONFIDENTIAL).

29.     Attached hereto as Exhibit 25 is a true and correct copy of the Bitter Premium Financing Package (AF 0009871- AF 0010009 CONFIDENTIAL).

30.     Attached hereto as Exhibit 26 is a true and correct copy of the Stamatov Premium Financing Package (PLAINTIFF 003408-PLAINTIFF 003527 CONFIDENTIAL).

31.     Attached hereto as Exhibit 27 is a true and correct copy of the Coppock Premium Financing Package (AF 0003397-AF 0003547 CONFIDENTIAL).

32.     Attached hereto as Exhibit 28 is a true and correct copy of the Defendants' Expert James Maxon's Report, dated April 4, 2018.

33.     Attached hereto as Exhibit 29 is a true and correct copy of the Defendants' Expert James Maxon's Rebuttal Report, dated May 3, 2018.

34.     Attached hereto as Exhibit 30 is a true and correct copy of the Expert Report of Plaintiffs' Expert Joseph Wood, dated April 6, 2017.

35.     Attached hereto as Exhibit 31 is a true and correct copy of the Rebuttal Expert Report of Plaintiff's Expert Joseph Wood, dated May 2, 2018.

36.    Attached hereto as Exhibit 32 is a true and correct copy of the Reply Expert Report of Plaintiff's Expert Joseph Wood, dated May 22, 2018.

37.    Attached hereto as Exhibit 33 is a true and correct copy of the Expert Report of Plaintiff's Expert Sandra Stern, dated April 2, 2018.

38.    Attached hereto as Exhibit 34 is a true and correct copy of the Rebuttal Report of Plaintiff's Expert Sandra Stern.

39.    Attached hereto as Exhibit 35 is a true and correct copy of the Reply Report of Plaintiff's Expert Sandra Stern, dated May 22, 2018

40.    Attached hereto as Exhibit 36 is a true and correct copy of Herrick Feinstein, LLP Engagement Letter dated October 20, 2008 (Bates Stamped PLAINTIFF 002238-002240 CONFIDENTIAL).

41.    Attached hereto as Exhibit 37 is a true and correct copy of the Rousseau/Herrick Firm June 5, 2009 Engagement Letter (Bates Stamped PLAINTIFF 002242-002257 CONFIDENTIAL).

42.    Attached hereto as Exhibit 38 is a true and correct copy of the Herrick Feinstein, LLP draft Policy Relinquishment and Loan Satisfaction Agreement dated July 31, 2009 (Bates Stamped JUDD 075252-JUDD075260).

43.    Attached hereto as Exhibit 39 is a true and correct copy of the Herrick Feinstein, LLP draft Policy Relinquishment and Loan Satisfaction Agreement dated August 12, 2009 (Bates Stamped JUDD 075270-JUDD075274).

44.    Attached hereto as Exhibit 40 is a true and correct copy of the August 25, 2009 Email from David Fox to Rousseau with attached draft Policy Relinquishment and Loan

Satisfaction Agreement (Bates Stamped AF 0032285- AF0032294 CONFIDENTIAL).

45.    Attached hereto as Exhibit 41 is a true and correct copy of the draft Herrick Feinstein, LLP Policy Relinquishment and Loan Satisfaction Agreement for Coppock (Bates Stamped AF 13525- AF 13537 CONFIDENTIAL).

46.    Attached hereto as Exhibit 42 is a true and correct copy of the Herrick Feinstein, LLP Policy Relinquishment and Loan Satisfaction Agreement for Gilbert (Bates Stamped JUDD 075276- JUDD 075280).

47.    Attached hereto as Exhibit 43 is a true and correct copy of the April 29, 2009 Email from Rousseau to Prusky (Bates Stamped PLAINTIFF 027304-027307 CONFIDENTIAL).

48.    Attached hereto as Exhibit 44 is a true and correct copy of the July 16, 2009 Email from David Fox to Rousseau and Prusky (Bates Stamped AF0031707 CONFIDENTIAL).

49.    Attached hereto as Exhibit 45 is a true and correct copy of the August 25, 2009 Email from David Fox to Rousseau with attached draft Policy Relinquishment and Loan Satisfaction Agreement (Bates Stamped AF 0032285- AF0032294 CONFIDENTIAL).

50.    Attached hereto as Exhibit 46 is a true and correct copy of the April 5, 2010, email from Bitter to Houchins stating that he wants to keep the policy and payoff the loan (Bates Stamped AF 0006928 CONFIDENTIAL).

51.    Attached hereto as Exhibit 47 is a true and correct copy of the E-mail from Gene Houchins to Steven Prusky, dated July 18, 2010 (Bates Stamped JUDD 059930 CONFIDENTIAL).

52.     Attached hereto as Exhibit 48 is a true and correct copy of the e-mail string between Gene Houchins and Steven Prusky, dated July 18 - July 19, 2010 (Bates Stamped JUDD 059924 CONFIDENTIAL).

53.     Attached hereto as Exhibit 49 is a true and correct copy of the December 19, 2013 Email from Rousseau to Prusky (Exhibit Rousseau 92).

54.     Attached hereto as Exhibit 50 is a true and correct copy of the April 13, 2014 Email from Prusky to Rousseau ("right now the most important thing is protecting the other policies. One could die tomorrow and we'd have this to contend with. Let's get that fixed asap!")(Bates Stamped JUDD 140437).

55.     Attached hereto as Exhibit 51 is a true and correct copy of the April 14, 2014 Email from Rousseau to Alan Dubin (Bates Stamped AF 007674 CONFIDENTIAL).

56.     Attached hereto as Exhibit 52 is a true and correct copy of the April 15, 2014 Email from Prusky to Rousseau subject "Other COOs" (Bates Stamped  PLAINTIFF 026781 CONFIDENTIAL).

57.     Attached hereto as Exhibit 53 is a true and correct copy of the Email from Alan Dubin to Rousseau (Bates Stamped AF 0007663- AF 0007664 CONFIDENTIAL).

58.     Attached hereto as Exhibit 54 is a true and correct copy of the April 18, 2014 Email chain from/to and to/from Alan Dubin and Rousseau (Bates Stamped AF 0007662 CONFIDENTIAL).

59.     Attached hereto as Exhibit 55 is a true and correct copy of the July 14, 2014 Email chain between Rousseau and Prusky (Bates Stamped JUDD 127404).

-8-

60.     Attached hereto as Exhibit 56 is a true and correct copy of the July 21, 2014 Email from Houchins to Prusky (Bates Stamped PLA0004414 CONFIDENTIAL).

~~61.     Attached hereto as Exhibit 57 is a true and correct copy of the July 31, 2014 Email chain between Rousseau and Prusky (wherein Rousseau comments on the likelihood of success on each of the other policies) (Bates Stamped AF 19636-AF 19639 CONFIDENTIAL).~~

62.     Attached hereto as Exhibit 58 is a true and correct copy of the Emails To/From Prusky and Rousseau (Bates Stamped AF 0019233 CONFIDENTIAL; AF 0019236- AF 0019237 CONFIDENTIAL; AF 0019239 CONFIDENTIAL; AF 0019256 CONFIDENTIAL; AF 0019280 CONFIDENTIAL).

63.     Attached hereto as Exhibit 59 is a true and correct copy of the June 1, 2014  Letter to Collins Trustee (Bates Stamped AF0019919 CONFIDENTIAL).

64.     Attached hereto as Exhibit 60 is a true and correct copy of the  June 1, 2014 Letter to Acker Trustee (Bates Stamped PLAINTIFF 000003 CONFIDENTIAL).

65.     Attached hereto as Exhibit 61 is a true and correct copy of the June 1, 2014 Letter to Coppock Trustee (Bate Stamped PLAINTIFF 001295 CONFIDENTIAL).

66.     Attached hereto as Exhibit 62 is a true and correct copy of the June 1, 2014 Letter to Stamatov Trustee (Bate Stamped PLAINTIFF 003551 CONFIDENTIAL).

67.     Attached hereto as Exhibit 63 are true and correct copies of the July 7, 2009 Rousseau default letters sent to Collins, Coppock, Acker, Stamatov and Bitter Insureds, Trustees and Beneficiaries (Bates Stamped AF0006976-AF0006981 CONFIDENTIAL; AF0006993-AF0006998 CONFIDENTIAL; AF0007027-AF0007032 CONFIDENTIAL; AF0007052-AF0007057 CONFIDENTIAL; AF0007073-AF0007078 CONFIDENTIAL).

68.     Attached hereto as Exhibit 64 is a true and correct copy of Windsor's February 19, 2010 Letter to the Acker Trustee (Bates Stamped PLAINTIFF 002588 CONFIDENTIAL).

~~69.     Attached hereto as Exhibit 65 is a true and correct copy of the Collin's Trustee's~~ July 15, 2014, Letter to Pacific Life (Bates Stamped PLAINTIFF 068347- PLAINTIFF 068348).

70.     Attached hereto as Exhibit 66 is a true and correct copy of the Acker Trustee's July 22, 2014 Letter to John Hancock Life Insurance Company (Bates Stamped PLAINTIFF 068314- PLAINTIFF 068315).

71.     Attached hereto as Exhibit 67 is a true and correct copy of July 31, 2014 letter from John Hancock re competing claims to the Acker Death Benefits (Bates Stamped PLAINTIFF 068322).

72.     Attached hereto as Exhibit 68 is a true and correct copy of the Newswire Article of June 17, 2010 (attached as Exhibit "E" to Plaintiff's Complaint [D.E. #1]).

73.     Attached hereto as Exhibit 69 is at true and correct copy of the April 7, 2011 Arent Fox Engagement Letter (Bates stamped 003914-003918 CONFIDENTIAL)(attached as Exhibit "F" to Plaintiff's Complaint).

74.     Attached hereto as Exhibit 70 is a true and correct copy of Rousseau's September 8, 2010 correspondence to the Bitter Trustee (attached to Plaintiff's Complaint [D.E. #1] as Exhibit "H" CONFIDENTIAL).

75.     Attached hereto as Exhibit 71 is a true and correct copy of Windsor's September 9, 2014 letter terminating Rousseau and Arent Fox's representation of Windsor (attached to Plaintiff's Complaint [D.E. #1] as Exhibit "I").

76.     Attached hereto as Exhibit 72 is a true and correct copy of Windsor's January 14,

2011 letter to the Bitter Trustee (attached as Exhibit "J", also Bates Stamped AF 0000486

CONFIDENTIAL).

77.    Attached hereto as Exhibit 73 is a true and correct copy of the American

Arbitration Association April 8, 2014 Interim Award in the Bitter Arbitration (attached to

Plaintiff's Complaint [D.E. #1] as Exhibit "K")

78.    Attached hereto as Exhibit 74 is a true and correct copy of the Answer and Cross

Claim of Acker Trustee in the Acker Action, Case No. 14-cv-04651-WHO (attached to

Plaintiff's Complaint [D.E. #1] as Exhibit "M", and also Bates Stamped JUDD 067975- JUDD

067985).

79.    Attached hereto as Exhibit 75 is a true and correct copy of the Acker Court's

September 21, 2015 Order, Case No. 14-cv-04651-WHO [Doc. #68] ((Bates Stamped

PLAINTIFF 068481- PLAINTIFF 068491, also attached to Plaintiff's Complaint [D.E. #1] as

Exhibit "N").

80.    Attached hereto as Exhibit 76 is a true and correct copy of the Answer and Cross

Claim of the Collins Trustee in the Collins Action, Case No. 14-cv-03713-WHO [Doc. #16]

(Bates Stamped JUDD 069894- JUDD 0669905).

81.    Attached hereto as Exhibit 77 is a true and correct copy of the Collins Court's

September 21, 2015 Order the Collins Action, Case No. 14-cv-03713-WHO [ Doc.#50] (Bates

Stamped JUDD 070770- JUDD 070780, attached to Plaintiff's Complaint as Exhibit "O").

82.    Attached hereto as Exhibit 78 is a true and correct copy of the Collins Court's

December 22, 2015 Order the Collins Action, Case No. 14-cv-03713-WHO [ Doc.#70] (Bates

Stamped JUDD 071529-071539).

-11-

83.     Attached hereto as Exhibit 79 is a true and correct copy of the December 22, 2015 Order in the Acker Action granting the Trust's Motion for Summary Judgment, Case No. 14-cv-04651-WHO [Doc. #95] (Bates Stamped JUDD 069819- JUDD 069829).

84.     Attached hereto as Exhibit 80 is  a true and correct copy of Houchin's March 30, 2010 letter (attached as Exhibit "P" to Plaintiff's Complaint [D.E. #1]).

85.     Attached hereto as Exhibit 81 is a true and correct copy of the April 23, 2010 letter from Houchins to Windsor re Coppock (attached as Exhibit "P" to Plaintiff's Complaint).

86.     Attached hereto as Exhibit 82 is a true and correct copy of the November 4, 2014 Coppock Trustee Letter (attached to Plaintiff's Complaint [D.E. #1]as Exhibit "Q").

87.     Attached hereto as Exhibit 83 is  a true and correct copy of the November 12, 2014 Stamatov Trustee letter (attached to Plaintiff's Complaint [D.E. #1] as Exhibit "R").

88.     Attached hereto as Exhibit 84 is  a true and correct copy of the March 16, 2010 proposal to the Garcia Trustee, counter-executed by Garcia and the Garcia Trustee on March 31, 2010 (Bates Stamped PLAINTIFF 028710-PLAINTIFF 028713).

89.     Attached hereto as Exhibit 85 is a true and correct copy of the Phoenix Life Insurance Company's Assignment of Life Insurance Policy as Collateral executed buy the Stamatov Trustee (Bates Stamped PLAINTIFF 003263 CONFIDENTIAL, PLAINTIFF 003304 CONFIDENTIAL).

90.     Attached hereto as Exhibit 86 is a true and correct copy of the Phoenix Life Insurance Company's Designation of Owner form executed by the Stamatov Trustee (Bates Stamped JUDD 072260- JUDD 072265).

91.     Attached hereto as Exhibit 87 is a true and correct copy of the Pacific Life Insurance Company's Ownership Name or Beneficiary Change Request form executed by the Coppock Trustee (Bates Stamped PLAINTIFF 001268-PLAINTIFF 001270 CONFIDENTIAL).

92.     Attached hereto as Exhibit 88 is a true and correct copy of the Pacific Life's Ownership, Name or Beneficiary Change Request form executed by the Bitter Trustee (Bates Stamped AF 0000490-AF0000492, AF 0000511 CONFIDENTIAL).

93.     Attached hereto as Exhibit 89 is a true and correct copy of the Pacific Life Insurance Company Title Change Confirmation for the Coppock Policy (Bates Stamped PLAINTIFF 001418 CONFIDENTIAL).

94.     Attached hereto as Exhibit 90 is a true and correct copy of  Pacific Life Insurance Company Title Change Confirmation for the Collins Policy (Bates Stamped AF0022150 CONFIDENTIAL).

95.     Attached hereto as Exhibit 91 is a true and correct copy of the May 11, 2010 Pacific Life Insurance Company's Ownership Name or Beneficiary Change Request form executed by the Collins Trustee (Bates Stamped AF0022151–AF0022155 CONFIDENTIAL).

96.     Attached hereto as Exhibit 92 is a true and correct copy of the Pacific Life Insurance Confirmation of Title Change for the Bitter Policy (Bates Stamped AF 0000512 CONFIDENTIAL).

97.     Attached hereto as Exhibit 93 is a true and correct copy of the August 26, 2010 Beneficiary Change Request Form executed by the Collics Trustee (Bates Stamped JUDD 070169-JUDD 070173).

98.     Attached hereto as Exhibit 94 is a true and correct copy of the September 1, 2010, Pacific Life Title Change Confirmation for the Collins Policy (Bates Stamped PLAINTIFF 002904 CONFIDENTIAL).

99.     Attached hereto as Exhibit 95 is a true and correct copy of the 2011 Statement of Values from the Phoenix Life Insurance Company for the Stamatov Policy (Bates Stamped JUDD 072270).

100.     Attached hereto as Exhibit 96 is a true and correct copy of the Complaint for Declaratory Relief in the case of Windsor Securities, LLC v. The Jane Ann Stamatov Family Trust, United States District Court for the Northern District of California, Case No. 3:15-cv-00080-JST, Complaint (without Exhibits) [Doc. #1] (Bates Stamped JUDD 072065- JUDD 072073) .

101.     Attached hereto as Exhibit 97 is a true and correct copy of the Complaint for Declaratory Relief in the case of Windsor Securities, LLC v. The Robert S. Coppock Irrevocable Life Insurance Trust, United States District Court for the Northern District of California, Case3:15-cv-00075 (the Coppock Action"), [Doc. #1] (without attached Exhibits) (Bates Stamped JUDD 071663-JUDD 071673).

102.     Attached hereto as Exhibit 98 is a true and correct copy of the John Hancock Interpleader Complaint in the Acker Action, Case No. 14-cv-04651-WHO (Bates Stamped PLAINTIFF 068274-PLAINTIFF 068325).

103.     Attached hereto as Exhibit 99 is a true and correct copy of Windsor's Motion for Summary Judgment or, in the alternative, Partial Summary Judgment in the Acker Action, Case No. 14-cv-04651-WHO [Doc. #30 and 30-1] (Bates Stamped JUDD 068092-JUDD 068135).

-14-

104.    Attach hereto as Exhibit 100 is Windsor's Motion for Summary Judgment in the Collins Action, Case No. 14-cv-03713-WHO [Doc. #31, and #31-1] (without attached ~~Declarations and Exhibits) (Bates Stamped JUDD 070003-JUDD 070025).~~

105.    Attached hereto as Exhibit 101 is a true and correct copy of the Pacific Life ~~Interpleader Complaint in the Collins Action (Bates Stamped PLAINTIFF 068339- PLAINTIFF~~ 068350).

106.    Attached hereto as Exhibit 102 is a true and correct copy of the Acker Trust's Response to Windsor's Motion for Summary Judgment or, in the alternative, Partial Summary Judgment in the Acker Action, Case No. 14-cv-04651-WHO [Doc. #37] (without attached Declarations and Exhibits) (Bates Stamped JUDD 068473-JUDD 068501).

107.    Attached hereto as Exhibit 103 is a true and correct copy of the Coppock Trust and Trustee Answer to Complaint for Declaratory Relief in the Coppock Action, Case3:15-cv-00075 [Doc. #16] (Bates Stamped JUDD 071868-JUDD 071881) .

108.    Attached hereto as Exhibit 104 is a true and correct copy of the Stamatov Trust and Trustee Answer to Complaint for Declaratory Relief in the Stamatov Action, Case 3:15-cv-00080 [Doc. #16] (Bates Stamped JUDD 072286-JUDD 072298).

109.    Attached hereto as Exhibit 105 is a true and correct copy of the Stamatov Action January 14, 2016 Order of Dismissal, Case 3:15-cv-00080 [Doc. #35](Bates Stamped JUDD 072404).

110.    Attached hereto as Exhibit 106 is a true and correct copy of the Coppock Action January 14, 2016 Order of Dismissal, Case 3:15-cv-00075 [Doc. #37](Bates Stamped JUDD 072047).

111.    Attached hereto as Exhibit 107 is a true and correct copy of John Hancock's Absolute/Gift Assignment Form executed by the Acker Trustee on February 19, 2010  (Bates Stamped PLAINTIFF 000034 CONFIDENTIAL).

112.    Attached hereto as Exhibit 108 is a true and correct copy of John Hancock's Absolute/Gift Assignment Form  executed by the Acker Trustee on March 18, 2010 (Bate Stamped PLAINTIFF 000028 -PLAINTIFF 000029 CONFIDENTIAL).

113.    Attached hereto as Exhibit 109 is a true and correct copy of Barnes' Opening Brief in the Bitter AAA Arbitration (Bates Stamped AF 0000616 CONFIDENTIAL).

114.    Attached hereto as Exhibit 110 is a true and correct copy of the Bitter Death Certificate (Bates Stamped AF 0007156 CONFIDENTIAL).

115.    Attached hereto as Exhibit 111 is a true and correct copy of the Death Certificate for Joe Edwin Acker (Bates Stamped PLAINTIFF 000059 CONFIDENTIAL).

116.    Attached hereto as Exhibit 112 is a true and correct copy of the Death Certificate for Erwin Atchley Collins (Exhibit 55 CONFIDENTIAL).

117.    Attached hereto as Exhibit 113 is a true and correct copy of  Bitter Settlement Agreement (Bates Stamped PLAINTIFF 018943- PLAINTIFF 018954 CONFIDENTIAL) .

118.    Attached hereto as Exhibit 114 is a true and correct copy of Acker Settlement Agreement (Bates Stamped PLAINTIFF 019007-PLAINTIFF 019018 CONFIDENTIAL).

119.    Attach hereto as Exhibit 115 is a true and correct copy of Collins Settlement Agreement (Bates Stamped PLAINTIFF018984 -PLAINTIFF 18994 CONFIDENTIAL).

120.    Attach hereto as Exhibit 116 is a true and correct copy of Coppock Settlement Agreement (Bates Stamped PLAINTIFF 019019- PLAINTIFF 019071 CONFIDENTIAL).

121.    Attach hereto as Exhibit 117 is a true and correct copy of Stamatov Settlement Agreement (Bates Stamped PLAINTIFF 018995- PLAINTIFF 019006 CONFIDENTIAL).

122.    Attached hereto as Exhibit 118 is a true and correct copy of the May 20, 2010 Letter From John Hancock to Windsor (Bates Stamped PLAINTIFF 000027 CONFIDENTIAL).

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury that the foregoing is true and correct.

Executed on this 9th day of August, 2018.

_Samantha Millrood_ (signature)

Samantha Millrood, Esquire