# EXHIBIT "15"

HENNEFER FINLEY & WOOD, LLP
JOSEPH WOOD [Calif. SBN 103596]
275 Battery Street, Suite 200
San Francisco, California 94111
Telephone:  (415) 421-6100
Facsimile:  (415) 421-1815
E-Mail:  jwood@hennefer-wood.com; jhcwlaw@yahoo.com

Attorneys for Defendant and Cross-Claimant, Maria Ana Gordillo
as Trustee of the Erwin A. Collins Family Insurance Trust - 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFIC LIFE INSURANCE COMPANY, | Civil Action No. 3:14-cv-03713-WHO |
| Plaintiff, | |
| vs. | |
| MARIA ANA GORDILLO AS TRUSTEE OF THE ERWIN A. COLLINS FAMILY INSURANCE TRUST - 2008; and WINDSOR SECURITIES, LLC, | |
| Defendants. | |
| AND RELATED CROSS-ACTION. | |

**DECLARATION OF JOSEPH WOOD IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
FOR PARTIAL SUMMARY JUDGMENT**

Date:  December 2, 2015
Time:  2:00 p.m.
Courtroom 2, 17th Floor
Hon. William H. Orrick

DECLARATION OF JOSEPH WOOD IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR
PARTIAL SUMMARY JUDGMENT
*Pacific Life Insurance Company v. Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 et al.,
and Related Cross-Action*
Civil Action No. 3:14-cv-03713-WHO

JUDD 070840

1    Joseph Wood declares:

2    1.    I am the attorney for Maria Ana Gordillo as Trustee of the Erwin A. Collins Family

3    Insurance Trust - 2008, defendant and cross-claimant in the above-named action [the "Trust"].

4    The facts set forth below are within my personal knowledge and if called as a witness I would

5    testify competently to those facts.

6    2.    On or about May 6, 2015, I served the Trust's Request For Production Of

7    Documents [the "Doc. Req."] herein on Windsor Securities, LLC, defendant and cross-defendant

8    herein ["Windsor"]. A true copy of the Doc. Req. is attached as Exhibit A to this declaration.

9    3.    The Doc. Req. included, among other things, requests for all documents or other

10   tangible things that comprised, referred to, or in any way evidenced:

11        (a)    any communication between Windsor and Maria Ana Gordillo or any agent

12   of Maria Ana Gordillo (Doc. Req., 1:9-19);

13        (b)    any communication between Windsor and the Trust or any agent of the

14   Trust (Doc. Req., 1:20-2:2);

15        (c)    any communication between Windsor and Erwin A. Collins (the insured

16   under the policy owned by the Trust) or any agent of Erwin A. Collins (Doc. Req., 2:3-12);

17        (d)    any communication between Windsor and Ann H. Collins (the beneficiary

18   of the Trust) or any agent of Ann H. Collins (Doc. Req., 2:13-22);

19        (e)    any communication between Windsor and Eugene Houchins III or any

20   agent of Eugene Houchins III (Doc. Req., 2:23-3:5);

21        (f)    any agreement, whether oral or written, between Windsor and Maria Ana

22   Gordillo or any agent of Maria Ana Gordillo (Doc. Req., 3:16-25);

23        (g)    any agreement, whether oral or written, between Windsor and the Trust or

24   any agent of the Trust (Doc. Req., 3:26-4:8);

25        (h)    any agreement, whether oral or written, between Windsor and Erwin A.

26   Collins (the insured under the policy owned by the Trust) or any agent of Erwin A. Collins (Doc.

27   Req., 4:9-17);

28
DECLARATION OF JOSEPH WOOD IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR
PARTIAL SUMMARY JUDGMENT
*Pacific Life Insurance Company v. Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 et al.,
and Related Cross-Action*
Civil Action No. 3:14-cv-03713-WHO                                                                    1
JUDD  070841

1           (i)     any agreement, whether oral or written, between Windsor and Ann H.

2 Collins (the beneficiary of the Trust) or any agent of Ann H. Collins (Doc. Req., 4:18-26);

3           (j)     any agreement, whether oral or written, between Windsor and Eugene

4 Houchins III or any agent of Eugene Houchins III (Doc. Req., 4:27-5:9).

5      4.     In response to the Doc. Request, Windsor served on me, in electronic form,

6 documents comprising a total of 5075 pages [the "Windsor Doc. Prod."]. The first 472 pages of

7 the Windsor Doc. Prod. production bore Bates numbers Collins WS 1 through Collins WS 472,

8 respectively. Pages 473 through 829 bore no Bates numbers. Pages 830 through 1298 bore

9 (somewhat inexplicably) Bates numbers Windsor-Acker 612 through Windsor-Acker 1080,

10 respectively. The remaining 3777 pages bore no Bates numbers.

11      5.     Windsor has made no supplemental production of documents pursuant to Federal

12 Rules of Civil Procedure, Rule 26(e).

13      6.     I have physically reviewed every page of the Windsor Doc. Prod., and have also

14 performed on the Windsor Doc. Prod. an electronic search whereby I located, and examined the

15 context of, every occurrence of the term "loan," every occurrence of the term "satisfaction," and

16 every occurrence of the term "forgive" therein. That review and that search revealed:

17           (a)     no document in which Windsor at any time offered to forgive Windsor's

18 loan to the Trust in return for the Trust's agreement to waive, abandon, or assign: (i) the right of

19 the Trust, pursuant to the Financing Agreement, to receive any proceeds of a public or private sale

20 of the Policy remaining after Windsor had been paid what it was owed on the loan (*viz.*, premium

21 payments, interest, and reasonable expenses connected with the sale); and/or (ii) the right of the

22 Trust, pursuant to the Financing Agreement, to receive any proceeds of the death benefit

23 remaining after Windsor had been paid what it was owed on the loan (*viz.*, premium payments,

24 interest, and reasonable expenses connected with collecting the death benefit);

25           (b)     no document in which the Trust, at any time, offered to waive, abandon, or

26 assign: (i) the right of the Trust, pursuant to the Financing Agreement, to receive any proceeds of

27 a public or private sale of the Policy remaining after Windsor had been paid what it was owed on

28

DECLARATION OF JOSEPH WOOD IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT
*Pacific Life Insurance Company v. Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 et al., and Related Cross-Action*
Civil Action No. 3:14-cv-03713-WHO         2

1  the loan (*viz.*, premium payments, interest, and reasonable expenses connected with the sale);

2  and/or (ii) the right of the Trust, pursuant to the Financing Agreement, to receive any proceeds of

3  the death benefit remaining after Windsor had been paid what it was owed on the loan (*viz.*,

4  premium payments, interest, and reasonable expenses connected with collecting the death

5  benefit), in return for an agreement by Windsor to forgive the loan.

6             (c)      no document comprising an agreement under which the Trust would waive,

7  abandon, or assign: (i) the right of the Trust, pursuant to the Financing Agreement, to receive any

8  proceeds of a public or private sale of the Policy remaining after Windsor had been paid what it

9  was owed on the loan (*viz.*, premium payments, interest, and reasonable expenses connected with

10  the sale); and/or (ii) the right of the Trust, pursuant to the Financing Agreement, to receive any

11  proceeds of the death benefit remaining after Windsor had been paid what it was owed on the loan

12  (*viz.*, premium payments, interest, and reasonable expenses connected with collecting the death

13  benefit), in return for Windsor's forgiveness of the loan.

14         7.     The Windsor Doc. Prod. does contain a letter sent by Windsor to the Trust in June,

15  2014 - four years after the Trust's default on the loan and following Windsor's receipt of an

16  unfavorable ruling from the arbitrators in the *Barnes* case - claiming that the Trust's execution of

17  assignment documents in 2010 "was in exchange for Windsor's agreement that the assignment of

18  the policy would constitute a complete satisfaction and discharge of the loan that Windsor had

19  made to enable you to purchase the policy." The trust responded with a letter denying that claim.

20  (Declaration Of Maria Ana Gordillo In Opposition To Motion For Summary Judgment, Court

21  Doc. No. 40, p. 7 of 160 [internal pagination 6:7-25]; Exhibit E thereto, p. 153 of 160, Bates No.

22  GORDILLO 0275; Exhibit F thereto, pp. 155-156 of 160, Bates Nos. GORDILLO 0276 -

23  GORDILLO 0277.) Windsor's letter and the Trust's response thereto have already been

24  considered by the Court. (*Id.*)

25         8.     The Windsor Doc. Prod. also contains an e-mail sent by Windsor to Eugene

26  Houchins III in July, 2014 - again, four years after the Trust's default on the loan and following

27  Windsor's receipt of an unfavorable ruling from the arbitrators in the *Barnes* case - claiming that

28

"when the trusts of Acker, Collins, Coppock and Stamatov surrendered the life insurance policies in satisfaction of the premium finance loans made by Windsor, Windsor agreed to release the trusts from the loans with no further financial obligation among the parties . . ." (Declaration Of Eugene Houchins III Submitted In Support Of Motion For Summary Judgment Or, In The Alternative, For Partial Summary Judgment ["Houchins Decl."], filed herewith, 3:16-26, and Exhibit A thereto.) Houchins responded with an e-mail denying that claim, as follows:

> One thing about your e-mail - I don't think it's correct that "Acker, Collins, Coppock, and Stamatov surrendered the life insurance policies in satisfaction of the premium finance loans made by Windsor" or that "Windsor agreed to release the trusts from the loans with no further financial obligations among the parties." My recollection is that the trusts communicated that they weren't willing to pay back the loans, that Windsor took that as a default and demanded signed COO's, and that the trusts complied with that demand. I advised them to comply, just like I did with Barnes, because I thought it was required under the security agreement. I don't remember any discussion about "surrender" or "release." I've reviewed the correspondence and it seems to confirm my recollection. Maybe I'm missing something.

(Houchins Decl., 3:27-4:14, and Exhibit A thereto.)

9.     I obtained from Eugene Houchins III what he then represented to be, and which he has now declared under oath to have been, all documents then in his possession or control that comprised or referred to any communication between him and Windsor or any agent of Windsor. I produced all of those documents - comprising more than 120 pages - to Windsor. (Houchins Decl., 4:15-20.) I physically reviewed each of those documents. That review revealed:

(a)     no document in which Windsor at any time offered to forgive Windsor's loan to the Trust in return for the Trust's agreement to waive, abandon, or assign: (i) the right of the Trust, pursuant to the Financing Agreement, to receive any proceeds of a public or private sale of the Policy remaining after Windsor had been paid what it was owed on the loan (*viz.*, premium

DECLARATION OF JOSEPH WOOD IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT
*Pacific Life Insurance Company v. Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 et al., and Related Cross-Action*
Civil Action No. 3:14-cv-03713-WHO

JUDD  070844                                                                                                        4

1  payments, interest, and reasonable expenses connected with the sale); and/or (ii) the right of the

2  Trust, pursuant to the Financing Agreement, to receive any proceeds of the death benefit

3  remaining after Windsor had been paid what it was owed on the loan (*viz.*, premium payments,

4  interest, and reasonable expenses connected with collecting the death benefit);

5          (b)    no document in which the Trust, at any time, offered to waive, abandon, or

6  assign: (i) the right of the Trust, pursuant to the Financing Agreement, to receive any proceeds of

7  a public or private sale of the Policy remaining after Windsor had been paid what it was owed on

8  the loan (*viz.*, premium payments, interest, and reasonable expenses connected with the sale);

9  and/or (ii) the right of the Trust, pursuant to the Financing Agreement, to receive any proceeds of

10  the death benefit remaining after Windsor had been paid what it was owed on the loan (*viz.*,

11  premium payments, interest, and reasonable expenses connected with collecting the death

12  benefit), in return for an agreement by Windsor to forgive the loan; and

13          (c)    no document comprising an agreement under which the Trust would waive,

14  abandon, or assign: (i) the right of the Trust, pursuant to the Financing Agreement, to receive any

15  proceeds of a public or private sale of the Policy remaining after Windsor had been paid what it

16  was owed on the loan (*viz.*, premium payments, interest, and reasonable expenses connected with

17  the sale); and/or (ii) the right of the Trust, pursuant to the Financing Agreement, to receive any

18  proceeds of the death benefit remaining after Windsor had been paid what it was owed on the loan

19  (*viz.*, premium payments, interest, and reasonable expenses connected with collecting the death

20  benefit), in return for Windsor's forgiveness of the loan.

21      10.    On October 2, 2015, pursuant to the order of the Court, I sent an e-mail to Darin

22  Judd, attorney for Windsor, seeking to meet and confer as to (a) the principal amount, and interest

23  due, in connection with Windsor's loan to the Trust and (b) the categories of costs of collection to

24  which Windsor claimed entitlement, along with the total amounts claimed for each category.

25  Windsor responded to that e-mail on October 16, 2015 as follows:

26          (a)    Loan principal plus interest:

27          $632,419.96

28

    (b)    Categories of costs of collection to which Windsor claims entitlement:

- Legal fees incurred for filing responsive pleadings and motion for partial summary judgment.
- Expert fees incurred for K. Canoff in support of motion for partial summary judgment.
- Legal fees incurred for written discovery.
- Legal fees incurred for depositions of trustee/putative trustee.
- Legal fees incurred for resolution of trustee issue.

    (c)    Amounts claimed for each category:

Not provided.

A true copy of that e-mail string is attached as Exhibit B to this declaration.

11.    The Trust accepts the accuracy of Windsor's calculation of loan principal plus interest. The Trust does not accept that Windsor is entitled to recover, as costs of collection, all costs allegedly incurred under the categories set forth above.

12.    I represented Gregory Barnes in *Gregory Barnes as Trustee of the John L. Bitter Irrevocable Trust*, U.S.D.C., N.D. Cal. No. 3:13-cv-01878-WHO, AAA Case No. 74-148-000296-13-S1M. In that capacity, I attended the arbitration hearing therein. Testimony was provided at that hearing on January 15, 2014 by Eugene Houchins III. A true copy of a portion of the transcript of that testimony is attached as Exhibit C to this declaration.

I declare under penalty of perjury under the laws of the United States that, to the best of my present knowledge and belief, the foregoing is true.

DATED:    October 27, 2015

/s/ Joseph Wood
Joseph Wood

DECLARATION OF JOSEPH WOOD IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT
*Pacific Life Insurance Company v. Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 et al., and Related Cross-Action*
Civil Action No. 3:14-cv-03713-WHO

6

JUDD 070846

# EXHIBIT A

JUDD 070847

HENNEFER FINLEY & WOOD, LLP
JOSEPH WOOD   [Calif. SBN 103596]
275 Battery Street, Suite 200
San Francisco, California  94111
Telephone:      (415) 421-6100
Facsimile:      (415) 421-1815

Attorneys for Defendant and Cross-Claimant, Maria Ana Gordillo
as Trustee of the Erwin A. Collins Family Insurance Trust – 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PACIFIC LIFE INSURANCE COMPANY,                          Civil Action No. 3:14-cv-03713-WHO

      Plaintiff,

vs.

MARIA ANA GORDILLO AS TRUSTEE
OF THE ERWIN A. COLLINS FAMILY
INSURANCE TRUST - 2008; and
WINDSOR SECURITIES, LLC,

      Defendants.
_____/

AND RELATED CROSS-ACTION.
_____/

## REQUEST FOR PRODUCTION OF DOCUMENTS

JUDD  070848

1   Defendant and cross-claimant, Maria Ana Gordillo as Trustee of the Erwin A. Collins

2   Family Insurance Trust - 2008, hereby requests, pursuant to Federal Rules of Civil Procedure,

3   Rule 34, that defendant and cross-defendant, Windsor Securities, LLC, produce, for inspection

4   and copying by defendant and cross-claimant Maria Ana Gordillo as Trustee of the Erwin A.

5   Collins Family Insurance Trust - 2008, the following documents or other tangible things within

6   the possession or control of defendant and cross-defendant, Windsor Securities, LLC. The

7   production is to be made at 10:00 a.m. on June 5, 2015, at the offices of Hennefer Finley &

8   Wood, LLP, 275 Battery Street, Suite 200, San Francisco, California 94111.

9   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

10   All documents or other tangible things, including, but not limited to, drafts, contracts,

11   letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration

12   decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records,

13   deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records,

14   checks, and voicemail messages, whether in written or electronic form, that comprise, refer to,

15   reflect, or in any way evidence any communication, whether oral or written, at any time, between

16   defendant and cross-defendant, Windsor Securities, LLC (hereafter referred to as "WINDSOR"),

17   or any partner, principal, member, officer, employee, attorney or agent of WINDSOR, on the one

18   hand, and Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008

19   (hereafter referred to as "GORDILLO"), or any attorney or agent of GORDILLO on the other.

20   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

21   All documents or other tangible things, including, but not limited to, drafts, contracts,

22   letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration

23   decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records,

24   deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records,

25   checks, and voicemail messages, whether in written or electronic form, that comprise, refer to,

26   reflect, or in any way evidence any communication, whether oral or written, at any time, between

27   WINDSOR, or any partner, principal, member, officer, employee, attorney, or agent of

28

REQUEST FOR PRODUCTION OF DOCUMENTS
*Pacific Life Insurance Company v. Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 , et al., and Related Cross-Claim*
Civil Action No. 3:14-cv-03713-WHO                                    1

JUDD 070849

1   WINDSOR, on the one hand, and the Erwin A. Collins Family Insurance Trust - 2008 (hereafter

2   referred to as the "TRUST"), or any attorney or agent of the TRUST, on the other.

3   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

4       All documents or other tangible things, including, but not limited to, letters, notes,

5   minutes, memoranda, e-mails, court or arbitration filings, court or arbitration decisions, court or

6   arbitration orders, court or arbitration judgments, court or arbitration records, deposition

7   transcripts, hearing transcripts, discovery requests, discovery responses, bank records, checks, and

8   voicemail messages, whether in written or electronic form, that comprise, refer to, reflect, or in

9   any way evidence any communication, whether oral or written, at any time, between WINDSOR,

10  or any partner, principal, member, officer, employee, attorney, or agent of WINDSOR, on the one

11  hand, and Erwin A. Collins (hereafter referred to as "MR. COLLINS"), or any attorney or agent of

12  MR. COLLINS, on the other.

13  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

14      All documents or other tangible things, including, but not limited to, letters, notes,

15  minutes, memoranda, e-mails, court or arbitration filings, court or arbitration decisions, court or

16  arbitration orders, court or arbitration judgments, court or arbitration records, deposition

17  transcripts, hearing transcripts, discovery requests, discovery responses, bank records, checks, and

18  voicemail messages, whether in written or electronic form, that comprise, refer to, reflect, or in

19  any way evidence any communication, whether oral or written, at any time, between WINDSOR,

20  or any partner, principal, member, officer, employee, attorney, or agent of WINDSOR, on the one

21  hand, and Ann H. Collins (hereafter referred to as "MS. COLLINS"), or any attorney or agent of

22  MS. COLLINS, on the other.

23  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

24      All documents or other tangible things, including, but not limited to, drafts, contracts,

25  letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration

26  decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records,

27  deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records,

28

JUDD 070850

1    checks, and voicemail messages, whether in written or electronic form, that comprise, refer to,

2    reflect, or in any way evidence any communication, whether oral or written, at any time, between

3    WINDSOR, or any partner, principal, member, officer, employee, attorney, or agent of

4    WINDSOR, on the one hand, and Eugene Houchins III (hereafter referred to as "HOUCHINS"),

5    or any attorney or agent of HOUCHINS, on the other.

6    **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

7         All documents or other tangible things, including, but not limited to, drafts, contracts,

8    letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration

9    decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records,

10   deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records,

11   checks, and voicemail messages, whether in written or electronic form, that comprise, refer to,

12   reflect, or in any way evidence any communication, whether oral or written, at any time, between

13   WINDSOR, or any partner, principal, member, officer, employee, attorney, or agent of

14   WINDSOR, on the one hand, and Joseph Aaron (hereafter referred to as "AARON"), or any

15   attorney or agent of AARON, on the other.

16   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

17        All documents or other tangible things, including, but not limited to, drafts, contracts,

18   letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration

19   decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records,

20   deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records,

21   checks, and voicemail messages, whether in written or electronic form, that comprise, refer to,

22   reflect, or in any way evidence any agreement, whether oral or written, at any time, between

23   WINDSOR, or any partner, principal, member, officer, employee, attorney or agent of

24   WINDSOR, on the one hand, and GORDILLO, or any attorney or agent of GORDILLO on the

25   other.

26   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

27        All documents or other tangible things, including, but not limited to, drafts, contracts,

28

JUDD 070851

1  letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration

2  decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records,

3  deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records,

4  checks, and voicemail messages, whether in written or electronic form, that comprise, refer to,

5  reflect, or in any way evidence any agreement, whether oral or written, at any time, between

6  WINDSOR, or any partner, principal, member, officer, employee, attorney, or agent of

7  WINDSOR, on the one hand, and the TRUST, or any attorney or agent of the TRUST, on the

8  other.

9  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

10  All documents or other tangible things, including, but not limited to, letters, notes,

11  minutes, memoranda, e-mails, court or arbitration filings, court or arbitration decisions, court or

12  arbitration orders, court or arbitration judgments, court or arbitration records, deposition

13  transcripts, hearing transcripts, discovery requests, discovery responses, bank records, checks, and

14  voicemail messages, whether in written or electronic form, that comprise, refer to, reflect, or in

15  any way evidence any agreement, whether oral or written, at any time, between WINDSOR, or

16  any partner, principal, member, officer, employee, attorney, or agent of WINDSOR, on the one

17  hand, and MR. COLLINS, or any attorney or agent of MR. COLLINS, on the other.

18  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

19  All documents or other tangible things, including, but not limited to, letters, notes,

20  minutes, memoranda, e-mails, court or arbitration filings, court or arbitration decisions, court or

21  arbitration orders, court or arbitration judgments, court or arbitration records, deposition

22  transcripts, hearing transcripts, discovery requests, discovery responses, bank records, checks, and

23  voicemail messages, whether in written or electronic form, that comprise, refer to, reflect, or in

24  any way evidence any agreement, whether oral or written, at any time, between WINDSOR, or

25  any partner, principal, member, officer, employee, attorney, or agent of WINDSOR, on the one

26  hand, and MS. COLLINS, or any attorney or agent of MS. COLLINS, on the other.

27  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

28

REQUEST FOR PRODUCTION OF DOCUMENTS
*Pacific Life Insurance Company v. Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 , et al., and Related Cross-Claim*
Civil Action No. 3:14-cv-03713-WHO

4

JUDD 070852

1  All documents or other tangible things, including, but not limited to, drafts, contracts,

2  letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration

3  decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records,

4  deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records,

5  checks, and voicemail messages, whether in written or electronic form, that comprise, refer to,

6  reflect, or in any way evidence any agreement, whether oral or written, at any time, between

7  WINDSOR, or any partner, principal, member, officer, employee, attorney, or agent of

8  WINDSOR, on the one hand, and HOUCHINS, or any attorney or agent of HOUCHINS, on the

9  other.

10  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

11  All documents or other tangible things, including, but not limited to, drafts, contracts,

12  letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration

13  decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records,

14  deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records,

15  checks, and voicemail messages, whether in written or electronic form, that comprise, refer to,

16  reflect, or in any way evidence any agreement, whether oral or written, at any time, between

17  WINDSOR, or any partner, principal, member, officer, employee, attorney, or agent of

18  WINDSOR, on the one hand, and AARON, or any attorney or agent of AARON, on the other.

19  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

20  All documents or other tangible things, including, but not limited to, drafts, contracts,

21  letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration

22  decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records,

23  deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records,

24  checks, and voicemail messages, whether in written or electronic form, that comprise, refer to,

25  reflect, or in any way evidence any communication, whether oral or written, at any time, between

26  WINDSOR, or any partner, principal, member, officer, employee, attorney or agent of

27  WINDSOR, on the one hand, and plaintiff, Pacific Life Insurance Company (hereafter referred to

28

REQUEST FOR PRODUCTION OF DOCUMENTS
*Pacific Life Insurance Company v. Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 , et al., and Related Cross-Claim*
Civil Action No. 3:14-cv-03713-WHO                                                     5

JUDD 070853

as "PACIFIC"), or any attorney or agent of PACIFIC, on the other, in connection with, or in any way related to, GORDILLO, the TRUST, MR. COLLINS, MS. COLLINS, and/or life insurance policy no. VF51701320 issued to the TRUST by PACIFIC.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

All documents or other tangible things, including, but not limited to, drafts, contracts, letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records, deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records, checks, and voicemail messages, whether in written or electronic form, that comprise, refer to, reflect, or in any way evidence any agreement, whether oral or written, at any time, between WINDSOR, or any partner, principal, member, officer, employee, attorney, or agent of WINDSOR, on the one hand, and PACIFIC, or any attorney or agent of PACIFIC, on the other, in connection with, or in any way related to, GORDILLO, the TRUST, MR. COLLINS, MS. COLLINS, and/or life insurance policy no. VF51701320 issued to the TRUST by PACIFIC.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

All documents or other tangible things, including, but not limited to, drafts, contracts, letters, notes, minutes, memoranda, e-mails, court or arbitration filings, court or arbitration decisions, court or arbitration orders, court or arbitration judgments, court or arbitration records, deposition transcripts, hearing transcripts, discovery requests, discovery responses, bank records, checks, and voicemail messages, whether in written or electronic form, that comprise, refer to, reflect, or in any way evidence any payment of monies, at any time, by WINDSOR, or any partner, principal, member, officer, employee, attorney, or agent of WINDSOR, on the one hand, to PACIFIC, or any attorney or agent of PACIFIC, on the other, in connection with, or in any way related to, GORDILLO, the TRUST, MR. COLLINS, MS. COLLINS, and/or life insurance policy no. VF51701320 issued to the TRUST by PACIFIC.

REQUEST FOR PRODUCTION OF DOCUMENTS
*Pacific Life Insurance Company v. Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 , et al, and Related Cross-Claim*
Civil Action No. 3:14-cv-03713-WHO

6

JUDD 070854

1  DATED:       May 6, 2015                    HENNEFER FINLEY & WOOD, LLP

2

3                                              S/
                                               _____
                                               Joseph Wood

4                                              Attorneys for Defendant and Cross-Claimant,
                                               Maria Ana Gordillo as Trustee of the Erwin
5                                              A. Collins Family Insurance Trust - 2008

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR PRODUCTION OF DOCUMENTS
*Pacific Life Insurance Company v. Maria Ana Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 , et al., and Related Cross-Claim*
Civil Action No. 3:14-cv-03713-WHO                                                                7

JUDD  070855

<u>PROOF OF SERVICE</u>

Joseph Wood declares:

    1.    I am over the age of twenty-one and am not a party to the above-named action. My business address is 275 Battery Street, Suite 200, San Francisco, California 94111.

    2.    On May 6, 2015, in San Francisco, California, I served the attached

REQUESTS FOR PRODUCTION OF DOCUMENTS

on the parties to this action.

    3.    Service was made by causing a true copy of that document to be delivered by hand to:

> Darin T. Judd
> Thompson Welch
> 3950 Civic Center Drive, Suite 300
> San Rafael, CA 94903

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true.

DATED:    May 6, 2015

                      _____
                                Joseph Wood

REQUEST FOR PRODUCTION OF DOCUMENTS
*Pacific Life Insurance Company v. Marla Ann Gordillo as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 , et al., and Related Cross-Claim*
Civil Action No. 3:14-cv-03713-WHO

8

JUDD 070856

# EXHIBIT B

JUDD 070857

**Subject:** RE: Meet and confer

**From:** Darin T. Judd (Darin@twsglaw.com)

**To:** jhcwlaw@yahoo.com;

**Date:** Friday, October 16, 2015 1:26 PM

Dear Joe,

Here is what I show in the Premium and Interest Calculations for Collins & Acker:

**Collins:** Loan & Premiums Total Paid **$423,566.45**        Accrued Interest (10%) through 10/7/2015
**$208,853.51       TOTAL: $632,419.96**

**Acker:** Loan & Premiums Total Paid **$436,869.15**        Accrued Interest (10%) through 10/7/2015
**$215,267.21       TOTAL: $652,136.36**

I am attaching separate spreadsheets that show the dates and amounts of payments for each case. The Categories of costs of collection that we anticipate claiming are as follows:

1. Legal Fees incurred for Filing Responsive Pleadings and the Motion for Partial Summary Judgment
2. Expert Fees incurred for K. Canoff in support of Motion for Partial Summary Judgment
3. Legal Fees incurred for written discovery
4. Legal Fees incurred for depositions of Trustee/Putative Trustee
5. Legal Fees incurred for resolution of Trustee issue in Acker

Once we have the categories determined I will get the attorney fees incurred complied. I will also need the amount of fees incurred by Lauren on these categories.

Please let me know,

Darin

**From:** Joseph Wood [mailto:jhcwlaw@yahoo.com]
**Sent:** Friday, October 16, 2015 10:16 AM
**To:** Darin T. Judd
**Subject:** Fw: Meet and confer


Dear Darin:


Please respond to the attached e-mail. As you know, the court ordered this issue to be addressed in the upcoming motion for summary judgment, which I obviously cannot do if you do not respond.


Thank you.


Joe Wood


------ Forwarded Message -----
**From:** Joseph Wood <jhcwlaw@yahoo.com>
**To:** Darin T. Judd <darin@twsglaw.com>
**Sent:** Friday, October 2, 2015 3:11 PM
**Subject:** Meet and confer


Darin:

Please send me your calculation of premiums paid and interest due for Collins and Acker so I can check it against our records.

Please also let me know the categories of costs of collection to which Windsor claims entitlement as well as the totals for each category.

Thank you.

JW

---

## Attachments

# EXHIBIT C

JUDD  070860



JANE ROSE REPORTING

800-825-3341

74 FIFTH AVENUE NYC 10011
JANE ROSE REPORTING.COM
JANE ROSE @ JANE ROSE REPORTING.COM

*American Arbitration Association*

# Gregory P. Barnes Jr.
# v.
# Windsor Securities

*Proceedings of:*
**Hearing Day 3**
**January 15, 2014**

JUDD   070861

American Arbitration Association ·
Barnes v. Windsor Securities

FINAL - January 15, 2014
Hearing Day 3

Page 407

AMERICAN ARBITRATION ASSOCIATION
------------------------------------------------

GREGORY P. BARNES JR. TRUSTEE
OF JOHN L. BITTER IRREVOCABLE
LIFE INSURANCE TRUST,

               Claimant,

v.

WINDSOR SECURITIES LLC,

               Respondent.

No. 74-148-00296-13-SIM
------------------------------------------------

PROCEEDINGS OF
Hearing Day 3
January 15, 2014
San Francisco, California

BEFORE
Eugene Lynch
Paul A. Renne
Richard A. Brown

FINAL COPY  [Pages 407 through 683]
JANE ROSE REPORTING 1-800-825-3341

JUDD 070862

American Arbitration Association
Barnes v. Windsor Securities

FINAL – January 15, 2014
Hearing Day 3

Page 408

January 15, 2014
9:00 a.m.


PROCEEDINGS HAD ON JANUARY 15, 2014, held at
American Arbitration Association, One Sansome
Street, 11th Floor, San Francisco, California,
pursuant to Subpoena before Linda Vaccarezza,
a Certified Shorthand Reporter of the State
of California.

JANE ROSE REPORTING
1-800-825-3341

National Court-Reporting Coverage
janerosereporting.com

JUDD 070863

American Arbitration Association
Barnes v. Windsor Securities

FINAL - January 15, 2014
Hearing Day 3

Page 409

A P P E A R A N C E S:

Attorneys for Respondent
ARENT FOX, LLP
1675 Broadway
New York, New York 10019
BY: Julius Rousseau, Esquire
    Michael Cryan, Esquire

Attorneys for Claimant
HENNEFER FINLEY & WOOD, LLP
425 California Street, 19th Floor
San Francisco, California 94104
BY: Joseph Wood, Esquire

ALSO PRESENT
Darren Cadiz, Arent Fox
Gregory Barnes

JANE ROSE REPORTING
74 Fifth Avenue
New York, New York  10011
1-800-825-3341
Linda Vaccarezza, RPR, CLR, CRP, CSR. NO. 10201

JUDD 070864

American Arbitration Association
Barnes v. Windsor Securities

FINAL - January 15, 2014
Hearing Day 3

```
                                              Page 614
 1   on the Pawlik loan, right?  If you look below, the
 2   rest of the e-mail is about getting the Pawlik loan
 3   paid off.
 4        A.    Okay.
 5        Q.    Then you go on to conclude your e-mail by
 6   saying, "It is almost time to sign over the other
 7   policies."  What did you mean in March when you said
 8   that?
 9        A.    Where are we now, on the second e-mail?
10        Q.    The last sentence of your first -- final
11   e-mail.  It's highlighted on the copy.
12        A.    Okay.  So we're still on the first page.
13   Okay, sorry, I was on the second page.
14              That simply meant that the loans were coming
15   due.
16        Q.    So what does it mean to sign over the other
17   policies?
18        A.    Well, there was at least one or two other
19   policies that we were going to sign over, whatever
20   that meant.  It definitely didn't mean the Bitter
21   case.
22        Q.    Well, whatever it meant, you're the one who
23   wrote it.  What did it mean to sign over the other
24   policies?
25        A.    It meant that there was a couple other
```

JANE ROSE REPORTING
1-800-825-3341

National Court-Reporting Coverage
janerosereporting.com

American Arbitration Association
Barnes v. Windsor Securities

FINAL - January 15, 2014
Hearing Day 3

Page 615

1    policies that were coming due, the loan was, and it

2    was time to relinquish those policies.

3         Q.    That would be Acker, Kopek, Collins and

4    Stanislaus?

5         A.    Right.

6         Q.    But not Bitter?

7         A.    No, absolutely not Bitter.

8         Q.    Why not Bitter in March?

9              ARBITRATOR BROWN:   Can you just clarify, what

10   do you mean by "relinquish the policy"?

11             THE WITNESS:   Well, they had a decision to

12   make.   They had a decision whether they're going to

13   pay back the loan, which they indicated to me they

14   weren't interested in, or they were going to give the

15   policy back and do a mutual release as is a default

16   sale agreement, or they were going to let it go in

17   default.   None of these policies went in default.

18   There was no default notice sent or anything, so.

19   BY MR. ROUSSEAU:

20        Q.    Well, but there's also no requirement for

21   default notice, right?

22        A.    What?

23        Q.    There's no requirement for default notice,

24   right?   You've been through this.   This witness hasn't

25   been asked, didn't you realize that on these dozens of

JUDD 070866

1        PROOF OF SERVICE

2        Joseph Wood declares:

3        1.      I am over twenty-one years of age and am not a party to the above-named action.

4   My business address is 275 Battery Street, Suite 200, San Francisco, CA 94111.

5        2.      On October 27, 2015, in San Francisco, California, I served the attached

6                DECLARATION OF JOSEPH WOOD IN SUPPORT OF
                 MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
7                FOR PARTIAL SUMMARY JUDGMENT

8        3.      Service was made by electronically filing that document with the Court to be

9   served by operation of the Court's electronic filing and notice system.

10       I declare under penalty of perjury under the laws of the United States that the foregoing is

11  true.

12  DATED:      October 27, 2015

13                              /s/   Joseph Wood
                                      Joseph Wood
14

JUDD 070867