# EXHIBIT "39"

HERRICK DRAFT 08-12-09

## POLICY RELINQUISHMENT AND LOAN SATISFACTION AGREEMENT

This **POLICY RELINQUISHMENT AND LOAN SATISFACTION AGREEMENT** (this "Agreement") is made and entered into as of [_____, 2009] (the "Effective Date"), by and among **WINDSOR SECURITIES LLC**, a Nevada LLC (the "Lender"); [_____], in [his or her] capacity as trustee of **[INSURED] TRUST**, a trust formed and existing under the laws of the State of _____ (the "Borrower"); _____, the beneficiary of all interests in the Borrower (the "Beneficiary") and **[INSURED]**, a resident of the State of _____ and the grantor of the Borrower (the "Insured"). Each of the Lender, the Borrower, the Beneficiary and the Insured is referred to individually as a "Party" and collectively as the "Parties."

### WITNESSETH:

WHEREAS, the Borrower is the borrower of a loan (the "Loan") made by the Lender to the Borrower under that certain Life Insurance Premium Financing Agreement (the "Financing Agreement") and all documents referenced and incorporated therein, by and among the Borrower, the Trust and the Insured, dated as of [_____, 200_];

WHEREAS, the Borrower used the proceeds of the Loan to pay certain premiums due for the following non-variable life insurance policy insuring the life of the Insured (the "Policy"):

| | |
|---|---|
| Policy Number: | _____ |
| Life Insurance Company: | _____ (the "Insurer") |
| Death Benefit Amount: | _____; |

WHEREAS, in consideration for the Loan, the Lender and the Borrower also entered into an Assignment of Life Insurance Policy as Collateral, dated _____ (the "Assignment") that provides certain rights to assets that are identified therein as "Collateral."

WHEREAS, in consideration for the Loan, the Beneficiary entered into a Security Agreement for Beneficiary Interest in Trust to the Lender, granting a security interest to Lender in all of the Pledged Collateral described therein (the "Pledged Collateral").

WHEREAS, the Borrower is the sole owner and beneficiary of the Policy and the sole asset of the Borrower is the Policy;

WHEREAS, the Insured is the sole grantor of the Borrower pursuant to that certain **[INSURED]** Trust Agreement dated as of [_____, 200_] of the Insured;

WHEREAS, the Borrower, the Beneficiary, the Lender and the Insured desire for the Borrower to transfer, convey and assign absolutely all of the Borrower's rights, title, interest, claims, cash value, dividends, options, riders, benefits, privileges and ownership in and to the Policy (collectively, the "Relinquished Assets") and for the Beneficiary to transfer, convey and assign absolutely all of its right title, interest, claims, cash value, dividends, options, riders, benefits, privileges and ownership in and to the Pledged Collateral in accordance with the terms and conditions of this Agreement in full and complete satisfaction of the Borrower's, the

Beneficiary's and the Insured's obligations under the Financing Agreement (the "Obligations") and the other Financing Documents (as defined in the Finance Agreement); and

WHEREAS, the Lender has agreed that the above described transfers and the acceptance by the Lender of all rights, title, interest and ownership in and to the Relinquished Assets and the Collateral in accordance with the terms and conditions of this Agreement shall constitute the full and complete satisfaction and termination of the Obligations.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1. Definitions. All capitalized terms used, but not defined, herein shall have the meanings ascribed to such terms in the Financing Agreement.

2. Conveyance of the Relinquished Assets and Collateral.

(a) The Borrower hereby transfers, conveys and assigns the Relinquished Assets, as is, to the Lender, free and clear of all charges, claims, liens, pledges, security interests and encumbrances of all kinds, other than the collateral assignment granted by the Borrower to the Lender, and subject to the terms and conditions hereof. The Lender hereby accepts the Relinquished Assets as is in full and complete satisfaction of the Borrower's Obligations.

(b) The Beneficiary hereby transfers, conveys and assigns the Pledged Collateral, as is, without recourse to the Lender, free and clear of all charges, claims, liens, pledges, security interests and encumbrances of all kinds, other than those granted by the Beneficiary to the Lender, and subject to the terms and conditions hereof. The Lender hereby accepts the Collateral as is in full and complete satisfaction of the Beneficiary's Obligations.

(c) Each of the Borrower, the Beneficiary and the Insured acknowledges and agrees that, in connection with this Agreement, (i) the ownership and designated beneficiary of the Policy will be changed from the Borrower and Beneficiary, as owner and the current beneficiary, to the Lender; (ii) the Borrower and Beneficiary will have no further rights to or benefits under the Policy, other Relinquished Assets or Pledged Collateral and (iii) neither the Borrower, the Beneficiary, nor the Insured will receive any of the proceeds of the Policy upon its maturity or be entitled to designate another party to receive such benefits.

3. Consideration for Conveyance of Relinquished Assets. The Borrower is conveying all ownership of any direct or indirect rights that it has in the Relinquished Assets and the Beneficiary is conveying all ownership of any direct or indirect rights it has in the Pledged Collateral, to the Lender in consideration for the full and complete satisfaction and termination of the Obligations. Each of the Parties acknowledges and agrees that full and complete satisfaction of the Obligations represents the fair market value of the Policy on the date hereof and valid consideration in exchange for the Lender's receiving ownership of the Relinquished Assets and the Collateral.

-2-

4.      The Borrower, Beneficiary and Insured, each respectively agree that all of the Obligations, Representations and Covenants set forth in Paragraphs 3, 4 and 5 of the Financing Agreement Sections 5.01 to 5.02, inclusive (1) have not been breached as of the date hereof and (2) will remain in full force and effect through the term of the Policy and that they shall immediately notify the Lender in the event of any breach by any of them of any of said Obligations, Representations and Covenants. The Beneficiary hereby agrees to comply with the provisions of Section 5.01 and 5.02 throughout the term of the Policy. In the event of any breach of this provision the Borrower Beneficiary and Insured each agree jointly and severally to indemnify the Lender against any and all damages, costs, losses and expenses Lender may suffer including without limitation all reasonable expenses and legal fees Lender may incur in enforcing its rights hereunder.

5.      Non-Disclosure.  Each of the Borrower, the Beneficiary, the Insured and the Lender agree that, except as provided below, this Agreement shall be kept confidential and that each Party will take all reasonable precautions to protect the confidentiality of this Agreement and shall not disclose this Agreement or any of the terms hereof or information derived herefrom to any third person, except as is necessary to effect the change of the ownership and designated beneficiary of the Policy from the Borrower or the Beneficiary to the Lender. Nothing in this Agreement shall prohibit any Party from disclosing this Agreement to the extent such disclosure is required by a court of competent jurisdiction or other governmental authority, or otherwise as required by law, provided that the prospective disclosing Party shall provide the other Parties with prior written notice of such required disclosure so that the non-disclosing Party may seek a protective order or other appropriate remedy to prevent or limit the scope of disclosure.

6.      Severability.  If any provision of this Agreement shall be held invalid in a court of law, the remaining provisions shall be construed as if the invalid provision were not included in this Agreement.

7.      Amendments and Final Integration.  This Agreement may only be amended or modified through a written duly executed instrument by the Lender, the Borrower, the Beneficiary and the Insured. Any attempted oral amendment or modification shall be ineffective and therefore, null and void. This Agreement constitutes and contains the complete and final integrated Agreement between the Parties regarding the subject matter herein.   All prior negotiations, discussions and representations are merged into the Agreement. Each party hereto acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made to it by any other party, or by any of the Parties' agents, representatives or attorneys, to induce the execution of this Agreement.

8.      Notices.  Any and all notices, requests, consents, notifications, and other communications given to any party to this Agreement shall be given in writing and will be, as elected by the party giving said notice, hand-delivered by messenger or courier service, telecopied, electronically communicated, or sent via registered or certified mail, return receipt requested, postage prepaid, to the below address or to any other address as the party may designate by notice complying with the terms of this Section 13.  Each notice is deemed delivered on the date delivered if by personal delivery, on the date of transmission with confirmation if by facsimile and on the date upon which the return receipt is signed or delivery

-3-

refused or the notice is designated by the postal authorities as not deliverable, as the case may be, if mailed.

If to Lender:                                    If to Borrower:

Windsor Securities, Inc.                         _____
Telephone: _____                        Telephone: _____
Facsimile: _____                        Facsimile: _____

If to Insured:                                   If to Beneficiary:

_____                          _____
Telephone: _____                        Telephone: _____
Facsimile: _____                        Facsimile: _____

9.      Waiver.  The failure by any Party to insist in any one or more instances upon strict or immediate performance by any other Party of any of the terms of this Agreement shall not be construed as a waiver by such first Party of its right to contest or enforce its rights based on the continuing or subsequent failure to perform or delay in performance of any term hereof by any other Party.

10.     Survival.  The covenants made in this Agreement or made pursuant hereto shall survive the closing and the consummation of the transactions contemplated by this Agreement.

11.     Governing Law and Consent to Jurisdiction.  This Agreement shall be governed by the laws of the State of Pennsylvania without regard to the conflicts or choice of law principles thereof.  The Parties hereto irrevocably agree to the exclusive jurisdiction of any federal or state court sitting in Philadelphia, Pennsylvania with respect to any claim or cause of action, whether in law or equity, including specific performance, arising under or relating to this Agreement and waive personal service of any and all process upon it, and consent that all services of process may be made by certified or registered mail, postage pre-paid and return receipt requested, to its address set forth below.  The Parties irrevocably waive any objection based on forum non conveniens and any objection to venue of any action instituted hereunder.

12.     Counterparts and Facsimile.  This Agreement may be signed in one or more counterparts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument.  A facsimile copy of this executed Agreement shall be deemed valid as if it were the original.

13.     Headings.  The headings and subheadings contained in this Agreement are for convenience of reference only, and are not to be considered part of this Agreement and will not limit or otherwise affect in any way the meaning or interpretation of this Agreement.

14.     Binding Effect.  This Agreement shall be binding on and inure to the benefit of the Parties and their respective permitted assigns and successors.

-4-

HF 5229379v.6 #13915/0003 08/05/2009
JUDD  075273

IN WITNESS WHEREOF, each of the Parties hereto have caused this Agreement to be executed as of the Effective Date.

**BORROWER:**

**[BORROWER]**

By: _____, in [his or her] capacity
as Borrower,

By: _____
Its: _____

**INSURED:**

_____

**[INSURED]**

**BENEFICIARY:**

**[BENEFICIARY]**

By: _____, in [his or her] capacity
as Beneficiary,

By: _____
Its: _____

**LENDER:**

Windsor Securities LLC

By: _____
Its: _____

HF 5229379v.6 #13915/0003 08/05/2009
JUDD  075274