# EXHIBIT "65"

## Maria Ana Gordillo
Trustee of the Erwin A. Collins Insurance Trust - 2008
7742 Spalding Drive, Suite 140, Norcross, GA 30092

Phone:
770-375-9266

Email:
MariaGordillo1983@gmail.com

### URGENT – IMMEDIATE ATTENTION REQUESTED

July 15, 2014

Pacific Life Insurance Company
Attn: Death Claim Department
1299 Farnam Street, 4th Floor
Omaha, NE 68102
Title Dept. FAX: 866-964-4859
Claim Dept. FAX: 866-398-0467

RE: Death Claim – Erwin A. Collins
    Policy Number VF51701320

Dear Sir or Madam:

I am the trustee of the Erwin A. Collins Family Insurance Trust - 2008 (the "Trust"), owner and beneficiary of Pacific Life Policy VF51701320 (the "Policy"). The Insured, Erwin A Collins, passed away on June 19, 2014. The death benefit due under the Policy is $2,000,000.00.

As I believe you are aware, the Policy premiums were financed by Windsor Securities, LLC ("Windsor"). Pursuant to a collateral assignment between the Trust and Windsor, Windsor is entitled, under certain circumstances, to collect the death benefit. Those circumstances include, most importantly, the obligation of Windsor, following the kind of default by the Trust in payment on Windsor's loan that occurred herein, to retain from the collected death benefit only those amounts it has loaned to the Trust, plus legal interest thereon, plus reasonable expenses incurred in collecting or enforcing the Policy collateral, and to provide the remainder of the collected death benefit to the Trust.

We are informed and believe that, contrary to its obligations under the abovementioned collateral assignment, Windsor has unequivocally asserted the right to retain for its own account the entire death benefit. That assertion comprises an anticipatory breach of the collateral assignment by

---

[1] You would be interested to know that a panel of arbitrators in the Barnes action, on facts virtually identical to those presented here, ruled that Windsor was not entitled to retain the entire death benefit, but was entitled to retain from that benefit only those amounts it had loaned to the trust therein, plus legal interest on those amounts, plus reasonable expenses incurred in collecting or enforcing the Policy collateral.

PLAINTIFF 068347

Windsor and thus frees the Trust to take whatever legal action may be required to safeguard its rights in and to the portion of the death benefit that would remain after Windsor had been reimbursed for its loans, interest, etc. (We estimate that remaining amount to be approximately 80% of the death benefit, or $1,600,000.00.) Such legal action takes two forms. First, the Trust hereby claims the right to approximately 80% of the death benefit, or $1,600,000.00, and categorically denies Windsor's claim that Windsor is entitled to the entire death benefit. The Trust expects Pacific Life to withhold payment of any portion of the death benefit from either or both of the parties until those conflicting claims have been resolved. Second, we anticipate the filing of a claim for declaratory relief against Windsor and Pacific Life, aimed at resolving those conflicting claims, in the United States District Court, Northern District of California. We would further anticipate that Pacific Life, having been placed on notice of the abovementioned conflicting claims to the death benefit and having been joined in such a suit for declaratory relief, would interplead the subject funds as it did, correctly, in the recent action entitled Gregory Barnes, Trustee of John L. Bitter Irrevocable Insurance Trust v. Windsor Securities, LLC and Pacific Life Insurance Co., United States District Court, N. D. Cal., No. 3:13-cv-01878-WHO.[1]

Please be so kind as to confirm in writing that, in light of the abovementioned conflict, Pacific Life will not pay out the death benefit to Windsor and will await service of the Trust's' action for declaratory relief.

Sincerely yours,

*Maria A. Gordillo*

Maria A. Gordillo
Trustee of the Erwin A. Collins Family Insurance Trust - 2008

PLAINTIFF 068348