# EXHIBIT "66"

# Mindy Goss
Trustee of the Joe E. Acker Family Insurance Trust
PO BOX 443, Danielsville, GA 30633-0443

Phone:
706-795-2597

Email:
GFG.INC30633@@gmail.com

## URGENT – IMMEDIATE ATTENTION REQUESTED

July 22, 2014

John Hancock Life Insurance Company
Attn: Life Claims Services R03
1 John Hancock Way
Suite 1105
Boston, MA 02217-1105
Title Dept. FAX: 617-572-1571
Claim Dept. FAX: 416-926-5656

RE:   Death Claim – Joe E. Acker
      Policy Number 93783751

Dear Sir or Madam:

I am the trustee of the Joe E. Acker Family Insurance Trust (the "Trust"), owner and beneficiary of John Hancock Life Policy 93783751 (the "Policy"). The insured, Joe E. Acker, passed away on April 15, 2014. The death benefit due under the Policy is $1,000,000.00.

As I believe you are aware, pursuant to a collateral assignment between the Trust and Windsor Securities, LLC ("Windsor"), Windsor is entitled, under certain circumstances, to collect the death benefit. Those circumstances include, most importantly, the obligation of Windsor, following the kind of default by the Trust that occurred herein, to <u>retain from the collected death benefit only those amounts it is owed by the Trust, plus legal interest thereon, plus reasonable expenses incurred in collecting or enforcing the Policy collateral</u>, and to <u>provide the remainder of the collected death benefit to the Trust.</u>

We are informed and believe that, contrary to its obligations under the abovementioned collateral assignment, Windsor has unequivocally asserted the right to retain for its own account the <u>entire</u> death benefit. That assertion comprises an anticipatory breach of the collateral assignment by Windsor and thus frees the Trust to take whatever legal action may be required to safeguard its rights in and to the portion of the death benefit that would remain after Windsor had been reimbursed itself, plus interest, etc. (We estimate that remaining amount to be approximately 50% of the death benefit, or $500,000.00.) Such legal action takes two forms. First, the Trust hereby

PLAINTIFF  068314

claims the right to approximately 50% of the death benefit, or $500,000.00, and categorically denies Windsor's claim that Windsor is entitled to the entire death benefit. The Trust expects John Hancock to withhold payment of any portion of the death benefit from either or both of the parties until those conflicting claims have been resolved. Second, we anticipate the filing of a claim for declaratory relief against Windsor and John Hancock, aimed at resolving those conflicting claims, in the United States District Court, Northern District of California. We would further anticipate that John Hancock, having been placed on notice of the abovementioned conflicting claims to the death benefit and having been joined in such a suit for declaratory relief, would interplead the subject funds.

Please be so kind as to confirm in writing that, in light of the abovementioned conflict, John Hancock will not pay out the death benefit to Windsor and will await service of the Trust's' action for declaratory relief.

Sincerely yours,

Mindy Goss
Trustee of the Joe E. Acker Family Insurance Trust

PLAINTIFF 068315