EXHIBIT "101"

1  LAURA LEIGH GEIST (BAR NO. 180826)
   laura.geist@dentons.com
2  KELLY D. FAIR (BAR NO. 245408)
   kelly.fair@dentons.com
3  DENTONS US LLP
   525 Market Street, 26th Floor
4  San Francisco, California 94105-2708
   Telephone:   (415) 882-5000
5  Facsimile:   (415) 882-0300

6  Attorneys for Plaintiff
   Pacific Life Insurance Company
7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11  Pacific Life Insurance Company,                    Case No.

12                Plaintiff,                           **COMPLAINT IN INTERPLEADER**

13         v.                                          *[Fed. R. of Civ. Pro. 22]*

14  Maria Ana Gordillo, as Trustee of the Erwin A.
    Collins Family Insurance Trust - 2008 and
15  Windsor Securities, LLC, a Nevada limited
    liability company,
16
                  Defendants.
17

18         Plaintiff Pacific Life Insurance Company ("Pacific Life") files this Complaint in

19  Interpleader pursuant to Federal Rule of Civil Procedure 22 and alleges as follows:

20

21                          I.     **PARTIES**

22         1.     Pacific Life is and at all relevant times has been a corporation organized and

23  existing under the laws of and domiciled in the State of Nebraska.

24         2.     Defendant Maria Ana Gordillo, Trustee of the Erwin A. Collins Family Insurance

25  Trust - 2008 (the "Trust"), (the "Trustee") resides and is domiciled in the State of Georgia. Erwin

26  A. Collins, deceased, was the grantor of the Trust and the named insured under Pacific Life life

27  insurance policy, Policy NoVF51701320 (the "Policy"). The Trust was the original beneficiary

28

COMPLAINT FOR INTERPLEADER

PLAINTIFF 068339

1  and is still a potential beneficiary under the Policy.

2  3.  Defendant Windsor Securities, LLC ("Windsor") is a limited liability company organized and existing under the laws of and domiciled in the State of Nevada. On information and belief, Windsor's membership is comprised of members who are domiciled in the State of Delaware. Windsor is identified as the current named beneficiary under the Policy.

## II.  JURISDICTION AND VENUE

4.  Pacific Life realleges and incorporates paragraphs 1-3 of the Complaint in Interpleader.

5  This is a Complaint in Interpleader in which both Defendants are seeking payment of the death benefit proceeds of the Policy. The Policy death benefit proceeds total two million dollars ($2,000,000.00). Pacific Life will deposit these funds, plus interest accrued since Mr. Collins' death, into the Registry of the Court.

6.  This Court has diversity jurisdiction under 28 U.S.C. section 1332. Complete diversity of citizenship exists between the parties and the amount in controversy (two million dollars plus interest) exceeds $75,000.00.

7.  Venue is proper pursuant to 28 U.S.C. section 1391 because, on information and belief, the contract(s) giving rise to the Defendants' competing claims for the Policy death benefit proceeds selects the Northern District of California as the appropriate venue for litigating disputes relating to the Policy benefits. (Declaration of Kelly D. Fair ("Fair Decl."), ¶ 2.)

## III.  STATEMENT OF THE CASE

8.  Pacific Life realleges and incorporates paragraphs 1-7 of the Complaint in Interpleader.

9.  On or about March 4, 2008, Pacific Life issued the Policy to the Trust. Mr. Collins was the named insured, and the Trust was named as the Policy's sole beneficiary.

10.  On information and belief, the Trustee and Windsor entered into an agreement collaterally assigning the Policy rights in favor of Windsor (the "Agreement"). On information

and belief, the Trustee and Windsor now disagree on whether the Agreement entitles Windsor to the Policy death benefit proceeds. (*See*, Declaration of Linda Harris, ("Harris Declaration"), **Exhibit A.**)

11. On or about April 15, 2008, Pacific Life received and processed a Collateral Assignment of the Policy, executed by the Trustee in favor of Windsor.

12. On or about May 11, 2010, Pacific Life received and processed Change of Ownership and Change of Payor requests, executed by the Trustee in favor of Windsor.

13. On or about August 26, 2010, Pacific Life received and processed a Change of Beneficiary request, executed by Windsor, as the Policy owner, in favor of Windsor.

14. On information and belief, Mr. Collins died on June 19, 2014.

15. On or about July 10, 2014, a representative of Windsor, Steven Prusky, notified Pacific Life of Mr. Collins' death and Windsor's intent to submit a claim on the Policy death benefit proceeds.

16. On or about July 16, 2014, Pacific Life received a claim on the Policy death benefit proceeds from the Trustee on behalf of the Trust.

17. On the same date, Pacific Life received a letter from the Trustee, dated July 15, 2014, notifying Pacific Life that: (1) the Trust claims entitlement to approximately 80% of the Policy death benefit proceeds; (2) the Trust disputes Windsor's claim on the Policy; (3) Windsor was in "anticipatory breach" of the Agreement; and (4) any legal actions, including, without limitation, interpleader, should be filed in the United States District Court, Northern District of California. (*See*, Harris Declaration, **Exhibit A.**)

18. On or about August 14, 2014, Pacific Life received a copy of Mr. Collins' death certificate, forwarded by the Trustee in support of the Trust's claim on the Policy death benefit proceeds.

19. On information and belief, the Defendants have not reached an agreement regarding the proper recipient(s) of the Policy death benefit proceeds.

20. Based on the foregoing competing claims, and the possibility of further competing

COMPLAINT IN INTERPLEADER
- 3 -

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

PLAINTIFF 068341

claims, there is uncertainty as to whom Pacific Life should pay the death benefit proceeds of the Policy. This uncertainty creates the real possibility that Pacific Life could face double or multiple liability if it pays the Policy proceeds to the entity listed as the Policy beneficiary at the time of Mr. Collins' death.

### IV. COMPETING CLAIMS FOR POLICY PROCEEDS

21. Defendants have either made an express claim or indicated their intention to make a claim on the Policy death benefit proceeds. Both Defendants have requested that Pacific Life not distribute the Policy death benefit proceeds to the competing claimant. (Harris Declaration, Exhibit A; Fair Declaration, ¶ 3.)

22. To resolve these controversies, Pacific Life files this Complaint in Interpleader in good faith and without collusion with either Defendant. Pacific Life claims no beneficial interest in the Policy benefits and is a mere stakeholder to these proceeds.

23. Pacific Life is now, and has at all times, been ready, willing and able to pay the person or persons legally entitled to the Policy proceeds, and is herewith seeking permission to deposit into the Registry of this Court all sums payable under the Policy.

### V. PRAYER FOR RELIEF

WHEREFORE, Pacific Life prays for relief as set forth below:

24. The aforesaid $2,000,000.00 plus interest of $18,739.73, accruing since June 19, 2014, be accepted into the Registry of this Court to be held in an interest-bearing account for future disbursement according to the judgment of this Court;

25. Pacific Life be discharged from all further liability and this Court adjudicate to whom the Clerk of the Court should disburse the aforesaid funds;

26. An award be made to Pacific Life out of the funds deposited into the Registry of this Court, to pay for the costs, attorneys' fees and other expenses which Pacific Life is compelled to expend in the prosecution of this suit;

27. The Defendants be required to assert their respective claims to the benefits paid into the registry of this Court;

PLAINTIFF 068342

28. The Court adjudicate the correct payee(s) for the benefits due under the Policy; and

29. Such further relief be granted as the Court deems just and proper.

Dated: August 15, 2014

DENTONS US LLP

By: _____
Laura L. Geist
Kelly D. Fair

Attorneys for Plaintiff
Pacific Life Insurance Company

82656/79)\V-1

- 5 -

COMPLAINT IN INTERPLEADER

PLAINTIFF 068343

1 LAURA LEIGH GEIST (BAR NO. 180826)
laura.geist@dentons.com
2 KELLY D. FAIR (BAR NO. 245408)
kelly.fair@dentons.com
3 DENTONS US LLP
525 Market Street, 26th Floor
4 San Francisco, California 94105-2708
Telephone: (415) 882-5000
5 Facsimile: (415) 882-0300

6 Attorneys for Plaintiff
Pacific Life Insurance Company
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| Pacific Life Insurance Company, | Case No. |
|---|---|
| Plaintiff, | **DECLARATION OF LINDA HARRIS IN SUPPORT OF COMPLAINT IN INTERPLEADER** |
| v. | [Fed. R. Civ. Pro. 22] |
| Maria Ana Gordillo, as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 and Windsor Securities, LLC, a Nevada Limited Liability Company, | |
| Defendants. | |

I, Linda Harris, declare as follows:

1. I am a Claims Supervisor of the Life Division for Pacific Life Insurance Company ("Pacific Life"). I am authorized to make this declaration on behalf of Pacific Life in support of Pacific Life's Complaint in Interpleader. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could testify competently thereto.

2. A true and correct copy of the letter dated July 15, 2014 sent from the Trustee of the Erwin A. Collins Insurance Trust - 2008, Maria Ana Gordillo, to Pacific Life regarding the distribution of death benefit proceeds of Policy No. VF51701320 is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DECLARATION IN SUPPORT OF
COMPLAINT IN INTERPLEADER

PLAINTIFF 068344

1 | Executed August 14, 2014.

By _____

Linda Harris

826599161V-1

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

DECLARATION IN SUPPORT OF
COMPLAINT IN INTERPLEADER

- 2 -

PLAINTIFF 068345

# EXHIBIT A

PLAINTIFF 068346

# Maria Ana Gordillo

Trustee of the Erwin A. Collins Insurance Trust - 2008
7742 Spalding Drive, Suite 140, Norcross, GA 30092

Phone:
770-375-9266

Email:
MariaGordillo1983@gmail.com

**URGENT – IMMEDIATE ATTENTION REQUESTED**

July 15, 2014

Pacific Life Insurance Company
Attn: Death Claim Department
1299 Farnam Street, 4th Floor
Omaha, NE 68102
Title Dept. FAX: 866-964-4859
Claim Dept. FAX: 866-398-0467

RE:   Death Claim – Erwin A. Collins
      Policy Number VF51701320

Dear Sir or Madam:

I am the trustee of the Erwin A. Collins Family Insurance Trust - 2008 (the "Trust"), owner and beneficiary of Pacific Life Policy VF51701320 (the "Policy"). The insured, Erwin A Collins, passed away on June 19, 2014. The death benefit due under the Policy is $2,000,000.00.

As I believe you are aware, the Policy premiums were financed by Windsor Securities, LLC ("Windsor"). Pursuant to a collateral assignment between the Trust and Windsor, Windsor is entitled, under certain circumstances, to collect the death benefit. Those circumstances include, most importantly, the obligation of Windsor, following the kind of default by the Trust in payment on Windsor's loan that occurred herein, to <u>retain from the collected death benefit only those amounts it has loaned to the Trust, plus legal interest thereon, plus reasonable expenses incurred in collecting or enforcing the Policy collateral</u>, and to <u>provide the remainder of the collected death benefit to the Trust.</u>

We are informed and believe that, contrary to its obligations under the abovementioned collateral assignment, Windsor has unequivocally asserted the right to retain for its own account the <u>entire</u> death benefit. That assertion comprises an anticipatory breach of the collateral assignment by

---

[1]   You would be interested to know that a panel of arbitrators in the Barnes action, on facts virtually identical to those presented here, ruled that Windsor was <u>not</u> entitled to retain the entire death benefit, but was entitled to retain from that benefit only those amounts it had loaned to the trust therein, plus legal interest on those amounts, plus reasonable expenses incurred in collecting or enforcing the Policy collateral.

PLAINTIFF 068347

Windsor and thus frees the Trust to take whatever legal action may be required to safeguard its rights in and to the portion of the death benefit that would remain after Windsor had been reimbursed for its loans, interest, etc. (We estimate that remaining amount to be approximately 80% of the death benefit, or $1,600,000.00.) Such legal action takes two forms. First, the Trust hereby claims the right to approximately 80% of the death benefit, or $1,600,000.00, and categorically denies Windsor's claim that Windsor is entitled to the entire death benefit. The Trust expects Pacific Life to withhold payment of any portion of the death benefit from either or both of the parties until those conflicting claims have been resolved. Second, we anticipate the filing of a claim for declaratory relief against Windsor and Pacific Life, aimed at resolving those conflicting claims, in the United States District Court, Northern District of California. We would further anticipate that Pacific Life, having been placed on notice of the abovementioned conflicting claims to the death benefit and having been joined in such a suit for declaratory relief, would interplead the subject funds as it did, correctly, in the recent action entitled Gregory Barnes, Trustee of John L. Bitter Irrevocable Insurance Trust v. Windsor Securities, LLC and Pacific Life Insurance Co., United States District Court, N. D. Cal., No. 3:13-cv-01878-WHO.[1]

Please be so kind as to confirm in writing that, in light of the abovementioned conflict, Pacific Life will not pay out the death benefit to Windsor and will await service of the Trust's' action for declaratory relief.

Sincerely yours,

*Maria A. Gordillo*

Maria A. Gordillo
Trustee of the Erwin A. Collins Family Insurance Trust - 2008

PLAINTIFF 068348

1  LAURA LEIGH GEIST (BAR NO. 180826)
   laura.geist@dentons.com
2  KELLY D. FAIR (BAR NO. 245408)
   kelly.fair@dentons.com
3  DENTONS US LLP
   525 Market Street, 26th Floor
4  San Francisco, California 94105-2708
   Telephone:   (415) 882-5000
5  Facsimile:   (415) 882-0300

6  Attorneys for Plaintiff
   Pacific Life Insurance Company
7

8                UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

| Pacific Life Insurance Company, | Case No. |
|---|---|
| Plaintiff, | **DECLARATION OF KELLY D. FAIR IN SUPPORT OF COMPLAINT IN INTERPLEADER** |
| v. | |
| Maria Ana Gordillo, as Trustee of the Erwin A. Collins Family Insurance Trust - 2008 and Windsor Securities, LLC, a Nevada Limited Liability Company, | [Fed. R. Civ. Pro. 22] |
| Defendants. | |

I, Kelly D. Fair, declare as follows:

1.  I am an attorney at law, duly licensed to practice in this Court and in the courts of the State of California. I am an attorney at Dentons US LLP, counsel of record for Plaintiff Pacific Life Insurance Company ("Pacific Life") in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.  On or about August 12, 2014, I spoke with representatives for both the Trustee of the Erwin A. Collins Family Insurance Trust - 2008 (the "Trust") and Windsor Securities, LLC ("Winsor"). Both parties informed me that the collateral assignment agreement (the "Agreement") between the Trust and Windsor related to the Policy was governed by a form

DECLARATION IN SUPPORT OF
COMPLAINT IN INTERPLEADER

PLAINTIFF 068349

1  contract used by Windsor that contains the following venue selection clause: "All parties hereto
2  agree that any claim arising out of or relating to this Agreement shall be (i) brought in the
3  Superior Court of Sonoma County, California, or (ii) brought in or removed to the United
4  States District Court for the Northern District of California."

5      3.    The representatives for Windsor advised me that the Trust was not entitled to the
6  Policy death benefit proceeds pursuant to the Agreement, and that Pacific Life should not pay
7  the Trust's claim on the Policy.

9  I declare under penalty of perjury under the laws of the State of California that the
10 foregoing is true and correct.
11 Executed August 15, 2014.

By _____
Kelly D. Fair

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

82659979\V-1

- 2 -

DECLARATION OF KELLY D. FAIR IN
SUPPORT OF COMPLAINT IN
INTERPLEADER

PLAINTIFF 068350