**EXHIBIT "104"**

HENNEFER FINLEY & WOOD, LLP
JOSEPH WOOD [Calif. SBN 103596]
275 Battery Street, Suite 200
San Francisco, California 94111
Telephone: (415) 421-6100
Facsimile: (415) 421-1815
E-mail: jwood@hennefer-wood.com; jhcwlaw@yahoo.com

Attorneys for Defendants, Jane Ann Stamatov Family
Insurance Trust and Larry L. Davidson as Trustee of
Jane Ann Stamatov Family Insurance Trust

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WINDSOR SECURITIES, LLC, | Case No. 3:15-cv-00080-JST |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT FOR DECLARATORY RELIEF** |
| JANE ANN STAMATOV FAMILY INSURANCE TRUST; and LARRY L. DAVIDSON AS TRUSTEE OF THE JANE ANNE STAMATOV FAMILY INSURANCE TRUST, | |
| Defendants. | |

Defendants, Jane Ann Stamatov Family Insurance Trust and Larry L. Davidson as Trustee of Jane Ann Stamatov Family Insurance Trust (collectively, the "Trust") respond(s) as follows to the respective numbered paragraphs of the Complaint for Declaratory Relief filed herein by plaintiff, Windsor Securities, LLC ("Windsor"), on January 7, 2015 (the "Complaint").

1. Admit.

2. Admit.

3. Admit.

4. The Trust refers to, and by that reference incorporates and reasserts herein, its respective responses to paragraphs 1 through 3 of the Complaint.

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
*Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.*
Case No. 3:15-cv-00080-JST

JUDD 072286

5. Deny.

6. Deny.

7. Admit.

8. Admit.

9. The Trust refers to, and by that reference incorporates and reasserts herein, its respective responses to paragraphs 1 through 8 of the Complaint.

10. Admit.

11. Deny implication that there has been any absolute owner of the Policy other than the Trust. Admit remaining allegations.

12. Lack information or belief sufficient to allow unequivocal response, and on that basis deny.

13. Admit.

14. Admit that the Trust entered into the written agreement comprising the documents in the Financing Agreement Package. Deny allegations purporting to characterize the contents and/or legal effect of those documents, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

15. Admit that the Trust entered into the written agreement comprising the documents in the Financing Agreement Package. Deny allegations purporting to characterize the contents and/or legal effect of those documents, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

16. Admit that the Trust signed and returned the Phoenix document entitled "Assignment of Life Insurance Policy as Collateral." Deny allegations purporting to characterize

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
*Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.*
Case No. 3:15-cv-00080-JST

2

JUDD 072287

the contents and/or legal effect of that document, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

17. Lack information or belief sufficient to allow unequivocal response, and on that basis deny.

18. As to allegations concerning communications between the Servicing Agent and Windsor, lack information or belief to sufficient to allow unequivocal response and on that basis deny all such allegations. Admit that the Trust chose not to pay off the loan at the time it was due. Deny that the Trust ever intended or agreed either to surrender or to transfer ownership of the Policy to Windsor. Deny any remaining allegations.

19. Admit that in or about 2010 the Trust signed and delivered to Phoenix a document entitled "Request of Ownership Change." Deny allegations purporting to characterize the contents and/or legal effect of that document, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

20. Admit that in or about February 2010 the Trust signed and returned a document entitled "Request of Ownership Change." Admit that the Trust signed a document entitled "Assignment Of Life Insurance Policy As Collateral" contained in the Financing Agreement Package. Deny allegations purporting to characterize the contents and/or legal effect of those documents, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.
Case No. 3:15-cv-00080-JST

3

JUDD 072288

21. Admit that on or about July 28, 2011, Phoenix provided a document entitled "Statement of Values." Deny allegations purporting to characterize the contents and/or legal effect of that document, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

22. Admit that the Trust has made no premium payments and that Windsor made the premium payments referred to. Lack information or belief sufficient to allow unequivocal response to allegation as to precise total amount of those payments, and on that basis deny that allegation. Deny that the Policy would have lapsed had Windsor failed to make those payments. Deny any remaining allegations.

23. Deny that neither the Trust nor the Insured has had any idea of when premium payments have come due during the last four years. Admit remaining allegations.

24. Admit that Windsor contacted the Trust by letter in or about June 1, 2014. Admit that that letter comprised the first contact between Windsor and the Trust in more than four years. Deny allegations purporting to characterize the contents and/or legal effect of that letter, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

25. Admit that the Trust sent Windsor a letter dated November 12, 2014. Deny allegations purporting to characterize the contents and/or legal effect of that letter, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

26. Admit that the Trust sent Windsor a letter dated November 12, 2014. Deny

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.
Case No. 3:15-cv-00080-JST
4

JUDD 072289

allegations purporting to characterize the contents and/or legal effect of that letter, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

27. Admit that the Trust sent Windsor a letter dated November 12, 2014. Deny allegations purporting to characterize the contents and/or legal effect of that letter, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

28. The Trust refers to, and by that reference incorporates and reasserts herein, its respective responses to paragraphs 1 through 27 of the Complaint.

29. Admit that the Complaint seeks declaratory relief and that Windsor and the Trust might, under certain conditions that possibly could but are not likely to arise, assert competing claims at some time in the future. Admit that Windsor claims an absolute right of ownership of the Policy that includes all death benefit proceeds. Admit that the Policy death benefit proceeds total two million dollars. Deny any remaining allegations.

30. Admit that the Trust sent Windsor a letter dated November 12, 2014. Deny allegations purporting to characterize the contents and/or legal effect of that letter, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny that any intention that the Trust might have expressed or might express to make a claim, under certain conditions that might arise in the future, to some portion of the death benefit proceeds, would be "unauthorized." Deny any remaining allegations.

31. Admit that the Trust has the following intentions as to the Policy: (a) should

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.
Case No. 3:15-cv-00080-JST

5

JUDD 072290

Windsor cease to make premium payments on the Policy, the Trust intends to consider whether or not it would be in the best financial interests of the Trust to take over those payments and thus to prevent the Policy from lapsing; (b) should Windsor exercise its right to hold a public or private sale of the Policy pursuant to the terms of the Security Agreement and related documents contained in the Financing Agreement Package, the Trust intends to attend that sale and to consider whether or not it would be in the best financial interests of the Trust to purchase the Policy at that sale; or (c) should the Insured pass away without Windsor's having exercised its right to hold a public or private sale of the Policy pursuant to the terms of the Security Agreement and related documents contained in the Financing Agreement Package, the Trust intends to consider whether or not, in light of the foreseeable costs of litigation, it would be in the best financial interests of the Trust to assert and prosecute what would be its valid claim, pursuant to the terms of the Assignment Of Life Insurance Policy As Collateral and related documents contained in the Financing Agreement Package, for specific performance by Windsor of Windsor's duty to: (i) collect the death benefit from Phoenix; (ii) retain only that portion of the death benefit necessary to compensate Windsor for the amounts loaned to the Trust by Windsor, plus legal interest thereon, plus recoverable costs; and (iii) provide the remainder of the death benefit to the Trust. Admit that the Trust executed a "Request of Ownership Change" form in or about February 2010. Deny allegations purporting to characterize the contents and/or legal effect of that document, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny that the Trust ever agreed to, or entered into, a voluntary surrender and assignment of the Trust's ownership of and beneficial interest in the Policy to Windsor in return for a release of the Trust's obligations to Windsor. Deny any remaining allegations.

32. Admit that Windsor has paid all premiums related to the Policy. Deny any remaining allegations.

33. Admit.

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.
Case No. 3:15-cv-00080-JST

6

JUDD 072291

34. Admit that neither the Insured, the Trust, nor any representative of the Trust has taken any steps to rescind the forms executed by the Trust. Deny allegations purporting to characterize the contents and/or legal effect of any such forms, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny that Windsor ever became the absolute owner and beneficiary of the Policy. Deny allegations purporting to characterize the contents and/or legal effect of the document sent to the Insured by Windsor, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

35. Deny allegations purporting to characterize the contents and/or legal effect of the Assignment Of Life Insurance Policy As Collateral and/or of controlling provisions of the California Commercial Code, or of any other documents or code provisions that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents and code provisions, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

36. Deny that there has ever been a full and complete assignment of the Policy to Windsor. Affirmatively assert that it would have been impossible for the Trust to object to such an assignment, since it never occurred. Deny allegations purporting to characterize the contents and/or legal effect of the Request of Ownership Change form signed by the Trustee in or about 2010, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
*Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.*
Case No. 3:15-cv-00080-JST

7

JUDD 072292

1   remaining allegations.

2       37.    Admit that the Trust's letter sent to Windsor in or about November 2014 was sent more than four years after the Trust had informed Windsor that it would not pay off the loan when due. Deny allegations purporting to characterize the contents and/or legal effect of that letter, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

10       38.    Deny allegations purporting to characterize the contents and/or legal effect of the Financing Agreement Package, of the Ownership Change documents, or of any other documents that may be referred to either directly or by implication in this paragraph of the Complaint, on the grounds that such characterizations are necessarily partial, misleading, and taken out of context, and that all such documents, in their entirety and in the context of the entire Financing Agreement Package, must speak for themselves. Deny any remaining allegations.

16       39.    Admit that Windsor has made all premium payments for the Policy since 2009. Deny any remaining allegations.

18       40.    Admit that Phoenix could in the future *possibly* be "placed in a position of conflict regarding to whom it should pay the death benefit proceeds of the Policy," but *if, and only if, all of the following conditions were to arise*: (a) the Policy were never allowed to lapse; (b) Windsor were never to exercise its right to hold a public or private sale of the Policy pursuant to the terms of the Security Agreement and related documents contained in the Financing Agreement Package; and (c) the Trust, upon the death of the Insured, were to determine that, despite the foreseeable costs of litigation, it would be in the best financial interests of the Trust to prosecute what would be its valid claim, pursuant to the terms of the Assignment Of Life Insurance Policy As Collateral and related documents contained in the Financing Agreement Package, for specific performance by Windsor of Windsor's duty to: (i) collect the death benefit from Phoenix; (ii) retain only that portion of the death benefit necessary to compensate Windsor for the amounts loaned to the Trust

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
*Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.*
Case No. 3:15-cv-00080-JST

8

JUDD 072293

1  by Windsor, plus legal interest thereon, plus recoverable costs; and (iii) provide the remainder of
2  the death benefit to the Trust. Deny any remaining allegations.

3      41. Admit that Phoenix could in the future *possibly* face competing claims and the risk
4  of multiple liability, but *if, and only if, all of the following conditions were to arise*: (a) the Policy
5  were never allowed to lapse; (b) Windsor were never to exercise its right to hold a public or
6  private sale of the Policy pursuant to the terms of the Security Agreement and related documents
7  contained in the Financing Agreement Package; and (c) the Trust, upon the death of the Insured,
8  were to determine that, despite the foreseeable costs of litigation, it would be in the best financial
9  interests of the Trust to prosecute what would be its valid claim, pursuant to the terms of the
10 Assignment Of Life Insurance Policy As Collateral and related documents contained in the
11 Financing Agreement Package, for specific performance by Windsor of Windsor's duty to: (i)
12 collect the death benefit from Phoenix; (ii) retain only that portion of the death benefit necessary
13 to compensate Windsor for the amounts loaned to the Trust by Windsor, plus legal interest
14 thereon, plus recoverable costs; and (iii) provide the remainder of the death benefit to the Trust.
15 Deny any remaining allegations.

16     42. The Trust refers to, and by that reference incorporates and reasserts herein, its
17 respective responses to paragraphs 1 through 41 of the Complaint.

18     49. Deny.

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this action.

### SECOND AFFIRMATIVE DEFENSE

Windsor fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Windsor is barred from obtaining the relief it seeks herein by operation of the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Windsor is barred from obtaining the relief it seeks herein by operation of the doctrine of waiver.

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
*Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.*
Case No. 3:15-cv-00080-JST

9

JUDD 072294

## FIFTH AFFIRMATIVE DEFENSE

Windsor is barred from obtaining the relief it seeks herein by operation of the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Windsor is barred from obtaining the relief it seeks herein on the grounds that Windsor is in material anticipatory breach of the contract or contracts on which it purports to ground its right to such relief.

## PRAYER

1. For a judicial determination that the conditions required for issuance of a declaratory judgment by the Court do not presently exist, and that Windsor therefore take nothing by the Complaint.

2. In the alternative, should the Court find that the conditions required for issuance of a declaratory judgment by the Court *do* presently exist, for a judicial determination that:

(a) Windsor is not the absolute owner of the Policy, but is, rather, a secured lender holding nominal title to the Policy, pursuant to the Security Agreement and related documents contained in the Financing Agreement Package, for the limited purpose of selling the Policy at a public or private sale and retaining from the proceeds of any such sale the amounts loaned to the Trust by Windsor, plus legal interest thereon, plus recoverable costs, with any excess to be provided to the Trust.

(b) *If* it should transpire that the Policy were never allowed to lapse; and *if* it should further transpire that Windsor were never to exercise its right to hold a public or private sale of the Policy pursuant to the terms of the Security Agreement and related documents contained in the Financing Agreement Package, *then*, upon the death of the Insured, the Trust would be entitled, pursuant to the terms of the Assignment Of Life Insurance Policy As Collateral and related documents contained in the Financing Agreement Package, to specific performance by Windsor of Windsor's duty to: (i) collect the death benefit from Phoenix; (ii) retain only that portion of the death benefit necessary to compensate Windsor for the amounts loaned to the Trust by Windsor, plus legal interest thereon, plus recoverable costs; and (iii) provide the remainder of

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
*Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.*
Case No. 3:15-cv-00080-JST

10

JUDD 072295

1 | the death benefit to the Trust.

2 |     3. For the Trust's reasonable costs, including attorney's fees pursuant to contract,
3 | incurred in this action.

4 |     4. For such other relief as the Court may deem just and proper.

5 | DATED: April 22, 2015          HENNEFER FINLEY & WOOD, LLP

/s/ Joseph Wood
Joseph Wood

Attorneys for Defendants, Jane Ann Stamatov Family Insurance Trust and Larry L. Davidson as Trustee of Jane Ann Stamatov Family Insurance Trust

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
*Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.*
Case No. 3:15-cv-00080-JST

11

JUDD 072296

# OBJECTION TO DEMAND FOR JURY TRIAL

Windsor has demanded a trial by jury of this action. The Trust objects to that demand, pursuant to the Seventh Amendment to the Constitution of the United States and case law interpreting that amendment, and requests that this action be tried to the Court.

DATED:   April 22, 2015              HENNEFER FINLEY & WOOD, LLP

/s/   Joseph Wood
Joseph Wood

Attorneys for Defendants, Jane Ann Stamatov Family Insurance Trust and Larry L. Davidson as Trustee of Jane Ann Stamatov Family Insurance Trust

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.
Case No. 3:15-cv-00080-JST

12

JUDD 072297

PROOF OF SERVICE

Joseph Wood declares:

1. I am over twenty-one years of age and am not a party to the above-named action. My business address is 275 Battery Street, Suite 200, San Francisco, CA 94111.

2. On April 22, 2015, in San Francisco, California, I served the attached

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF

on the parties to this action.

3. Service was made by electronically filing that document with the Court to be served by operation of the Court's electronic filing and notice system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true.

DATED: April 22, 2015

/s/ Joseph Wood
Joseph Wood

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
*Windsor Securities, LLC vs. Jane Ann Stamatov Family Insurance Trust, et al.*
Case No. 3:15-cv-00080-JST

JUDD 072298