UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WINDSOR SECURITIES, LLC,

Plaintiff,

     -against-

ARENT FOX, LLP and JULIUS
ROUSSEAU, III,

Defendants.

Case No.  16-cv-01533 (GBD) (GWG)

---

## DECLARATION OF PETER N. WANG
## IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Peter N. Wang, pursuant to 28 U.S.C. § 1746 and under penalty of perjury state and declare as follows:

1.     I am a member of the Bar of this Court and an attorney at Foley & Lardner LLP, attorneys for Defendants Arent Fox, LLP ("Arent Fox") and Julius Rousseau, III ("Rousseau" and, collectively, with Arent Fox, "Defendants").

2.     I submit this declaration in support of Defendants' Motion for Partial Summary Judgment (the "Motion") and know the statements made herein to be true based upon personal knowledge and/or based upon non-privileged information I have received from my client.

### Pleadings and Papers in this Action

3.     Attached hereto,  collectively, as Exhibit 1 are true and correct copies of the Civil Cover Sheet and Complaint  (the "Complaint") filed by Windsor Securities, LLC ("Windsor") in this action (without exhibits), filed as ECF Nos. 1-2 on February 29, 2016.

4.     Attached hereto as Exhibit 2 is a true and correct copy of Exhibit A of the Complaint, filed as ECF No. 1-1 on February 29, 2016.

5.      Attached hereto as Exhibit 3 is a true and correct copy of Exhibit C of the Complaint, filed as ECF Nos. 1-3 and 1-4 on February 29, 2016.

6.      Attached hereto as Exhibit 4 is a true and correct copy of Exhibit J of the Complaint, filed as ECF No. 1-11 on February 29, 2016.

7.      Attached hereto as Exhibit 5 is a true and correct copy of Exhibit K of the Complaint, filed as ECF No. 1-12 on February 29, 2016.

8.      Attached hereto as Exhibit 6 is a true and correct copy of Defendants' Answer, Affirmative Defenses, and Counterclaims in this action, filed as ECF No. 19 on May 6, 2016.

9.      Attached hereto as Exhibit 7 is a true and correct copy of Windsor's Answer and Affirmative Defenses to Defendant Arent Fox, LLP's Counterclaims in this action, filed as ECF No. 25 on May 25, 2016.

10.     Attached hereto as Exhibit 8 is a true and correct copy of the Declaration of Julius Rousseau, III in Support of Defendants' previous Motion to Compel, dated May 30, 2017.

11.     Attached hereto as Exhibit 9 is a true and correct copy of the Declaration of Darin T. Judd in Opposition to Defendant's Motion to Compel Discovery, filed as ECF No. 60-2 on June 13, 2017.

12.     Attached hereto as Exhibit 10 is a true and correct copy of the Affidavit of Lauren S. Antonino in Opposition to Defendant's Motion to Compel Discovery, filed as ECF No. 60-3 on June 13, 2017.

**Depositions and Discovery in this Action**

13.     Attached hereto as Exhibit 11 is a true and correct copy of Windsor's July 11, 2016 Response to Defendants' First Set of Interrogatories, with attachments and verification page.

14.     On March 7, 2017, counsel for Windsor deposed Julius Rousseau, III ("Rousseau").  Attached hereto, collectively, as Exhibit 12 are true and correct copies of excerpts from his deposition transcript, along with a signature page and errata sheet.

15.     On March 6, 2017 and October 4, 2017, counsel for Defendants deposed Steven Prusky ("Prusky").  Attached hereto, collectively, as Exhibit 13 are true and correct copies of excerpts from his two deposition transcripts, signature pages, and errata sheets.

16.     On February 15, 2018, counsel for Defendants deposed Lauren Antonino ("Antonino").  Attached hereto, collectively, as Exhibit 14 are true and correct copies of excerpts from her deposition transcript.

17.     Our office served on Antonino's counsel a demand for Antonino to sign and return her deposition transcript to our office, along with any proffered corrections.  To date, we have not received a signed transcript or errata sheet.  Under the Federal Rules of Civil Procedure, Antonino's deposition transcript is therefore deemed to have been signed and should be treated as such.

18.     Attached hereto as Exhibit 15 is a true and correct copy of Exhibit 5 to Antonino's deposition (PLAINTIFF 084552-53).

19.     Attached hereto as Exhibit 16 is a true and correct copy of an engagement letter to Steve G. Prusky from The Antonino Firm regarding "Potential Claims against Gene Houchins in connection with the Bitter and Collins Cases," dated August 20, 2014 (ANTONINO 006528-6534).

20.     Attached hereto as Exhibit 17 is a true and correct copy a second engagement letter to Steve G. Prusky from The Antonino Firm regarding "Amendment to Retainer Agreement," dated June 22, 2015 (ANTONINO 095767-68).

3

21.     On October 4, 2017, counsel for Defendants deposed Darin T. Judd ("Judd"). Attached hereto, collectively as Exhibit 18 are true and correct copies of excerpts from his deposition transcript.

22.     Our office served on Windsor's counsel, who was representing Judd during his deposition, a demand for Judd to sign and return his deposition transcript to our office, along with any proffered corrections.  To date, we have not received a signed transcript or errata sheet. Under the Federal Rules of Civil Procedure, Judd's deposition transcript is therefore deemed to have been signed and should be treated as such.

23.     During Judd's deposition, certain documents were marked as exhibits.  Attached hereto as Exhibit 19 is a true and correct copy of Exhibit 3 to Judd's deposition (AF0019239-41).

24.     Attached hereto as Exhibit 20 is a true and correct copy of Exhibit 4 to Judd's deposition (PLAINTIFF 073915).

25.     Attached hereto as Exhibit 21 is a true and correct copy of Exhibit 6 to Judd's deposition.

26.     Attached hereto as Exhibit 22 is a true and correct copy of Exhibit 8 to Judd's deposition (ANTONINO 074141-074142).

27.     Attached hereto as Exhibit 23 is a true and correct copy of Exhibit 10 to Judd's deposition.

28.     Attached hereto as Exhibit 24 is a true and correct copy of Exhibit 11 to Judd's deposition (ANTONINO 083440-083460).

29.     Attached hereto as Exhibit 25 is a true and correct copy of Exhibit 16 to Judd's deposition.

30.     On June 28, 2018, counsel for Defendants deposed Joseph Wood ("Wood"). Attached hereto, collectively as Exhibit 26 are true and correct copies of excerpts from his deposition transcript.

31.     Our office served on Windsor's counsel a demand for Wood to sign and return his deposition transcript to our office, along with any proffered corrections.  To date, we have not received a signed transcript or errata sheet.  Under the Federal Rules of Civil Procedure, Wood's deposition transcript is therefore deemed to have been signed and should be treated as such.

32.     During Wood's deposition, certain documents were marked as exhibits.  Attached hereto as Exhibit 27 is a true and correct copy of Exhibit 4 to Wood's deposition.

33.     Attached hereto as Exhibit 28 is a true and correct copy of Exhibit 5 to Wood's deposition.

34.     Attached hereto as Exhibit 29 is a true and correct copy of Exhibit 6 to Wood's deposition.

35.     Attached hereto as Exhibit 30 is a true and correct copy of Exhibit 7 to Wood's deposition.

36.     Attached hereto as Exhibit 31 is a true and correct copy of Exhibit 12 to Wood's deposition.

37.     Attached hereto as Exhibit 32 is a true and correct copy of Exhibit 21 to Wood's deposition.

38.     On February 16, 2018, counsel for Defendants deposed Eugene Houchins, III ("Houchins").  Attached hereto, collectively, as Exhibit 33 are true and correct copies of excerpts from his deposition transcript.

39.     Our office served on Houchins' counsel a demand for Houchins to sign and return his deposition transcript to our office, along with any proffered corrections.  To date, we have not received a signed transcript or errata sheet.  Under the Federal Rules of Civil Procedure, Wood's deposition transcript is therefore deemed to have been signed and should be treated as such.

40.     Attached hereto as Exhibit 34 is a true and correct copy of the Expert Report of Sandra Stern ("Stern"), dated April 2, 2018, proffered by Windsor.

41.     On June 25, 2018, counsel for Defendants deposed Stern.  Attached hereto, collectively, as Exhibit 35 are true and correct copies of excerpts from her deposition transcript, along with a signature page and errata sheet.

42.     Attached hereto as Exhibit 36 is a true and correct copy of the Expert Report of Charles S. Lunden ("Lunden"), dated April 2, 2018, proffered by Windsor.

43.     In the course of discovery in this case, Windsor has produced settlement agreements related to the five underlying litigations at issue here.  These agreements were produced pursuant to a Stipulation and Protective Order (the "Protective Order") and have been tagged as "Confidential."  My office downloaded from PACER stipulated court orders in these five actions (referencing dismissal of the cases) that document the settlement dates.  For two of the actions – involving Stamatov and Coppock – the settlements were executed after the final stipulated orders were filed.  True and correct copies of these five downloaded stipulated orders and the redacted signature pages for the Stamatov and Coppock settlement agreements have been attached hereto, collectively, as Exhibit 37.  These same materials were also Exhibit 2 to the Declaration of Douglas S. Heffer in in Support of Defendants' Motion to Compel, filed as ECF No.  57 on May 30, 2017.

## **Underlining Acker and Collins Litigations**

44.     Attached hereto as Exhibit 38 is a true and correct copy of Windsor's Answer and Crossclaim *John Hancock Life Insurance Co. v. Goss*, No. 14-cv-04651-WHO (N.D. Cal) (hereinafter, the "Acker Litigation"), filed as ECF No. 18 in that litigation on January 23, 2015.

45.     Attached hereto as Exhibit 39 is a true and correct copy of Windsor's Memorandum Points and Authorities in Support of  its Motion for Summary Judgment in the Acker Litigation, filed as ECF No. 30-1 in that litigation on July 8, 2015.

46.     Attached hereto as Exhibit 40 is a true and correct copy of the Acker Trust's Memorandum of Law in Opposition to Motion for Summary Judgment in the Acker Litigation, filed as ECF No. 37 in that litigation on July 29, 2015.

47.     Attached hereto as Exhibit 41 is a true and correct copy of the Order Denying Stipulation to Extend Discovery and Suspending Discovery in the Acker Litigation, filed as ECF No. 59 in that litigation on September 3, 2015.

48.     Attached hereto as Exhibit 42 is a true and correct copy of the Order Granting in Part and Denying in Part Windsor's Motion for Summary Judgment in the Acker Litigation, filed as ECF No. 68 in that litigation on September 21, 2015.

49.     Attached hereto as Exhibit 43 is a true and correct copy of the Discovery Order in the Acker Litigation, filed as ECF No. 72 in that litigation on September 29, 2015.

50.     Attached hereto as Exhibit 44 is a true and correct copy of the Acker Trust's Memorandum of Law in Support of its Motion for Summary Judgment in the Acker Litigation, filed as ECF No. 75 in that litigation on October 27, 2015.

51.     Attached hereto as Exhibit 45 is a true and correct copy of Windsor's Memorandum of Law in Opposition to Motion for Summary Judgment in the Acker Litigation, filed as ECF No. 85 in that litigation on November 12, 2015.

52.     Attached hereto as Exhibit 46 is a true and correct copy of the Declaration of Eric Harkins in Opposition to Motion for Summary Judgment in the Acker Litigation, filed as ECF No. 83 in that litigation on November 10, 2015.

53.     Attached hereto as Exhibit 47 is a true and correct copy of the Order on the Trust's Motion for Summary Judgment in the Acker Litigation, filed as ECF No. 95 in that litigation on December 22, 2015.

54.     Attached hereto as Exhibit 48 is a true and correct copy of Windsor's Answer and Crossclaim in *Pacific Life Ins. Co. v. Gordillo*, No. 14-cv-03713-CRB (N.D. Cal) (hereinafter, the "Collins Litigation"), filed as ECF No. 20 in that litigation on November 12, 2014.

55.     Attached hereto as Exhibit 49 is a true and correct copy of Windsor's Memorandum Points and Authorities in Support of its Motion for Summary Judgment in the Collins Litigation, filed as ECF No. 31-1 in that litigation on July 8, 2015.

56.     Attached hereto as Exhibit 50 is a true and correct copy of the Collins Trust's Memorandum of Law in Opposition to Motion for Summary Judgment in the Collins Litigation, filed as ECF No. 38 in that litigation on July 29, 2015.

57.     Attached hereto as Exhibit 51 is a true and correct copy of the Order Denying Stipulation to Extend Discovery and Suspending Discovery in the Collins Litigation, filed as ECF No. 49 in that litigation on September 4, 2015.

58.     Attached hereto as Exhibit 52 is a true and correct copy of the Order Granting in Part and Denying in Part Windsor's Motion for Summary Judgment, filed as ECF No. 50 in that litigation on September 21, 2015.

59.     Attached hereto as Exhibit 53 is a true and correct copy of the Discovery Order in the Collins Litigation, filed as ECF No. 53 in that litigation on September 29, 2015.

60.     Attached hereto as Exhibit 54 is a true and correct copy of the Collins Trust's Memorandum of Law in Support of its Motion for Summary Judgment in the Collins Litigation, filed as ECF No. 54 in that litigation on October 27, 2015.

61.     Attached hereto as Exhibit 55 is a true and correct copy of Windsor's Memorandum of Law in Opposition to Motion for Summary Judgment in the Collins Litigation, filed as ECF No. 61 in that litigation on November 10, 2015.

62.     Attached hereto as Exhibit 56 is a true and correct copy of the Declaration of Eric Harkins in Opposition to Motion for Summary Judgment in the Collins Litigation, filed as ECF No. 63 in that litigation on November 12, 2015.

63.     Attached hereto as Exhibit 57 is a true and correct copy of the Order on the Trust's Motion for Summary Judgment in the Collins Litigation, filed as ECF No. 70 in that litigation on December 22, 2015.

64.     Attached hereto as Exhibit 58 is a true and correct copy of the transcript of Oral Argument Proceeding for the Acker and Collins Litigations on December 2, 2015, filed as ECF No. 102 (on the Acker Litigation Docket) on January 4, 2016.

65.     Attached hereto as Exhibit 59 is a true and correct copy of Windsor's arbitration demand against Herrick, served on or around October 17, 2016.

I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 13th day of August, 2018

Peter N. Wang