# EXHIBIT 6

Peter N. Wang
Douglas S. Heffer
Adam G. Pence
Foley & Lardner LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 682-7474
Fax: (212) 687-2329

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WINDSOR SECURITIES, LLC,

      Plaintiff,

    -against-

ARENT FOX, LLP and JULIUS
ROUSSEAU, III,

      Defendants.

Case No. 16-cv-01533 (GBD)

**DEFENDANTS' ANSWER,**
**AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS**

      Defendants Arent Fox, LLP ("Arent Fox") and Julius Rosseau, III ("Rousseau", and, collectively, with Arent Fox, "Defendants"), through their attorneys Foley & Lardner LLP, hereby submit this Answer to the Complaint of Plaintiff Windsor Securities, LLC ("Windsor"). As our answer demonstrates, this is a meritless lawsuit for malpractice brought by a former client, only after the client failed to prevail in several litigation proceedings involving a legal issue of first impression and after the client failed to pay for hundreds of thousands of dollars in outstanding legal charges. Windsor has now commenced this action despite the fact that it failed to follow Defendants' specific legal advice and, after hiring new counsel, proceeded to employ several questionable litigation strategies that were ultimately responsible for Windsor's fate.

With regard to the specific allegations in Windsor's Complaint, Defendants state as follows:

## INTRODUCTION

1.    Defendants admit this is an action for alleged legal malpractice related to Windsor's attempts to collect proceeds from several life insurance policies, and admit that in attempting to collect these proceeds, Windsor lost an arbitration proceeding and two court proceedings at the summary judgment stage, but deny the remaining allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.    The allegations in Paragraph 2 of the Complaint relating to jurisdiction are legal conclusions to which no answer is required.

3.    The allegations in Paragraph 3 of the Complaint are legal conclusions to which no answer is required.

4.    Defendants admit only so much of the allegations of Paragraph 4 of the Complaint that state that this Court has personal jurisdiction over Defendants, and deny the remaining allegations in Paragraph 4 of the Complaint, all of which are legal conclusions for which a response is not required.

## PARTIES

5.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint.

6.    Defendants admit that Arent Fox has offices in Los Angeles, San Francisco, and Washington, D.C. but denies the remaining allegations in Paragraph 6 of the Complaint.

7.        Defendants admit Mr. Rousseau is a resident of New York but deny the remaining allegations in Paragraph 7 of the Complaint, except refer to the referenced Arent Fox website for its contents.

## FACTUAL BACKGROUND

8.        Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint.

9.        Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint.

10.        Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint.

11.        Defendants admit that they understand that Windsor used third parties to procure insurance policies but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 of the Complaint.

12.        Defendants admit that they understand that Windsor used third parties to procure insurance policies but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12 of the Complaint.

13.        Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint, except refer to the relevant trust documents for their contents.

14.        Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint.

15.        Defendants admit that they understand that Windsor made loans for several policies – including for Joe E. Acker, Erwin A. Collins, John L. Bitter, Jane Ann Stamatov, and

Robert S. Coppock – and that five of which became involved in lawsuits but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint, except refer to the relevant trust documents for their contents.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint, except refer to the relevant trust documents, including Exhibit C, for their contents.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint, except refer to the relevant trust documents, including Exhibit C, for their contents.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint, except refer to the relevant trust documents, including Exhibit C, for their contents.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint, except refer to the relevant trust documents for their contents.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

### Rousseau's Introduction To and Representation of Windsor

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint.

27.     Defendants admit that Rousseau previously worked with the Herrick Firm[1] but deny the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendants admit that Windsor engaged Rousseau and the Herrick Firm to provide certain legal services but deny the remaining allegations, except refer to Exhibit D for its contents.

29.     Defendants admit that the Herrick Firm and Defendants provided certain legal advice and representation to Windsor but deny the remaining allegations in Paragraph 29 of the Complaint.

30.     Defendants admit that Rousseau left the Herrick Firm and became a partner at Arent Fox but deny the remaining allegations in Paragraph 30 of the Complaint, except refer to Exhibit E for its contents.

31.     Defendants admit that Rousseau, when he was an attorney with the Herrick Firm and Arent Fox, provided certain legal representation and advice to Windsor but deny the remaining allegations in Paragraph 31 of the Complaint.

---

[1] Capitalized terms used, but not defined, have the meanings ascribed to them in the Complaint.

32.     Defendants admit that they provided certain legal representation and advice with regard to the Premium Finance Loans and Premium Finance Polices, including preparing certain related documents at the request of Windsor, but state that they did not provide legal representation with regard to the creation of the Premium Finance Loans and Premium Finance Polices and deny the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that after Mr. Rousseau became a partner at Arent Fox, he asked Windsor to sign an engagement letter but deny the remaining allegations in Paragraph 33 of the Complaint, except refer to Exhibits A, F, G, and H for their contents.

34.     Defendants admit they provided Windsor legal advice regarding the Premium Finance Loans but deny the remaining allegations in Paragraph 34 of the Complaint.

35.     Defendants admit they provided Windsor legal advice and representation regarding the Bitter Premium Finance Loan and Bitter Premium Finance Policy but deny the remaining allegations in Paragraph 35 of the Complaint.

36.     Defendants admit they provided Windsor legal advice and representation regarding the Premium Finance Policies but deny the remaining allegations in Paragraph 36 of the Complaint, except refer to Exhibit I for its contents.

### The Bitter Policy

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint, except refer to the documents relating to the Bitter Policy for their contents.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint, except refer to the documents relating to the Bitter Policy for their contents.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint, except refer to the documents relating to the Bitter Policy for their contents.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint, except refer to the documents relating to the Bitter Policy for their contents.

41.     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint, except refer to the documents relating to the Bitter Policy for their contents.

42.     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint, except refer to the documents relating to the Bitter Policy for their contents.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Complaint.

45.     Defendants admit they provided Windsor legal advice and representation regarding the Bitter Finance Agreement Package but deny the remaining allegations in Paragraph 45 of the Complaint.

46.     Defendants admit the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint, except refer to Exhibit H for its contents.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Complaint.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint, except refer to Exhibit J for its contents.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Complaint, except refer to the Bitter COO for its contents.

51.     Defendants admit that Rousseau provided Windsor legal advice regarding the Bitter COO but deny the remaining allegations in Paragraph 51 of the Complaint.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Complaint.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Complaint.

54.     Defendants admit the allegations in Paragraph 54 of the Complaint.

55.     Defendants admit the allegations in Paragraph 55 of the Complaint.

56.     Defendants admit the allegations in Paragraph 56 of the Complaint.

57.     Defendants admit the allegations in Paragraph 57 of the Complaint.

58.     Defendants admit the allegations in Paragraph 58 of the Complaint.

59.     Defendants admit the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint but state that the arbitration panel was chosen pursuant to the terms of the relevant contract and the rules of the American Arbitration Association.

61.     Defendants admit to providing legal advice regarding the Bitter Policy but deny the remaining allegations in Paragraph 61 of the Complaint.

62.     Defendants admit that the Bitter Trustee argued that the Trust was not in default, that Windsor failed to satisfy the requirements of the "Default Sale Right" provision, and that Windsor failed to comply with the "strict foreclosure" procedures under California Civil Code Section 9620 but deny the remaining allegations in Paragraph 62 of the Complaint, except refer to Exhibit K for its contents.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint, except refer to Exhibit K for its contents.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint, except refer to Exhibit K for its contents.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint, except refer to Exhibit K for its contents.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint, except refer to Exhibit K for its contents.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Complaint.

69.     Defendants admit that they only sent one default letter, involving the Bitter Policy and that the Trustees of the other four (4) Premium Finance Policies (Collins, Acker, Coppock, and Stamatov) executed COO's prior to the Maturity Date of the Loans but deny the remaining allegations in Paragraph 69 of the Complaint.

70.     Defendants admit discussing the other four (4) Premium Financed Policies with Windsor but deny the remaining allegations in Paragraph 70 of the Complaint.

71.     Defendants admit discussing the other four (4) Premium Financed Policies with Windsor but deny the remaining allegations in Paragraph 71 of the Complaint.

72.     Defendants admit that in June 2014 letters were sent to the Trustees of the (4) Premium Financed Policies but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 72 of the Complaint.

### The Acker Policy

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the Complaint, except refer to the documents related to the Acker Policy for their contents.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Complaint, except refer to the documents related to the Acker Policy for their contents.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the Complaint, except refer to the documents related to the Acker Policy for their contents.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Complaint, except refer to the documents related to the Acker Policy for their contents.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Complaint, except refer to the documents related to the Acker Policy for their contents.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Complaint, except refer to the documents related to the Acker Policy for their contents.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the Complaint.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 of the Complaint.

81.     Defendants admit to providing legal advice regarding the Acker Policy but deny the remaining allegations in Paragraph 81 of the Complaint.

82.     Defendants admit to providing legal advice regarding the Acker Policy but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 82 of the Complaint, except refer to the "Absolute/Gift Assignment – Life Insurance" form for its contents.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Complaint, except refer to the referenced form, the COO, for its contents.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the Complaint, except refer to the referenced documents for their contents.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Complaint, except refer to the referenced form, the Second COO, for its contents.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Complaint, except refer to Exhibit L for its contents.

87.     Defendants admit to providing legal advice regarding the Acker Policy but deny the remaining allegations in Paragraph 87 of the Complaint.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 of the Complaint.

89.     Defendants admit to providing legal advice regarding the Acker Policy but deny the remaining allegations in Paragraph 89 of the Complaint.

90.     Defendants admit that in June 2014 a letter was sent to the Acker Trustee but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90 of the Complaint.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 of the Complaint.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 of the Complaint.

93.     Defendants admit the allegations in Paragraph 93 of the Complaint.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the Complaint, except refer to Exhibit M for its contents.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 of the Complaint, except refer to Exhibit M for its contents.

96.     Defendants admit the allegations in Paragraph 96 of the Complaint.

97.     Defendants admit the allegations in Paragraph 97 of the Complaint.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Complaint, except refer to Exhibit N for its contents.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Complaint, except refer to Exhibit N for its contents.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 of the Complaint, except refer to Exhibit N for its contents.

101.    Defendants admit that the Court in the Acker Action granted the Acker Trust's Motion for Summary Judgment but deny the remaining allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

## The Collins Policy

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 of the Complaint, except refer to the documents related to the Collins Policy for their contents.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 of the Complaint, except refer to the documents related to the Collins Policy for their contents.

105.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 of the Complaint, except refer to the documents related to the Collins Policy for their contents.

106.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106 of the Complaint, except refer to the documents related to the Collins Policy for their contents.

107.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 of the Complaint, except refer to the documents related to the Collins Policy for their contents.

108.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 of the Complaint, except refer to the documents related to the Collins Policy for their contents.

109.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109 of the Complaint, except refer to the documents related to the Collins Policy for their contents.

110.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 of the Complaint.

111.     Defendants admit to providing legal advice regarding the Collins Policy but deny the remaining allegations in Paragraph 111 of the Complaint.

112.     Defendants admit to providing legal advice regarding the Collins Policy but lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 of the Complaint, except refer to the Assignment for its contents.

113.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 of the Complaint, except refer to the referenced document for its contents.

114.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114 of the Complaint.

115.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 of the Complaint.

116.     Defendants admit to providing legal advice regarding the Collins Policy but deny the remaining allegations in Paragraph 116 of the Complaint.

117.     Defendants admit that in June 2014 a letter was sent to the Collins Trustee but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 117 of the Complaint, except refer to the referenced document for its contents.

118.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 of the Complaint, except refer to the referenced document for its contents.

119.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 of the Complaint.

120.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 of the Complaint, except refer to the referenced document for its contents.

121.     Defendants admit the allegations in Paragraph 121 of the Complaint.

122.     Defendants admit that the Collins Trust/Trustee filed a Cross Claim that the Trust was entitled to the death benefits but deny the remaining allegations in Paragraph 122 of the Complaint.

123.     Defendants admit that Windsor moved for Summary Judgment, or, in the alternative, Partial Summary Judgment, but deny the remaining allegations in Paragraph 123 of the Complaint.

124.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124 of the Complaint, except refer to Exhibit O for its contents.

125.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 of the Complaint, except refer to Exhibit O for its contents.

126.     Defendants admit that the Court in the Collins Action granted the Collins Trust's Motion for Summary Judgment but deny the remaining allegations in Paragraph 126 of the Complaint.

## **The Coppock Policy**

127.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127 of the Complaint, except refer to the documents related to the Coppock Policy for their contents.

128.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128 of the Complaint, except refer to the documents related to the Coppock Policy for their contents.

129.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129 of the Complaint, except refer to the documents related to the Coppock Policy for their contents.

130.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130 of the Complaint, except refer to the documents related to the Coppock Policy for their contents.

131.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131 of the Complaint, except refer to the documents related to the Coppock Policy for their contents.

132.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132 of the Complaint, except refer to the documents related to the Coppock Policy for their contents.

133.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133 of the Complaint, except refer to the referenced document for its contents.

134.     Defendants deny that Coppock notified Rousseau of the new trustee appointment and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 134 of the Complaint.

135.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135 of the Complaint.

136.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136 of the Complaint.

137. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137 of the Complaint.

138. Defendants admit to providing legal advice regarding the Coppock Policy but deny the remaining allegations in Paragraph 138 of the Complaint.

139. Defendants admit to providing legal advice regarding the Coppock Policy but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 139 of the Complaint, except refer to the Request of Ownership Change form for its contents.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140 of the Complaint.

141. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 141 of the Complaint.

142. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142 of the Complaint.

143. Defendants deny the allegations in Paragraph 143 of the Complaint, except refer to Exhibit P for its contents.

144. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144 of the Complaint.

145. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145 of the Complaint.

146. Defendants admit to providing legal advice regarding the Coppock Policy but deny the remaining allegations in Paragraph 146 of the Complaint.

147.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 147 of the Complaint.

148.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148 of the Complaint.

149.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 of the Complaint.

150.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 150 of the Complaint.

151.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151 of the Complaint, except refer to Exhibit Q for its contents.

152.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152 of the Complaint.

153.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153 of the Complaint.

**The Stamatov Policy**

154.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154 of the Complaint, except refer to the documents related to the Stamatov Policy for their contents.

155.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155 of the Complaint, except refer to the documents related to the Stamatov Policy for their contents.

156.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156 of the Complaint, except refer to the documents related to the Stamatov Policy for their contents.

157.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157 of the Complaint, except refer to the documents related to the Stamatov Policy for their contents.

158.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 of the Complaint, except refer to the documents related to the Stamatov Policy for their contents.

159.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159 of the Complaint.

160.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160 of the Complaint.

161.     Defendants admit to providing legal advice regarding the Stamatov Policy but deny the remaining allegations in Paragraph 161 of the Complaint.

162.     Defendants admit to providing legal advice regarding the Stamatov Policy but lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 of the Complaint, except refer to the Request of Ownership Change form for its contents.

163.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 of the Complaint.

164.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164 of the Complaint.

165.     Defendants admit to providing legal advice regarding the Stamatov Policy but deny the remaining allegations in Paragraph 165 of the Complaint.

166.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166 of the Complaint.

167.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 of the Complaint.

168.     Defendants admit that in June 2014 a letter was sent to the Stamatov Trustee but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 168 of the Complaint.

169.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 of the Complaint, except refer to Exhibit R for its contents.

170.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170 of the Complaint.

171.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 171 of the Complaint.

**Rousseau and Arent Fox's Continuous Representation, Errors, Breaches, and Omissions**

172.     Defendants admit that they provided certain legal representation and advice to Windsor but deny the remaining allegations in Paragraph 172 of the Complaint.

173.     Defendant makes no response to the allegations contained in Paragraph 173 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 173 of the Complaint.

174.     Defendants admit to sending in September 2010 a letter in the Bitter Action and providing legal advice regarding the Premium Finance Policies but deny the remaining allegations in Paragraph 174 of the Complaint.

175.     Defendants deny the allegations in Paragraph 175 of the Complaint.

176.     Defendant makes no response to the allegations contained in Paragraph 176 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 176 of the Complaint.

177.     Defendants deny the allegations in Paragraph 177 of the Complaint.

178.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178 of the Complaint.

### COUNT I
### PROFESSIONAL NEGLIGENCE/LEGAL MALPRACTICE
### Plaintiff v. All Defendants

179.     Defendants repeat and reallege the foregoing paragraphs of their Answer as though fully set forth herein.

180.     Defendants make no response to the allegations contained in Paragraph 180 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 180 of the Complaint.

181.     Defendants make no response to the allegations contained in Paragraph 181 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 181 of the Complaint.

182.     Defendants make no response to the allegations contained in Paragraph 182 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 182 of the Complaint.

183.     Defendants make no response to the allegations contained in Paragraph 183 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 183 of the Complaint.

184.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184 of the Complaint.

185.     Defendants make no response to the allegations contained in Paragraph 185 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 185 of the Complaint.

## COUNT II
## BREACH OF FIDUCIARY DUTY
### Plaintiff v. All Defendants

186.     Defendants repeat and reallege the foregoing paragraphs of their Answer as though fully set forth herein.

187.     Defendants make no response to the allegations contained in Paragraph 187 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 187 of the Complaint.

188.     Defendants make no response to the allegations contained in Paragraph 188 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 188 of the Complaint.

189.     Defendants make no response to the allegations contained in Paragraph 189 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 189 of the Complaint.

190.     Defendants deny the allegations in Paragraph 190 of the Complaint.

191.     Defendants make no response to the allegations contained in Paragraph 191 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 191 of the Complaint.

**COUNT III**
**BREACH OF CONTRACT**
**Plaintiff v. All Defendants**

192.     Defendants repeat and reallege the foregoing paragraphs of their Answer as though fully set forth herein.

193.     Defendants make no response to the allegations contained in Paragraph 193 of the Complaint on the ground that they state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 193 of the Complaint.

194.     Defendants make no response to the allegations contained in Paragraph 194 of the Complaint on the ground that they state legal conclusions for which no response is required.  To

the extent a response is required, Defendants deny the allegations in Paragraph 194 of the Complaint.

## PRAYER FOR RELIEF

Defendants expressly deny that Windsor is entitled to any of the relief requested in the Prayer.

## AFFIRMATIVE DEFENSES

By asserting these affirmative defenses, Defendants do not assume the burden of proof for any claim or legal issue where Windsor bears that burden as a matter of law.

### FIRST AFFIRMATIVE DEFENSE

1.      Windsor's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Windsor did not suffer any loss or damages by reason of any alleged acts of Defendants.

### THIRD AFFIRMATIVE DEFENSE

3.      Windsor fails to state a claim because, to the extent Defendants owed Windsor any duty, Defendants fully performed with due care.

### FOURTH AFFIRMATIVE DEFENSE

4.      If Windsor were injured in any of the ways alleged, which Defendants deny, Windsor's injuries were caused by the actions or inaction of Windsor or other third parties over which Defendants have no control.

### FIFTH AFFIRMATIVE DEFENSE

5.    Windsor was contributorily negligent in its conduct in connection with its direction of and contribution to the above-referenced events.

### SIXTH AFFIRMATIVE DEFENSE

6.    Windsor's claims fail because the underlying issues of law were unsettled, were of first impression, or were otherwise debatable.

### SEVENTH AFFIRMATIVE DEFENSE

7.    Windsor failed to mitigate any alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Windsor's claims are barred by the doctrine of unclean hands and other equitable defenses.

### NINTH AFFIRMATIVE DEFENSE

9.    Windsor's claims are barred by laches, waiver and/or estoppel.

### TENTH AFFIRMATIVE DEFENSE

10.    Windsor's claims are barred, in whole or in part, by the applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendants hereby assert all additional affirmative defenses that may be revealed in the course of discovery by further investigation or at trial.

## COUNTERCLAIMS BY ARENT FOX

### Facts Relevant to Counterclaims

1.    These counterclaims are brought on behalf of Arent Fox to recover legal fees due and owing from Windsor.

2.    On April 7, 2011, Windsor entered into a written agreement (the "Engagement Letter") with Arent Fox pursuant to which Arent Fox would provide legal services for Windsor in connection with Windsor's "business ventures."  These services included "handling matters in litigation, providing advice and guidance in connection with negotiations, settlements, and providing regulatory advice and assistance in [Windsor's] business."  *See* Exhibit A to the Complaint (the "Engagement Letter").

3.    Pursuant to the terms of the Engagement Letter, Windsor agreed to pay Arent Fox the fees and costs associated therein, which were to be detailed to Windsor in monthly invoices that were payable upon receipt.  *See id.*

4.    Pursuant to the Engagement Letter, if invoices were not paid within 30 days, Arent Fox reserved the right to charge interest on overdue amounts, "from the date the invoice is rendered until the date it is paid, at the legal rate of 9%."  *See id.*  If Arent Fox were forced to incur collection costs to obtain payment, Windsor agreed to be "responsible for the collection costs, including reasonable attorneys' fees."  *See id.*

5.    While Windsor had the right to terminate Arent Fox's representation, Windsor agreed to be responsible for all costs and fees incurred "up to the termination."  *See id.*

6.    Arent Fox sent Windsor detailed monthly invoices reflecting the amount owed by Windsor to Arent Fox for services rendered and disbursements on Windsor's behalf.  Windsor accepted the invoices without objection.

7.    Windsor did not fulfill its obligations under the Engagement Letter because Windsor failed to remit payment for several invoices.

8.      Over the course of Defendants' representation of Windsor, until September 2014, Windsor did not express any dissatisfaction with Defendants' work or indicate in any way that it would not pay Arent Fox's invoices for such work.

9.      As of May 7, 2016, Windsor owed Arent Fox not less than $480,095.25, plus interest accrued and continuing to accrue thereon.

### COUNT I
### BREACH OF CONTRACT
### (ON BEHALF OF ARENT FOX)

10.     Arent Fox repeats and realleges the foregoing paragraph of its Counterclaims as though fully set forth herein.

11.     The Engagement Letter is a valid, binding enforceable agreement between Arent Fox and Windsor, whereby Windsor agreed to remit timely payment to Arent Fox pursuant to monthly invoices.

12.     Arent Fox, and its personnel, including Rousseau, fully performed its contractual obligations by providing legal services to Windsor in accordance with the terms of the Engagement Letter, and Windsor received the benefit of such service.

13.     In violation of the terms of the Engagement Letter, Windsor failed to pay Arent Fox an amount, according to Arent Fox's accounting records, of no less than $480,095.25.

14.     The failure of Windsor to pay Arent Fox's monthly invoices constitutes multiple, material breaches of the Engagement Letter and Windsor's express agreement therein to pay for services rendered as invoiced.

15.     As a result of Windsor's repeated breaches, Arent Fox has been, and continues to be, damaged in the amount of not less than $480,095.25, plus interest accrued and continuing to accrue thereon.

16.     Further, under the terms of the Engagement Letter, Arent Fox is entitled to the costs necessary to enforce the collection of their legal fees, including reasonable attorneys' fees.

## COUNT II
## ACCOUNT STATED
## (ON BEHALF OF ARENT FOX)

17.     Arent Fox repeats and realleges the foregoing paragraphs of its Counterclaims as though fully set forth herein.

18.     Arent Fox, and its personnel, including Rousseau, performed all of its obligations under the Engagement Letter.

19.     Arent Fox provided Windsor with detailed invoices reflecting that Windsor owed Arent Fox not less than $480,095.25, plus interest, for services rendered.

20.     Windsor accepted all of Arent Fox's monthly invoices without objection.

21.     By accepting without objection Arent Fox's invoices and by acknowledging on several occasions its debt to Arent Fox, Windsor acknowledged and abandoned any objection to its indebtedness to Arent Fox in an amount not less than $480,095.25, plus interest accrued and continuing to accrue thereon.

22.     No payment of said account has been made, despite the fact due demand for the full amount has been made.  Accordingly, an account has been stated in favor of Arent Fox and against Windsor for $480,095.25, the full amount of which remains due and owing, plus interest accrued and continuing to accrue thereon.

## COUNT III
## QUANTUM MERUIT
## (ON BEHALF OF ARENT FOX)

23.     Arent Fox repeats and realleges the foregoing paragraphs of its Counterclaims as though fully set forth herein.

24.     Arent Fox performed legal services for Windsor in good faith.

25.     Windsor accepted the legal services rendered by Arent Fox and received the benefits of these services.

26.     At all times that Arent Fox performed legal services, Windsor knew that Arent Fox was performing these services and knew that Arent Fox expected to be paid for such services by Windsor.  In fact, Windsor had agreed to compensate Arent Fox for its services.

27.     Arent Fox on several occasions demanded payment of the fair and reasonable value of its services, but Windsor has not paid Arent Fox in full for these services.

28.     Arent Fox is entitled to the reasonable value of the legal services that it rendered to Windsor.  Arent Fox has valued these services to be in an amount not less than $480,095.25, plus interest accrued and continuing to accrue thereon, no part of which has been paid.

**COUNT IV**
**UNJUST ENRICHMENT**
**(ON BEHALF OF ARENT FOX)**

29.     Arent Fox repeats and realleges the foregoing paragraphs of its Counterclaims as though fully set forth herein.

30.     Arent Fox performed legal services for Windsor as agreed, at the special instance and request of Windsor, which services Windsor accepted, from which Windsor received benefit, and which were reasonably worth $480,095.25.

31.     Windsor has thus been unjustly enriched by obtaining the benefit of Arent Fox's legal services without payment.

32.     Arent Fox is entitled to payment of $480,095.25.

WHEREFORE, Defendants pray that this Court:

A.    Enter judgment dismissing the Complaint, with prejudice, and denying all relief therein sought;

B.    Enter an Order awarding Arent Fox its Counterclaims for legal fees in the amount of $480,095.25, along with interest, and related attorneys' fees; and

C.    Enter an Order awarding Defendants their costs and disbursements herein, including attorneys' fees, together with such other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
      May 6, 2016

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: */s/ Peter N. Wang*
    Peter N. Wang (PW 9216)
    Douglas S. Heffer (DH 6082)
    Adam G. Pence (AG 8621)
    90 Park Avenue
    New York, New York 10016
    Tel: (212) 682-7474
    Fax: (212) 687-2329
    pwang@foley.com
    dheffer@foley.com
    apence@foley.com

    *Attorneys for Defendants*
    *Arent Fox, LLP and Julius Rousseau, III*