# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINDSOR SECURITIES, LLC,

    Plaintiff,

-against-

ARENT FOX, LLP and JULIUS ROUSSEAU, III,

    Defendants.

Case No.  1:16-cv-01533 (GBD) (GWG)

**DECLARATION OF JULIUS ROUSSEAU, III
IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**

I, Julius Rousseau, III, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, state and declare as follows:

1. I am a member of the Bar of this Court and a partner at Defendant Arent Fox LLP ("Arent Fox").

2. I submit this declaration in support of Defendants' motion to compel (the "Motion").[1] I know the statements made herein to be true based upon personal knowledge and/or based upon a review of my records.

**Factual Background**

3. Around July or August 2014, at the direction of Windsor, two attorneys, Darin Judd and Lauren Antonino, began to represent Windsor along with us, and were included on many of our communications with Windsor (among others) involving the Bitter Litigation and the other four Loans.

---

[1] Capitalized terms have the meaning ascribed to them in Defendants' Memorandum of Law.

4. In the period leading up to our client Windsor's termination of our representation, these two attorneys counsel also provided advice to Windsor on strategy, including whether to settle the Bitter Litigation and what to do about the growing disputes involving the loans for the recently deceased Acker and Collins.

5. I advised Windsor to settle all three matters, to avoid any further litigation risks, and to offer small nuisance payments to the two living insureds, Coppock and Stamatov.

6. Joseph Wood, who was counsel for the Bitter, Acker, and Collins trustees, had offered the following potential settlement terms: for Bitter, Windsor would receive $650,000 and the estate would receive the remaining death benefit; for Acker, the estate would receive $50,000, and Windsor would receive the remaining death benefit; and for Collins, the estate would receive $100,000, and Windsor would receive the remaining death benefit.

7. Windsor's principal, Steven Prusky, however, chose not to follow my advice to settle on these terms.

8. After reviewing various public filings and other materials associated with these litigations, it appears to me that attorneys Judd and Antonino continued to represent Windsor in all these actions after Windsor terminated the representation by my firm and me.

I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 30th day of May, 2017

_____
Julius Rousseau, III