# EXHIBIT 27

1  HENNEFER FINLEY & WOOD, LLP
   JOSEPH WOOD [SBN 103596]
2  425 California Street, Nineteenth Floor
   San Francisco, California 94104
3  Telephone:   (415) 421-6100
   Facsimile:   (415) 421-1815
4
   Attorneys for Plaintiff, Gregory P. Barnes, Jr.,
5  Trustee of John L. Bitter Irrevocable Life Insurance Trust

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10 GREGORY P. BARNES, JR., TRUSTEE OF              Case No.: 4:13-cv-01878-LB
   JOHN L. BITTER IRREVOCABLE LIFE
11 INSURANCE TRUST,
                                                   **FIRST AMENDED COMPLAINT
12           Plaintiff,                            FOR DECLARATORY RELIEF**

13 vs.

14 WINDSOR SECURITIES, LLC; and
   PACIFIC LIFE INSURANCE COMPANY,
15
             Defendants.
16                                              /

17 PACIFIC LIFE INSURANCE COMPANY,

18           Cross-Claimant,

19 vs.

20 GREGORY P. BARNES, JR., TRUSTEE OF
   JOHN L. BITTER IRREVOCABLE LIFE
21 INSURANCE TRUST; and WINDSOR
   SECURITIES, LLC,
22
             Cross-Defendants.
23                                              /

24

25

26                                                              

27

28

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-LB

Plaintiff complains against defendants and alleges:

## PARTIES

1. Plaintiff, Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust ("Plaintiff"), is a resident of Georgia. John L. Bitter Irrevocable Life Insurance Trust is a Georgia trust.

2. Defendant Windsor Securities, LLC ("Windsor") is a Nevada limited liability company with its principal place of business in Pennsylvania.

3. Defendant Pacific Life Insurance Company ("Pacific") is a Nebraska corporation licensed to do business, and doing business, in all counties of California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1332 (complete diversity of citizenship of the parties) and to 28 U.S.C. §§ 1441, 1446(b)(3) (removal).

5. This Court has personal jurisdiction over the parties to the present action in that: (a) Plaintiff and Windsor consented, in writing, to submit the dispute between them that is encompassed by this action to either the Superior Court of California, County of Sonoma, or to the United States District Court, Northern District of California; and (b) Pacific appeared, in response to the initial complaint in this action, in the Superior Court of California, County of Sonoma, without contesting that court's jurisdiction, and thereby accepted the jurisdiction of this Court pursuant to Windsor's removal of the state court action.

6. The present action is properly venued in this Court in that: (a) Plaintiff and Windsor consented, in writing, to submit the dispute between them that is encompassed by this action to either the Superior Court of California, County of Sonoma, or to the United States District Court, Northern District of California; and (b) Pacific appeared, in response to the initial complaint in this action, in the Superior Court of California, County of Sonoma, without contesting the propriety of venue therein, and thereby accepted venue in this Court pursuant to Windsor's removal of the state court action.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-LB

2

### FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

7. Plaintiff refers to, and by that reference incorporates and reasserts in the present claim for relief, each of the allegations set forth in paragraphs 1 through 6 of this first amended complaint, above.

8. The present action arises out of a written agreement entitled Life Insurance Premium Financing Agreement Among Windsor Securities LLC John J. Bitter Irrevocable Life Insurance Trust And John L. Bitter, Jr. (the "Agreement").

9. Pacific issued to Plaintiff its life insurance policy number VF51701770 (the "Policy").

10. The present action involves a dispute between Plaintiff and Windsor over their respective entitlements to the death benefit due under the Policy, all as set forth below. Plaintiff does not here assert any wrongdoing by Pacific in connection with the Policy. Pacific is a mere stakeholder of the death benefit due under the Policy and is named herein solely in order to guarantee that Pacific be bound by the determination of this Court as to how that death benefit should be distributed between Plaintiff and Windsor.

11. An actual controversy has arisen and now exists between Plaintiff and Windsor concerning their respective rights and duties, as set forth below:

(a) John L. Bitter, the insured under the Policy, passed away on or about December 23, 2012.

(b) The face amount of, and death benefit due under, the Policy is two million dollars ($2,000,000) (the "Death Benefit").

(c) Plaintiff has made a written demand on Pacific for payment of the Death Benefit to Plaintiff.

(d) On information and belief, Windsor has made a written demand on Pacific for payment of the Death Benefit to Windsor.

(e) Plaintiff contends that, pursuant to the terms of the Agreement and to the

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-LB

3

conduct of the parties in connection with the Agreement: (1) Plaintiff is presently entitled to receive from Pacific either the entire amount of the Death Benefit or, at the very least, the amount of the Death Benefit minus any amounts that may have been loaned to Plaintiff by Windsor and not repaid, plus appropriate interest thereon; and (2) Windsor is entitled to receive no portion of the Death Benefit or, at the very most, a portion thereof equal to any amounts that may have been loaned to Plaintiff by Windsor and not repaid, plus appropriate interest thereon.

(f) Windsor contends that, pursuant to the terms of the Agreement and to the conduct of the parties in connection with the Agreement: (1) Windsor is presently entitled to receive from Pacific the entire amount of the Death Benefit; and (2) Plaintiff is entitled to receive no portion of the Death Benefit.

(g) On information and belief, Windsor contends that its purported entitlement to receive from Pacific the entire amount of the Death Benefit is grounded, in whole or in part, on a certain written assignment of rights under the Policy, and/or other document(s), ostensibly executed by Plaintiff subsequent to the execution of the Agreement.

(h) Plaintiff contends that any such documents, if they exist, were obtained by Windsor through fraud and/or intimidation and coercion, were never authorized by John L. Bitter, were never provided by Plaintiff to Pacific, and are, for one or more of those reasons, a legal nullity. Plaintiff further contends that the fraud referred to above comprised the following: (1) repeatedly during the period from approximately July 1, 2010 through approximately February, 2011, Windsor stated to Plaintiff and Plaintiff's agent(s) that Plaintiff had irrevocably lost all legal and equitable rights to and in the Death Benefit and that Plaintiff was required as a matter of law to assign or otherwise convey its entitlement to obtain the Death Benefit to Windsor, or words of similar effect; (2) those statements were false and were known by Windsor to be false at the time they were made; (3) those statements were made by Windsor in order to deceive Plaintiff and thereby to induce Plaintiff to execute a document or documents purporting to assign or otherwise convey to Windsor Plaintiff's entitlement to obtain the Death Benefit; (4) Plaintiff believed those statements; (5) Plaintiff, in reasonable reliance on that belief, may have executed a document or

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-LB

4

1  documents purporting to assign or otherwise convey to Windsor Plaintiff's entitlement to obtain
2  the Death Benefit; and (6) Plaintiff, if he executed any such documents, would not have done so
3  but for that belief and that reliance. Plaintiff further contends that the intimidation and coercion
4  referred to above comprised the following: (1) repeatedly during the period from approximately
5  July 1, 2010 through approximately February, 2011, Windsor stated to Plaintiff and Plaintiff's
6  agent(s) that Plaintiff had irrevocably lost all legal and equitable rights to and in the Death
7  Benefit, that Plaintiff was required as a matter of law to assign or otherwise convey its entitlement
8  to obtain the Death Benefit to Windsor, and that if Plaintiff failed to assign or otherwise convey
9  its entitlement to obtain the Death Benefit to Windsor, Plaintiff, Plaintiff's agents, and the family
10 of John L. Bitter would be subject to substantial financial liability, attorney's fees, and possible
11 penalties, or words of similar effect; (2) those statements were false, intimidating, and coercive
12 and were known by Windsor to be false, intimidating, and coercive at the time they were made;
13 (3) those statements were made by Windsor in order to deceive, intimidate and coerce Plaintiff
14 and thereby to induce Plaintiff to execute a document or documents purporting to assign or
15 otherwise convey to Windsor Plaintiff's entitlement to obtain the Death Benefit; (4) Plaintiff
16 believed and was intimidated and coerced by those statements; (5) Plaintiff, in reasonable
17 response to that belief, intimidation, and coercion, may have executed a document or documents
18 purporting to assign or otherwise convey to Windsor Plaintiff's entitlement to obtain the Death
19 Benefit; and (6) Plaintiff, if he executed any such documents, would not have done so but for that
20 belief, that intimidation, and that coercion.

21  12.  Plaintiff desires a judicial determination of Plaintiff's rights and duties concerning
22 the Death Benefit, along with a judicial declaration as to how the Death Benefit should be
23 distributed, in light of the conflicting claims of Plaintiff and Windsor thereto. On information and
24 belief, Pacific also desires such a declaration and determination so that it may proceed with that
25 distribution in a manner that is consistent with law and that does not expose Pacific to any
26 potential liability either to Plaintiff or to Windsor.
27  \\\
28

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.
Case No. 4-13-cv-01878-LB

5

WHEREFORE, Plaintiff prays judgment as set forth below.

1. For a judicial determination and declaration that: (a) Plaintiff is presently entitled to receive from Pacific either the entire amount of the Death Benefit or, at the very least, the amount of the Death Benefit minus any amounts that may have been loaned to Plaintiff by Windsor and not repaid; (b) Windsor is entitled to receive no portion of the Death Benefit or, at the very most, a portion thereof equal to any amounts that may have been loaned to Plaintiff by Windsor and not repaid; (c) any purported written assignment of rights under the Policy, and/or similar document(s), executed by Plaintiff subsequent to the execution of the Agreement, if such documents exist, were obtained by Windsor through fraud and/or intimidation and coercion, were never authorized by John L. Bitter, were never provided by Plaintiff to Pacific, and are, for one or more of those reasons, a legal nullity; (d) Pacific shall distribute the Death Benefit in accordance with the abovementioned determination and declaration of the Court; and (e) upon such distribution, Pacific shall be absolved of any further obligation or liability to Plaintiff, Windsor, or either of them, in connection with its duties under the Policy;

2. For Plaintiff's reasonable costs incurred in this action; and

3. For whatever other relief the Court may deem proper.

DATED:   May 28, 2013                               HENNEFER FINLEY & WOOD, LLP

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Joseph Wood
　　　　　　　　　　　　　　　　　　　　　　　　　　　Joseph Wood

　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff, Gregory P.
　　　　　　　　　　　　　　　　　　　　　　　　　　　Barnes, Jr., Trustee of John L. Bitter
　　　　　　　　　　　　　　　　　　　　　　　　　　　Irrevocable Life Insurance Trust

PROOF OF SERVICE

Joseph Wood declares:

1. I am over twenty-one years of age and am not a party to the above-named action. My business address is 425 California Street, Nineteenth Floor, San Francisco, CA 94104.

2. On May 28, 2013, in San Francisco, California, I served the attached

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

on the parties to this action.

3. Service was made by electronically filing that document with the Court to be served by operation of the Court's electronic filing and notice system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true.

DATED:   May 28, 2013

/s/ Joseph Wood
Joseph Wood

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-LB