# EXHIBIT 28

| | |
|---|---|
| 1 | HENNEFER FINLEY & WOOD, LLP |
| | JOSEPH WOOD [SBN 103596] |
| 2 | 425 California Street, Nineteenth Floor |
| | San Francisco, California 94104 |
| 3 | Telephone:   (415) 421-6100 |
| | Facsimile:    (415) 421-1815 |
| 4 | |
| 5 | Attorneys for Plaintiff, Gregory P. Barnes, Jr., |
| | Trustee of John L. Bitter Irrevocable Life Insurance Trust |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY P. BARNES, JR., TRUSTEE OF JOHN L. BITTER IRREVOCABLE LIFE INSURANCE TRUST, | | Case No.: 4:13-cv-01878-YGR |
| Plaintiff, | | |
| vs. | | |
| WINDSOR SECURITIES, LLC; and PACIFIC LIFE INSURANCE COMPANY, | | |
| Defendants. | | |
| PACIFIC LIFE INSURANCE COMPANY, | | |
| Cross-Claimant, | | |
| vs. | | |
| GREGORY P. BARNES, JR., TRUSTEE OF JOHN L. BITTER IRREVOCABLE LIFE INSURANCE TRUST; and WINDSOR SECURITIES, LLC, | | |
| Cross-Defendants. | | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Date:  July 16, 2013
Time:  2:00 p.m.
Courtroom:  5
Honorable Yvonne Gonzales Rogers



# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| TABLE OF AUTHORITIES | | | ii |
| A. | THE MTD IS BASED ALMOST ENTIRELY ON MATERIAL THAT IS OUTSIDE THE FAC OR OTHERWISE INADMISSIBLE AND THAT SHOULD THEREFORE BE STRICKEN AND/OR DISREGARDED BY THE COURT | | 2 |
| B. | WINDSOR HAS NO SHOWN NO FACTUAL OR LEGAL BASIS FOR DISMISSAL OF THE FAC | | 6 |
| | 1. | The Controlling Statute | 6 |
| | 2. | The FAC | 6 |
| | 3. | Barnes Has Stated A Valid Claim Under The Statute | 9 |
| | 4. | The Extrinsic Documents And Statements Sought To Be Introduced By Windsor Cannot Support A Motion To Dismiss | 10 |
| | 5. | Windsor's Allegation That Barnes Has Supposedly Violated Dispute Resolution Provisions In The Agreement Between The Parties Cannot Support A Motion To Dismiss | 11 |
| | | a. The Financing Agreement | 11 |
| | | b. Barnes's Reasonable Understanding Of The Financing Agreement | 13 |
| | 6. | Arbitration | 14 |
| C. | CONCLUSION | | 16 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

i

# TABLE OF AUTHORITIES

Page

**Cases**

American Title Insurance Company v. Lancelow Corporation
   861 F.2d 224 (9th Cir. 1988) .......... 11

Barker v. Riverside County Office of Education
   584 F.3d 821 (9th Cir. 2009) .......... 9-10, 11

Arpin v. Santa Clara Valley Transportation Agency
   261 F. 3d 912 (9th Cir. 2001) .......... 3, 10

Chavez v. United States
   683 F.3d 1102 (9th Cir. 2012) .......... 8

Coto Settlement v. Eisenberg
   593 F.3d 1031 (9th Cir. 2010) .......... 3, 10

Parrino v. FHP, Inc.
   146 F.3d 699 (9th Cir. 1998) .......... 3, 10

Thomas v. Westlake
   204 Cal. App. 4th 605 (2012) .......... 15

United States v. Corinthian Colleges
   655 F.3d 984 (9th Cir. 2011) .......... 3, 10

Volt Information Sciences v. Board of Trustees of Leland Stanford Junior University
   289 U.S. 468 (1989) .......... 15

**Statutes**

California Code of Civil Procedure § 386 .......... 2

California Code of Civil Procedure § 1060 .......... 6, 9

California Code of Civil Procedure § 1281.4 .......... 15

Federal Rules of Civil Procedure, Rule 12(b)(6) .......... 2, 10

Federal Rules of Civil Procedure, Rule 56 .......... 3

Federal Rules of Evidence, Rule 901(a), (b)(1) .......... 3, 10

United States District Court, Northern District
of California, Local Civil Rule No. 7.5(a) .......... 3, 10

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

ii

Plaintiff, Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust ("Barnes"), filed this action in state court against defendant Windsor Securities, LLC ("Windsor"), seeking a declaratory judgment as to whether Barnes or Windsor was entitled to receive the death benefit funds payable under a policy issued by Pacific Life Insurance Company ("Pacific").[1] Barnes also named Pacific as a defendant, purely to ensure: (a) that Pacific, as a stakeholder of the death benefit funds at issue, would be bound by the court's entry of judgment on the entitlement issue; and (b) that Pacific would not prematurely distribute those funds to one claimant or the other, thereby creating a risk that the funds would be dissipated before entitlement thereto had been determined. (Complaint For Declaratory Relief, filed February 13, 2013 [Document 1 in the Court's file, at Exhibit 1 thereto], 2:5-10; 2:19-21). Pacific responded, as is normal in such cases, by bringing a state court cross-complaint in interpleader pursuant to California Code of Civil Procedure § 386. (Defendant/Cross-Complainant Pacific Life Insurance Company's Cross-Complaint For Interpleader, filed on March 29, 2013 [Document 1 in the Court's file, at Exhibit 2 thereto] [the "Interpleader Cross-Complaint"].) Windsor removed the action to this court, on the basis of diversity, on April 24, 2013. (Notice Of Removal [Document 1 in the Court's file].) Barnes filed his first amended complaint herein on May 28, 2013. (First Amended Complaint For Declaratory Relief [Document 16 in the Court's file] [the "FAC"].)

Windsor now brings a motion to dismiss the FAC under Federal Rules of Civil Procedure, Rule 12(b)(6) (the "MTD"), alleging that Barnes has failed to state a claim upon which relief can be granted. Barnes respectfully submits the following memorandum in opposition to that motion.

A. **THE MTD IS BASED ALMOST ENTIRELY ON MATERIAL THAT IS OUTSIDE THE FAC OR OTHERWISE INADMISSIBLE AND THAT SHOULD THEREFORE BE STRICKEN AND/OR DISREGARDED BY THE COURT.**

As a threshhold matter, the MTD is replete with – indeed is based almost entirely upon – documentary materials and purported statements of fact that: (1) are not included in or attached to the FAC; (2) are not referred to in the FAC; and (3) even if they had been referred to therein, are

---

[1] The action was actually filed, through inadvertence, in the name of the trust. Barnes, as trustee, was later substituted in as the named plaintiff.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

2

not crucial to Barnes's claims as set forth in the FAC. All such materials and statements should be stricken and/or disregarded by the Court in its consideration of the MTD. *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (generally, unless the Court converts a Rule 12(b)(6) motion into a motion for summary judgment, it cannot consider materials outside the complaint); *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (documents not physically attached to the complaint may not be considered by the court if they have not been referred to therein); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("mere mention of the existence of a document in a complaint is insufficient to incorporate the contents of a document"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1998) (documents not attached to a complaint but referred to therein may be considered by the court on a Rule 12(b)(6) motion only if those document are "crucial to plaintiff's claims").[2]

Similarly, none of the documentary materials attached to the MTD are authenticated and none of the purported statements of fact therein are contained in or supported by affidavits or declarations. All such materials and statements should, again, be stricken and/or disregarded by the Court. Federal Rules of Evidence, Rule 901(a), (b)(1) (requirement that documents be authenticated by, *e.g.*, testimony of witnesses with personal knowledge of their authenticity); United States District Court, Northern District of California, Civil Local Rule No. 7-5(a) ("evidentiary matters must be appropriately authenticated by an affidavit or declaration"); United States District Court, Northern District of California, Civil Local Rule No. 7-5(a) ("[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration").

Barnes has objected to, and requested that the Court strike and/or disregard, all such

---

[2] Should the Court nevertheless decide to consider some or all those materials and statements, Barnes has requested that the MTD be deemed to have been converted to a motion for summary judgment brought under Federal Rules Of Civil Procedure, Rule 56, and that Barnes be granted the opportunity to obtain and present counter-evidence. *See* Plaintiff's Request, Should The Court Decide To Consider Extrinsic Evidence Presented In Support Of Defendant's Motion To Dismiss, For Opportunity To Obtain And Present Counter-Evidence, filed herewith.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

3

documentary materials, all such purported statements of fact, and all portions of the MTD that cite to or rely upon them. (*See* Plaintiff's Objections To Purported Evidence Submitted By Defendant In Support Of Defendant's Motion To Dismiss; Request To Strike, filed herewith ["Pl. MTD Obj."]). The documents attached to, and portions of, the MTD that should thus be stricken and/or disregarded are as follows:

1. (a) "Life Insurance Premium Financing Agreement" attached as Exhibit 1 to MTD [Document 18.1 in the Court's file].
   (b) MTD, 3:8-17, beginning with "The parties" and ending with "panel."
   MTD, 3:20-4:4, beginning with "Such" and ending with "claims."
   MTD, 4:18-5:21, beginning with "A true" and ending with "(Ex. 1 at pp. 12-3.)"
   MTD, 8:20-9:19, beginning with "The Trustee" and ending with "expenses."
   MTD, 9:20-10:1, beginning with "The Trustee" and ending with "arbitration."

(Pl. MTD Obj., 2:12-26; 12:9-18.)

2. (a) Letter from defendant and cross-complainant Pacific Life Insurance Company ("Pacific") dated November 11, 2010, attached as Exhibit 2 to MTD [Document 18.2 in the Court's file].
   (b) MTD, 8:10-13, beginning with "As confirmed" and ending with "Policy."
   MTD, 8:14-19, beginning with "As" and ending with "contract."

(Pl. MTD Obj., 3:1-26; 12:19-23.)

3. (a) "Ownership, Name, or Beneficiary Change Request" attached as Exhibit 3 to MTD [Document 18.3 in the Court's file].
   (b) MTD, 6:1-6, beginning with "On or" and ending with "the Policy."
   MTD, 8:13-19, beginning with "Moreover" and ending with "contract."

(Pl. MTD Obj., 4:1-25; 12:24-27.)

4. (a) Letter dated April 19, 2013, attached as Exhibit 4 to MTD [Document 18.4

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | in the Court's file]. |
| 2 |   | (b) | MTD, 6:23-28, beginning with "By letter" and ending with "(Ex. 4.)" |
| 3 |   |   | MTD, 9:26-10:1, beginning with "The Trustee" and ending with |
| 4 |   |   | "arbitration." |

(Pl. MTD Obj., 4:27-5:24; 13:1-5.)

5.  (a) "Demand For Arbitration," w/attachment, attached as Exhibit 5 to the MTD [Document 18.5 in the Court's file].
    (b) MTD, 7:2-10, beginning with "On or" and ending with "the interpleader."
        MTD, 9:26-10:1, beginning with "The Trustee" and ending with "arbitration."

(Pl. MTD Obj., 5:26-6:23; 13:6-10.)

6.  (a) Allegation of Pacific at ¶ 10 of the Interpleader Cross-Complaint [Document 1 in the Court's file], at Exhibit 2 thereto, ¶ 10, 3:10-12, that "Pacific Life is informed and believes and thereon alleges that on or about November 11, 2011, the Policy's named beneficiary designation was changed from the Trust to Windsor."
    (b) MTD, 8:10-13, beginning with "As confirmed" and ending with "the Policy."
        MTD, 8:14-19, beginning with "As" and ending with "contract."

(Pl. MTD Obj., 6:25-7:9:24; 13:11-18.)

7.  (a) Statement at MTD 5:23-25 that: "Following a default by the Bitter Trust under the terms of a separate agreement between the Bitter Trust and Windsor, Windsor was substituted as beneficiary under the policy. Windsor was named beneficiary of the Policy on or about November 11, 2010, effective October 20, 2010."
    (b) MTD, 5:23-25, beginning with ""Following" and ending with "October 20, 2010."

(Pl. MTD Obj., 9:26-11:1; 13:19-25.)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.
Case No. 4-13-cv-01878-YGR

5

8.     (a)     Statement made by counsel at MTD, 7:16-17, that: "On or about May 29, 2013, counsel for the Trustee sought the agreement of Windsor and Pacific Life for a stipulation staying this action in favor of the arbitration."

        (b)     MTD, 3:7-8, beginning with "Windsor" and ending with "2010."

                MTD, 7:16-17, beginning with "On or" and ending with "arbitration."

(Pl. MTD Obj., 11:3-12:3; 13:26-14:3.)

### B.    WINDSOR HAS NO SHOWN NO FACTUAL OR LEGAL BASIS FOR DISMISSAL OF THE FAC.

#### 1.    The Controlling Statute.

As noted above, Barnes filed this action for declaratory relief in state court and thus under California substantive law. The requirements for stating a cause of action for such relief under California law are set forth in California Code of Civil Procedure § 1060, which provides, in relevant part:

> Any person interested under a . . . contract . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action in the superior court . . . for a determination of any question of construction or validity arising under the contract. . . .

#### 2.    The FAC.

Barnes has alleged:

> 8.     The present action arises out of a written agreement entitled Life Insurance Premium Financing Agreement Among Windsor Securities LLC John J. Bitter Irrevocable Life Insurance Trust And John L. Bitter, Jr. (the "Agreement").
>
> 9.     Pacific issued to Plaintiff its life insurance policy number VF51701770 (the "Policy").
>
> 10.    The present action involves a dispute between Plaintiff and Windsor over their respective entitlements to the death benefit due under the Policy, all as set forth below. Plaintiff does not here assert any wrongdoing by Pacific in connection with the Policy. Pacific is a mere stakeholder of the death benefit due

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

6

under the Policy and is named herein solely in order to guarantee that Pacific be bound by the determination of this Court as to how that death benefit should be distributed between Plaintiff and Windsor.

11. An actual controversy has arisen and now exists between Plaintiff and Windsor concerning their respective rights and duties, as set forth below:

(a) John L. Bitter, the insured under the Policy, passed away on or about December 23, 2012.

(b) The face amount of, and death benefit due under, the Policy is two million dollars ($2,000,000) (the "Death Benefit").

(c) Plaintiff has made a written demand on Pacific for payment of the Death Benefit to Plaintiff.

(d) On information and belief, Windsor has made a written demand on Pacific for payment of the Death Benefit to Windsor.

(e) Plaintiff contends that, pursuant to the terms of the Agreement and to the conduct of the parties in connection with the Agreement: (1) Plaintiff is presently entitled to receive from Pacific either the entire amount of the Death Benefit or, at the very least, the amount of the Death Benefit minus any amounts that may have been loaned to Plaintiff by Windsor and not repaid, plus appropriate interest thereon; and (2) Windsor is entitled to receive no portion of the Death Benefit or, at the very most, a portion thereof equal to any amounts that may have been loaned to Plaintiff by Windsor and not repaid, plus appropriate interest thereon.

(f) Windsor contends that, pursuant to the terms of the Agreement and to the conduct of the parties in connection with the Agreement: (1) Windsor is presently entitled to receive from Pacific the entire amount of the Death Benefit; and (2) Plaintiff is entitled to receive no portion of the Death Benefit.

(g) On information and belief, Windsor contends that its purported entitlement to receive from Pacific the entire amount of the Death

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

7

Benefit is grounded, in whole or in part, on a certain written assignment of rights under the Policy, and/or other document(s), ostensibly executed by Plaintiff subsequent to the execution of the Agreement.

(h) Plaintiff contends that any such documents, if they exist, were obtained by Windsor through fraud and/or intimidation and coercion, were never authorized by John L. Bitter, were never provided by Plaintiff to Pacific, and are, for one or more of those reasons, a legal nullity. Plaintiff further contends that the fraud referred to above comprised the following: (1) repeatedly during the period from approximately July 1, 2010 through approximately February, 2011, Windsor stated to Plaintiff and Plaintiff's agent(s) that Plaintiff had irrevocably lost all legal and equitable rights to and in the Death Benefit and that Plaintiff was required as a matter of law to assign or otherwise convey its entitlement to obtain the Death Benefit to Windsor, or words of similar effect; (2) those statements were false and were known by Windsor to be false at the time they were made; (3) those statements were made by Windsor in order to deceive Plaintiff and thereby to induce Plaintiff to execute a document or documents purporting to assign or otherwise convey to Windsor Plaintiff's entitlement to obtain the Death Benefit; (4) Plaintiff believed those statements; (5) Plaintiff, in reasonable reliance on that belief, may have executed a document or documents purporting to assign or otherwise convey to Windsor Plaintiff's entitlement to obtain the Death Benefit; and (6) Plaintiff, if he executed any such documents, would not have done so but for that belief and that reliance. Plaintiff further contends that the intimidation and coercion referred to above comprised the following: (1) repeatedly during the period from approximately July 1, 2010 through approximately February, 2011, Windsor stated to Plaintiff and Plaintiff's agent(s) that Plaintiff had irrevocably lost all legal and equitable rights to and in the Death Benefit, that Plaintiff was required as a matter of law to assign or otherwise convey its entitlement to obtain the Death Benefit to Windsor, and that if Plaintiff failed to assign or otherwise

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

8

convey its entitlement to obtain the Death Benefit to Windsor, Plaintiff, Plaintiff's agents, and the family of John L. Bitter would be subject to substantial financial liability, attorney's fees, and possible penalties, or words of similar effect; (2) those statements were false, intimidating, and coercive and were known by Windsor to be false, intimidating, and coercive at the time they were made; (3) those statements were made by Windsor in order to deceive, intimidate and coerce Plaintiff and thereby to induce Plaintiff to execute a document or documents purporting to assign or otherwise convey to Windsor Plaintiff's entitlement to obtain the Death Benefit; (4) Plaintiff believed and was intimidated and coerced by those statements; (5) Plaintiff, in reasonable response to that belief, intimidation, and coercion, may have executed a document or documents purporting to assign or otherwise convey to Windsor Plaintiff's entitlement to obtain the Death Benefit; and (6) Plaintiff, if he executed any such documents, would not have done so but for that belief, that intimidation, and that coercion.

12. Plaintiff desires a judicial determination of Plaintiff's rights and duties concerning the Death Benefit, along with a judicial declaration as to how the Death Benefit should be distributed, in light of the conflicting claims of Plaintiff and Windsor thereto. On information and belief, Pacific also desires such a declaration and determination so that it may proceed with that distribution in a manner that is consistent with law and that does not expose Pacific to any potential liability either to Plaintiff or to Windsor.

(FAC [Document 16 in the Court's file], 3:6-5:26.)

3. **Barnes Has Stated A Valid Claim Under The Statute.**

A comparison of the above-quoted allegations with the relevant portions of California Code of Civil Procedure § 1060 compels the conclusion that Barnes has alleged all of the facts required to state a valid claim for declaratory relief. Windsor makes no effort to negate that conclusion, and thus has no legal basis for the MTD. *Barker v. Riverside County Office of Education*, 584 F.3d 821, 824 (9th Cir. 2009) (on a motion under Rule 12(b)(6), the court must

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

9

accept as true all factual allegations of the complaint and must draw inferences from those allegations in the light most favorable to plaintiff).

    4.    **The Extrinsic Documents And Statements Sought To Be Introduced By Windsor Cannot Support A Motion To Dismiss.**

As noted above, Windsor has sought to ground its motion on several unauthenticated documents and several unsworn purportedly factual statements – documents and statements that are not included in or attached to the FAC, are not referred to in the FAC, and are not crucial to Barnes's claims as set forth in the FAC. As also noted above, none of those documents and none of those statements are properly before the Court. *Arpin, supra*, 261 F.3d at 925; *United States v. Corinthian, supra*, 655 F.3d at 999; *Coto, supra*, 593 F.3d at 1038; *Parrino, supra*, 146 F.3d at 705-706; Federal Rules of Evidence, Rule 901(a), (b)(1); United States District Court, Northern District of California, Civil Local Rule No. 7-5(a);

On the basis of one of those documents – Exhibit 3 to the MTD – and one of those statements – an allegation in the Interpleader Cross-Complaint that "10. Pacific Life is informed and believes and thereon alleges that on or about November 11, 2011, the Policy's named beneficiary designation was changed from the Trust to Windsor." – Windsor argues that Barnes has executed certain documents that deprived Barnes of any right to the death benefit funds. (MTD, 8:8-19.) Again, that document and that allegation are not properly before the Court on a Rule 12(b)(6) motion. (*See* Pl. MTD Obj., 4:1-25; 12:24-27 [re Exhibit 3 to MTD] and Pl. MTD Obj., 6:25-7:9:24; 13:11-18 [re Pacific's allegation on information and belief].) <u>But even if they were properly before the Court, they would not help Windsor.</u> This is so because Barnes, as already quoted above, has alleged:

    (g)    On information and belief, Windsor contends that its purported entitlement to receive from Pacific the entire amount of the Death Benefit is grounded, in whole or in part, on a certain written assignment of rights under the Policy, and/or other document(s), ostensibly executed by Plaintiff subsequent to the execution of the Agreement.

    (h)    Plaintiff contends that any such documents, if they exist,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

10

were obtained by Windsor through fraud and/or intimidation and coercion, were never authorized by John L. Bitter, were never provided by Plaintiff to Pacific, and are, for one or more of those reasons, a legal nullity. [Barnes then goes on to allege the specific facts comprising the fraud, intimidation, and coercion, in question.]

(FAC [Document 16 in the Court's file], 4:11-18, and following.)

In short, Barnes has alleged facts which, if true, would deny any effect whatsoever to the purported documents upon which Windsor seeks to rely. And Barnes's allegations in that regard must be taken as true. *Barker, supra*, 584 F.3d at 824.[3] Again, Windsor has no legal basis for the MTD.

5. **Windsor's Allegation That Barnes Has Supposedly Violated Dispute Resolution Provisions In The Agreement Between The Parties Cannot Support A Motion To Dismiss.**

Windsor's final argument – made without reference to any authority and again in reliance on documents, *viz.*, Exhibits 4 and 5 to the MTD, that are not properly before the Court (*see* Pl. MTD Obj., 4:27-5:24 [re Exhibit 4]; 5:26-6:23 [re Exhibit 5]) – is that this action should be dismissed because Barnes supposedly violated certain dispute resolution provisions in the agreement between the parties. (MTD, 8:20-9:1.) For the reasons set forth below, that argument is entirely without merit.

a. **The Financing Agreement.**

Because Barnes refers in the FAC to the Life Insurance Premium Financing Agreement between Barnes and Windsor (the "Financing Agreement") (*see* FAC [Document 16 in the court's file], 3:6-8), that agreement is arguably before the Court despite the fact that the purported copy

---

[3] The Court should note, in this regard, that Windsor itself has unequivocally denied the truth of the information-and-belief allegation by Pacific on which Windsor here seeks to rely. (Answer Of Cross-Claim Defendant Windsor Securities LLC To Cross-Complaint In Interpleader [Document 5 in the Court's file], at 2:15, *viz.*: "10. Windsor denies the allegations contained in paragraph 10." Windsor is thus precluded from using that allegation to support the MTD. *American Title Insurance Company v. Lacelaw Corporation*, 861 F.2d 224, 226 (9th Cir. 1988) ("factual assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them [citations omitted] . . . A statement in a[n] . . . . answer is a judicial admission . . .").

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

11

thereof attached as Exhibit 1 to the MTD [Document 18-1 in the Court's file] is unauthenticated. The Financing Agreement – a document drafted entirely by Windsor – contains provisions relating to dispute resolution that are <u>at best ambiguous and at worst mutually contradictory</u>, that <u>do not specify any remedy for any breach thereof</u>, and that <u>subject the parties exclusively to the substantive and procedural law of the State of California</u>. The following provisions are germane:

SECTION 7.11. Dispute Resolution.

(a) The Lender, the Trust and the Insured agree that all controversies or disputes arising out of or in connection with this Agreement ("Disputes") shall be resolved pursuant to this Section 7.11.

(b) All disputes shall in the first instance be discussed amicably between the parties with a view to resolving such dispute, commencing upon one party giving other parties written notice of such Dispute. In the event that such Dispute is not resolved within thirty (30) days after such notice (or such longer period as the parties may agree in writing with respect to any such Dispute), any party may submit such Dispute to be finally settled by arbitration administered under the Rules[4] by a panel of three arbitrators sitting in San Francisco, California. . . . The award of the arbitrators shall be final and binding upon the parties, and shall not be subject to any appeal or review. The parties agree that such award may be recognized and enforced in any court of competent jurisdiction. The parties agree to the personal jurisdiction of the federal and state courts sitting in Sonoma County, California, for the sole purpose of enforcing this agreement (including, where appropriate, injunctive relief), the agreement to arbitrate contained herein, and any award resulting from arbitration pursuant to this Section 7.11 . . .

SECTION 7.12. Governing Law and Consent to Jurisdiction. This Agreement shall be governed by and construed under the laws of the State of California

---

[4] Defined elsewhere in the Financing Agreement as the Commercial Arbitration Rules of the American Arbitration Association. [Document 18-1 in the Court's file, at p. 16.]

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

12

|   |   |
|---|---|
| 1 | (without regard to conflict of law principles that could or would cause the |
| 2 | application of any other laws), all rights and remedies being governed by said laws. |
| 3 | All parties hereto agree that any claim arising out or relating to this Agreement |
| 4 | shall be (I) brought in the Superior Court of Sonoma County, California, or (ii) |
| 5 | brought in or removed to the United States District Court for the Northern District |
| 6 | of California. |

(Financing Agreement attached as Exhibit 1 to MTD [Document 18-1 in the Court's file], at pp. 12-13.)

          **b.**    **Barnes's Reasonable Understanding Of The Financing Agreement.**

The Court will note, first of all, that Section 7.11 of the Financing Agreement provides that if a dispute is not amicably settled, any party "*may*" submit it to arbitration (emphasis added). It does *not* provide that the party *must* submit the dispute to arbitration if he or she wishes to obtain a resolution thereof. The Court will further note that Section 7.11 of the Financing Agreement provides that the parties agree to submit to the jurisdiction of state and federal courts sitting in Sonoma County, California, for the "sole purpose" of <u>any of three things</u>, *viz.*, "enforcing this Agreement (including, where appropriate, issuing injunctive relief), the agreement to arbitrate contained herein, <u>and</u> any award resulting from arbitration . . ." (Emphasis added.)

Barnes submits that the above-quoted language may reasonably be understood to mean that parties seeking to enforce some aspect of the Financing Agreement had the <u>option</u> of either initiating arbitration ("may") – in which case they could get the court to force the other party to arbitrate ("enforcing the agreement to arbitrate") – or going directly to court ("enforcing this Agreement"), especially where, as here, equitable relief was sought ("including . . . injunctive relief"). If the Court believes it is necessary to the integrity of the FAC for Barnes to do so, Barnes can and will amend the FAC by truthfully alleging that this was in fact his understanding, and that he was acting in accordance with that understanding when he filed the present action. (Declaration Of Joseph Wood In Support Of Opposition To Motion To Dismiss ["Wood Decl."], filed herewith, 2:6-14).

Equally important, Section 7.12 of the Financing Agreements states, unequivocally, that

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

13

"All parties hereto agree that any claim arising out of or relating to this Agreement <u>shall</u> [not "may"] be (I) brought in the Superior Court of Sonoma County, California, or (ii) brought in or removed to the United States District Court for the Northern District of California." That language strongly support Barnes's interpretation of Section 7.11, *i.e.*, that he had the option of proceeding in Superior Court, at least so long as no demand for arbitration had been made. Again, if the Court believes it is necessary to the integrity of the FAC for Barnes to do so, Barnes can and will amend the FAC by truthfully alleging that that he understood Section 7.12 to have that effect. (Wood Decl., 2:15-24.)

Finally, the Court will note that the Financing Agreement contains no suggestion of any remedy should a party initiate suit, or demand arbitration, without having followed the letter of the Financing Agreement concerning amicable resolution. In particular, the Financing Agreement does <u>not</u> provide that a party's alleged failure in that regard will bar him from arbitrating or litigating a claim, and Barnes could reasonably assume that no such bar had been agreed to. But if the Court believes it is necessary to the integrity of the FAC for Barnes to do so, Barnes can and will amend the FAC by truthfully alleging: (a) that he understood Sections 7.11 and 7.12 of the Financing Agreement to present no bar to his either initiating suit, or demanding arbitration, on a claim under the Financing Agreement even if he had failed to follow the letter of the Financing Agreement concerning amicable resolution; (b) that he believes he substantially complied with the amicable resolution provisions in question; and (c) that he was in any case excused from doing so because he reasonably believed that all attempts to effect an amicable resolution would be futile. (Wood Decl., 2:25-3:4.)

In light of the analysis of the language of the Financing Agreement set forth above, and of Barnes's reasonable understanding of that language, it follows that Windsor has shown nothing, either in the Financing Agreement or in law, that would justify dismissal of the FAC.

### 6. Arbitration.

Barnes recognizes that, under the Financing Agreement, either party may choose the arbitration option rather than the litigation option, and that, once that choice is made, that party may ask a court to compel arbitration. Barnes further recognizes that Windsor wishes to arbitrate

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

14

this matter, and, rather that forcing Windsor to bring a motion to compel, has itself initiated the American Arbitration Association process.

That fact does not, however, support the dismissal that Windsor seeks. The Court will recall that the parties have placed this dispute squarely within the substantive and procedural confines of California law: "This Agreement shall be governed by and construed under the laws of the State of California (without regard to conflict of law principles that could or would cause the application of any other laws), all rights and remedies being governed by said laws." (Emphasis added.) California law provides, by statute, for exactly the situation presented here, viz., a situation in which a dispute is proceeding in court but at least one of the parties seeks to invoke an operative arbitration provision. If, in that situation either of the parties requests it, the court must not only order arbitration but must also stay – not dismiss – the action, retaining jurisdiction to enter judgment on the eventual arbitration award. California Code of Civil Procedure § 1281.4; *Thomas v. Westlake*, 204 Cal. App. 4th 605, 620 (2012) (where court ordered arbitration of all of plaintiff's claims against defendants, it was required, upon the request of any party, to stay the proceedings on those claims until completion of the arbitration). Further, a federal district court dealing with parties that have agreed to accept state law arbitration procedures should administer those procedures as if it were a state court, without regard for the Federal Arbitration Act or procedures thereunder. *Volt Information Sciences v. Board of Trustees of Leland Stanford Junior University*, 289 U.S. 468, 479 (1989).

Barnes intends to file, as soon as the Court has issued its interpleader order relieving Pacific of any potential liability to Barnes or Windsor, a motion asking the Court, pursuant to the authorities cited above, to order this matter to AAA arbitration, to stay the proceedings, and to retain jurisdiction for the purpose of entering a judgment, and of releasing the funds deposited with the Court by Pacific, in accordance with the award in arbitration. (Wood Decl, 3:5-12.) That is California procedure, by which Windsor has agreed to be bound. Windsor of course seeks, by its present motion to dismiss and its companion motion for judgment on the pleadings against Pacific, to render that procedure moot by summarily obtaining and using the monies here at issue before its right thereto has been adjudicated. This the Court should not allow.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

15

## C. CONCLUSION.

For all of the reasons set forth above, Barnes respectfully requests that Windsor's motion to dismiss be denied in its entirety. If, however, the Court believes that Barnes has in the FAC failed sufficiently to explain his reasonable understanding of the meaning and effect of the Financing Agreement and his conduct thereunder, or to address other pleading infirmities, Barnes respectfully requests that he be granted leave to amend in order to do so.

DATED:   June 21, 2013            HENNEFER FINLEY & WOOD, LLP


                                  /s/ Joseph Wood
                                  Joseph Wood

                                  Attorneys for Plaintiff, Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.
Case No. 4-13-cv-01878-YGR

16

PROOF OF SERVICE

Joseph Wood declares:

1. I am over twenty-one years of age and am not a party to the above-named action. My business address is 425 California Street, Nineteenth Floor, San Francisco, CA 94104.

2. On June 21, 2013, in San Francisco, California, I served the attached

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS

on the parties to this action.

3. Service was made by electronically filing that document with the Court to be served by operation of the Court's electronic filing and notice system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true.

DATED:   June 21, 2013

/s/ Joseph Wood
Joseph Wood