# EXHIBIT 29

| | |
|---|---|
| 1 | HENNEFER FINLEY & WOOD, LLP |
| | JOSEPH WOOD [SBN 103596] |
| 2 | 425 California Street, Nineteenth Floor |
| | San Francisco, California 94104 |
| 3 | Telephone: (415) 421-6100 |
| | Facsimile: (415) 421-1815 |
| 4 | |
| 5 | Attorneys for Plaintiff, Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | GREGORY P. BARNES, JR., TRUSTEE OF JOHN L. BITTER IRREVOCABLE LIFE INSURANCE TRUST, | Case No.: 4:13-cv-01878-YGR |
| 12 | Plaintiff, | |
| 13 | vs. | |
| 14 | WINDSOR SECURITIES, LLC; and PACIFIC LIFE INSURANCE COMPANY, | |
| 16 | Defendants. / | |
| 17 | PACIFIC LIFE INSURANCE COMPANY, | |
| 18 | Cross-Claimant, | |
| 19 | vs. | |
| 20 | GREGORY P. BARNES, JR., TRUSTEE OF JOHN L. BITTER IRREVOCABLE LIFE INSURANCE TRUST; and WINDSOR SECURITIES, LLC, | |
| 23 | Cross-Defendants. / | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Date: July 16, 2013
Time: 2:00 p.m.
Courtroom: 5
Honorable Yvonne Gonzales Rogers

EXHIBIT
Wood 6
6/28/18

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| A.   THE MJP IS BASED ALMOST ENTIRELY ON MATERIAL THAT IS OUTSIDE THE INTERPLEADER CROSS-COMPLAINT OR OTHERWISE INADMISSIBLE AND THAT SHOULD THEREFORE BE STRICKEN AND/OR DISREGARDED BY THE COURT | 2 |
| B.   THE MJP HAS NO BASIS IN LAW AND SHOULD BE DENIED OUT OF HAND | 5 |
|     1.   The Controlling Statute | 6 |
|     2.   The Interpleader Cross-Complaint | 7 |
|     3.   Pacific Has Stated A Valid Claim Under The Statute | 8 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.
Case No. 4-13-cv-01878-YGR

i

# TABLE OF AUTHORITIES

Page

**Cases**

| | |
|---|---|
| *American Title Insurance Company v. Lancelow Corporation* <br> 861 F.2d 224 (9th Cir. 1988) | 6 |
| *Arpin v. Santa Clara Valley Transportation Agency* <br> 261 F. 3d 912 (9th Cir. 2001) | 3 |
| *Chavez v. United States* <br> 683 F.3d 1102 (9th Cir. 2012) | 8 |
| *Coto Settlement v. Eisenberg* <br> 593 F.3d 1031 (9th Cir. 2010) | 3 |
| *Fleming v. Packard* <br> 581 F.3d 922 (9th Cir. 2009) | 3 |
| *L-7 Designs v. Old Navy, LLC* <br> 647 F.3d 419 (2d Cir. 2011) | 3 |
| *Parrino v. FHP, Inc.* <br> 146 F.3d 699 (9th Cir. 1998) | 3 |
| *United States v. Corinthian Colleges* <br> 655 F.3d 984 (9th Cir. 2011) | 3 |

**Statutes**

| | |
|---|---|
| California Code of Civil Procedure § 386 | 6-7, 8 |
| Federal Rules of Civil Procedure, Rule 12(c) | 8 |
| Federal Rules of Evidence, Rule 901(a), (b)(1) | 3 |
| United States District Court, Northern District of California, Local Civil Rule No. 7.5(a) | 3 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

ii

1  Defendant, Windsor Securities, LLC ("Windsor"), has moved for judgment on the
2  pleadings with reference to the Cross-Complaint For Interpleader (the "Interpleader Cross-
3  Complaint") filed herein by cross-complainant Pacific Life Insurance Company ("Pacific"). The
4  Interpleader Cross-Complaint was filed in response to the complaint of plaintiff, Gregory P.
5  Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust ("Barnes"), for a declaratory
6  judgment as to whether Barnes or Windsor was entitled to receive the death benefit funds payable
7  under a policy issued by Pacific. Pacific is, by definition, a mere stakeholder of those funds.

8  Windsor, by its motion for judgment on the pleadings against Pacific (the "MJP"), asks the
9  Court to summarily determine – <u>without considering in any way the claims and factual issues</u>
10 <u>concerning entitlement that have been raised by Barnes and that form the basis of this action</u> – that
11 the death benefit funds sought by Barnes should be immediately paid to Windsor. (MJP, 7:6-8.)
12 But it is <u>Barnes</u> – the party seeking not only to obtain those funds but also to prevent their
13 dissipation by Windsor while entitlement thereto is being determined – and not <u>Pacific</u>, a mere
14 stakeholder, that has a vital interest in the outcome of the motion. In order to protect that vital
15 interest, Barnes hereby respectfully submits the following opposition to the MJP. Barnes requests
16 that the Court, in recognition of the fact that Barnes is the real party in interest on the MJP,
17 consider the facts and law set forth in Barnes's opposition, below, in connection with its
18 consideration of the MJP.

19 A.  **THE MJP IS BASED ALMOST ENTIRELY ON MATERIAL THAT IS OUTSIDE THE INTERPLEADER CROSS-COMPLAINT OR OTHERWISE**
20 **INADMISSIBLE AND THAT SHOULD THEREFORE BE STRICKEN AND/OR DISREGARDED BY THE COURT**
21

22 As a threshhold matter, the MJP is replete with – indeed is based almost entirely upon –
23 documentary materials and purported statements of fact that: (1) are not included in or attached to
24 the Interpleader Cross-Complaint (or, for that matter, in or to Barnes's first amended complaint
25 herein [the "FAC"]; (2) are not referred to in the Interpleader Cross-Complaint (or, for that matter,
26 in the FAC); and (3) even if they had been referred to therein, are not crucial to Pacific's claims as
27 set forth in the Interpleader Cross-Complaint (or, for that matter, to Barnes's claims as set forth in
28 the FAC). All such materials and statements should be stricken and/or disregarded by the Court

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

2

in its consideration of the MJP. *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (generally, unless the Court converts a Rule 12(b)(6) motion into a motion for summary judgment, it cannot consider materials outside the complaint); *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (documents not physically attached to the complaint may not be considered by the court if they have not been referred to therein); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("mere mention of the existence of a document in a complaint is insufficient to incorporate the contents of a document"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1998) (documents not attached to a complaint but referred to therein may be considered by the court on a Rule 12(b)(6) motion only if those document are "crucial to plaintiff's claims"); *Fleming v. Packard*, 581 F.3d 922, 925 (9th Cir. 2009) (abovementioned standards for Rule 12(b)(6) motion apply with equal force to motion for judgment on the pleadings under Rule 12(c)); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (same rule, with explicit reference to purported evidence outside the complaint).[1]

      Similarly, <u>none</u> of the documentary materials attached to the MJB are authenticated and <u>none</u> of the purported statements of fact therein are contained in or supported by affidavit or declaration. All such materials and statements should, again, be stricken and/or disregarded by the Court. Federal Rules of Evidence, Rule 901(a), (b)(1) (requirement that documents be authenticated by, e.g., testimony of witnesses with personal knowledge of their authenticity); United States District Court, Northern District of California, Civil Local Rule No. 7-5(a) ("evidentiary matters must be appropriately authenticated by an affidavit or declaration"); United States District Court, Northern District of California, Civil Local Rule No. 7-5(a) ("[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration").

---

[1] Should the Court nevertheless decide to consider some or all that evidence, Barnes, as real party in interest on the MJP, has requested that he be granted the opportunity to obtain and present counter-evidence. *See* Plaintiff's Request, Should The Court Decide To Consider Extrinsic Evidence Presented In Support Of Defendant's Motion For Judgment On The Pleadings, For Opportunity To Obtain And Present Counter Evidence, filed herewith.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

3

| | | | |
|---|---|---|---|
| 1 | | | Barnes has objected to, and requested that the Court strike and/or disregard, all such documentary materials, all such purported statements of fact, and all portions of the MJP that cite to or rely upon them. (*See* Plaintiff's Objections To Purported Evidence Submitted By Defendant In Support Of Defendant's Motion For Judgment On The Pleadings; Request To Strike, filed herewith ["Pl. Obj."]). The documents attached to, and portions of, the MJP that should thus be stricken and/or disregarded are as follows: |
| 7 | 1. | (a) | Pacific Life Insurance Policy attached as Exhibit 1 to MJP [Document 19.1 in the Court's file]. |
| 9 | | (b) | MJP, 3:1-9, beginning with "Accepting" and ending with "the Policy." |
| 10 | | | MJP, 3:20-4:22., beginning with "A true" and ending with "(emphasis added)." |
| 12 | (Pl. Obj., 2:26-3:10; 10:26-11:3.) | | |
| 13 | 2. | (a) | Letter from Pacific dated November 11, 2010, attached as Exhibit 2 to MJP [Document 19.2 in the Court's file]. |
| 15 | | (b) | MJP, 4:25-5:1, beginning with "As pleaded" and ending with "Policy." |
| 16 | | | MJP, 6:18-21, beginning with "As confirmed" and ending with "Proceeds." |
| 17 | (Pl. Obj., 3:12-4:14; 11:4-7.) | | |
| 18 | 3. | (a) | "Ownership, Name, or Beneficiary Change Request" attached as Exhibit 3 to MJP [Document 19.3 in the Court's file]. |
| 20 | | (b) | MJP, 3:9-12, beginning with "Just" and ending with "Windsor." |
| 21 | | | MJP, 5:2-6, beginning with "On or about" and ending with "the Policy." |
| 22 | | | MJP, 6:21-25, beginning with "Moreover" and ending with "Windsor." |
| 23 | (Pl. Obj., 4:16-5:19; 11:8-12.) | | |
| 24 | 4. | (a) | Allegation of Pacific at ¶ 10 of the Interpleader Cross-Complaint [Document 1 in the Court's file, at Exhibit 2 thereto], ¶ 10, 3:10-12, that "Pacific Life is informed and believes and thereon alleges that on or about November 11, 2011, the Policy's named beneficiary designation was changed from the Trust to Windsor." |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

4

1          (b)    MJP, 3:8-9, beginning with "Pursuant" and ending with "2010."

2               MJP, 4:25-27, beginning with "As pleaded" and ending with "at ¶ 10."

3               MJP, 6:7-25, beginning with "There is" and ending with "Windsor."

4  (Pl. Obj., 5:21-8:8; 11:13-20.)

5      5.    (a)    Statement at MJP, 4:24-25 that "Following a default by the Bitter Trust

6               under the terms of a separate agreement between the Bitter Trust and

7               Windsor, Windsor was substituted as beneficiary under the policy."

8          (b)    MJP, 3:8-9, beginning with "Pursuant" and ending with "2010."

9               MJP, 4:24-25, beginning with "Following" and ending with "Policy."

10 (Pl. Obj., 8:10-9:14; 11:21-25.)

11     6.    (a)    Statement at MJP, 5:21-23 that "Prior to its amendment, Plaintiff Bitter

12              Trust has moved to compel arbitration with Windsor relating to claims

13              under a separate agreement between the Bitter Trust, the Insured, and

14              Windsor."

15         (b)    MJP, 5:21-23, beginning with "Prior to" and ending with "and Windsor."

16              MJP, 6:28-7:4, beginning with "This" and ending with "Court."

17 (Pl. Obj., 9:16-10:20; 11:26-12:4.)

## B. THE MJP HAS NO BASIS IN LAW AND SHOULD BE DENIED OUT OF HAND

Windsor grounds the MJP on a single, spurious claim: that Pacific, by alleging <u>on information and belief</u> that "on or about November 11, 2011, the Policy's named beneficiary designation was changed from the Trust to Windsor," has somehow rendered the Interpleader Cross-Complaint invalid as a matter of law. Windsor essentially contends (1) that Pacific has by this allegation "admitted" that it believes Windsor is entitled to the disputed funds, and (2) that Pacific must therefore immediately pay those funds to Windsor. (MJP, 6:7-13.)

As a preliminary matter, the allegation in question – like all of the other extrinsic documents and purported statements of fact proffered by Windsor – is inadmissible and cannot properly be used as a basis for the MJP. (*See* Pl. Obj., 5:21-8:8.) This is particularly so because <u>Windsor has unequivocally denied that allegation in its answer to the Interpleader Cross-</u>

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

5

Complaint (Answer Of Cross-Claim Defendant Windsor Securities LLC To Cross Complaint [Document 5 in the Court's file], 2:15), <u>and should be barred from now seeking to ground the MJP on the purported truth thereof</u>. *American Title Insurance Company v. Lacelaw Corporation*, 861 F.2d 224, 225 (9th Cir. 1988) (statement in an answer is a judicial admission, conclusively binding on the party who made it).

Equally important – as Windsor disingenuously fails to mention – <u>a stakeholder states a valid cause of action for interpleader under applicable law regardless of the stakeholder's opinion about, or its evidence concerning, which of the contesting parties is legally entitled to the money or property at issue.</u> To put this another way, any such opinion or evidence that the stakeholder may have is <u>irrelevant</u> to the validity of the interpleader. This is so because the threat to a stakeholder posed by conflicting claims – *i.e.*, the very threat the interpleader is meant to alleviate – does not disappear until the court has either resolved those claims or has relieved the stakeholder of potential liability to the contesting parties by allowing the stakeholder to abandon title to the money in question and place it within the control of the court. Windsor has not offered, and cannot offer, any authority to the contrary.

1. **The Controlling Statute.**

Pacific brought its interpleader action in state court pursuant to California Code of Civil Procedure § 386. (Interpleader Cross-Complaint [Document 1 in Court's file, at Exhibit 2 thereto], 1:15.5, 2:4.) An examination of the relevant portions of that code section demonstrates the emptiness of Windsor's argument.

> (b) Any . . . entity against whom double or multiple claims are made . . . by two or more persons which are such that they may give rise to double or multiple liability, may bring an action against the claimants to compel them to interplead and litigate their several claims. When the . . . entity against whom such claims are made . . . is a defendant in an action brought upon one or more such claims, it may . . . file a verified cross-complaint in interpleader, admitting that it has no interest in the money or property claimed, or in only a portion thereof, and alleging that all or such portion is demanded by parties to such action, and apply to the court upon

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

6

      notice to such parties for an order to deliver such money or property or such portion thereof to such person as the court shall direct . . .

      (c)    Any amount which a . . . cross-complainant admits to be payable may be deposited by him with the clerk of the court at the time of the filing of the . . . cross-complaint in interpleader . . .

Crucially, <u>the statute includes no requirement that a stakeholder have a particular opinion, or be without an opinion, as to which of the contesting parties might be entitled to the money or property</u>. This means, as noted above, that any opinion the stakeholder might hold or might express in that regard – whether in its cross-complaint or elsewhere – is <u>irrelevant</u> to the validity of the cross-complaint. That is, so long as the stakeholder remains subject to conflicting claims, it states a good cause of action in interpleader even it might be convinced that one party or the other should prevail.

    **2.**    **The Interpleader Cross-Complaint.**

Pacific has alleged:

      12.    On or about December 28, 2012, Windsor filed a claim with Pacific Life for the Death Benefit Proceeds due under the Policy.

      13.    In January 2013, an attorney representative for the Estate of John L. Bitter, Jr. informed Pacific Life that a representative of the Trust intended to make a claim for the Death Benefit Proceeds under the Policy.

      14.    On February 13, 2013, the Trust filed the Complaint for Declaratory Relief at issue in this case naming Windsor and Pacific Life as defendants.

Paragraph 6 of said complaint states:

      The present action involves a dispute between Plaintiff and Windsor over their respective entitlements to the death benefit due under the Policy. . . . Pacific is a mere stakeholder of the death benefit due under the Policy and is named herein solely to guarantee that Pacific be bound by the determination of this court as to how that death benefit should be distributed between Plaintiff and

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

7

|   |   |
|---|---|
| 1 | Windsor. |
| 2 | 15.     Pacific Life has at all time been and now is ready, willing and able |
| 3 | to pay the Death Benefit Proceeds to the person legally entitled thereto, but by |
| 4 | reason of conflicting claims to the Death Benefit Proceeds, Pacific Life does not |
| 5 | know and cannot determine to whom the Death Benefit Proceeds should be paid. |
| 6 | . . . . |
| 7 | 17.     The Cross-Defendants, and each of them, claim or may claim all of |
| 8 | the Death Benefit Proceeds. |
| 9 | 18.     . . . . Pacific Life cannot determine which of the Cross-Defendants |
| 10 | is entitled to payment of the Death Benefit Proceeds and cannot pay any part of |
| 11 | that sum without danger of being compelled to pay that same part to each of the |
| 12 | Cross-Defendants herein. |
| 13 | 19.     Pursuant to California Code of Civil Procedure section 386(c), |
| 14 | Pacific Life has deposited with the Clerk of this Court at the time of the filing of |
| 15 | this Cross-Complaint, there to remain subject to the outcome of this action, the |
| 16 | sum of $2,030,904.11 (the Interpleader Stake"), the amount which remains payable |
| 17 | under the Policy for the Death Benefit Proceeds due plus port mortem interest. |
| 18 | (Interpleader Cross-Complaint [Document 1 in Court's file, at Exhibit 2 thereto], 3:15-4:20.) |
| 19 | 1:15.5, 2:4.) |
| 20 | 3.     **Pacific Has Stated A Valid Claim Under The Statute.** |
| 21 | A line-by-line comparison of the above-quoted allegations with the relevant portions of |
| 22 | California Code of Civil Procedure § 386 makes it plain that Pacific has alleged all of the facts |
| 23 | necessary to state a valid claim under the interpleader statute. Windsor therefore has no legal |
| 24 | basis for the MJP. *Chavez v. United States*, 683 F.3d 1102, 1108-1109 (9th Cir. 2012) (to survive |
| 25 | a Rule 12(c) motion, a complaint need only contain sufficient factual matter, accepted as true, to |
| 26 | state a claim that is plausible on its face). The single allegation on information and belief on |
| 27 | which Windsor seeks to rely, even if it were admissible and – despite Windsor's having |
| 28 | unequivocally denied it – were taken as true for this purpose, cannot conceivably be thought to |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
*Gregory P. Barnes, Jr., Trustee of John L. Bitter Irrevocable Life Insurance Trust v. Windsor Securities LLC, et al.*
Case No. 4-13-cv-01878-YGR

8

| | |
|---|---|
| 1 | negate any of the facts comprising the interpleader cause of action. That is because, as noted |
| 2 | above, any belief Pacific might have about which of the contesting parties ought to get the death |
| 3 | benefit funds is <u>irrelevant</u>, under the statute, to Pacific's right to the protection from those parties |
| 4 | that interpleader provides.[2] Again, Windsor has not offered, and cannot offer, any authority to the |
| 5 | contrary, and its motion for judgment on the pleadings should be denied. |

DATED:    June 21, 2013                                HENNEFER FINLEY & WOOD, LLP


                                                       /s/ Joseph Wood
                                                       Joseph Wood

                                                       Attorneys for Plaintiff, Gregory P. Barnes,
                                                       Jr., Trustee of John L. Bitter Irrevocable Life
                                                       Insurance Trust

---

[2] It need hardly be added that Pacific's alleged belief, based on unstated sources, that the Policy's beneficiary designation was changed by some unidentified person or entity, of unspecified authority, under unspecified circumstances, cannot possibly determine, as a matter of law, the issue of whether Barnes or Windsor is entitled to the death benefit funds.

PROOF OF SERVICE

Joseph Wood declares:

1. I am over twenty-one years of age and am not a party to the above-named action. My business address is 425 California Street, Nineteenth Floor, San Francisco, CA 94104.

2. On June 21, 2013, in San Francisco, California, I served the attached

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

on the parties to this action.

3. Service was made by electronically filing that document with the Court to be served by operation of the Court's electronic filing and notice system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true.

DATED:   June 21, 2013

                /s/ Joseph Wood
                   Joseph Wood