# EXHIBIT 48

| | |
|---|---|
| Darin T. Judd (SBN 160475)<br>darin@twsglaw.com<br>Eric D. McFarland (SBN 214245)<br>eric@twsglaw.com<br>Amy Leung (SBN 280318)<br>amy@twsglaw.com<br>THOMPSON, WELCH, SOROKO & GILBERT, LLP<br>3950 Civic Center Drive, Suite 300<br>San Rafael, CA 94903<br>Telephone: (415) 448-5000<br>Facsimile: (415) 448-5010<br><br>Attorneys for Defendant/Cross-Claimant<br>WINDSOR SECURITIES, LLC | |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| Pacific Life Insurance Company,<br><br>        Plaintiff,<br><br>  vs.<br><br>Maria Ana Gordillo, as Trustee of the Erwin A. Collins Family Insurance Trust – 2008; and Windsor Securities, LLC, a Nevada limited liability company,<br><br>        Defendants.<br><br>Windsor Securities, LLC, a Nevada limited liability company,<br><br>        Cross-Claimant,<br><br>  vs.<br><br>Maria Ana Gordillo, as Trustee of the Erwin A. Collins Family Insurance Trust – 2008,<br><br>        Cross-Defendant. | Case No. 3:14-cv-03713-CRB<br><br>**ANSWER AND CROSSCLAIM OF WINDSOR SECURITIES, LLC** |

//

-1-

**ANSWER AND CROSSCLAIM OF WINDSOR SECURITIES, LLC**
**CASE NO. 3:14-cv-03713-CRB**

Defendant/Cross-Claimant Windsor Securities, LLC, a Nevada limited liability company ("**Windsor**"), answers the Complaint in Interpleader ("**Complaint**") filed on August 15, 2014 by Plaintiff Pacific Life Insurance Company ("**Pacific Life**") as follows:

## I. WINDSOR'S ANSWER TO PACIFIC LIFE'S COMPLAINT IN INTERPLEADER

### Parties

1. Windsor lacks information and belief sufficient to answer the allegations contained in paragraph 1 and denies each and every allegation therein accordingly.

2. Windsor admits that Erwin A. Collins, deceased, was the grantor of the Erwin A. Collins Family Insurance Trust – 2008 (the "**Trust**") and the named insured under the Pacific Life life insurance policy, Policy No. VF51701320 (the "**Policy**"). Windsor admits that the Trust was the original beneficiary under the Policy. Windsor denies that the Trust is still a potential beneficiary under the Policy. Windsor lacks information and belief sufficient to answer the remaining allegations contained in paragraph 2 and therefore denies each and every remaining allegation therein accordingly.

3. Windsor admits that it is a limited liability company organized and existing under the laws and domiciled in the State of Nevada. Windsor admits that Windsor is identified as the current named beneficiary under the Policy. Windsor denies the remaining allegations contained in paragraph 3.

### Jurisdiction and Venue

4. Windsor answers paragraph 4, which incorporates by reference paragraphs 1 through 3 of the Complaint, by incorporating herein by reference its corresponding responses to each of those paragraphs.

5. Windsor admits that the Complaint is a Complaint in Interpleader in which both Windsor and Defendant Maria Ana Gordillo, Trustee of the Trust, are seeking payment of the death benefit proceeds of the Policy and that the Policy death benefit proceeds total two million dollars ($2,000,000.00). Windsor lacks information and belief sufficient to answer the remaining allegations contained in paragraph 5 and therefore denies each and every remaining allegation therein accordingly.

6. Windsor admits the allegations contained in paragraph 6.

7. Windsor admits the allegations contained in paragraph 7 that the United States District Court for the Northern District of California is one of the appropriate venues.

### Statement of the Case

8. Windsor answers paragraph 8, which incorporates by reference paragraphs 1 through 7 of the Complaint, by incorporating herein by reference its corresponding responses to each of those paragraphs.

9. Windsor admits the allegations contained in paragraph 9.

10. Windsor admits the allegations contained in paragraph 10.

11. Windsor admits that Pacific Life received and processed a Collateral Assignment of the Policy, executed by the Trustee, in favor of Windsor. Windsor denies the remaining allegations contained in Paragraph 11.

12. Windsor admits the allegations contained in paragraph 12.

13. Windsor admits the allegations contained in paragraph 13.

14. Windsor admits the allegations contained in paragraph 14.

15. Windsor admits that on or about July 10, 2014, a representative of Windsor, Steven Prusky, notified Pacific Life of Windsor's intent to submit a claim on the Policy death benefit proceeds. Windsor denies the remaining allegations contained in Paragraph 15.

16. Windsor lacks information and belief sufficient to answer the allegations contained in paragraph 16 and therefore denies each and every allegation therein accordingly.

17. Windsor admits that the document attached as **Exhibit A** (to the Complaint in Interpleader) speaks for itself and not otherwise. Windsor denies each and every allegation in paragraph 17 concerning Pacific Life's construction and interpretation of the legal effect of the language appearing in **Exhibit A**.

18. Windsor lacks information and belief sufficient to answer the allegations contained in paragraph 18 and therefore denies each and every allegation therein accordingly.

19. Windsor denies the allegations contained in paragraph 19.

20. Windsor denies that there is uncertainty as to whom Pacific Life should pay the death benefit proceeds of the Policy. Windsor denies the remaining allegations contained in paragraph 20.

-3-
**ANSWER AND CROSSCLAIM OF WINDSOR SECURITIES, LLC**
**CASE NO. 3:14-cv-03713-CRB**

## Competing Claims for Policy Proceeds

21. Windsor admits the allegations contained in paragraph 21.

22. Windsor admits that Pacific Life filed its Complaint without collusion with Windsor. Windsor admits that Pacific Life claims no beneficial interest in the Policy benefits and is a mere stakeholder to these proceeds. Windsor lacks information and belief sufficient to answer the remaining allegations contained in paragraph 22 and therefore denies each and every remaining allegation therein accordingly.

23. Windsor lacks information and belief sufficient to answer the allegations contained in paragraph 23 and therefore denies each and every allegation therein accordingly.

## Prayer for Relief

These paragraphs set forth the statement of relief requested by Pacific Life to which no response is required. Windsor denies that Pacific Life is entitled to costs, attorneys' fees or expenses and denies any allegations contained in the Prayer for Relief to which a response is required.

Windsor denies each and every allegation contained in the Complaint not specifically admitted or otherwise responded to above.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As a separate and further affirmative defense, Windsor alleges that Pacific Life has failed to state a claim for which relief can be granted. Pacific Life's Complaint fails to state facts sufficient to entitle Pacific Life to recover its costs, attorneys' fees, and expenses incurred in this action.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate and further affirmative defense, Windsor alleges that Windsor is the sole irrevocable beneficiary of the Policy and is therefore entitled to recover the entirety of the Policy death benefit proceeds plus post mortem interest.

### FOURTH AFFIRMATIVE DEFENSE

3. As a separate and further affirmative defense, Windsor has not knowingly or voluntarily waived any applicable defenses and reserves the right to assert, and rely upon, such additional defenses

-4-

to the Complaint as may become available or apparent as discovery commences and progresses in this action.

## II. CROSSCLAIM

Defendant/Cross-Claimant Windsor Securities, LLC, a Nevada limited liability company ("**Windsor**"), by way of crossclaim against Defendant/Cross-Defendant Maria Ana Gordillo, Trustee of the Erwin A. Collins Family Insurance Trust – 2008 (the "**Trust**") (the "**Trustee**"), alleges as follows:

### The Parties

1. Erwin A. Collins (the "**Insured**"), deceased, was the grantor of the Trust and the named insured under the Pacific Life Insurance Company ("**Pacific Life**") life insurance policy, Policy No. VF51701320 (the "**Policy**"). The Trust was the original beneficiary of the Policy.

2. Upon information and belief, the Trustee resides and is domiciled in the State of Georgia.

3. Windsor is a Nevada limited liability company with its principal place of business in Pennsylvania. Windsor is the current irrevocable beneficiary and owner of the Policy.

### Jurisdiction and Venue

4. Jurisdiction is based upon 28 U.S.C. section1332(a)(1), because the crossclaim is between citizens of different States; 28 U.S.C. section 1367(a), because the crossclaim is so related to claims in the action that the crossclaim forms part of the same case or controversy under Article III of the United States Constitution; and 28 U.S.C. section 2201.

5. Venue is based upon 28 U.S.C. section 1391(b) pursuant to the agreements between the parties in which the parties have consented to and specified the United States District Court for the Northern District of California as a venue for disputes arising out of or relating to the agreements.

### Factual Background

6. The following is based on the following facts alleged on knowledge as to Windsor's own conduct and upon information and belief as to all other matters. This action arises out of a life insurance premium financing transaction between Windsor, the Trust, and the Insured, whereby Windsor made a loan to the Trust for the sole purpose of financing insurance premiums on the Policy,

-5-
**ANSWER AND CROSSCLAIM OF WINDSOR SECURITIES, LLC**
**CASE NO. 3:14-cv-03713-CRB**

plus related fees, for a specified period, with collateral of all interests in the Policy and related documents and the death benefits payable under the Policy and all proceeds thereof funded by the loan ("**Death Benefit Proceeds**"). Pursuant to the transaction agreements executed with Windsor on or around April 15, 2008, the Trust assigned the Policy to Windsor as collateral security for Windsor's loan to the Trust; agreed, in the event of default on its loan obligations, to make a full transfer and assignment of the Policy to Windsor and to thereby forever relinquish any and all rights the Trust may have to the Policy in consideration of the full and complete satisfaction of its liabilities to Windsor; and covenanted and agreed to take such further action and/or to execute and deliver all further assurances, documents, and/or instruments as may be reasonably requested by Windsor in order to effect, administer, or enforce the transactions contemplated by the transaction agreements. Following the Trust's default under the terms of the transaction agreements, the Trust made a full transfer and assignment of the Policy to Windsor and forever relinquished any and all rights it may have had to the Policy in consideration of the full and complete satisfaction of its liabilities to Windsor. Windsor was substituted in as the sole owner and beneficiary of the Policy. However, in breach of those agreements, the Trust now disputes Windsor's claim on the Policy.

7. At no time did the Insured, the Trust, the Trustee, or anyone else connected to this action object to this transfer and assignment.

8. Neither the Trust nor anyone else connected to this action other than Windsor have ever taken any steps to pay the Policy premiums or to repay the loan under the Financing Documents. Further, at no point did the Insured, the Trust, the Trustee, any representative of the Trust, or anyone else connected to this action object to or otherwise attempt to rescind the forms appointing Windsor as the owner and beneficiary of the Policy. As a result, Windsor proceeded to pay all premiums on the Policy and keep the Policy in force as the outright owner and beneficiary of the Policy.

9. On or about June 19, 2014, the Insured died.

10. On or about July 10, 2014, Pacific Life notified Windsor that Pacific Life had been informed of Mr. Collins' death, that the Policy was in force, and that Pacific Life was willing to pay the Policy Death Benefit Proceeds, and Windsor informed Pacific Life of its intent to submit a claim on the

-6-
ANSWER AND CROSSCLAIM OF WINDSOR SECURITIES, LLC
CASE NO. 3:14-cv-03713-CRB

Policy Death Benefit Proceeds. Pursuant to Windsor's designation as owner and beneficiary of the Policy, the Death Benefit Proceeds should have been immediately paid to Windsor.

11. On or about August 12, 2014, Pacific Life informed Windsor that the Trust, by and through the Trustee, notified Pacific Life that the Trust claims entitlement to the Death Benefit Proceeds.

12. Upon the Insured's death, the Trust was obligated to take such further actions and execute any and all further assurances, documents, and instruments to effectuate payment of the Death Benefit Proceeds to Windsor. Instead, the Trust seeks to prevent Windsor from receiving the benefit of the bargain under the agreements.

## COUNT ONE

### Breach of Contract

13. Windsor repeats and re-alleges each of the foregoing paragraphs 1 through 12 as though fully set forth therein.

14. Upon information and belief, the Trust, acting through the Trustee, breached the duties, covenants, terms, representations, and warranties in the agreements in numerous ways, including but not limited to:

    a. interfering, disrupting, and preventing Windsor's receipt of the Death Benefit Proceeds;

    b. breaching the covenant of good faith and fair dealing implied in the agreements; and

    c. failing and refusing to take such further actions and execute any and all further assurances, documents, and instruments to effectuate payment of the Death Benefit Proceeds to Windsor.

15. Upon information and belief, the Trust, through its agents, participated in this conduct o frustrate, delay, and prevent the payment of the Death Benefit Proceeds to Windsor, in violation of the terms of the agreements, including but not limited to, the covenant of good faith and fair dealing implied in the agreements.

-7-
ANSWER AND CROSSCLAIM OF WINDSOR SECURITIES, LLC
CASE NO. 3:14-cv-03713-CRB

16. As a direct and proximate result of the Trust's breach of the agreements, Windsor has suffered injury, damage, loss, and harm in an amount to be proven at trial. Such damages include, but are not limited to, attorneys' fees, costs, and expenses Windsor incurred and will incur as a result of this action.

## COUNT TWO

### Declaratory Relief

17. Windsor repeats and re-alleges each of the foregoing paragraphs 1 through 16 as though fully set forth therein.

18. By reason of the foregoing, Windsor is entitled to declaratory relief with respect to the Death Benefit Proceeds on the grounds that as between Windsor and the Trust, Windsor has the superior right, title, and interest in and to the Death Benefit Proceeds and that therefore the Death Benefit Proceeds ought to be preserved for and paid over to Windsor.

## PRAYER FOR RELIEF

**WHEREFORE**, Windsor, having fully responded to Pacific Life's Complaint and asserted its Crossclaims against the Trust, prays for judgment as follows:

1. A judgment in favor of Windsor on all of its Crossclaims;

2. A declaration that Windsor is entitled to receive the entirety of the Death Benefit Proceeds plus postmortem interest interpleaded in this action;

3. An award to Windsor of its damages arising from the Trust's breach of the agreements in an amount to be determined at trial;

4. An award to Windsor of its reasonable costs and expenses of litigation, including attorneys' fees and costs; and

5. Such other and further relief as the Court may deem just and proper.

//
//

-8-
ANSWER AND CROSSCLAIM OF WINDSOR SECURITIES, LLC
CASE NO. 3:14-cv-03713-CRB

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 3-6(A), Windsor respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted:

Dated: October 22, 2014         THOMPSON, WELCH, SOROKO & GILBERT, LLP


By: /s/ Darin T. Judd
    Darin T. Judd
    Attorneys for Defendant/Cross-Claimant
    WINDSOR SECURITIES, LLC