# EXHIBIT 3

*WINDSOR SECURITIES, LLC VS.*
*ARENT FOX, LLP and JULIUS ROUSSEAU, III, ESQUIRE*

*JOSEPH WOOD*
*June 28, 2018*



ELLEN GRAUER
COURT REPORTING CO. LLC

126 East 56th Street, Fifth Floor  New York, New York 10022
P: 212-750-6434  F: 212-750-1097
www.ellengrauer.com

*Original File 117662A.TXT*
*Min-U-Script® with Word Index*

```
 1   UNITED STATES DISTRICT COURT

 2   FOR THE SOUTHERN DISTRICT OF NEW YORK
     ---------------------------------------------------X
 3   WINDSOR SECURITIES, LLC,

 4                       Plaintiff,

 5        -against-

 6   ARENT FOX, LLP and JULIUS ROUSSEAU, III,
     ESQUIRE,
 7
                         Defendants.
 8
     Civil Action No.: 16-1533
 9   ---------------------------------------------------X

10

11                       135 Old York Road
                         Jenkintown, Pennsylvania
12
                         June 28, 2018
13                       9:03 a.m.

14

15           VIDEOTAPED DEPOSITION of JOSEPH WOOD,

16   taken before Sadie L. Herbert, a RPR and Notary

17   Public of the States of New York and New Jersey.

18

19

20

21

22

23       ELLEN GRAUER COURT REPORTING CO. LLC
            126 East 56th Street, Fifth Floor
24              New York, New York 10022
                    212-750-6434
25                  REF: 117662A
```

```
 1   A P P E A R A N C E S:

 2

 3   ALAN L. FRANK LAW ASSOCIATES, P.C.

 4   ON BEHALF OF PLAINTIFF:

 5        135 Old York Road

 6        Jenkintown, Pennsylvania  19046

 7        Phone 215.935.1000

 8   BY:  ALAN L. FRANK, ESQ.

 9        SAMANTHA A. MILLROOD, ESQ.

10        Afrank@alflaw.net

11

12

13   FOLEY & LARDNER, LLP

14   ON BEHALF OF DEFENDANTS:

15        90 Park Avenue

16        New York, New York  10016

17        Phone 212.682.7474

18        ADAM PENCE, ESQ.

19   BY:  PETER WANG, ESQ.

20        Pwang@foley.com

21

22

23   ALSO PRESENT:

24        STEVEN PRUSKY, Windsor Securities

25        SABRINA FRANZ, Videographer
```

```
 1                      WOOD
 2       A    No.
 3       Q    Did you tell him that you couldn't
 4  represent him?
 5       A    Didn't come up.  He had Ted Marcus.
 6       Q    I'm going to show you a document that
 7  we're going to mark as Wood Exhibit 16, Wood
 8  Exhibit 16, which is a series of emails
 9  between -- actually it's between Mr. Prusky and
10  Mr. Houchins and I'm going to ask you a question
11  about the -- the top email in particular.
12       A    Okay.
13              (Wood Exhibit 16, Email Chain,
14               7/21/14, was marked for
15               identification.)
16              THE WITNESS:  Thank you.
17       Q    Now, you see the top email that
18  Mr. Houchins wrote to Mr. Prusky?
19       A    Yes.
20       Q    Have -- have you ever seen this email
21  before today?
22       A    Sure.
23       Q    You saw --
24       A    This is part -- this is part of the
25  record in the Acker and Collins cases.
```

```
 1                    WOOD
 2      Q    This was part of the record in the
 3 Acker and Collins cases?
 4      A    Yes.
 5      Q    What -- what record are you referring
 6 to?
 7      A    The record on -- it was part of -- it
 8 was produced in discovery and it was part of the
 9 relevant record on the question of whether or
10 not Windsor had taken proper steps vis-à-vis
11 Acker and Collins to exercise the default --
12 default sale right.
13      Q    Okay.  Now, other than your seeing it
14 in connection with the discovery in the Acker
15 and Collins matter, had you seen it before at --
16 at the -- at or about the time it was prepared?
17      A    Yeah, I think so.  I think so.
18      Q    In fact, you actually talked to
19 Mr. Houchins about this email, didn't you?
20      A    I -- I don't specifically recall, but I
21 would think that I did, because this is -- this
22 would be relevant to whether Windsor had claims
23 against him.
24      Q    Okay.  So --
25      A    And also, he was -- it was like a
```

```
 1                    WOOD
 2   witness thing for the Acker and Collins case.
 3        Q    So -- so you were involved in the
 4   drafting of this email by Mr. --
 5        A    I don't know if I was involved in the
 6   drafting, but I remember speaking to
 7   Mr. Houchins about the contents, yes.
 8        Q    Before you sent it?
 9        A    Yeah.
10        Q    Yes.
11             And so -- so you were counseling,
12   again, I understand how you parse out that you
13   were doing it in your role of representing
14   Mr. Houchins vis-à-vis Windsor, do you know
15   whether or not Mr. Prusky and Windsor were aware
16   that you were representing Houchins in that
17   connection --
18        A    Don't know.
19        Q    -- at the same time that you were
20   representing Acker and Collins and -- and -- and
21   Bitter?
22        A    I have no idea.  Nobody ever asked me,
23   so I don't know.
24        Q    And you didn't volunteer it, certainly?
25        A    No.
```

```
 1              A C K N O W L E D G M E N T
 2
 3    STATE OF              )
 4                          :ss
 5    COUNTY OF             )
 6
 7             I, JOSEPH WOOD, hereby certify that
 8    I have read the transcript of my testimony taken
 9    under oath in my deposition of June 28, 2018;
10    that the transcript is a true, complete and
11    correct record of my testimony, and that the
12    answers on the record as given by me are true
13    and correct.
14
15
16                        _____
17                              JOSEPH WOOD
18
19
20    Signed and subscribed to before me
21    this _____ day of _____, 20__.
22
23
24    _____
25    Notary Public
```

```
 1                C E R T I F I C A T E

 2

 3   STATE OF NEW YORK      )

 4                          ) ss:

 5   COUNTY OF NEW YORK     )

 6

 7             I, SADIE L. HERBERT, a Registered

 8   Professional Reporter and Notary Public, do

 9   hereby certify:

10             That JOSEPH WOOD the witness whose

11   deposition is hereinbefore set forth, was duly

12   sworn by me and that such deposition is a true

13   record of the testimony given by such witness.

14             I further certify that I am not

15   related to any of the parties to this action by

16   blood or marriage; and that I am in no way

17   interested in the outcome of this matter.

18             IN WITNESS WHEREOF, I have hereunto

19   set my hand this 11th day of July 2018.

20

21

22

23   [signature: Sadie Herbert]

24   _____

25   SADIE HERBERT, RPR, CLR
```

Case 1:16-cv-01533-GBD-GWG   Document 146-3   Filed 09/17/18   Page 10 of 10

328

```
 1                    *** ERRATA SHEET ***

 2         ELLEN GRAUER COURT REPORTING CO. LLC
             126 East 56th Street, Fifth Floor
 3                New York, New York 10022
                       212-750-6434
 4

 5   NAME OF CASE:  WINDSOR SECURITIES vs. ARENT FOX
     DATE OF DEPOSITION:  June 28, 2018
 6   NAME OF WITNESS:  JOSEPH WOOD

 7   PAGE   LINE   FROM         TO         REASON

 8   ____|_____|_____|_____|_____

 9   ____|_____|_____|_____|_____

10   ____|_____|_____|_____|_____

11   ____|_____|_____|_____|_____

12   ____|_____|_____|_____|_____

13   ____|_____|_____|_____|_____

14   ____|_____|_____|_____|_____

15   ____|_____|_____|_____|_____

16   ____|_____|_____|_____|_____

17   ____|_____|_____|_____|_____

18   ____|_____|_____|_____|_____

19   ____|_____|_____|_____|_____

20   ____|_____|_____|_____|_____

21                                  _____

22   Subscribed and sworn before me

23   this_____day of_____, 20_____.

24   _____    _____

25   (Notary Public)          My Commission Expires:
```