# EXHIBIT 5

*WINDSOR SECURITIES, LLC VS.*
*ARENT FOX LLP, et al.*

*LAUREN ANTONINO*
*February 15, 2018*



126 East 56th Street, Fifth Floor  New York, New York 10022
P:  212-750-6434   F:  212-750-1097
www.ellengrauer.com

*Original File 116472.TXT*
*Min-U-Script® with Word Index*

1   UNITED STATES DISTRICT COURT

2   SOUTHERN DISTRICT OF NEW YORK
    -------------------------------------------------X
3   WINDSOR SECURITIES, LLC,

4          Plaintiff,

5   vs.

6   ARENT FOX LLP, et al.,

7          Defendants,

8   CIVIL ACTION NO. 16-CV-01533 (GBD) (GWG)
    -------------------------------------------------X
9

10                              303 Peachtree Street NE
                                Atlanta, Georgia
11
                                February 15, 2018
12                              11:03 a.m.

13

14          Videotaped deposition of LAUREN ANTONINO, taken

15   on behalf of the Defendants, pursuant to Notice and

16   agreement of counsel, in accordance with the Federal

17   Rules of Civil Procedure, before Maureen S. Kreimer,

18   CCR B-1379, CRR, Notary Public, at the law offices

19   of Hawkins Parnell.

20

21

22

23          ELLEN GRAUER COURT REPORTING CO. LLC
               126 East 56th Street, Fifth Floor
24                 New York, New York 10022
                        212.750.6434
25                      REF:  116472

```
 1   A P P E A R A N C E S :

 2

 3   Alan L. Frank Law Associates, P.C.

 4   On behalf of the Plaintiff

 5        135 Old York Road

 6        Jenkintown, Pennsylvania 19046

 7   BY:  ALAN L. FRANK, ESQ.

 8        215.935.1000

 9

10   Foley & Lardner, LLP

11   On behalf of the Defendants

12        90 Park Avenue

13        New York, New York 10016

14   BY:  PETER N. WANG, ESQ.

15        ADAM G. PENCE

16        212.682.7474

17

18   Hawkins Parnell Thackston & Young LLP

19   On behalf of the Witness

20        303 Peachtree Street NE

21        Suite 4000

22        Atlanta, Georgia 30308-3243

23   BY:  CHRISTINE L. MAST, ESQ.

24        404.614.7400

25
```

```
 1   A P P E A R A N C E S : (Cont'd)

 2

 3   ALSO PRESENT:

 4        Mr. Henry Stewart, Videographer

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1              ANTONIO

2          We attended depositions in I'm going to

3    say Nashville, Tennessee, for Mrs. Collins and

4    Mr. Coppock.  I might have missed one of them

5    because of either when I flew in or, you know, or

6    something like that.  I don't recall offhand.

7          Q.    Now, you referred to Coppock.  Were you

8    also involved with the Coppock and Stamatov cases?

9          A.    Well, not as counsel of record.  I was

10   asked to provide comments on some drafts sometimes.

11         Q.    But you were not counsel of record in

12   those cases?

13         A.    I was not.

14         Q.    But you charged for your time that -- when

15   you worked on those cases; correct?

16         A.    I charged for my time in connection with

17   work that Windsor asked me to do.  It was all

18   relevant to learning about the -- what happened with

19   Houchins and the clients, and you know, how these

20   transactions went down to help me understand what,

21   you know, Houchins' role was, what Arent Fox's role

22   was in the various things, and so yeah.

23             MR. FRANK:  So we're going to move to

24         strike that answer because I believe it

25         implicates attorney-client and work product

```
 1                        ANTONIO
 2       privilege and violates Judge Gorenstein's
 3       order.  But I'm not criticizing.  I'm just
 4       simply --
 5                THE WITNESS:  No problem.
 6                MR. FRANK:  -- registering on the record
 7       our objection to the content of that question
 8       and the answer.
 9   BY MR. WANG:
10       Q.    Did you meet -- did you ever meet
11   Mr. Houchins?
12       A.    No.
13       Q.    Did you notice his deposition?
14       A.    I know we tried to schedule it.  I don't
15   remember if a notice went out or not, so I'd have to
16   look at the folder, at the file.
17       Q.    And what -- the case settled before you --
18   before that occurred?
19       A.    Yes.
20       Q.    So you were going to be -- take his
21   deposition, but the settlement intervened?
22       A.    I think in the course of the discovery
23   plan there were communications about taking
24   Houchins' deposition.
25       Q.    Okay.  You did review his transcript in
```

```
 1              A C K N O W L E D G M E N T

 2

 3   STATE OF            )

 4                       ) ss.:

 5   COUNTY OF           )

 6

 7              I, LAUREN ANTONINO, hereby

 8   certify that I have read the transcript of my

 9   testimony taken under oath in my deposition;

10   that the transcript is a true, complete and

11   correct record of my testimony, and that the

12   answers on the record as given by me are true

13   and correct.

14

15              _____

16                      LAUREN ANTONINO

17

18   Signed and subscribed to before

19   me, this _____ day of _____, ____.

20

21   _____

22   Notary Public, State of _____

23

24

25
```

1               C E R T I F I C A T E

2

3   STATE OF GEORGIA    )

4                       :

5   FULTON COUNTY       )

6

7          I hereby certify that the foregoing transcript was

8   taken down, as stated in the caption, and the questions

9   and answers thereto were reduced to the written page

10  under my direction; that the foregoing pages represent a

11  true and correct transcript of the evidence given.

12         I further certify that I am not of kin

13  or counsel to the parties in the case; am not in the

14  regular employ of counsel for any of said parties; nor am

15  I anywise interested in the result of said case.  The

16  witness did reserve the right to read and sign the

17  transcript.

18         This, 27th day of February, 2018.

19

20

21

22

23  _____

24  MAUREEN KREIMER, CCR-B-1379
    Notary Public in and for the
    State of Georgia.  My Commission
25  Expires August 14, 2020.

```
 1                       ***ERRATA***

 2         ELLEN GRAUER COURT REPORTING  CO. LLC
             126 East 56th Street, Fifth Floor
 3                 New York, New York 10022
                       212-750-6434
 4

 5    NAME OF CASE: WINDSOR SECURITIES VS. ARENT FOX
      DATE OF DEPOSITION: February 15, 2018
 6    NAME OF WITNESS: LAUREN ANTONINO

 7    PAGE LINE   FROM       TO         REASON

 8    ____|____|_____|_____|_____

 9    ____|____|_____|_____|_____

10    ____|____|_____|_____|_____

11    ____|____|_____|_____|_____

12    ____|____|_____|_____|_____

13    ____|____|_____|_____|_____

14    ____|____|_____|_____|_____

15    ____|____|_____|_____|_____

16    ____|____|_____|_____|_____

17    ____|____|_____|_____|_____

18    ____|____|_____|_____|_____

19    ____|____|_____|_____|_____

20    ____|____|_____|_____|_____

21                       _____

22    Subscribed and sworn before me

23    this_____day of _____, ____.

24    _____    _____

25    (Notary Public)         My Commission Expires:
```