# EXHIBIT 6

*WINDSOR SECURITIES, LLC VS.*
*ARENT FOX LLP, et al.*

*SANDRA STERN*
*June 25, 2018*



126 East 56th Street, Fifth Floor  New York, New York 10022
P: 212-750-6434   F: 212-750-1097
www.ellengrauer.com

*Original File 117661A.TXT*
*Min-U-Script® with Word Index*

```
 1  UNITED STATES DISTRICT COURT

 2  FOR THE SOUTHERN DISTRICT OF NEW YORK
    ---------------------------------------------X
 3  WINDSOR SECURITIES, LLC,

 4              Plaintiff,

 5       -against-

 6  ARENT FOX, LLP and JULIUS ROUSSEAU, III,
    ESQUIRE,
 7
                Defendants.
 8
    Civil Action No.: 16-1533
 9  ---------------------------------------------X

10
                              90 Park Avenue
11                            New York, New York

12
                              June 25, 2018
13                            9:12 a.m.

14

15       VIDEOTAPED DEPOSITION of SANDRA STERN,

16  taken before Sadie L. Herbert, a Registered

17  Professional Reporter and Notary Public of the

18  States of New York and New Jersey.

19

20

21

22

23       ELLEN GRAUER COURT REPORTING CO. LLC
            126 East 56th Street, Fifth Floor
24              New York, New York 10022
                     212-750-6434
25                  REF: 117661A
```

```
 1   A P P E A R A N C E S:
 2
 3   ALAN L. FRANK LAW ASSOCIATES, P.C.
 4   ON BEHALF OF PLAINTIFF
 5        135 Old York Road
 6        Jenkintown, Pennsylvania  19046
 7   BY:  ALAN L. FRANK, ESQ.
 8        Phone 215.935.1000
 9        Afrank@alflaw.net
10        SAMANTHA A. MILLROOD, ESQ.
11
12   FOLEY & LARDNER, LLP
13   ON BEHALF OF DEFENDANTS
14        90 Park Avenue
15        New York, New York  10016
16   BY:  PETER WANG, ESQ.
17        Phone 212.682.7474
18        Pwang@foley.com
19        ADAM PENCE, ESQ.
20
21   ALSO PRESENT:
22        STEVEN PRUSKY, Windsor Securities
23        HUNTER CARTER, Arent Fox
24        DANIEL SALEMI, Videographer
25
```

```
 1                          STERN
 2   various law schools in Boston and I would
 3   consider him an expert in those as well.
 4       Q    Okay.  Would you regard that he's a
 5   preeminent expert in Article 9?
 6              MR. FRANK:  Objection as to form.
 7       Q    You may answer.
 8              MR. FRANK:  I'm not sure what
 9          preeminent means, but you can answer.
10       A    Most certainly.
11       Q    And you've worked side by side with
12   Mr. Smith from time to time over the years,
13   haven't you?
14       A    Yes, I have.
15       Q    Have you ever, prior to this case, done
16   any work in premium financing for life insurance
17   policies?
18       A    No, I haven't.
19       Q    Have you ever done any work, again,
20   other than your assignment in this case, that
21   touched upon either the perfection of -- of
22   interest for life insurance policies or the --
23              MR. WANG:  Could we -- could we
24          just -- just take a -- a couple
25          seconds.
```

1           STERN
2  Mr. Wood.
3           Do you see that?  My only question to
4  you is, whether or not you had -- whether or not
5  you had seen that before?
6           MR. FRANK:  So he's looking for a
7           yes or a no.
8      A    I have not seen this before.
9           MR. FRANK:  Thank you.
10     Q    Did you discuss that with Mr. Wood --
11 that is, in your discussions -- I know you've
12 said you don't recall what you discussed with
13 Mr. Wood, in your -- in any of your discussions
14 with Mr. Wood, did you discuss whether or not he
15 had taken the position that 9620 did not apply
16 to Acker and Collins?
17     A    Could you repeat the question?
18          MR. WANG:  Sure, Ms. Reporter.
19          (Whereupon, the requested portion
20          was read back by the reporter.)
21     A    I don't recall any such discussion.
22     Q    Now, in -- in your report, you --
23 you -- you refer, do you not, to whether or not
24 Acker and Collins was a pre-default situation;
25 correct?

```
 1                        STERN
 2      A    Yes, that general topic was discussed.
 3      Q    Okay.  And do you have an opinion as to
 4   whether or not it was pre-default or a
 5   post-default?
 6             MR. FRANK:  What is "it" in your
 7         sentence?
 8             MR. WANG:  Well, let me --
 9             MR. FRANK:  Object to form, sorry.
10             MR. WANG:  Let me do this, let's --
11      Q    Yeah, in your reply report, which I
12   think is Exhibit 3, you can take a look at that,
13   I think it's to your left, it's Exhibit 3, your
14   reply report.
15      A    Just a second.
16             THE WITNESS:  Your phone.
17             MR. FRANK:  I'm terribly sorry.
18             THE WITNESS:  Okay.
19      A    Okay.  And to which page am I directed?
20      Q    Page 1.
21      A    Mm-hmm.
22      Q    And you -- you -- you say at the end of
23   the first paragraph, "No opinion was or is
24   expressed herein on whether default occurred
25   prior to the maturity date of the loans."
```

```
 1                       STERN
 2          Do you see that?
 3     A    I do see that.
 4     Q    So is -- do I understand, Ms. Stern,
 5   that you have no opinion as to whether or not
 6   Acker and Collins were pre- or post-default?
 7     A    I was not --
 8               MR. FRANK:  Objection as to form.
 9               You can answer.
10     A    I do not have an opinion on that.
11     Q    You do not.
12          Did you consider it?
13               MR. FRANK:  Objection, same
14          objection.  Thank you.
15     Q    You may answer.
16               THE WITNESS:  Am I directed not to
17          answer?
18               MR. FRANK:  No, you can answer.
19     A    Of course I thought a good deal about
20   it.
21     Q    And -- and -- and why was it that you
22   didn't express an opinion or ended up not --
23   saying, I have no opinion on that?
24               MR. FRANK:  I'm going to request
25          that as part of the answer, you not
```

```
 1                     STERN
 2         inadvertently reveal conversations you
 3         may have had with counsel.
 4             Other than that, you can answer,
 5         okay.
 6             Do you want to hear the question
 7         again?
 8             THE WITNESS:  Yes.
 9             MR. WANG:  You may.
10             (Whereupon, the requested portion
11             was read back by the reporter.)
12      A     It is my understanding, an
13   understanding which is partly the result of
14   having read Mr. Smith's reply brief, that this
15   is a very complicated issue under California law
16   whether, for example, the presence of an
17   arbitration -- of an acceleration clause matters
18   or doesn't matter and what bearing upon this
19   issue there may be because it was not -- because
20   there was no formal acceleration notice.  And if
21   you will permit me to refer to Mr. Smith's reply
22   brief --
23      Q     To Mr. Smith's?
24      A     Mr. -- yes.  May I refer to that?
25      Q     If you feel you need to.
```

                         STERN
     A    Sure.
          Yes, there was one additional point,
which is whether or not all of -- thank you.
     Q    Yeah, I'm sorry, finish the point,
finish your -- your point.
     A    Whether or not all of the obligations
on the Windsor side had been fully performed and
therefore whether it was still a unilateral
contract -- whether it was a unilateral
contract.  Mr. Smith made the point that Windsor
really had to complete paying for all the
premiums if it wishes -- wished to preserve its
monetary interest in these policies; however,
considering the circumstance -- circumstances,
it occurred to me that Mr. Prusky might, for
example, at that point, since these were, in the
first place, investments made to diversify a
portfolio, have decided to take the funds out of
that, let the -- let the policies go and to buy
something safer, such as mutual bonds.  You will
remember what years these were.  So I felt that
on balance, it was a complicated issue.  I did
not express an opinion on it and I understand
that Mr. Wood has expressed an opinion on that

```
 1                      STERN
 2   and I have a -- and -- and I will let him
 3   express the opinions in this case on that.
 4       Q    What is Mr. Wood's area of expertise?
 5            MR. FRANK:  Objection.
 6            If you know, you can answer.
 7       Q    Well, you have spoken to Mr. Wood, you
 8   said, on two or three occasions?
 9       A    Mm-hmm.
10       Q    And -- and also with -- with
11   Ms. Millrood; correct?  We've got that tied
12   down; right?
13       A    Yes.
14       Q    You've read his report?
15       A    I do.
16       Q    Reports?
17       A    I have.
18       Q    Plural, right, so what do you
19   understand Mr. Wood's area of expertise is?
20       A    What I --
21            MR. FRANK:  I'm going to object,
22       I'm going to object.
23            THE WITNESS:  Okay.
24            MR. FRANK:  And request that you
25       not reveal any part of any conversation
```

181

```
 1              A C K N O W L E D G M E N T
 2
 3    STATE OF New York,
 4                          :ss
 5    COUNTY OF New York
 6
 7              I, SANDRA STERN, hereby certify that
 8    I have read the transcript of my testimony taken
 9    under oath in my deposition of June 25, 2018;
10    that the transcript is a true, complete and
11    correct record of my testimony, and that the
12    answers on the record as given by me are true
13    and correct.
14
15
16                        _____
17                              SANDRA STERN
18
19    Signed and subscribed to before me
20    this 27th day of July, 2018.
21
22    _____
23    Notary Public   Registration No.
24                    02J06327873
25                    My commission Expires
                      7/20/2019
```

183

```
 1                    ***ERRATA***
 2         ELLEN GRAUER COURT REPORTING   CO. LLC
             126 East 56th Street, Fifth Floor
 3                New York, New York 10022
                      212-750-6434
 4
 5   NAME OF CASE: WINDSOR SECURITIES VS. ARENT FOX
     DATE OF DEPOSITION: June 25, 2018
 6   NAME OF WITNESS: SANDRA STERN
 7   PAGE  LINE    FROM         TO         REASON
```

| PAGE | LINE | FROM | TO | REASON |
|---|---|---|---|---|
| 24 | 6 | Consumer capital | consumer | error in transcription |
| 24 | 20 | defense | defendants | error in transcription |
| 38 | 14 | they're | if you're | error in transcription |
| 56 | 21 | file | follow | error in transcription |
| 61 | 15 | can | — | error in transcription |
| 23 | 13 | time | types | error in transcription |
| 24 | 9 | anything into | any change to | error in transcription |
| 30 | 16 | the | any | error in transcription |
| 53 | 20 | a day a day | day-day | error in transcription |
| 53 | 23 | couple | couple of | error in transcription |
| 66 | 14 | woulds | would. | error in transcription |
| 79 | 23 | bargain | bargained | error in transcription |
| 80 | 7 | bargain | bargained | error in transcription |

Subscribed and sworn before me

this 27 day of July, 2018.

_/s/_

(Notary Public)     No. 02JO6327F23

My Commission Expires:
7/20/2019