# EXHIBIT 10

| | |
|---|---|
| 1 | Darin T. Judd (SBN 160475) |
| 2 | Russell F. Rowen (SBN 058178) |
|   | THOMPSON, WELCH, SOROKO & GILBERT, LLP |
| 3 | 3950 Civic Center Drive, Suite 300 |
|   | San Rafael, CA 94903 |
| 4 | Telephone:  (415) 448-5000 |
|   | Facsimile:  (415) 448-5010 |
| 5 | Email:  darin@twsglaw.com |
|   |         rrowen@twsglaw.com |
| 6 | Attorneys for Defendant/Cross-Claimant |
| 7 | WINDSOR SECURITIES, LLC |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFIC LIFE INSURANCE COMPANY, | Case No. 3:14-cv-03713-WHO |
| Plaintiff, | **DECLARATION OF STEVEN PRUSKY IN SUPPORT OF WINDSOR SECURITIES, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| MARIA ANA GORDILLO, as Trustee of the Erwin A. Collins Family Insurance Trust – 2008; and WINDSOR SECURITIES, LLC, a Nevada limited liability company, | **Date: August 12, 2015** |
| Defendants. | **Time: 2:00 pm** |
| | **Courtroom: 2, 17th Floor** |
| | **The Honorable William H. Orrick** |
| WINDSOR SECURITIES, LLC, a Nevada limited liability company, | |
| Cross-Claimant/Cross-Defendant, | |
| vs, | |
| MARIA ANA GORDILLO, as Trustee of the Erwin A. Collins Family Insurance Trust-2008, | |
| Cross-Defendant/Cross-Claimant. | |

-1-

**DECLARATION OF STEVEN PRUSKY IN SUPPORT OF WINDSOR SECURITIES, LLC'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**
**CASE NO. 3:14-cv-03713-WHO**

1.  I am the President of MFIP (Delaware), Inc. which is the Managing Member of Windsor Securities, LLC, a Nevada limited liability company ("Windsor"). I make this declaration of my own personal knowledge. If called as a witness, I would and could testify under oath to the truth of the following statements:

2.  Windsor was introduced to insurance premium financing in 2007-2008 and financed its first policies through insurance brokers Eugene Houchins II and Eugene Houchins III. Their companies were EEH Consulting, Inc. and Bonded Life Company, LLC (together, "Houchins"). Windsor was the lender on seven life insurance policies for the clients of the Houchins including the life insurance policy issued by Pacific Insurance Company ("Pacific Life") which is the subject of this lawsuit. I was involved in all those financings on behalf of Windsor.

3.  Attached hereto as Exhibit A is the Premium Financing Agreement entered into between Windsor and Erwin A. Collins and the Erwin A. Collins Family Insurance Trust-2008 (the "Insurance Trust"). This Premium Financing Agreement was presented, by Houchins, to the Insurance Trust, the insured Erwin A. Collins, and the trustee of the Insurance Trust on or around April 15, 2008 (collectively, the "Insurance Parties"). The same basic forms were used for all the seven financings. The Insurance Parties were known to Houchins but not known to Windsor until presented by Houchins.

4.  Windsor made all payments due under the Premium Financing Agreement and paid for all the other premiums on the subject insurance policy. When the loan became due, the broker informed me that the Insurance Trust would not repay the loan.

5.  The total amount loaned to the Insurance Trust through the Maturity Date was $129,233.00. Thereafter, Windsor made additional premium payments comprising $294,333.45. Accordingly, the total premium amount paid by Windsor is $423,566.45.

6.  The interest at the legal rate (10%/annum) on the total amount loaned to the Trust through the Maturity Date is $91,251.62 through July 8, 2015. Thereafter, interest accrues at $35.90/per day. The interest at the legal rate (10%/annum) on the additional premium payments made by Windsor after the Maturity Date is $87,950.56 through July 8, 2015. Thereafter, interest on that amount accrues at $81.77 per day.

-2-
**DECLARATION OF STEVEN PRUSKY IN SUPPORT OF WINDSOR SECURITIES, LLC'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT
CASE NO. 3:14-cv-03713-WHO**

7. Accordingly, the total amount of interest due to Windsor is $179,202.18 as of July 8, 2015.

8. After Windsor was informed the Insurance Trust would not pay the loan when due, it elected to exercise the Default Sale provision in the Premium Financing Agreement. Attached hereto as Exhibit B1 is Ownership, Name, Or Beneficiary Change Request ("CR") then executed by the Insurance Trust and provided to Windsor. Windsor sent the CR to Pacific Life. Windsor subsequently, submitted Exhibit B2 to Pacific Life. At no time did the Insured, the Insurance Trust, the original trustee, successor trustee, or anyone else connected to this action object to this transfer and assignment. Further, at no point did the Insured, the Insurance Trust, the original trustee or successor trustee, or anyone else connected to this action object to or otherwise attempt to rescind the form appointing Windsor as the owner and beneficiary of the Policy.

9. Attached hereto as Exhibits C1 and C2 are Title Change Confirmations confirming the change of ownership was provided by Pacific Life to Windsor.

10. On or about June 18, 2014, on behalf of Windsor, I notified Pacific Life that Windsor intended to submit a claim on the policy death benefits.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this __8th__ day of July, 2015, at __Ardmore, PA__.

_/s/ Steven Prusky_
Steven Prusky

-3-

DECLARATION OF STEVEN PRUSKY IN SUPPORT OF WINDSOR SECURITIES, LLC'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT
CASE NO. 3:14-cv-03713 – WHO